IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| GARRINA BYRD, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil No. 06-0522 (HHK) |
| v. ) | |
| ) | |
| DISTRICT OF COLUMBIA, ) | |
| ) | |
| Defendant. ) | |
| ) | |

**DEFENDANT DISTRICT OF COLUMBIA'S MOTION
TO DISMISS AND/OR FOR SUMMARY JUDGMENT**

Defendant District of Columbia (the "District"), by and through undersigned counsel and pursuant to the Fed. R. Civ. P. 12(b)(6) and 56(b), respectfully moves this Court to (1) dismiss the Plaintiff's lawsuit because it fails to state a claim upon which relief can be granted, and/or (2) grant summary judgment on behalf of the District. A memorandum of supporting points and authorities, a statement of undisputed material facts, and a proposed order, are attached.

Because the issues raised in the motion are dispositive of the case, the District did not seek the Plaintiff's consent to the motion.

                                                Respectfully submitted,

                                                ROBERT J. SPAGNOLETTI
                                                Attorney General for the District of Columbia

                                                GEORGE C. VALENTINE
                                                Deputy Attorney General
                                                Civil Litigation Division

        _____
NICOLE L. LYNCH  [471953]
Section Chief
General Litigation, Section II


        _____
JULIE LEE [433292]
Senior Assistant Attorney General
Civil Litigation Division
General Litigation, Section II
441 Fourth Street, N.W., 6th Floor South
Washington, D.C. 20001
(202) 724-6602; (202) 727-6295
Julie.Lee@dc.gov

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| GARRINA BYRD, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil No.  06-0522 (HHK) |
| v. ) | |
| ) | |
| DISTRICT OF COLUMBIA, ) | |
| ) | |
| Defendant. ) | |
| _____) | |

MEMORANDUM OF POINTS AND AUTHORITIES
IN SUPPORT OF DEFENDANT DISTRICT OF COLUMBIA'S
MOTION TO DISMISS AND/OR FOR SUMMARY JUDGMENT

In a two-count complaint filed March 20, 2006, the Plaintiff alleges she suffered an adverse employment action and a hostile work environment in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000(e) *et. seq.*, and the District of Columbia Human Rights Act ("DCHRA), *D.C. Official Code* 2-1401.01*., et. seq.*  Plaintiff's allegations, for the reasons set forth below, fail to state a claim upon which relief can be granted and/or are ripe for summary judgment for the District:

    (1)    Plaintiff has not exhausted her administrative remedies on her claim of retaliation under Title VII;

    (2)    Plaintiff's hostile work environment claim is untimely under Title VII;

    (3)    Plaintiff's hostile work environment claim is untimely under the DCHRA; and

    (4)    Plaintiff does not aver sufficient facts to warrant relief on her retaliation claim under Title VII or the DCHRA.

*Standard of Review*

A motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) should be granted when it appears that, under any reasonable reading of the complaint, the plaintiff will be unable to prove any set of facts that would justify relief. *Conley v. Gibson*, 355 U.S. 41, 45 (1957). The movant therefore is entitled to judgment if there are no allegations in the complaint that, even if proven, would provide a basis for recovery. *Haynesworth v. Miller*, 820 F.2d 1245, 1254 (1987).

Although the non-moving party enjoys the benefit of all inferences that plausibly can be drawn from well-pleaded allegations of his complaint, bare conclusions of law, or sweeping and unwarranted averments of fact, will not be deemed admitted for purposes of a motion under Rule 12(b)(6). *Id.* The court need not accept inferences drawn by the plaintiff if such inferences are unsupported by the facts set out in the complaint, "[n]or must the court accept legal conclusions cast in the form of factual allegations." *Kowal v. MCI Communications* Corp., 305 U.S. App. D.C. 60, 16 F.3d 1271, 276 (1994).

The Defendant's burden, as the movant for summary judgment, is to show the absence of any genuine issue of material fact. Barwick v. Celotex Corp., 736 F.2d 946, 958 (4th Cir. 1984). The defendants may meet this obligation by showing "that there is an absence of evidence to support the nonmoving party's case." Celotex Corp. v. Catrett, 477 U.S. 317, 325, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). If the plaintiff "has failed to make a sufficient showing on an essential element of her case with respect to which she has the burden of proof," then the movant is entitled to judgment. Id. at 322, 323. In fact, "once the moving party has properly supported its motion for summary judgment, 'a party opposing ... may not rest on mere allegations or denials of his pleading, but must set forth specific facts showing that there is a genuine issue for trial.'" Dutton v. Johnson County Board of County Commissioners, 859 F.Supp. 498 (D. Kan. 1994) (quoting Anderson v. Liberty Lobby, Inc., 477 U.S.

2

242, 256, 106 S.Ct. 2505, 2514, 91 L.Ed.2d 202 (1986).

The non-moving party is entitled to "all justifiable inferences in its favor." Ball, supra, at 969, (citing Anderson, supra., 477 U.S. 242, 255, 106 S.Ct. 2505, 2513, 91 L.Ed. 2d 202 (1986). Furthermore, "factual disputes that are irrelevant or unnecessary will not be counted." Id., 242 U.S. at 248. Stated another way, the Court must enter summary judgment "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Patricia Langon v. U.S. Department of Health and Human Services, 749 F.Supp 1, 4 (D.D.C. 1990), citing Celotex, supra, 477 U.S. at 322. 106 S.Ct. at 2552.

### *Plaintiff's Complaint.*

1. Plaintiff alleges that, in the Fall of 2002, Defendant's Director of Facilities Management for the District of Columbia Department of Public Works ("DPW") appointed her to a temporary, 13-month, position on the condition that she lift her shirt and expose herself to him. *Complaint at page 2, paragraphs 6-8.* Plaintiff alleges that, during the term of the appointment, the Director of Facilities Management repeatedly touched her in an inappropriate manner and "engaged in other harassing behavior." *Complaint at page 2, paragraphs 6-9.*

2. Plaintiff alleges that she filed a discrimination complaint with the District of Columbia Office of Human Rights ("OHR") in April 2005. *Complaint at page 3, paragraph 13.*

3. Plaintiff alleges that, in November 2005, she met with DPW managers who questioned her about her job performance, and basic competencies. *Complaint at page 3, paragraph 14.*

4. Plaintiff alleges that, on December 30, 2005, the day before Plaintiff's term appointment expired, she was given notice of her termination. *Complaint at page 3, paragraph 18.*

5.  Plaintiff alleges that she filed a discrimination complaint with the EEOC, but does not state the date on which the complaint was filed. Plaintiff states that EEOC provided her a right to sue letter, but does not state on which date the letter was issued. *Complaint at page 4, paragraph 18.*

*Argument*

1.  **Plaintiff has not Exhausted her Administrative Remedies on her Claim of Retaliation under Title VII.**

Count I of Plaintiff's complaint avers that she was terminated from her position in December 2005 because she filed a complaint of discrimination in April 2005.[1] Plaintiff has yet to file a Title VII retaliation claim at EEOC and has not been issued a right to sue letter on that claim. The right to sue letter referenced in Plaintiff's complaint was issued on December 21, 2006, almost two weeks prior to the District declining, on December 30, 2005, to extend Plaintiff's appointment. The right to sue letter was issued at the Plaintiff's request.

Plaintiff must exhaust her administrative remedies prior to filing a lawsuit under Title VII. *See* 42 U.S.C. § 2000e-5(f)(1); Washington v. Washington Metro. Area Transit Auth., 160 F.2d 750, 752 (D.C. Cir. 1998). "Requiring that a plaintiff assert in an administrative complaint all charges that could form the basis of a lawsuit provides the charged party with notice of the claim and helps 'narrow the issues for adjudication and decision.'" Christopher v. Billington, 43 F. Supp. 2d 39, 47 (D.D.C. 1999) 43 F. Supp. 2d at 47 (quoting Laffey v. Northwest Airlines, Inc., 567 F.2d 429, 472 n.325 (D.C. Cir. 1976). "Although this requirement should not be construed as a heavy procedural burden, a plaintiff must state his charges with some degree of

---

[1]. Count I and Count II of Plaintiff's are titled "Adverse Employment Actions Taken and Hostile Work Environment Suffered by Plaintiffs [*sic*} on the Basis of Sex." Incorporating paragraphs one (1) through (18) of Plaintiff's complaint, and all subsequent paragraphs, the only allegation of an adverse employment action contained

specificity, and a court should not interpret an administrative charge so liberally as to permit a plaintiff to bypass the Title VII administrative process." Christopher, 43 F. Supp. 2d at 47; Park, 72 F.3d at 907; *see also* Loe v. Heckler, 768 F.2d 4009, 417 (D.C. Cir. 1985). Where, as here moreover, the decision not to extend the appointment is distinct in its nature from the hostile work environment claim, appears rooted in the administrative interest of the agency and was made by someone other than the alleged harasser, the need for administrative review is even more apparent. See, Cheek v. Western Southern Life Insurance Co., 3 F.3d 497, 500 (7th Cir. 1994).

For the preceding reasons, the retaliation claim contained in Count I of Plaintiff's claim should be dismissed to allow an administrative review and/or summary judgment should be granted in the District's favor.

2. **Plaintiff's Claim of a Hostile Work Environment is Untimely Under Title VII.**

Plaintiff alleges, in Count I of her complaint, that she was subjected to a hostile work environment when the Director of Facilities Management conditioned her appointment to a temporary, 13-month, position on her lifting her shirt and exposing herself. This incident occurred in the Fall of 2002. Plaintiff also alleges that, throughout the 13-month appointment, the Director of Facilities Management repeatedly touched her inappropriately and harassed her.

There are two statutory prerequisites to bringing a court action under Title VII (1) timely filing of charges with the EEOC; and (2) receipt of a notice of right to sue from the EEOC and acting upon it in a timely manner. Alexander v. Gardner-Denver Co., 415 U.S. 36, 47 (1974); McDonald Douglas Corp. v. Green, 411 U.S. 792, 798 (1973); Kennedy v. Whitehurst, 690 F.2d

---

in the complaint is Plaintiff's alleged termination on December 30, 2005. Plaintiff's averments suggest that the alleged termination was in retaliation for her April 2005 complaint of discrimination.

951, 961 (D.C. Cir. 1982). 42 U.S.C. § 2000(e)-(5)(e) and 29 U.S.C. § 626(d) 2. In order to be timely, a claim under Title VII must be filed with EEOC within 180 days after the alleged unlawful employment practice, or within 300 days of the unlawful employment action if the proceeding initially was instituted with a state or local agency. 42 U.S.C. § 2000(e)-(5)(e).

Plaintiff's hostile work environment claim fails because the alleged unlawful employment action occurred during a 13-month appointment that began in the Fall of 2002 – almost 2 and ½ years before she filed her April 6, 2005 discrimination complaint.

For the preceding reasons, Plaintiff's hostile work environment claim under Title VII should be dismissed and/or summary judgment granted in the District's favor.

3.  ***Plaintiff's Hostile Work Environment Claim is Untimely Under the D.C. Human Rights Act.***

Under the DCHRA, Plaintiff was required to file her complaint with the OHR within one-year of the alleged unlawful activity. Plaintiff's hostile work environment claim fails because the her claim was not filed until April 6, 2005, some 2 and ½ years after the alleged unlawful activity (See discussion in paragraph II**).** Jackson v. Washington Hilton, 1997 U.S.Dist. LEXIS 11401 (1997); Simpson v. District of Columbia Office of Human Rights, 597 A.2d 392 (1991).

For the preceding reasons, the Plaintiff's hostile work environment claim under the DCHRA should be dismissed and/or summary judgment granted in the District's favor.

4.  ***Plaintiff's Complaint does not Aver Sufficient Facts to Support a Claim of Retaliation Under Title VII or the DCHRA***

To establish a prima facie claim of retaliation under both Title VII and the DCHRA, a Plaintiff must establish that (1) she engaged in protected activity, (2) she suffered an adverse employment action, and (3) the adverse employment action was caused by the protected activity. Russ v. Van Scoyoc Assocs., 122 F. Supp. 2d 29 (D.C. 2000). The Plaintiff suggests, that

following a performance review apparently associated with the expiration of her term appointment, the District's determination not to extend her term employment was in retaliation for her having filed a discrimination complaint in April 2005. Plaintiff proffers no support for this sweeping averment, does not identify the deciding official, does not link the deciding official to any specific act suggesting retaliation, and proffers no knowledge on the part of the deciding official of the April 2005 complaint.

Because the preceding does not establish a causal link between the termination and the complaint, Plaintiff's retaliation claims should be dismissed and/or summary judgment should be granted in the District's favor.

                                        Respectfully submitted,

                                        ROBERT J. SPAGNOLETTI
                                        Attorney General for the District of Columbia

                                        GEORGE C. VALENTINE
                                        Deputy Attorney General
                                        Civil Litigation Division

                                        _____
                                        NICOLE L. LYNCH  [471953]
                                        Section Chief
                                        General Litigation, Section II

                                        _____
                                        JULIE LEE [433292]
                                        Senior Assistant Attorney General
                                        Civil Litigation Division
                                        General Litigation, Section II
                                        441 Fourth Street, N.W., 6th Floor South
                                        Washington, D.C. 20001
                                        (202) 724-6602; (202) 727-6295
                                        Julie.Lee@dc.gov

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **GARRINA BYRD,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) Civil No. 06-0522 (HHK) |
| v. | ) |
| | ) |
| **DISTRICT OF COLUMBIA,** | ) |
| | ) |
| **Defendant.** | ) |
| | ) |

## O R D E R

Upon consideration of the Defendant's Motion to Dismiss and/or for Summary Judgment, the Memorandum of Points and Authorities in Support of said Motion, and any opposition thereto, it is hereby ORDERED;

The Motion to Dismiss is GRANTED; and it is further ORDERED;

That the Plaintiff's complaint is DISMISSED, with prejudice.

So ORDERED this _____ day of _____, 2006.

_____
The Honorable Judge Henry K. Kennedy
U.S. District Court for the District of Columbia

1

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| GARRINA BYRD, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil No. 06-0522 (HHK) |
| v. ) | |
| ) | |
| DISTRICT OF COLUMBIA, ) | |
| ) | |
| Defendant. ) | |
| ) | |

**STATEMENT OF MATERIAL FACTS NOT IN DISPUTE**

1.   On April 6, 2005, the Plaintiff filed a joint charge of discrimination which the District of Columbia Department of Human Rights and the Equal Employment Opportunity Commission ("EEOC"). *Exhibit #1, Garrina Byrd Discrimination Complaint (OHR Docket No. 05-203-DC and EEOC Case No. 10CA500154).*

2.   Plaintiff does not assert or suggest, in her discrimination charge, a claim of retaliation. Plaintiff does not check the retaliation box contained on the charging form to indicate that her complaint alleges retaliation. *Exhibit #1, Garrina Byrd Discrimination Complaint.*

4.   Plaintiff did not amend her complaint to add a charge of retaliation. *Exhibit #2, Affidavit of Alease B. Parson, May 15, 2006.*

4.   On December 21, 2005, almost two weeks before Plaintiff received notice that her term of employment would not be extended, the EEOC issued Plaintiff a right to sue letter in EEOC

1

Case No.: 10CA500154.  The right to sue letter was requested by the Plaintiff.  *Exhibit #3, Right to Sue Letter to Garrina C. Byrd.*[2]

5. Plaintiff met with the DPW managers for a performance review almost a month before her most current term appointment terminated on December 31, 2005.  *Complaint at page 3, paragraphs 14-15.*

           Respectfully submitted,

           ROBERT J. SPAGNOLETTI
           Attorney General for the District of Columbia

           GEORGE C. VALENTINE
           Deputy Attorney General
           Civil Litigation Division

           _____
           NICOLE L. LYNCH  [471953]
           Section Chief
           General Litigation, Section II

           _____
           JULIE LEE [433292]
           Senior Assistant Attorney General
           Civil Litigation Division
           General Litigation, Section II
           441 Fourth Street, N.W., 6th Floor South
           Washington, D.C. 20001
           (202) 724-6602; (202) 727-6295
           Julie.Lee@dc.gov

---

[2] The exhibits will be filed under separate cover.