UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| GARRINA BYRD, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | C.A. No. 06-0522 (HHK) |
| | * | |
| DISTRICT OF COLUMBIA, | * | |
| | * | |
| Defendant. | * | |
| _____ | * | |

PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION
TO DEFENDANT'S MOTION TO DISMISS
OR ALTERNATIVELY FOR SUMMARY JUDGMENT

I.  INTRODUCTION

Plaintiff Garrina Byrd, a former District of Columbia employee, who was sexually harassed by her supervisor in exchange for retaining her position, followed the proper administrative procedures prior to initiating this civil action. Ms. Byrd, through counsel, now submits her Memorandum of Law in Opposition to Defendant's Motion to Dismiss or alternatively for Summary Judgment. In support of her Opposition, Plaintiff offers an amended complaint as well as a statement of material facts that are in dispute. Given that no discovery has occurred in the above captioned matter, Plaintiff also submits a declaration pursuant to Fed. R. Civ. P. 56(f).

Two of Defendant's arguments in its Motion are irrelevant as Plaintiff has not asserted a retaliation claim in her complaint. Administrative procedures were initiated as to her claims of retaliation, but were not yet ripe when this action was filed on March 20, 2006.

## II. FACTUAL STATEMENT

Because Defendant not identified any facts relating to the substance of Plaintiff's complaint to which it agrees, Plaintiff has offered the relevant facts known to her in the attached Statement of Material Facts in Dispute. (Attached as Exhibit 1). Plaintiff also offers factual information she would seek in discovery in the attached declaration pursuant to Fed. R. Civ. P. 56(f). (Attached as Exhibit 2).

## III. STANDARD OF REVIEW

### A. Standards for a Motion to Dismiss

Defendant's motion to dismiss relies upon Rule 12 (b)(6), alleging Ms. Byrd's Complaint did not state a claim for which she would be entitled to relief. Defendant's Motion to Dismiss, Document 5, p. 1. Such a motion tests the sufficiency of the facts in the Complaint, requiring scrutiny by the court "to determine if the allegations provide for relief on any possible theory." Church of Scientology v. Foley, 640 F.2d 1335, * 7 (D.C. Cir. 1980).

Under Fed. R. Civ. P. 8(a)(2), a complaint need only contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Rule 8(e)(1) states that "each averment of a pleading shall be simple, concise, and direct. No technical forms of pleading or motions are required."

Rule 8(f) creates its own standard by requiring that "all pleadings shall be so construed as to do substantial justice."

In Conley v. Gibson, 355 U.S. 41, 47 (1957), the Supreme Court, setting the standard for dismissal under Rule 12 (b)(6), held that "all the Rules require is 'a short and plain statement of the claim' that will give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests..." Id. at 48.

2

This Circuit, in <u>Sparrow v. United Air Lines, Inc.</u>, 216 F.3d 1111, 1115 (D.C. Cir. 2000), applied <u>Conley</u> in a race case, holding that "because racial discrimination in employment is 'a claim upon which relief can be granted,'... 'I was turned down for a job because of my race' is all a complaint has to say" to survive a motion to dismiss. <u>Id.</u>, quoting <u>Bennett v. Schmidt</u>, 153 F.3d 516, 518 (7th Cir. 1998); see <u>Krieger v. Fadely</u>, 211 F.3d 134, 136 (D.C. Cir 2000)(citing <u>Bennett</u> with approval).

In reviewing a motion to dismiss under Fed. R. Civ. P. 12(b)(6), a court must "treat the complaint's factual allegations as true and must grant Plaintiff the benefit of all inferences that can be derived from the facts alleged." <u>Sparrow</u>, 216 F.3d at 1115. In <u>Scheuer v. Rhodes</u>, 416 U.S. 232, 236 (1974), the Supreme Court, holding unions may owe its members a duty of fair representation regardless of race, reversed the dismissal of the complaint, quoted <u>Conley</u>, 355 U.S. at 45-46:

> [A] complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.

Relying upon the same quote from <u>Conley</u>, another panel in this circuit called it "the presumption against dismissal on the pleadings" noting it could intensify, becoming a "heavy burden", when combined with other defenses raised, such as timeliness. <u>Church of Scientology v. Foley</u>, 640 F.2d 1335, *7 (D.C. Cir. 1980).

B.      <u>Standards for a Motion for Summary Judgment</u>

Defendant alternatively moves for summary judgment under Fed. R. Civ P. 56. Summary judgment is appropriate

> if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter

3

of law. Fed. R. Civ. P. 56(c); see also Celotex Corp. v. Catrett, 477 U.S. 317, 324, (1986); Laber v. Harvey, 438 F.3d 404, 415 (4th Cir. 2006)

Summary judgment should not be granted unless "there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law". Fed. R. Civ. P. 56(c). A genuine issue is one which could establish a claim or defense and could thus affect the outcome. Celotex Corp., v. Catrett, 477 U.S. 317, 322 (1986); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). The material facts in a civil action are determined by the substantive law of the claims presented. Anderson, 477 U.S. at 248. The Court, in considering summary judgment, must view all of the evidence in the light most favorable to Plaintiff Byrd, as the non-movant. Matsushita Elect. Indust. Co. Ltd. v. Zenith Radio Corp., 475 U.S. 574, 587(1986); Soth v. Baltimore Sunpapers, 1998 U.S. App. LEXIS 8801, *3 (4th Cir. 1998).

The role of the trial court at the summary judgment stage is focused on discerning whether there are material issues of fact in dispute and not on weighing the evidence or making credibility determinations. Reeves v. Sanderson Plumbing Prods., Inc., 530 U.S. 133, 150 (2000). Generally speaking, "summary judgment [must] be refused where the nonmoving party has not had the opportunity to discover information that is essential to his opposition." Anderson, 477 U.S. at 250 n.5;

Though a Fed. R. Civ. P. 56(f) affidavit is provided here, when the nonmoving party, through no fault of its own, has had little or no opportunity to conduct discovery, and when fact-intensive issues, such as intent, are involved, courts have not always insisted on a Rule 56(f) affidavit if the nonmoving party has adequately informed the district court that the motion is premature and that more discovery is necessary. Harrods, 302 F.3d at 244. In the employment

discrimination context, intent is often the central issue and therefore the opportunity to conduct discovery is critical.

IV. ARGUMENT

    A. Plaintiff Has Not Asserted a Claim of Retaliation

Though Defendant vigorously argues against the sufficiency of Plaintiff's claim of retaliation, Plaintiff Byrd has not, as of the date of this filing, asserted such in the above captioned matter. Plaintiff offers facts relating to her re-evaluation of duties and competencies as well as her eventual termination as elements of her hostile work environment claim under both Title VII and the D.C. Human Rights Act. Further, Plaintiff did not want to leave the Court with the mistaken impression that she was still an employee of Defendant's Department of Parks & Recreation.

Plaintiff has, however, cross filed a second charge of discrimination alleging discrimination on the basis of sex as well as retaliation. (May 11, 2006 Charge of Discrimination attached as Exhibit 3)

    B. Plaintiff's Hostile Work Environment Claim Does Not Create a Heightened Standard of Sufficiency

The Supreme Court in Swierkiewicz v. Sorema N.A., 534 U.S. 506, 511 (U.S. 2002), held that "this Court has never indicated that the requirements for establishing a prima facie case under McDonnell Douglas also apply to the pleading standard that plaintiff's must satisfy in order to survive a motion to dismiss." Further, the Court found that the role of a federal court in determining the sufficiency of a complaint, before the reception of any evidence such as affidavits or admissions, or by extension any other evidence collected in the discovery process, its task is "necessarily a limited one." Id. "The issue is not whether a plaintiff will ultimately

5

prevail but whether the claimant is entitled to offer evidence to support the claims." Id. quoting Scheuer v. Rhodes, 416 U.S. 232 (1974).

Further, even if this Court were to apply such a framework, the precise requirements of a prima facie case can vary on the context and were "never intended to be rigid, mechanized or ritualistic." Swierkiewicz, 534 U.S. at 511, "Before discovery has unearthed relevant facts and evidence, it may be difficult to define the precise formulation of the required prima facie case in a particular case." Id. at 512. This circuit has held that though the words "hostile work environment" are not talismanic, for they are but a legal conclusion; it is the alleged facts supporting those words, *construed liberally*, which are the proper focus at the motion to dismiss stage. Bass v. E. I. DuPont de Nemours & Co., 324 F.3d 761, 765 (4th Cir. 2003) (emphasis added).

Also, the simplified notice pleading standard articulated in Fed. R. Civ. P. 8(a)(2) relies on liberal discovery rules and summary judgment motions to define disputed facts and issues and to dispose of unmeritorious claims. Id. (citations omitted). Although the provisions of Fed. R. Civ. P. 9(b) which provide for greater particularity in all averments of fraud or mistake, do not apply in the employment discrimination context, Swierkiewicz, 534 U.S. at 513, it is instructive on the requirements for showing intent. "Malice, intent, knowledge, and other condition of mind of a person may be averred generally."

In Swierkiewicz, the Plaintiff alleged that he had been terminated on account of his national origin in violation of Title VII and on account of his age in violation of the ADEA. His complaint detailed the events leading to his termination, provided relevant dates, and included the ages and nationalities of at least some of the relevant persons involved with his termination. Id. at 514. In the instant case, Plaintiff Byrd has also detailed a number of the events that

comprise the hostile work environment she alleges and provided relevant dates    As in Swierkiewicz, these allegations "give respondent fair notice of what petitioner's claims are and the grounds upon which they rest." Id.

Even if this Court were to determine that on the face of the pleadings that a recovery is very remote and unlikely, that is not the test in determining sufficiency of the pleadings. Id. at 515.

> All courts have recognized that the question facing triers of fact in discrimination cases is both sensitive and difficult. The prohibitions against discrimination contained in the Civil Rights Act of 1964 reflect an important national policy. There will seldom be "eyewitness" testimony as to the employer's mental processes. But none of this means that trial courts or reviewing courts should treat discrimination differently from other ultimate questions of fact. Nor should they make their inquiry even more difficult by applying legal rules which were devised to govern "the basic allocation of burdens and order of presentation of proof," Burdine, 450 U.S., at 252, in deciding this ultimate question. The law often obliges finders of fact to inquire into a person's state of mind. As Lord Justice Bowen said in treating this problem in an action for misrepresentation nearly a century ago: "The state of a man's mind is as much a fact as the state of his digestion. It is true that it is very difficult to prove what the state of a man's mind at a particular time is, but if it can be ascertained it is as much a fact as anything else." Edgington v. Fitzmaurice, 29 Ch. Div. 459, 483 (1885).
> USPS Bd. of Governors v. Aikens, 460 U.S. 711, 716-717 (U.S. 1983).

Thus, given the difficulty of ascertaining intent, complaints of employment discrimination are not appropriate for dismissal based on the pleadings or by summary judgment in advance of any discovery that may shed light on Defendant's intent when acting against Plaintiff Byrd.

    C.    <u>Plaintiff Byrd has Established a Prima Facie Case of Hostile Work Environment under Title VII and the D.C. Human Rights Act.</u>

To establish a prima facie hostile work environment claim, Plaintiff Byrd must demonstrate that: (1) she is a member of a protected class; (2) she was subject to unwelcome harassment, (3) the harassment occurred because of her sex; (4) the harassment affected a term,

7

condition or privilege of employment and (5) the employer knew or should have known of the harassment, but failed to take any action to prevent it.  Jones v. Billington, 12 F. Supp. 2d 1, 11 (D.D.C. 1997), aff'd, 1998 U.S. App. LEXIS 15459 (D.C. Cir. 1998).

To prove the first element of her prima facie case under Jones, Plaintiff Byrd, as a female former employee of Defendant's Department of Parks & Recreation is a member of a protected class on the basis of her sex.

To prove the second element of her prima facie case, Ms. Byrd must show that she was subject to unwelcome harassment.  Plaintiff offers facts in her complaint, which are not contested by Defendant or answered in any fashion, that she was subjected to a daily barrage of sexual harassment by her supervisor Darnell Thompson.  Amended Complaint at ¶9.  Ms. Byrd asked Mr. Thompson, the Director of Facilities Maintenance, to stop harassing her.  Id. at ¶10.  She also reported the harassment to a number of co-workers, including Ms. Joyce Roberts and Ms. Julie Banks.  Id.  Finally, Ms. Byrd reported the harassment to Defendant's EEO Office which conducted no investigation into Plaintiff's claims. Id. at ¶15.

To prove the third element of her prima facie case, that the harassment Plaintiff Byrd suffered was because of her sex, Plaintiff offers multiple incidences of sexual advances and sexual misconduct on the Part of Mr. Thompson that would have occurred only because of Plaintiff's sex.  Oncale v. Sundowner Offshore Services, Inc. 523 U.S. 75, 80 (1998) (holding that the "critical issue, Title VII indicates, is whether members of one sex are exposed to disadvantageous terms and conditions of employment to which members of the other sex are not exposed.")   No male co-workers of Plaintiff Byrd were subjected to similar harassment or threats regarding the renewal of their term appointments.

To prove the fourth element of her prima facie case, Ms. Byrd must show that the harassment affected the "terms and conditions of her employment." The harassment suffered by Ms. Byrd was either sufficiently severe or pervasive to affect the terms and conditions of her employment. Even if the conduct could not be considered severe, a plaintiff may show a hostile environment by pointing to pervasive incidents of hostile conduct. A few severe incidents can create a hostile work environment, while a larger number of lesser acts may also change the workplace into a hostile environment. Etefia v. E. Balt Cmty. Corp., 2 F. Supp. 2d 751, 758 (D. Md. 1998) citing Glorioso v. Aireco Supply Inc., 1995 U.S. Dist. LEXIS 7071, *3 (D. Md. 1995). There is no magic number of incidents a plaintiff must allege. Id. citing Daniels v. Essex Group Inc., 937 F.2d 1264, 1274 (7th Cir. 1991).

Appellant must show that she perceived her workplace as hostile and that a reasonable person, in Appellant's position, considering all the circumstances, would also perceive it as hostile, thus creating both a subjective and an objective component for assessing the hostility. Harris, 510 U.S. at 22-23. Oncale, 523 U.S. at 81; Harris, 510 U.S. at 23. The Court in Oncale, when resolving the issue of whether Title VII covers same sex sexual harassment, refocused the inquiry back to the statutory language: hostility which is unlawful is that done "because of the individual's sex." 523 U.S. at 79. When trying to decide that issue, Oncale encourages a broad view of the workplace when assessing the validity of a hostile environment claim:

> The real social impact of workplace behavior often depends on a constellation of surrounding circumstances, expectations and relationships …
> 523 U.S. at 82

Oncale, 523 U.S. at 81; Harris, 510 U.S. at 23. As with other types of discrimination claims, an employee may prove unlawful discrimination using either direct or circumstantial evidence. Oncale, 523 U.S. at 81. Here, because no direct evidence is proffered regarding Ms.

9

Byrd's claims, Plaintiff follows a circumstantial evidentiary path in support of a claim of harassment and still she must prove that the conduct at issue "actually constituted "discrimination…because of…[sex]." Id. To show these requirements, a plaintiff may rely on evidence of past harassment to support her claim, even if such acts occurred prior to the applicable statute of limitations fitting in with the totality of circumstances approach articulated in Harris and Oncale. AMTRAK v. Morgan, 536 U.S. 101, 113 (2002); Oncale, 523 U.S. at 81; Harris, 510 U.S. at 23.

Plaintiff offers evidence of daily harassment by Mr. Thompson that prevented her from performing the day-to-day duties of her position. This harassment occurred from the date of her initial meeting with Mr. Thompson where he demanded that she lift her shirt, over a period of years through the filing of Ms. Byrd's charge of discrimination in April, 2005. Amended Complaint at ¶¶8, 9.  Further, Ms. Byrd was threatened with non-renewal of her term appointment on numerous occasions if she did not succumb to Mr. Thompson's increasing sexual demands.  Ms. Byrd facing a horrible choice and seeking, as a single mother of two, to provide for her family, gave in to Mr. Thompson's advances in order to retain her position. Amended Complaint at ¶14.  Although most of the harassment occurred in Mr. Thompson's office, Mr. Thompson also harassed Ms. Byrd by calling her on her cell phone late at night and on weekends, asking her for sex, dates and other inappropriate favors.  Amended Complaint at ¶13.

Further, the severity of the harassment suffered by Plaintiff is supported by the finding of the investigator hired by Defendant to ferret out facts relating to Plaintiff Byrd's complaint of sexual harassment. (Ms. Lerner's report is attached as Exhibit 4).  The investigator found Ms. Byrd's allegations to be credible and recommended that Mr. Thompson be terminated as it would

"be in the best interest of the efficiency of the Department and in the interest of the safety of its employees." Exhibit 4, p. 28. The report, however, is not contained in Ms. Byrd's employee file maintained by Defendant.

Finally, Ms. Byrd must show that the employer knew or should have known of the harassment, but failed to take any action to prevent it. Mr. Thompson, as Director of Facilities Maintenance had agency authority in the conduct of his actions. Ms. Byrd also reported the harassment to other managers and officials of Defendant. Amended Complaint at ¶¶10-12. On April 5, 2005, Ms. Byrd filed a charge with the Department of Parks & Recreation's EEO office. The charge was immediately dismissed and no investigation of her complaint was performed prior to the dismissal. Amended Complaint at ¶16.

  D. <u>Defendant Misapplies Case law to Allege Untimeliness of Plaintiff's Claims</u>

Defendant contends that Plaintiff must file an EEOC charge within 180 days of the precise act of alleged discrimination to establish a cognizable claim under Title VII as well as under the D.C. Human Rights Act. Defendant's Motion to Dismiss, pp.5-6. Yet, the Court in <u>AMTRAK v. Morgan</u>, 536 U.S. 101 (2002) held that "hostile environment claims are different in kind from discrete acts. Their very nature involves repeated conduct. <u>Id</u>. at 115; <u>Singletary v. District of Columbia</u>, 351 F.3d 519, 526-27 (D.C. Cir. 2003). Therefore, the "unlawful employment practice cannot be said to occur on any particular day." <u>Id.</u> Because the Court looks to "all the circumstances" when evaluating a hostile work environment claim, <u>Morgan</u> held that the timely filing provision only requires that Title VII plaintiff file a charge within a certain number of days after the unlawful practice happened. <u>Id</u>. at 116-17. It does not matter, for purposes of the stature that some of the component acts of the hostile work environment fall outside the statutory period. <u>Id</u>. at 117. Thus, so long as Plaintiff can establish that some of the

11

component acts occurred within the 180 days prior to the filing of her EEOC charge on April 5, 2005, she has satisfied the requirements of Morgan. In the 180 days prior to the filing of her charge, Ms. Byrd was subjected to constant harassment and sexual advances by Mr. Thompson. Her term appointment was also threatened if she did not give in to his demands. Amended Complaint at ¶13. Such acts, which are not exclusive, provide the timely acts required by Morgan for a court to look at "all the circumstances," to evaluate Plaintiff's hostile work environment claim, including those acts which fall outside of the statutory filing period.

V. CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court deny Defendant's Motion to Dismiss or in the alternative for Summary Judgment.

Respectfully submitted,

_____
Gary T. Brown,
D.C. Bar # 246314
GARY T. BROWN & ASSOCIATES, P.C.
320 Maryland Avenue, N.E.
Suite 100
Washington, D.C. 20002
(202) 393-4900
Attorney for Plaintiff Garrina Byrd