UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| GARRINA BYRD, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | C.A. No. 06-0522 (HHK) |
| | * | |
| DISTRICT OF COLUMBIA, | * | |
| | * | |
| Defendant. | * | |
| _____ | * | |

PLAINTIFF'S STATEMENT OF MATERIAL FACTS IN DISPUTE

1. In July 2001, Plaintiff Garrina Byrd was hired by Defendant's Department of Parks & Recreation from Defendant's Welfare to Work program. Amended Complaint at ¶6.

2. After having her job threatened by her supervisor Plaintiff met with Director of Facilities Maintenance, Mr. Darnell Thompson, who spoke to her in the presence of another co-worker, about an office position. Id. at ¶7.

3. Ms. Byrd's interview consisted of one "question." Mr. Thompson told her that if she wanted a job, she had to lift up her shirt. Ms. Byrd was startled. Mr. Thompson asked her again, making it very clear that her job depended on whether she gave into his demands. Ms. Byrd finally gave in and received a 13-month appointment in the fall of 2002. Id. at ¶8

4. Plaintiff Byrd started working in Mr. Thompson's office, where he touched her inappropriately and engaged in other harassing behavior at least daily. This behavior continued throughout the time Plaintiff and Mr. Thompson worked together running through Ms. Byrd's filing of her charge of discrimination in April, 2005. Id. at ¶9.

5. Each time that Ms. Byrd's contract was up for renewal, Mr. Thompson escalated his sexual demands offering a quid pro quo for Ms. Byrd to keep her job. Each time Ms. Byrd acquiesced to Mr. Thompson's demands. This occurred on multiple occasions throughout Ms. Byrd's tenure with Defendant. Id. at ¶13.

6. Ms. Byrd constantly was afraid for her job and each day was a nightmare. Although most of the harassment occurred in Mr. Thompson's office, he would also repeatedly call her on her cell phone late at night and on weekends, asking her for sex, dates and other inappropriate favors. This behavior also occurred throughout the time Ms. Byrd worked with Mr. Thompson. Id. at ¶12.

7. In March, 2005, Plaintiff reported the harassment to another supervisor, Ms. Julie Banks. Ms. Banks encouraged Plaintiff to file a complaint with Defendant's EEO office. Id. at 11.

8. In April, 2005, Plaintiff Byrd filed a charge with the Department of Parks and Recreation EEO office. It was immediately dismissed and no investigation of her complaint was performed. The following day, Ms. Byrd filed with Defendant's Office of Human Rights. Id. at ¶12.

9. On June 15, 2005, Ms. Carolyn Lerner, a private attorney hired by Defendant to investigate allegations of sexual harassment made by Ms. Byrd, and other female employees, against Mr. Thompson, produced her preliminary report of investigation. Ms. Lerner found Ms. Byrd's complaint to be credible. She further recommended that Mr. Thompson be terminated as it would be "in the best interest of the efficiency of the Department and in the interest of the safety of its employees." Exhibit 4.

10. Contrary to Defendant's Statement of Material Facts Not in Dispute at ¶5, In November,

2005, Ms. Byrd was called into a meeting, not an established performance review, with a high level manager and Ms. Joyce Roberts, where her ability to perform her job was questioned. She was asked about basic competencies in a number of areas in a position that she had held for over three years without a single complaint about her performance.

11. Also contrary to Defendant's Statement of Material Facts Not in Dispute at ¶5, On Friday, December 30, 2005, the last work day before the expiration of Plaintiff's term appointment, Ms. Byrd received notification of her termination after she left work, effective the next day. Ms. Byrd had received no prior notice or any complaints about her performance.

12. Although retaliation is not alleged by Plaintiff in her complaint, on May 11, 2006, Plaintiff Byrd filed a charge of discrimination based on sex and retaliation with the Equal Employment Opportunity Commission. Exhibit 3.

                              Respectfully submitted,

_____
Gary T. Brown,
D.C. Bar # 246314
GARY T. BROWN & ASSOCIATES, P.C.
320 Maryland Avenue, N.E.
Suite 100
Washington, D.C. 20002
 (202) 393-4900
Attorney for Plaintiff Byrd