UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| GARRINA BYRD, | * | |
| Plaintiff, | * | |
| v. | * | C.A. No. 06-0522 (HHK) |
| DISTRICT OF COLUMBIA, | * | |
| Defendant. | * | |

### FED. R. CIV. P. 56(f) DECLARATION OF GARY T. BROWN

1. I am submitting this Declaration pursuant to Fed. R. Civ. P. 56(f) in support of Plaintiff's contentions that Defendant's Alternative Motion for Summary Judgment (Def. Motion) should be dismissed or stayed pending discovery.

2. In this case, Defendant filed the instant motion before any discovery had been conducted in this Court. Further, Defendant's EEO office responsible for investigating the claims of complainants did nothing to comply with its responsibility. Although the agency of Defendant, Department of Parks and Recreation, did engage an investigator, that process was not begun until after the EEO Office dismissed Ms. Byrd's complaint.

3. The investigator's report was obtained by Plaintiff's counsel through a Freedom of Information Act request and is a part of Plaintiff's Opposition (Plt's Exh. No.1). However, it is designated as a "preliminary report" and does not appear in Ms. Byrd's complaint file at Defendant's offices. Although it clearly supports the allegations of Ms. Byrd, the report leaves many questions unanswered. Plaintiff would seek to depose the investigator, Ms. Carolyn Lerner, regarding her findings.

4. Both written discovery and depositions are essential in this matter, even as to the issues raised by Defendant. For example, despite the references in the Report to harassing events occurring within the charge-filing period, Lerner Report p. 4-6, Defendant makes claims in this Court that the last occurrence of harassment against Ms. Byrd took place in 2002. Defendant's Motion, p. 5.

5. The Lerner Report, done in the normal course of business, may itself be admissible, and contains statements against interest or admissions. However, some of the statements contained therein need to be confirmed through depositions.

6. Further, Defendant argues that the timing of Ms. Byrd's filing precludes its use. Facts sought about the EEO complaint lodged by Ms. Byrd in April, 2005 and the timing of the contact with the EEO counselor in relation to the events raised and the agency's handling of that complaint are relevant to the timing issues raised by Defendant.

7. In order to prove Plaintiff's claim that Defendant discriminated against her, the depositions of Plaintiff's former supervisors are necessary. In particular, Plaintiff seeks to depose Darnell Thompson, Joyce Roberts and Julie Banks relating to their supervision of Plaintiff as well as incidents of harassment between 2002 and 2005.

8. In addition, Plaintiff would seek to depose Neil Stanley and Neil Albert, both of whom were former directors of the Department of Parks & Recreation. Each received complaints from women other than Plaintiff of sexual harassment by Mr. Thompson, yet the harasser was allowed to continue his unlawful behavior.

9. Plaintiff would also seek to depose Mr. Johnell Bracey, Ms. Byrd's last supervisor prior to her departure, about the environment Plaintiff was forced to endure.

10. Plaintiff would seek to depose Shawniqua Ottley, Director of Human Resources for the Department of Parks & Recreation, who was also involved in earlier complaints against Mr. Thompson and may have been instrumental in Defendant's failure to investigate Ms. Byrd's EEO complaint.

11. Also, Plaintiff would seek to obtain statements from Plaintiff's former co-workers, who witnessed harassment of Ms. Byrd and/or other discriminatory conduct by Mr. Thompson. Some of these witnesses may require depositions.

12. Plaintiff would seek to depose Deborah Jackson, union representative, regarding efforts to get union assistance in dealing with harassment by Mr. Thompson against female employees of the Department of Parks & Recreation from her supervisors and co-workers. Plaintiff would also seek copies of any union grievances relating to harassment by Darnell Thompson.

13. Plaintiff would seek in written discovery EEO reports for the years 2000-2005 as well as data regarding the number, positions and performance evaluations of female employees working in the Department of Parks and Recreation under Darnell Thompson.

14. Plaintiff would further seek any EEO complaints by other Department of Parks & Recreation employees lodged against Darnell Thompson.

15. Plaintiff needs to take the deposition of other management witnesses to successfully refute Defendant's inferred contention that no such harassment or discrimination occurred.

16. The deposition testimony of the witnesses will also inevitably lead to new information that will need to be obtained in order to be able to fully and successfully prosecute this matter.

17. As a result, there are a myriad of material facts that have not been obtained and would be necessary to adequately and fully respond to Defendant's Motion.

18. All of the foregoing information is both material and discoverable, but has not yet been produced. Accordingly, Defendant's summary judgment motion should be dismissed or stayed pending an opportunity to engage in discovery.

FURTHER DECLARANT SAYETH NOT

I swear under penalty of perjury that the foregoing is true and correct to the best of my knowledge.

6/19/06
Date

Gary T. Brown