UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| GARRINA BYRD, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | C.A. No. 06-0522 (HHK) |
| | * | |
| DISTRICT OF COLUMBIA, | * | |
| | * | |
| Defendant. | * | |
| _____ | * | |

## AMENDED COMPLAINT

1.   Plaintiff Garrina Byrd, a former employee of the government of the District of Columbia, brings this action to address violations of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e *et seq.* and the D.C. Human Rights Act, as amended, D.C. Code §2-1401.01 *et seq.* for sexual harassment and other economically and psychologically harmful actions taken against her because of her sex. Plaintiff seeks appropriate relief.

### Jurisdiction and Venue

2.   This Court has jurisdiction over the claims alleged herein pursuant to 42 U.S.C. § 2000e-(5)(f), 28 U.S.C. §1343, and 28 U.S.C. §1367.

3.   Proper venue is in this Court as all relevant events alleged herein have occurred within the District of Columbia.

1

Parties

4. Plaintiff was an employee of the Defendant District of Columbia's Department of Parks and Recreation from 2001 through December 31, 2005. Ms. Byrd is a resident of the District of Columbia.

5. Defendant District of Columbia is a separate legal entity with responsibility for insuring that its employees have a workplace free of unlawful discrimination.

Factual Statement

6. In July 2001, Plaintiff was hired by Respondent through Project Empowerment, the District of Columbia's Welfare to Work program.

7. When her position was threatened by her immediate supervisor, Plaintiff met with Mr. Darnell Thompson, Director of Facilities Management, who spoke to her in the presence of another coworker, about an office position.

8. Ms. Byrd's interview consisted of one "question." Mr. Thompson told her that if she wanted a job, she had to lift up her shirt. Ms. Byrd was startled. Mr. Thompson asked her again, making it very clear that her job depended on whether she gave into his demands. Ms. Byrd finally gave in and received a 13-month appointment in the fall of 2002.

9. Plaintiff Byrd started working in Mr. Thompson's office, where he touched her inappropriately and engaged in other harassing behavior at least daily. This behavior by Defendant's manager continued through at least March 31, 2005.

10. Plaintiff Byrd reported the harassment to Joyce Roberts, who provided Plaintiff supervision on her job. Ms. Roberts told Ms. Byrd to "tell him to stop" but did

2

nothing else in response to Plaintiff's report. Plaintiff Byrd told Thompson to stop, but he did not.

11. In March, 2005, Plaintiff reported the harassment to another supervisor, Ms. Julie Banks. Ms. Banks encouraged Plaintiff to file a complaint with Defendant's EEO office.

12. Ms. Byrd reported the harassment by Mr. Thompson to other managers and officials of Defendant. However, no one did anything to stop the harassment from Mr. Thompson or to lessen the hostility of the workplace created by Mr. Thompson's behavior.

13. Ms. Byrd constantly was afraid for her job and each day was a nightmare. Although most of the harassment occurred in Mr. Thompson's office, he would also repeatedly call her on her cell phone late at night and on weekends, asking her for sex, dates and other inappropriate favors.

14. Each time that Ms. Byrd's term appointment neared its end date, Mr. Thompson would escalate his demands for sexual favors in order to renew her employment contract. Thompson finally required Plaintiff to have sexual intercourse with him or lose her D.C. government position. Each time, Ms. Byrd acquiesced to the harasser's demands in order that she could retain her job.

15. These behaviors, creating a hostile environment based on sexual harassment, continued at least until March 31, 2005.

16. On April 5, 2005, Plaintiff Byrd filed a charge with the Department of Parks and Recreation's EEO office. It was immediately dismissed and no investigation of her complaint was performed.

17. The following day, Ms. Byrd filed with Defendant's Office of Human Rights.

18. Following her EEO complaint, Ms. Byrd was temporarily moved from her normal duty station, but was returned there only weeks later. Although Mr. Thompson had been placed on administrative leave, Plaintiff's work environment remained hostile until the end of her tenure with Defendant.

19. In November, 2005, Ms. Byrd was called into a meeting with a high level manager and Ms. Roberts, where her ability to perform her job was questioned. She was asked about basic competencies in a number of areas in a position that she had held for over three years without a single complaint about her performance.

20. On Friday, December 30, 2005, the last work day before the expiration of Plaintiff's term appointment, Ms. Byrd received notification of her termination after she left work, effective the next day. Ms. Byrd had received no prior notice or any complaints about her performance.

21. The combination of actions by her supervisors and the behaviors from them toward Plaintiff created a hostile work environment which interfered with Ms. Byrd's ability to perform her duties.

22. Adverse actions suffered by Plaintiff Byrd were a direct result of Defendant's discrimination based on her sex.

Exhaustion of Administrative Remedies

23.    Plaintiff Byrd pursued her discrimination complaint within the government of the District of Columbia without any success. Ms. Byrd also filed a complaint with the United States Equal Employment Opportunity Commission. After realizing the futility of pursing her administrative remedies through Defendant's Office of Human Rights, Ms.

Byrd sought and obtained a Notice of Right to Sue from the EEOC. This action was filed within ninety (90) days of receipt of that notice.

Claims

COUNT I   Adverse Employment Actions Taken and Hostile Work Environment Suffered by Plaintiffs on the Basis of Sex

Paragraphs 1 through 23 are incorporated herein by reference. The unlawful actions taken against Plaintiff, resulting in the loss of compensation and opportunities for advancement and in the creation of a hostile work environment were committed because of her sex in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.*

COUNT II   Adverse Employment Actions Taken and Hostile Work Environment Suffered by Plaintiff on the Basis of Sex

Paragraphs 1 through 23 are incorporated herein by reference. The unlawful actions taken against Plaintiff, resulting in the loss of compensation and opportunities for advancement and in the creation of a hostile work environment were committed because of her sex in violation of the District of Columbia Human Rights Act, as amended, D.C. Code §2-1401.01 *et seq.*

Relief Requested

WHEREFORE, Plaintiff Garrina Byrd respectfully requests that this Court:

1. Issue a declaratory judgment that the acts and practices of Defendants complained of herein have violated the civil rights of Plaintiff Byrd;

2. Order Defendant to award Plaintiff actual damages for her lost wages and lost benefits.

3. Order Defendant to reinstate Ms. Byrd to a permanent position comparable to her former position.

4. Order Defendant to award Plaintiff compensatory damages in an amount of $300,000 for the harm she has suffered as a result of Defendant's unlawful actions in violation of the rights secured by Title VII of the Civil Rights Act of 1964.

5. Order Defendant to award Plaintiff compensatory damages as deemed proper and just for the harm she has suffered as a result of Defendant's unlawful actions in violation of the rights secured by the District of Columbia Human Rights Act.

6. Order Defendant to pay reasonable attorneys' fees and litigation expenses incurred in this matter; and

7. Order such additional relief as the Court deems proper and just.

## Jury Demand

Plaintiff Byrd demands a trial by a jury of her peers for all claims contained herein.

Respectfully submitted,

                                                _____
Gary T. Brown,
D.C. Bar # 246314
GARY T. BROWN & ASSOCIATES, P.C.
320 Maryland Avenue, N.E.
Suite 100
Washington, D.C. 20002
 (202) 393-4900
 Attorney for Plaintiff Byrd