UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA


GARRINA BYRD,                                :
                                             :
                                             :
        Plaintiff,                           :
                                             :
        v.                                   :            CA 06-0522 (HHK)
                                             :
                                             :
                                             :
DISTRICT OF COLUMBIA,                        :
                                             :
        Defendant.                           :


ANSWER OF THE DISTRICT OF COLUMBIA TO THE AMENDED COMPLAINT

        Defendant District of Columbia, by and through undersigned counsel, responds to

Plaintiff's amended complaint as follows:


FIRST DEFENSE

Plaintiff fails to state a claim upon which relief can be granted.

STATEMENT OF CLAIM

1.      Paragraph one (1) of Plaintiff's complaint is a legal conclusion to which no response is

        required.

JURISDICTION AND VENUE

2.      Paragraph two (2) of Plaintiff's complaint is a legal conclusion to which to which no

        response is required.

3.      Paragraph three (3) of Plaintiff's complaint is a legal conclusion to which to which no

        response is required.

## PARTIES

4.     The Defendant denies that the Plaintiff was an employee of the District of Columbia

Department of Parks and Recreation ("DPR") in 2001.  The Defendant admits that

Plaintiff was appointed to successive terms of employment at DPR beginning in 2002

through December, 2005 when her last term expired.  The Defendant lacks sufficient

information to admit or deny that the Plaintiff is a resident of the District of Columbia.

5.     Paragraph five (5) of Plaintiff's complaint is a legal conclusion to which to which no

response is required.

## FACTUAL STATEMENT

6.     The Defendant admits that the Plaintiff entered into the Defendant's Project

Empowerment Program, a welfare to work program, in 2001 and denies the remaining

allegations contained in paragraph six (6) of Plaintiff's complaint.

7.     The Defendant lacks sufficient information to admit or deny the allegations contained in

paragraph seven (7) of Plaintiff's complaint.

8.     The Defendant admits that Plaintiff received a thirteen (13)-month appointment in 2002,

but lacks sufficient information to admit or deny the remaining allegations contained in

paragraph eight (8) of Plaintiff's complaint.

9.     The Defendant admits that Plaintiff worked in Mr. Thompson's office, but lacks

sufficient information to admit or deny the remaining allegations contained in paragraph

nine (9) of Plaintiff's complaint.

10.    The Defendant denies the allegations contained in paragraph ten (10) of Plaintiff's

complaint.

11.    The Defendant admits the allegations contained in paragraph eleven (11) of Plaintiff's complaint.

12.    The Defendant admits that Plaintiff reported harassment to Defendant's managers and officials, but denies the remaining allegations contained in paragraph twelve (12) of Plaintiff's complaint.

13.    The Defendant lacks sufficient information to admit or deny the allegations contained in paragraph thirteen (13) of Plaintiff's complaint.

14.    The Defendant lacks sufficient information to admit or deny the allegations contained in paragraph fourteen (14) of Plaintiff's complaint.

15.    Paragraph fifteen (15) of Plaintiff's complaint is a legal conclusion to which no response is required.

16.    The Defendant admits that Plaintiff filed a complaint with DPR's EEO office, but denies the remaining allegation contained in paragraph sixteen (16) of Plaintiff's complaint.

17.    The Defendant lacks sufficient information to admit or deny the allegation contained in paragraph seventeen (17) of Plaintiff's complaint.

18.    The Defendant admits that Plaintiff temporarily was moved from her regular duty station and returned to it after Mr. Thompson was placed on leave.  The Defendant denies the remaining allegations contained in paragraph eighteen (18) of Plaintiff's complaint.

19.    The Defendant admits that Plaintiff's performance was discussed with her in a meeting in November, 2005, and denies the remaining allegations contained in Plaintiff's complaint.

20.    The Defendant admits that on or about December 30, 2005, it gave Plaintiff notice that her term appointment would not be extended, effective the next day, but denies the remaining allegations contained in paragraph twenty (20) of Plaintiff's complaint.

21.    The Defendant denies the allegations contained in paragraph twenty-one (21) of

Plaintiff's complaint

22.    Paragraph twenty-two of Plaintiff's complaint is a statement of Plaintiff's claims to

which no response is required.

<u>EXHAUSTION OF ADMINISTRATIVE REMEDIES</u>

23.    Paragraph twenty-three (23) of Plaintiff's complaint contains statements of Plaintiff's

claim to which no response is required as well as allegations about which the Defendant

lacks sufficient information to admit or deny.

<u>CLAIMS</u>

<u>Count I</u>
(Adverse Employment Actions Taken and Hostile Work
Environment Suffered by Plaintiffs on the Basis of Sex)


The Defendant restates and incorporates by reference paragraphs one (1) through twenty-

three (23) of Defendant's answer.  The allegations contained in Count I of Plaintiff's complaint

are statements of Plaintiff's claims, and legal conclusions, to which no response is required.


<u>Count II</u>
(Adverse Employment Actions Taken and Hostile Work
Environment Suffered by Plaintiffs on the Basis of Sex)

The Defendant restates and incorporates by reference paragraphs one (1) through twenty-

three (23) of Defendant's answer.  The allegations contained in Count II of Plaintiff's complaint

are statements of Plaintiff's claims, and legal conclusions, to which no response is required.

4

Relief Requested

Paragraphs one (1) through seven (7) of this section of Plaintiff's complaint are requests for relief to which no response is required.

Second Defense

Plaintiff may have failed to comply with the mandatory notice requirements of D.C. Code Sec. 12-309 (1981).

Third Defense

The Plaintiff's claims are barred by the applicable statute of limitations.

Fourth Defense

If Plaintiff was injured and/or damaged as alleged in the complaint, said injuries and/or damages resulted from Plaintiff's own willful conduct.

Fifth Defense

If Plaintiff was injured and/or damaged as alleged in the complaint, said injuries and/or damages resulted from Plaintiff's own contributory negligence and/or assumption of the risk.

Sixth Defense

If Plaintiff was injured and/or damaged as alleged in the complaint, said injuries and/or damages resulted from the sole or concurring negligence of a person or persons other than Defendant, its employees, agents, and/or servants acting within the scope of their employment.

Seventh Defense

If Plaintiff was injured or incurred damages as alleged in the complaint, such injuries or damages were the result of acquiescence or consent.

5

### Eighth Defense

All actions performed by Defendant, its employees, servants, and/or agents acting within the scope of their employment met or exceeded the applicable standard of care.

### Ninth Defense

Defendant, its agents, servants, and/or employees acting within the course and scope of their employment, performed their obligations, if any, toward Plaintiff in accord with all applicable statutory, regulatory, constitutional, and common law requirements.

### Tenth Defense

Defendant, its agents, servants, and/or employees acting within the course and scope of their employment, acted in good faith and with the reasonable belief that those acts were lawful under the circumstances.

### Eleventh Defense

Defendant is not liable for the unforeseeable, intervening criminal acts of third parties.

### Twelfth Defense

Plaintiff has failed to mitigate her damages.

### Thirteenth Defense

This action may be barred by the doctrine of laches.

### Fourteen Defense

This action may be barred by the doctrine of unclean hands.

### Fifteenth Defense

The Defendant and/or its agents, servants, employees acting within the scope of their employment may be immune from liability under the doctrines of sovereign immunity, governmental immunity, privilege and/or official immunity.

<u>Sixteenth Defense</u>

The Defendant and/or its agents, servants and employees acting within the scope of employment may have been engaging in discretionary decisions for which there can be no liability.

<u>Seventeenth Defense</u>

The Defendant had, and the Plaintiff was given notice of, Defendant's policies and procedures for preventing and reporting sexual harassment.

<u>Eighteenth Defense</u>

The Defendant may have knowingly, willingly and intentionally violated Defendant's sexual harassment policy by not reporting alleged sexual misconduct by Mr. Thompson.

<u>Nineteenth Defense</u>

Plaintiff may have failed to timely and fully exhaust her administrative remedies.

<u>Jury Demand</u>

Defendant hereby demands a trial by jury on all issues so triable.

Respectfully submitted,

ROBERT J. SPAGNOLETTI
Attorney General

GEORGE C. VALENTINE
Deputy Attorney General
Civil Litigation Division

_____
Nicole L. Lynch  [471953]
Section Chief
General Litigation, Section II
Civil Litigation Division

7

_____

Julie Lee [433292]
Senior Assistant Attorney General
General Litigation, Section II
Civil Litigation Division
441 Fourth Street, N.W.
Sixth Floor South
Washington, D.C. 20001
(202) 724-6602; (202) 727-3625
Julie.Lee@dc.gov