UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| GARRINA BYRD, | * |
| | * |
| Plaintiff, | * |
| | * |
| v. | *   C.A. No.  06-0522 (HHK) |
| | * |
| DISTRICT OF COLUMBIA, | * |
| | * |
| Defendant. | * |
| _____ | * |

AMENDED STATEMENT OF THE CASE

The parties, pursuant to the Court's order of July 17, 2006, submit the following amended statement of the case as a supplement to their LCvR 16.3 report filed on July 27, 2006 and their statement of the case filed on August 4, 2006.

Plaintiff Garrina Byrd, an African-American female and former employee of the government of the District of Columbia, brings this action to address violations of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e *et seq.* and the D.C. Human Rights Act, as amended, D.C. Code §2-1401.01 *et seq.* of sexual harassment and other economically and psychologically harmful actions taken against her because of her sex and participation in protected activities.

Plaintiff, a single mother, was hired by the Department of Parks and Recreation through Defendant's welfare to work program in July, 2001.  In the fall of 2002, Ms. Byrd was interviewed by Chief of Facilities Maintenance Darnell Thompson for an office position, in the presence of another co-worker.  Ms. Byrd's interview consisted of one "question."   Mr. Thompson told her that if she wanted a job, she had to lift up her shirt. Ms. Byrd was startled. Mr. Thompson asked her again, making it very clear that her job

depended on whether she gave into his demands. Needing to continue working, Ms. Byrd gave in and received a 13-month appointment in the fall of 2002.

Plaintiff claims that she suffered daily harassment by Mr. Thompson and Defendant failed to investigate Plaintiff's claims or take corrective action despite a history of prior claims against the harasser. Each time that Ms. Byrd's term appointment neared its end date, Mr. Thompson would escalate his demands for sexual favors in order to renew her employment contract. Thompson finally required Plaintiff to have sexual intercourse with him or lose her D.C. government position. Each time, Ms. Byrd acquiesced to the harasser's demands in order that she could retain her job.

Ms. Byrd made multiple efforts to inform others of the harassment she had suffered but no corrective action was taken. On April 5, 2005, Plaintiff Byrd filed a charge with the Department of Parks and Recreation's EEO office. It was immediately dismissed and no investigation of her complaint was performed. The following day, Ms. Byrd filed with Defendant's Office of Human Rights. Following her EEO complaint, Ms. Byrd was temporarily moved from her normal duty station, but was returned there only weeks later. Although Mr. Thompson had been placed on administrative leave, Plaintiff's work environment remained hostile until the end of her tenure with Defendant.

Defendant denies all allegations of wrongdoing, including that it did not create a hostile environment and that no employment actions were taken against Plaintiff except for legitimate business reasons. The District further claims that plaintiff engaged in a consensual intimate relationship with her alleged harasser and plaintiff complained only after the relationship turned bad.

Plaintiff also intends to amend her complaint to add claims of retaliation under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e *et seq.*, the D.C. Human Rights Act, as amended, D.C. Code §2-1401.01 *et seq.*, and the D.C. Whistleblower Protection Act, as amended, D.C. Code § 1-615.51 *et. seq.* Plaintiff has provided a copy of the proposed amended complaint to Defendant and will file a Motion for Leave to Amend as soon as Defendant is able to determine its position on the motion.

Respectfully submitted,

_____/s/_____
Gary T. Brown,
D.C. Bar # 246314
GARY T. BROWN & ASSOCIATES, P.C.
320 Maryland Avenue, N.E.
Suite 100
Washington, D.C. 20002
(202) 393-4900
Attorney for Plaintiff Byrd

Respectfully submitted,

ROBERT J. SPAGNOLETTI
Attorney General for the District of Columbia

GEORGE C. VALENTINE
Deputy Attorney General
Civil Litigation Division

Nicole L. Lynch [471953]
Section Chief
General Litigation, Section II
Civil Litigation Division

_____/s/_____
David A. Jackson [471535]
Senior Assistant Attorney General
General Litigation, Section II
Civil Litigation Division
441 Fourth Street, N.W., Sixth Floor South

Washington, D.C. 20001
(202) 724-6618; (202) 727-3625
davida.jackson@dc.gov