UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| GARRINA BYRD, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> DISTRICT OF COLUMBIA, ) <br> ) <br> Defendant. ) <br> _____) | Civil Action No. 06-0522 (HHK) |

**PLAINTIFF'S MOTION FOR LEAVE
TO FILE A SECOND AMENDED CLASS COMPLAINT**

Pursuant to Fed. R. Civ. P. 15(a), Plaintiff, through her undersigned counsel, respectfully moves the Court for leave to file a consolidated, Second Amended Complaint. Plaintiff requests leave to file a Second Amended Complaint for the following purposes: (1) add class allegations of hostile work environment/*quid pro quo* discrimination with Plaintiffs Garrina Byrd and Annette Burns as putative class representatives, (2) add gender discrimination claims under 42 U.S.C. § 1983 through the Fifth Amendment to the United States Constitution, and (3) add individual retaliation/whistleblower claims for Plaintiffs Byrd and individual retaliation claims for Plaintiff Burns.

Counsel for Plaintiffs has communicated with counsel for Defendant regarding this motion. Defendant does not consent to the Plaintiffs' request for leave to amend.

The grounds for this motion are set forth in the accompanying Memorandum. A proposed Order is included for the Court's consideration, and a proposed consolidated, Second Amended Complaint to be filed, if the instant motion is granted, is attached hereto.

–2–

Respectfully submitted this 16th day of October, 2006.

/s/ Eric K. Bachman
Timothy B. Fleming (DC Bar No. 351114)
Lori B. Kisch (DC Bar No. 491282)
Eric K. Bachman (DC Bar No. 481993)
**Wiggins, Childs, Quinn & Pantazis, PLLC**
7 Dupont Circle, N.W., Suite 200
Washington, D.C. 20036
(202) 467-4123
(202) 467-4489 (facsimile)

Gary T. Brown (D.C. Bar # 246314)
**GARY T. BROWN & ASSOCIATES, P.C**.
320 Maryland Avenue, N.E.
Suite 100
Washington, D.C. 20002
(202) 393-4900

***ATTORNEYS FOR THE PLAINTIFFS***

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| GARRINA BYRD ) | |
| ) | |
| ) | |
| ) | Civil Action No. 06-0522 (HHK) |
| Plaintiff, ) | |
| ) | CLASS ACTION |
| v. ) | |
| ) | |
| DISTRICT OF COLUMBIA, ) | |
| ) | |
| Defendant. ) | |
| _____) | |

**MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION FOR LEAVE
TO FILE A SECOND AMENDED CLASS COMPLAINT**

Pursuant to Fed. R. Civ. P. 15(a), Plaintiff, through her undersigned counsel, respectfully moves the Court for leave to file a consolidated, Second Amended Complaint.[1]  Plaintiff requests leave to file a Second Amended Complaint for the following purposes: (1) to add class allegations of hostile work environment/*quid pro quo* discrimination with Plaintiffs Garrina Byrd and Annette Burns as putative class representatives, (2) to add gender discrimination claims under 42 U.S.C. § 1983 through the Fifth Amendment to the United States Constitution, (3) to add individual retaliation/whistleblower claims for Plaintiffs Byrd and individual retaliation claims for Plaintiff Burns.

---

[1] Byrd has filed, contemporaneously herewith, a Motion to Consolidate *Burns v. District of Columbia*, Case No. 1:06-CV-01198 (RBW), with this case.  A more detailed discussion of the bases for this consolidation is explained in that motion; however, suffice it to say that both Byrd and Burns have similar factual allegations and legal claims involving discriminatory conduct at the Defendant's Department of Parks and Recreation.  Specifically, both were subjected to harassment by the same manager, Darnell Thompson, during a similar time frame and allege that their complaints about this discrimination were not adequately addressed by Defendant.

## I.  BACKGROUND

### A.  <u>Plaintiff Garrina Byrd</u>

Plaintiff Byrd filed the instant case, *Byrd v. District of Columbia*, Case No. 1:06-0522 (HHK), on March 21, 2006. Her Amended Complaint was filed on June 20, 2006. In it, Byrd alleges that employer-Defendant the District of Columbia Department of Parks and Recreation ("D.C. Parks Department") discriminated against her by subjecting her to a hostile work environment based on sex, as well as *quid pro quo* discrimination. Specifically, Byrd alleges that:

(1) she is a former employee of the D.C. Parks Department, Am. Compl. ¶ 7-10, 13-14 [dkt. 13];

(2) she was sexually harassed by her manager, Darnell Thompson, Director of Facilities Management, *id.* ¶ 7-10, 13-14;

(3) this harassment continued from approximately 2001 through at least March 31, 2005, *id.* ¶¶ 7-9;

(4) Byrd reported Thompson's harassment to management but the harassment continued, *id.* ¶¶ 10-14;

(5) after her complaints, Byrd was terminated despite no prior complaints regarding her performance, *id.* ¶¶ 19-20;

(6) Defendant's conduct created a hostile work environment to which she was subjected, *id.* ¶ 15;

(7) she was subjected to *quid pro quo* discrimination, *id.* ¶¶ 8, 13, 14; and

(8) she was subjected to unlawful retaliation, *id.* ¶¶ 16-20.

Based on these allegations, Byrd's Amended Complaint alleges discrimination in

violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e *et seq.*, and the D.C. Human Rights Act, as amended, D.C. Code §§ 2-1401.01 *et seq.*

**B.      Plaintiff Annette Burns**

On June 29, 2006, Plaintiff Annette Burns filed a class action Complaint. The case was assigned case number 1:06-cv-1198 (RBW).

In her Complaint, Burns alleges that:

(1)     she is a former employee of the D.C. Parks Department Compl. ¶ 6 (attached hereto as Ex. 1);

(2)     she was sexually harassed by her manager, Darnell Thompson, Director of Facilities Management, *id.* ¶ 6, 12(a)-(d);

(3)     this harassment continued from approximately January 2002 through December of 2003, *id.* ¶ 6, 12(a);

(4)     Burns reported Thompson's harassment to management but the harassment continued, *id.* ¶ 12(b)-(e);

(5)     Burns was transferred from her position and was ultimately terminated, *id.* ¶¶ 19-20;

(6)     Defendant's conduct combined to create a hostile work environment to which she was subjected, *id.* ¶ 15; and

(7)     Burns was subjected to unlawful retaliation, *id.* ¶ 12.

Based on these allegations, Burns makes claims of discrimination and retaliation in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e *et seq.*, and the D.C. Human Rights Act, as amended, D.C. Code §§ 2-1401.01 *et seq.*

In addition, Burns makes class allegations on behalf of a putative class of women who are

or have been employees of the D.C. Parks Department and who have been subjected to a hostile working environment on account of their sex. *Id.* ¶¶ 4-7, 11. Burns seeks injunctive, declaratory, and other relief on behalf of the class, *id.* ¶ 7, as well as compensatory damages and affirmative job relief. *Id.* at VIII, 5-7.

**C.    Proposed Amendments to the Amended Complaint**

Plaintiff requests leave to file a Second Amended Complaint for the following purposes: (1) add class allegations of hostile work environment/*quid pro quo* discrimination with Plaintiffs Garrina Byrd and Annette Burns as putative class representatives, (2) add class allegations of gender discrimination under 42 U.S.C. § 1983 through the Fifth Amendment to the United States Constitution, and (3) add individual retaliation/whistleblower claims for Plaintiff Garrina Byrd and individual retaliation claims on behalf of Burns.

As to the first proposed amendment regarding class allegations, Plaintiffs have filed contemporaneously herewith a Motion to Consolidate the Byrd and Burns cases. *See supra* note 1. Burns' case was filed as a class action and, therefore, Defendant has been on notice that it was subject to class-wide liability for the alleged discrimination at issue in both the *Burns* and *Byrd* cases. Defendant thus will suffer no greater exposure to liability if Plaintiff Byrd is permitted to amend her complaint to add class allegations.[2] Accordingly, judicial economy and efficiency are best served by allowing Plaintiff Byrd's proposed consolidated, second amended complaint.

As to the second and third proposed amendments, adding gender discrimination claims under 42 U.S.C. § 1983 and adding individual retaliation claims for Plaintiffs Byrd and Burns, the factual predicates for both legal claims were previously asserted Byrd's and Burns'

---

[2] However, even if Defendant were exposed to greater liability by adding Byrd as a representative Plaintiff, it is well established that greater exposure to liability is not a legitimate basis on which a court can rely in deciding whether to grant leave to amend. *See infra* at 7.

–4–

–5–

Complaints.  For example, facts supporting a Section 1983 claims are included in Burns' Complaint (¶¶ 11(a)-(g); 12(b), (d)-(i); 13), as well as Byrd's Amended Complaint (¶¶ 8-20). Further, the factual predicates for individual retaliation claims have likewise been asserted in Burns' Complaint (¶ 12); and Byrd's Amended Complaint (¶¶ 10-12, 16-20, 23).  In addition, through the proposed consolidated, second amended complaint, Plaintiff will provide more detailed factual allegations for these legal claims.

## II.    ARGUMENT

A party may amend "by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires." FED. R. CIV. P. 15(a).  The trial court, "exercising the discretion conferred upon it by Rule 15(a), must 'determine the propriety of the amendment on a case by case basis using a generous standard.'" *Simpkins v. Wash. Metro. Area Transit Auth.*, 2 F. Supp. 2d 52, 55 (D.D.C. 1998), quoting *Harris v. Secretary, U.S. Dept. of Veteran Affairs*, 126 F.3d 339, 341 (D.C. Cir. 1997); *see also Foman v. Davis*, 371 U.S. 178, 182-83 (1962).  It would be an abuse of discretion to deny leave to amend without sufficient reason, such as: (1) undue delay, bad faith, or dilatory motive on the part of the movant; (2) repeated failure to cure deficiencies by amendments previously allowed; (3) undue prejudice to the opposing party; and (4) futility of the amendment.  *Firestone v. Firestone*, 76 F.3d 1205, 1208 (D.C. Cir. 1996), citing *Foman*, 371 U.S. at 182; *see also Atchinson v. Dist. of Columbia*, 73 F.3d 418, 425-426 (D.C. Cir. 1996).  Here, each of these factors strongly favors Plaintiff's position.  Thus, justice requires that the motion be granted.

### A.    There is No Undue Delay or Prejudice to Defendant in Amending the Second Amended Complaint

Plaintiffs have not unduly delayed seeking leave to amend the complaint.  With regard to undue delay, the text of Rule 15 does not prescribe a time limit on motions for leave to amend.

Accordingly, a court should not deny leave to amend based solely on time elapsed between the filing of the complaint and the request for leave to amend.  Rather, the court should take into account the actions of other parties and the possibility of resulting prejudice to the opposing party.  *Adair v. Johnson*, 216 F.R.D. 183, 186 (D.D.C. 2003) citing Fed. R. Civ. P 15(a); *Carribbean Broad. Sys. Ltd. v. Cable & Wireless P.L.C.*, 148 F.3d 1080, 1083 (D.C. Cir. 1998) (length of litigation is relevant only insofar as it suggests bad faith or prejudice); *Atchinson*, 73 F.3d at 426.

"To demonstrate such prejudice, the opposing party 'must show that it was unfairly disadvantaged or deprived of the opportunity to present facts or evidence which it would have offered had the amendments been timely.'"  *Adair*, 216 F.R.D. at 186 (quoting *Dooley v. United Techs. Corp.*, 152 F.R.D. 419, 425 (D.D.C. 1993)).  Examples of prejudice include instances where the allowance of an amendment would necessitate reopening discovery at a late stage of the litigation, and where the amendment is only tangentially related to the complaint, changes the nature of the litigation, or impairs the nonmovant's ability to present evidence.  *Adair*, 216 F.R.D. at 186 (citing *Societe Liz, S.A. v. Charles of the Ritz Group, Ltd.*, 118 F.R.D. 2, 4 (D.D.C. 1987)) (finding prejudice when the proposed amendment when the motion to amend was filed just prior to the close of discovery, with trial fast approaching); *Nat'l Treasury Employees Union v. Helfer*, 53 F.3d 1289, 1295 (D.C. Cir. 1995); *Prince v. Suffolk County Dep't of Health Servs.*, 1995 WL 144782, at *6 (S.D.N.Y. Apr. 3, 1995).  "Plaintiff typically will not be precluded from amending a defective complaint in order to state a claim on which relief can be granted or from adding a claim to an otherwise proper complaint simply because that amendment may increase defendant's potential liability."  6 CHARLES ALAN WRIGHT, ARTHUR R. MILLER, MARY KAY KANE, FEDERAL PRACTICE AND PROCEDURE §1487 (1990); *see also, Cross v. Price Waterhouse*

*& Co.*, 1983 WL 1296, at * 4 (D.D.C. 1983) ("It is beyond peradventure . . . that the mere threat of greater liability stemming from an amended complaint is insufficient to justify refusing leave to amend."(citing 6 Wright & Miller § 1487)) (unpublished decision attached hereto as Ex. 2).

Here, Byrd's Complaint was originally filed in March 2006 and Burns' Complaint was filed in June 2006. No discovery has commenced in either case; indeed, no Scheduling Order has been entered in either action. Further, Plaintiffs have very recently retained new co-lead counsel in this case, the law firm of Wiggins, Childs, Quinn & Pantazis, PLLC, who have substantial experience in class action litigation. Plaintiffs have not unduly delayed amending the complaint, as demonstrated by the early stage of this litigation and by the fact that only seven months have transpired since Byrd filed her original complaint, and a mere four months have transpired since Burns filed hers.

Furthermore, Defendant District of Columbia is not prejudiced by Plaintiffs' proposed amendments at this stage of the proceedings. Because no discovery has occurred, Defendant will not suffer any undue prejudice if the motion to amend is granted. Defendant has not lost any opportunity to conduct discovery relating to the proposed amendments. Further, Defendant has been on notice of its potential class-wide liability as well as the factual predicates for Plaintiff's Section 1983 claims and individual retaliation claims. As a result, Defendant suffers no prejudice and Plaintiffs' Motion for Leave to Amend should be granted.

**B.    There Is No Futility in Amending the Second Amended Complaint**

There is no futility in amending the Second Amended Complaint. "An amended complaint is futile if it merely restates the same facts as the original complaint in different terms, reasserts a claim on which the court previously ruled, fails to state a legal theory, or could not withstand a motion to dismiss." *Adair v. Johnson*, 216 F.R.D. 183, 186 (D.D.C 2003), citing

–7–

*Robinson v. Detroit News, Inc.*, 211 F. Supp. 2d 101, 114 (D.D.C. 2002); *Willoughby v. Potomac Elec. Power Co.*, 100 F.3d 999, 1003 (D.C. Cir.1996); *James Madison Ltd. F. Ludwig*, 82 F.3d 1085, 1099 (D.C. Cir.1996) (courts may deny a motion to amend complaint as futile if the proposed claim would not survive a motion to dismiss).

The proposed Second Amended Complaint does not simply restate the same facts as the original complaint in different terms; rather, it asserts class claims of gender discrimination; includes new legal claims under 42 U.S.C. § 1983 and the D.C. Whistleblower Act, D.C. CODE § 1-615.51 *et seq.*, and adds individual retaliation claims for Plaintiffs Byrd and Burns. Furthermore, the proposed Second Amended Complaint does not reassert any claim on which the Court has previously ruled. Moreover, the proposed Second Amended Complaint does not fail to state a legal theory. Indisputably, it asserts cognizable claims of gender discrimination under Title VII, DCHRA, and Section 1983, as well as individual retaliation claims under Title VII, DCHRA, the DC Whistleblower Act, and Section 1983.

In addition, the proposed Second Amended Complaint is not futile because it can withstand a motion to dismiss. This Court has held:

> A party moving for dismissal under Federal Rule of Civil Procedure 12(b)(6) has the burden of proving that the non-movant has failed to state a claim upon which relief may be granted. To prevail, the movant must show beyond a reasonable doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief. . . . The averments in the complaint are taken as true, and the plaintiff is given the benefit of any doubts and of all reasonable inferences that can be drawn from the facts alleged.

*M.K. v. Tenet*, 99 F. Supp. 2d 12 (D.D.C. 2000) (citations and quotation omitted); *see also Hishon v. King Spalding*, 467 U.S. 69, 73 (1984); *Croixland Properties v. Corcoran*, 164 F.3d 213, 215 (D.C. Cir. 1999). In the proposed Second Amended Complaint, Plaintiff states actionable claims for class-wide discrimination and individual retaliation claims and has

provided factual averments to support such claims.

    **C.**     **Plaintiff Has Not Repeatedly Failed to Cure the Deficiencies**

Plaintiff has not repeatedly failed to cure deficiencies in the Complaint. Rather, Plaintiff now seeks to consolidate a related action, clarify the factual allegations at issue, and add related discrimination and/or retaliation claims.

    **D.**     **Plaintiff Has No Bad Faith or Dilatory Motive in Amending the Complaint**

Plaintiff does not seek an amendment in bad faith or to harass Defendant; nor does Plaintiff seek amendment for dilatory motives. Plaintiff simply seeks to preserve and present important claims of discrimination and retaliation. Accordingly, Plaintiff brings this motion before the Court in good faith.

**III.**     **CONCLUSION**

For the reasons stated herein, Plaintiff's Motion for Leave to File A Consolidated, Second Amended Complaint should be granted.

Respectfully submitted this 16th day of October, 2006.

    /s/ Eric K. Bachman
Timothy B. Fleming (DC Bar No. 351114)
Lori B. Kisch (DC Bar No. 491282)
Eric K. Bachman (DC Bar No. 481993)
**Wiggins, Childs, Quinn & Pantazis, PLLC**
7 Dupont Circle, N.W., Suite 200
Washington, D.C. 20036
(202) 467-4123
(202) 467-4489 (facsimile)

Gary T. Brown, D.C. Bar # 246314
**GARY T. BROWN & ASSOCIATES, P.C**.
320 Maryland Avenue, N.E.
Suite 100

–9–

Washington, D.C. 20002
(202) 393-4900

***ATTORNEYS FOR PLAINTIFF***

–10–

**CERTIFICATE OF SERVICE**

    I hereby certify that on this 16th day of October, 2006, a copy of the foregoing was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt.

By: /s/ Eric K. Bachman  .
*Attorney for Plaintiff*