UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| GARRINA BYRD | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   C.A. No. 1:06-0522 (HHK) |
| | ) |
| DISTRICT OF COLUMBIA, | ) |
| | ) |
| Defendant. | ) |

## PLAINTIFF'S MOTION TO CONSOLIDATE RELATED CASES

Pursuant to Federal Rule of Civil Procedure 42(a) and Local Civil Rule 40.5, Plaintiff, through her undersigned counsel, respectfully files her Motion to Consolidate Related Cases. Namely, Plaintiff seeks to consolidate the instant case, *Byrd v. District of Columbia*, Case No. 1:06-0522 (HHK), with *Burns v. District of Columbia*, Case No. 1:06-CV-01198 (RBW), which is currently pending before the District Court for the District of Columbia. Because these cases involve common questions of law and fact, consolidation would favor convenience for the parties and judicial economy, and would not result in confusion or prejudice, Plaintiff respectfully requests that the Court grant her motion.

Counsel for Plaintiffs has communicated with counsel for Defendant regarding this motion. Defendant does not consent to the Plaintiffs' request for leave to amend.

The grounds for this motion are set forth in the accompanying Memorandum. A proposed Order is included for the Court's consideration.

1

Respectfully submitted this 16th day of October, 2006.

  s/ Eric K. Bachman
Timothy B. Fleming (DC Bar No. 351114)
Lori B. Kisch (DC Bar No. 491282)
Eric K. Bachman (DC Bar No. 481993)
**Wiggins, Childs, Quinn & Pantazis, PLLC**
7 Dupont Circle, N.W., Suite 200
Washington, D.C. 20036
(202) 467-4123
(202) 467-4489 (facsimile)

Gary T. Brown (D.C. Bar # 246314)
**GARY T. BROWN & ASSOCIATES, P.C**.
320 Maryland Avenue, N.E.
Suite 100
Washington, D.C. 20002
(202) 393-4900

***ATTORNEYS FOR THE PLAINTIFFS***

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| GARRINA BYRD | ) |
| | ) |
| | ) |
| | ) Civil Action No. 06-0522 (HHK) |
| Plaintiff, | ) |
| | ) CLASS ACTION |
| v. | ) |
| | ) |
| DISTRICT OF COLUMBIA, | ) |
| | ) |
| Defendant. | ) |
| _____ | ) |

**MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION
TO CONSOLIDATE RELATED CASES**

**I.   INTRODUCTION**

Plaintiff Garrina Byrd ("Plaintiff" or "Byrd"), through her undersigned counsel, hereby submits this memorandum in support of his Motion to Consolidate Related Cases. The Plaintiff seeks to consolidate the instant case, *Byrd v. District of Columbia*, Case No. 1:06-0522 (HHK), with *Burns v. District of Columbia*, Case No. 1:06-CV-01198 (RBW), which is currently pending before the District Court for the District of Columbia.

**II.   FACTS**

**A.   Garrina Byrd v. District of Columbia**

Plaintiff Byrd filed the instant case, *Byrd v. District of Columbia*, Case No. 1:06-0522 (HHK), on March 21, 2006. In it, Byrd alleges that employer-Defendant the District of Columbia Department of Parks and Recreation ("D.C. Parks Department") discriminated against her by subjecting her to a hostile work environment based on sex. Specifically, Byrd alleges

3

> (1)    that she is a former employee of the D.C. Parks Department, Am. Compl. ¶ 7-10, 13-14 [dkt. 13];
>
> (2)    that she was sexually harassed by Mr. Darnell Thompson, Director of Facilities Management, *id.* ¶ 7-10, 13-14;
>
> (3)    that this harassment continued from approximately 2001 through at least March 31, 2005, *id.* ¶¶ 7-9;
>
> (4)    that Byrd reported Thompson's harassment to management but the harassment continued, *id.* ¶¶ 10-14;
>
> (5)    that Byrd was terminated despite no prior complaints regarding her performance, *id.* ¶¶ 19-20;
>
> (6)    that Defendant's conduct combined to create a hostile work environment to which she was subjected, *id.* ¶ 15; and
>
> (7)    she was subjected to unlawful retaliation, *id.* ¶¶ 16-20.

Based on these allegations, Byrd makes claims of discrimination in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e *et seq.*, and the D.C. Human Rights Act ("DCHRA"), as amended, D.C. Code §§ 2-1401.01 *et seq.*

In addition, Byrd plans to seek leave to amend her Complaint that will, like Burns, name her as a class representative, seek to qualify her as a class representative, and make allegations on behalf of the class.

**B.     Annette Burns v. District of Columbia**

On June 29, 2006, Plaintiff Annette Burns filed a Complaint. The case was assigned case number 1:06-cv-1198 (RBW).

In her Complaint, Burns makes the following factual allegations:

(1) that she is a former employee of the D.C. Parks Department Compl. ¶ 6 (attached hereto as Ex. 1);

(2) that she was sexually harassed by Mr. Darnell Thompson, Director of Facilities Management, *id.* ¶ 6, 12(a)-(d);

(3) that this harassment continued from approximately January 2002 through December of 2003, *id.* ¶ 6, 12(a);

(4) that Burns reported Thompson's harassment to management but the harassment continued, *id.* ¶ 12(b)-(e);

(5) that Burns was transferred from her position and was ultimately terminated in January of 2003, *id.* ¶¶ 19-20;

(6) that Defendant's conduct combined to create a hostile work environment to which she was subjected, *id.* ¶ 15; and

(7) Burns was subjected to unlawful retaliation, *id.* ¶ 12.

Based on these allegations, Burns makes claims of discrimination and retaliation[1] in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e *et seq.*, and the D.C. Human Rights Act, as amended, D.C. Code §§ 2-1401.01 *et seq.*

In addition, Burns makes class allegations on behalf of a putative class of women who are or have been employees of the D.C. Parks Department and who have been subjected to a hostile working environment on account of their sex. *Id.* ¶¶ 4-7, 11. Burns seeks injunctive,

---

[1] Plaintiff Byrd also plans to make claims of retaliation. Should the cases be consolidated, the Plaintiffs will to file an Amended Consolidated Complaint. In that Complaint, Plaintiff Byrd will add allegations of retaliation, stating that after she engaged in protected activity, she was, *inter alia*, transferred twice, her work duties were taken away from her, her work hours were changed, and she was terminated. This proposed Second Amended Class Complaint is attached to the Motion for Leave to Amend, which has also been filed with the Court on this day.

declaratory, and other relief on behalf of the class, *id.* ¶ 7, as well as compensatory damages and affirmative job relief. *Id.* at VIII, 5-7.

**C.     Factual Similarities Between *Byrd* and *Burns***

To summarize the similarities of Byrd's and Burns' factual allegations, they both are former employees of the D.C. Parks Department; they were both sexually harassed by the same person, Mr. Darnell Thompson, Director of Facilities Management; Thompson's harassment during approximately the same time period for both; they both reported Thompson's harassment to management but the harassment continued; both Byrd and Burns were terminated despite no prior complaints regarding their performance; and Defendant's conduct combined to create a hostile work environment to which they were subjected. Based on these allegations, both make (or will make, *see supra* note 1) claims of discrimination on the basis of sex and retaliation for engaging in protected activity under Title VII and the DCHRA. In addition, both seek to represent a class of women who have been subjected to a hostile work environment in circumstances similar to theirs.

Finally, much information that Plaintiffs will seek through discovery is common to both Plaintiffs, including (1) Defendant's policies, practices, and procedures regarding employment discrimination and complaints of employment discrimination, including the role and responsibility of Neil Albert, Director of the Department of Parks and Recreation, in implementing these procedures; (2) the policies, practices, and procedures, if any, governing the administrative process, such as the investigation that is supposed to occur after a complaint is received, including, but not limited to the policies outlined in D.C. MUN. REGS. tit. 4 §§ 104.1(a)-(b), (f), 106–117, 120; (3) the numerous complaints of sexual harassment related to Thompson which were made by many other female employees; (4) what investigation, if any, occurred in

6

response to Plaintiffs' and other female employees' complaints, and (5) whether Defendant informed employees about or otherwise posted information regarding sexual harassment and an employee's right to complain and/or file a charge of discrimination.

### III. ARGUMENT

#### A. APPLICABLE LAW

Rule 42(a) of the Federal Rules of Civil Procedure grants this Court the authority to consolidate separately filed cases when the cases involve a common question of law or fact. FED. R. CIV. P. 42(a); *see Baystate Health System v. Thompson*, 254 F. Supp. 2d 80, 80 (D.D.C. 2003).

Under Local Civil Rule 40.5(d), motions to consolidate shall be determined by the judge to whom the earliest numbered case is assigned. See LCvR 40.5(d); *Baystate Health System*, 254 F. Supp. 2d at 80. Plaintiff Byrd's case number, 06-0522, is earlier than Plaintiff Annette Burns' case number, 06-1198. Therefore, Plaintiff Byrd has her Motion for Consolidation with the Honorable Judge Kennedy, to whom Byrd's case was assigned.

"The decision whether to consolidate cases under Rule 42(a) is within the broad discretion of the trial court." *Stewart v. O'Neill*, 225 F.Supp.2d 16, 20 (D.D.C. 2002). When determining whether to exercise their discretion to consolidate cases, "courts weigh considerations of convenience and economy against considerations of confusion and prejudice." *Chang v. United States*, 217 F.R.D. 262, 265 (D.D.C. 2003).

The factors of convenience and economy weigh in favor of consolidating cases when consolidation would reduce the possibility of duplicative discovery. *Id.* at 266-67. Furthermore, judicial economy is furthered, and consolidation favored, when one court would "adjudicate[e] []

potentially dispositive motions involving similar material facts, [when] a single group of actors [is] present during the events at issue, and [when] common questions of law" exist. *Id.* at 267.

Regarding the factors of confusion and prejudice, one court in this jurisdiction consolidated two cases involving the same plaintiff and the same defendant because "[t]here is very little risk of prejudice or confusion if these cases are consolidated given that both cases involve the same parties and the same counsel." *Am. Postal Workers Union v. U.S. Postal Service*, 422 F. Supp. 2d 240, 245 (D.D.C. 2006). Also, if consolidation would not cause significant delay, there would be no prejudice to the parties. *See Natural Resources Defense Council, Inc. v. Hughes*, 454 F. Supp. 148, (155 D.D.C. 1978).

Applying these factors, the court in *Chang* found common issues of law and fact such that it consolidated cases even when one of the groups of plaintiffs did not assert claims against the same defendant as the others did. *Chang*, 217 F.R.D. at 274-75. The court based its decision on the likely duplication in discovery and the similarity of claims asserted by the plaintiffs.

**B.     ALL FACTORS WEIGH IN FAVOR OF CONSOLIDATION**

    **1.     Consolidating *Byrd* and *Burns* Will Further the Interests of Convenience and Economy**

Consolidation in this case would certainly avoid duplicative discovery, a factor that favors consolidation. *Chang*, 217 F.R.D. at 266-67. Defendant likely will be asked to produce, among other things, documents and information regarding employment policies, practices, and procedures, documents and information relating to Thompson, and documents and information regarding Defendant's response to complaints of sexual harassment. Were the cases to proceed separately, these discovery requests, which are likely to overlap a great deal, would be unnecessarily duplicated.

8

Furthermore, the cases, if not consolidated, would result in dispositive motions involving common issues of law. *See id.* at 267. One such issue might include defenses by Defendant that it lacked notice of the harassment or that it adequately responded to the complaints of Plaintiffs. It would be a waste of judicial resources for more than one court to make this determination.

Also militating in favor of consolidation is the fact that a "single group of actors is present during the events at issue." *Id*. The primary alleged harasser in both cases is the same — Darnell Thompson. In addition, many of the managers who were involved in making employment decisions regarding Plaintiffs Byrd and Burns and investigating their complaints of discrimination are likely to be the same as well.

### 2. The Risk of Prejudice or Confusion Is Low Because The Plaintiffs Share Counsel, No Delay Is Anticipated, and Consolidation Will Likely Benefit Defendant

In this case, Plaintiffs share the same counsel and the interests of Plaintiffs Byrd and Burns do not conflict: The success of one will not preclude the success of the other. Should such a conflict arise, however, this Court has the power, under Rule 42(b) of the Federal Rules of Civil Procedure, to order separate trials or the separate trial of any claim or issue. FED. R. CIV. P. 42(b).

Further, no delay is anticipated by consolidation of these motions. Discovery has not yet commenced in either action. Both actions are at the same relative stage of litigation, and therefore, if the cases are consolidated, the scheduling could be synchronized without delay.

While a Court should not order consolidation if the non-moving party would be prejudiced, *see Chang*, 217 F.R.D. at 265, the D.C. Parks Department does not face prejudice here. Indeed, consolidation would likely benefit Defendant in that it would save all parties the time and expense of litigating two separate cases.

Finally, the likelihood of confusion is low because there are only three parties in the proposed consolidated action, with claims of only three types: employment discrimination, retaliation, and 42 U.S.C. § 1983 claims for deprivations of federal rights under color of state law.[2]

## IV. CONCLUSION

For the foregoing reasons, Plaintiff Garrina Byrd respectfully requests that her Motion to Consolidate Related Cases be granted.

Respectfully submitted this 16th day of October, 2006,

/s/ Eric Bachman_____
Timothy B. Fleming (DC Bar No. 351114)
Eric K. Bachman (DC Bar No. 481993)
Lori B. Kisch (DC Bar No. 491282)
**WIGGINS, CHILDS, QUINN & PANTAZIS, PLLC**
7 Dupont Circle, NW, Suite 200
Washington, DC  20036
(202) 467-4123
(202) 467-4489 (facsimile)
ebachman@wcqp.com


Gary T. Brown (D.C. Bar No. 246314)
GARY T. BROWN & ASSOCIATES, P.C.
320 Maryland Avenue, N.E.
Suite 100
Washington, D.C. 20002
 (202) 393-4900
 *Attorneys for Plaintiffs*

---

[2] Plaintiffs will file a proposed Second Amended Consolidated Complaint in which each will allege violations of 42 U.S.C. § 1983 for deprivation of federal rights under color of state law, specifically their right to due process and equal protection under the Fifth Amendment.

**CERTIFICATE OF SERVICE**

    I hereby certify that on this 16th day of October, 2006, a copy of the foregoing was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt.

By: /s/ Eric K. Bachman          .
*Attorney for Plaintiff*