UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ANNETTE BURNS, for herself and all others similarly situated <br> 1363 Barnaby Terrace, SE, <br> Washington, DC, 20032 <br><br> Plaintiffs, <br><br> v. <br><br> DISTRICT OF COLUMBIA, <br> 1350 Pennsylvania Avenue, NW, <br> Washington, DC, <br><br> Defendant. | C.A. No. |

## CLASS ACTION COMPLAINT FOR EMPLOYMENT DISCRIMINATION

### I. NATURE OF CLAIM

1.  Plaintiff Annette Burns, a former employee of the government of the District of Columbia, brings this action for declaratory relief and for damages against Defendant, to address violations of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e et. seq. and the D.C. Human Rights Act, as amended, D.C. Code §2-1401.01 et seq. for sexual harassment and other economically and psychologically harmful actions taken against Plaintiff and other members of the class that she represents and for retaliation against her and others for engaging in the protected activity of complaining of the unlawful behavior of their managers.

### II. JURISDICTION

2. This Court has jurisdiction over the claims alleged herein pursuant to 28 U.S.C. §§1331, 1343 (4), 1367 and 42 U.S.C. §2000e-5(f) and (g). The amount in controversy exceeds Fifty Thousand Dollars ($50,000).

3. Proper venue is in this Court as all relevant events alleged herein have occurred within the District of Columbia.

### III. CLASS ACTION ALLEGATIONS

4. Plaintiff brings this action pursuant to Rule 23(a) and (b)(2) of the Federal Rules of Civil Procedure on her own behalf and on behalf of all other persons similarly situated. The members of the class are all women who were or currently are employees of Defendant District of Columbia's Department of Parks & Recreation at any time on or after January 1, 2000, and who were supervised by or otherwise subject to the control of Mr. Darnell Thompson. The members of the class include all employees, including temporary and seasonal employees.

5. The members of the class, many of whom are as yet unknown and who were intimated about coming forward, are too numerous to be joined.

6. Plaintiff Burns is a female former employee of the District of Columbia Department of Parks and Recreation, employed between 2000 and December 2003, and was sexually harassed by Mr. Thompson. Plaintiff's attorneys are qualified and generally able, with extensive experience in Title VII discrimination litigation. For these reasons, the plaintiff will fairly and adequately protect the interests of the class in this action for declaratory, injunctive, legal and equitable relief. Her claims are typical of the claims of the other members of the class.

7. The question of law common to the above described class is whether or not the sexual harassment engaged in by Defendant deprived the members of the class of civil

rights secured to them by Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e et. seq. and the D.C. Human Rights Act by denying them positions, salaries, non-hostile working environment and other beneficial working conditions granted to similarly qualified males.

8. The Defendant has acted or refused to act, on grounds generally applicable to the class, thereby making appropriate injunctive, declaratory and other relief with respect to the class as a whole.

## IV. PARTIES

9. Plaintiff ANNETTE BURNS was employed by Defendant District of Columbia from 2000 to December, 2003. Ms. Burns is a resident of the District of Columbia

10. Defendant District of Columbia is a separate legal entity with responsibility for ensuring that its employees have a workplace free of unlawful discrimination.

## V. FACTUAL STATEMENT

11. Plaintiffs allege that Defendant District of Columbia maintains a pattern and practice of discrimination in employment on the basis of sex. As part of that pattern and practice, the Defendant:

(a) Through its manager, Mr. Darnell Thompson, Defendant sexually harassed female employees by making inappropriate comments and engaging in unwelcome touching.

(b) Fails to investigate claims of sexual harassment made against its managers.

(c) Fails to select women for employment on the basis of their skills instead of on the basis of sexual favors.

(d) Terminates employees for filing internal and/or external complaints of discrimination.

(e) Allows managers to exchange employment benefits for sexual favors.

(f) Transfers complainants from their work site when they complaint of unlawful discrimination.

(g) Uses term employment contracts to manipulate employees into fulfilling managers' sexual demands.

12. As evidence of the pattern and practice of sex discrimination, Plaintiffs allege the following examples:

(a) From January 2002, through May, 2002, Mr. Thompson requested a hug from Ms. Burns every time she came into contact with him. This habit became more frequent and progressively more intimate, involving closer contact and body rubbing.

(b) In January, 2002, complainant reported Mr. Thompson's unwelcome behavior to her supervisor, Mr. James Boone. Mr. Boone indicated that "I saw it coming," and confided to Ms. Burns that other females had made similar complaints to him.

(c) Mr. Boone informed Ms. Burns that he was going to talk to Mr. Thompson and ask him to apologize.

(d) On April 30, 2002, Mr. Thompson met with Ms. Burns in his office. At the conclusion of the meeting Ms. Burns asked to be excused but Mr. Thompson blocked her exit, grabbing her and forcing her to lean on the table. Mr. Thompson then attempted to place his tongue in Ms. Burns' mouth and grab her left breast. Eventually, Mr. Thompson released Ms. Burns from his office after she repeatedly told him to stop and tried to push him away. Given the significant size disparity between the two and that Ms. Burns was eight months pregnant at the time of the incident she found it extremely difficult to push him away.

(e) On May 1, 2002, Ms. Burns again reported the incident to her supervisor, Mr. Boone. Ms. Burns also spoke to her union representative and she proceeded through the

chain of command at the Department of Parks and Recreation until she reported the incident to Ms. Shawniqua Ottley, secretary to the Director, Mr. Neil Albert.

(f) Mr. Albert contacted Ms. Burns at home and with a fellow co-worker on the phone, assured her that the sexually harassing behavior of Mr. Thompson would be investigated.

(g) While an employee of Defendant, Ms. Burns had conversations with other female co-workers who shared similar stories of being touched improperly and feeling scared, violated and powerless to do anything.

(h) Following her complaint against Mr. Thompson, Ms. Burns was transferred from her position and work site and ultimately was terminated from her position in January 2003.

(i) On April 7, 2005, Union President Deborrah Jackson, reported to the District of Columbia City Council that Mr. Thompson has been allowed to sexually harass women in the workplace and that the union was aware of at least 3-6 such allegations. Ms. Jackson reported that no investigation of such charges had occurred and that all those who complained were "summarily dismissed from employment because they were temporary employees."

## VI. PROCEDURAL REQUIREMENTS

13. Plaintiff Annette Burns filed an internal EEO complaint with Defendant's Department of Parks and Recreation in May, 2002. Despite promises of an investigation, Defendant took no action and failed to issue Ms. Burns her right to proceed to Defendant's Office of Human Rights. On November 9, 2005, Plaintiff requested information as to the status of her charge and was only then informed of her ability to proceed to the filing of an external complaint. Ms. Burns filed a charge of discrimination at the Equal Employment

Opportunity Commission on February 3, 2006. Plaintiff was issued a right to sue and filed this action within ninety (90) days of receipt.

## VII. CLAIMS

COUNT I   Adverse Employment Actions Taken and Hostile Work Environment Suffered by Plaintiff and members of the class on the Basis of Sex.

Paragraphs 1 through 13 are incorporated herein by reference. The unlawful actions taken against Plaintiff and other class members whom she represents, resulting in the loss of compensation and opportunities for advancement and in the creation of a hostile work environment were committed because of her sex in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.*

COUNT II   Adverse Employment Actions Taken and Hostile Work Environment Suffered by Plaintiff and members of the class on the Basis of Sex

Paragraphs 1 through 13 are incorporated herein by reference. The unlawful actions taken against Plaintiff, resulting in the loss of compensation and opportunities for advancement and in the creation of a hostile work environment were committed because of her sex in violation of the District of Columbia Human Rights Act, as amended, D.C. Code §2-1401.01 *et seq.*

COUNT III   Adverse Employment Actions Taken and Hostile Work Environment Suffered by Plaintiff and Members of the Class on the Basis of Participation in Protected Activities.

Paragraphs 1 through 13 are incorporated herein by reference. The unlawful actions taken against Plaintiff and other class members whom she represents, resulting in the loss of compensation and opportunities for advancement and in the creation of a hostile work environment were committed because of their participation in protected

activities in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.*

COUNT IV   Adverse Employment Actions Taken and Hostile Work Environment Suffered by Plaintiff and Members of the Class on the Basis of Participation in Protected Activities.

Paragraphs 1 through 13 are incorporated herein by reference. The unlawful actions taken against Plaintiff, resulting in the loss of compensation and opportunities for advancement and in the creation of a hostile work environment were committed because of their participation in protected activities in violation of the District of Columbia Human Rights Act, as amended, D.C. Code §2-1401.01 *et seq.*

## VIII. RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court:

1. Rule that this matter is properly maintained as a class action.

2. Issue a declaratory judgment that the acts and practices of Defendant complained of herein have violated the civil rights of Plaintiff and the class she represents;

3. Enjoin Defendant and all of its employees from further unlawful behavior, including retaliation against those who complain of sexual harassment.

4. Order Defendant to award Plaintiff and the class she represents actual damages for their lost wages and lost benefits;

5. Order Defendant to reinstate Plaintiff and other class members to permanent positions comparable to those they have lost;

6. Order Defendant to award Plaintiff and class members compensatory damages in an amount of $300,000 per person for the harm each has suffered as a result of

Defendant's unlawful actions in violation of the rights secured by Title VII of the Civil Rights Act of 1964;

7. Order Defendant to award Plaintiff and the members of the class she represents compensatory damages as deemed proper and just for the harm each has suffered as a result of Defendant's unlawful actions in violation of the rights secured by the District of Columbia Human Rights Act;

8. Order Defendant to pay reasonable attorneys' fees and litigation expenses incurred in this matter; and

9. Order such additional relief as the Court deems proper and just.

IX. JURY DEMAND

Plaintiff Burns and the class members she represents demand a trial by a jury of their peers for all claims contained herein.

Respectfully Submitted,

_____
Gary T. Brown
D.C. Bar #246314
Gary T. Brown & Associates, P.C
320 Maryland Avenue, N.E
Suite 100
Washington, DC 20002
(202) 393-4900
Attorney for Plaintiffs