UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| GARRINA BYRD, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | C.A. No. 06-0522 (HHK) |
| | * | |
| DISTRICT OF COLUMBIA, | * | |
| | * | |
| Defendant. | * | |
| _____ | * | |

**DEFENDANT DISTRICT OF COLUMBIA'S OPPOSITION TO
PLAINTIFF'S MOTION TO CONSOLIDATE RELATED CASE**

The Defendant District of Columbia (hereinafter "the District"), by and through the Office of the Attorney General for the District of Columbia, hereby files this opposition to Plaintiff's motion to consolidate this case with the case of *Burns v. District of Columbia*, Case No. 06-CV-01198 (RBW).

In determining whether separately filed cases should be consolidated the Court should balance "considerations of convenience and economy against consideration of confusion and prejudice." *Robinson v. District of Columbia, et al.*, 2005 U.S. Dist. LEXIS 3557 (quoting *Chang v. United States*, 217 F.R.D. 262, 265 (D.D.C. 2003)).

In this case, consolidation will not serve the interests of convenience and economy because in the *Burns* case, the District has a pending dispositive motion, which, if granted, will terminate the *Burns* proceedings. As that dispositive motion is ripe before Judge Walton, the interest of convenience ands economy dictate that this Court should permit Judge Walton to rule on the *Burns* dispositive motion before deciding this motion to consolidate, if necessary. Additionally, the instant case and the *Burns* case are in different

stages of litigation. Lastly, the motion to consolidate should be denied should be denied because plaintiff in *Burns* is attempting to circumvent the fact that she failed to exhaust administrative remedies by piggy backing on this instant case.

## ARGUMENT

I. **Plaintiff's motion to consolidate the instant case with the *Burns* case should be denied because to consolidate these two cases would be a waste of judicial resources because there is a pending dispositive motion in the *Burns* case.**

Plaintiff's motion to consolidate should be denied because there is a pending dispositive motion in the *Burns* case and, to consolidate these cases at this time will be a waste of judicial resources.  In *Burns*, the District has filed a motion to dismiss or in the alternative for summary judgment.  Plaintiff's opposition and the District's reply have been filed as well.  In its motion and reply, the District has argued that Plaintiff has failed to exhaust her administrative remedies under Title VII and has failed to give notice of her DC Human Rights claims as required under DC Code § 12-309.  The dispositive motion is ripe for a ruling because the issues raised in the District dispositive motion have been fully briefed by both parties.  The best use of judicial resources would be to allow the court in *Burns* to rule on the pending motion.  If the motion is granted, the instant motion for consolidation will be moot.

II. **Plaintiff's motion to consolidate the *Burns* case with the instant case should be denied because the two cases are at different stages of litigation.**

Plaintiff's motion to consolidate the *Burns* case with the instant case should be denied because these cases are at different stages of litigation.   To support her consolidation argument Plaintiff relies, in part, on *Stewart, et al. v. O'Neil, et al.*, 225 F. Supp. 2d 16 (D.D.C. 2002) and *Baystate Health System, et al., v. Thompson*, 254 F. Supp. 2d 80 (D.D.C. 2003).   These cases, however, do not support plaintiff's motion for consolidation.

2

Plaintiff reliance on *Baystate Health Systems* is unhelpful. In *Baystate Health Systems*, the court consolidated 246 individual lawsuits pending against Thompson, the Secretary of the United States Department of Health and Human Services. The court recognized the "logistical burdens" placed on the court by the large number pending actions. 254 F.Supp. 2d at 80. The situation the court confronted in *Baystate Health Systems* is not present here. The instant case and the *Burns* case represent only two individual suits and will not create the type of logistical burdens found in the *Baystate Health Systems* case.

In *Stewart*, the court denied plaintiff's motion to consolidate two other cases with Stewart's case. Amongst the reasons the court gave for denying the motion was that in one case a motion to dismiss was pending and in the second case no answer had been filed. Thus, the court concluded that the three cases were in different stages of litigation. 225 F. Supp.2d at 21.

In *Burns*, the District has filed a motion to dismiss and that motion is currently pending before Judge Reggie B. Walton. In its motion, the District has argued that Burns has failed to exhaust her administrative remedies as required under Title VII. Further, the *Burns* motion includes an argument that plaintiff has failed to give notice of her Human Rights claim to the District as required under DC Code §12-309. *See Descutner v. District of Columbia*, C. A. 04ca7214 (D.C. Sup. Ct. March 2005) (Fisher, J) (granting summary judgment where plaintiff failed to give notice of his Human Rights claim in accordance with D.C. Code § 12-309) (Attachment A). There is a substantial likelihood that the District will prevail on its dispositive motion. If the District's motion in *Burns* is granted then the issue for consolidation becomes moot. For this reason, Plaintiff's motion to consolidate is premature and should be denied.

Additionally, the instant case and the *Burns* cases are at two different stages of litigation in other respects. Here, the District has answered Plaintiff's first amended complaint and, the parties have filed their meet and confer statement as well as their statement of the case. A scheduling conference was held on August 8, 2006, and the parties are now in the discovery stage.

On the other hand, in the *Burns* case, the only matter pending before the court is the District's motion to dismiss or in the alternative, motion for summary judgment in response to the complaint. The District's reply to plaintiff's opposition was just recently filed on October 31, 2006. The parties in *Burns* have not filed their meet and confer statement nor has the initial scheduling conference been set. Thus, in *Burns* the parties have not begun the discovery process. Plaintiff's motion to consolidate should be denied.

Plaintiff's motion to consolidate should be denied because the instant case and the *Burns* case are it different stages of litigation and consolidating these two cases will not "promote the just and efficient conduct of the litigation." *See, In re Tabacco/Government Health Care Costs Litigation; United States of America v. Philip Morris, Inc., et al.*, 76 F. Supp.2d 5, 8, (D.D.C. 1999)

**III.    Plaintiff's motion to consolidate should be denied because the plaintiff in *Burns* is attempting onto "piggy-back" on the instant case because she has failed to exhaust her administrative remedies under Title VII.**

Plaintiff's motion to consolidate should be denied because plaintiff in the *Burns* case is attempting to "piggy-back" on the instant case, thereby circumventing her failure to exhaust her administrative remedies under Title VII. In *Campbell, et al. v. National Railroad Passenger Corporation, et al.*, Judge Emmett Sullivan rejected attempts to piggyback class actions onto claims of a single claimant. 163 F. Supp. 2d 19, 25-26 (D.D.C

2001). In *Campbell*, the court stated "the purposes of the filing requirement would not be served by allowing plaintiffs to piggyback class claims onto [plaintiff's] individual claim." *Id*. The issue of whether the plaintiff in *Burns* will be allowed to piggy-back on the claims of another Title VII plaintiff is pending before Judge Walton. The argument regarding "piggy-backing" is fully set forth in the District's Reply in *Burns*. See attached Defendant District of Columbia's Reply Brief in Support of its Motion to Dismiss the Complaint, or in the Alternative, for Summary Judgment, at 8-16. (Attachment B).

**IV.    Plaintiff's motion to consolidate should be denied because the *Burns* case and the instant case are factually different.**

Plaintiff's motion to consolidate should be denied because the *Burns* case and the instant case are factually different and, if these cases are tried together the District will be substantially prejudiced. The Court can order consolidation of individually filed cases when the cases involve common questions of facts or law. Fed. R. Civ. P. 42 (a). In determining whether separately filed cases should be consolidated the Court should balance "considerations of convenience and economy against consideration of confusion and prejudice." *Chang v. United States*, 217 F.R.D. 262, 265 (D.D.C. 2003).

The facts on the instant case and the *Burns* case are dissimilar. Although both cases set forth claims of sexual harassment and retaliation the facts are not the same. In this case, Plaintiff alleges that she was sexually harassed and subsequently terminated in December 2005. Amended Complaint ¶ 20. In *Burns*, plaintiff alleges that she was terminated in January 2003, almost three years later. Exhibit 1, *Burns* Complaint ¶ 12(h). Thus, the time periods of the two cases are significantly different. As such, there will be different witnesses and evidence presented for the two different plaintiffs. Further, in this case, Plaintiff alleges that she reported the alleged sexual harassment to her supervisor, Ms.

Roberts. Amended Complaint ¶ 10. The plaintiff in *Burns* alleges that she reported her alleged harassment to her supervisor, Mr. Brooks. *Burns* Complaint ¶ 12(e). The instant case and the *Burns* case are also different because in this instant case Plaintiff alleges that she had an intimate relationship with her alleged harasser. Amended Complaint ¶ 14. In *Burns*, the plaintiff does not allege that she has an intimate relationship with her alleged harasser. *Burns* Complaint, generally.

Consolidating the two cases will potentially lead to confusion and prejudice, particularly on the issue of what did management know about the alleged sexual harassment and when did management know it. To avoid any prejudice to the District, in these very sensitive cases, each case should be tried on its own merit.

## CONCLUSION

Plaintiff's motion to consolidate the *Burns* case with the instant case should be denied because 1) consolidation will not serve the interest of justice and judicial economy, 2) the cases are in different stages of litigation, 3) plaintiff in *Burns* is attempting to "piggy-back" on the instant case because she failed to exhaust her administrative remedies and 4) the two cases are factually different. The District's motion to dismiss the Burns claims is pending before Judge Walton. If Judge Walton grants the motion, this motion to consolidate becomes moot. Accordingly, the court should deny this motion.

Respectfully submitted,

ROBERT J. SPAGNOLETTI
Attorney General for the
District of Columbia

GEORGE C. VALENTINE
Deputy Attorney General
Civil Litigation Division

/s/Nicole L. Lynch/s/
Nicole L. Lynch [471953]
Section Chief
General Litigation, Section II
Civil Litigation Division


/s/David A. Jackson/s/
David A. Jackson [471535]
Assistant Attorney General
Civil Litigation Division
441 4th Street, N.W., Sixth Floor South
Washington, D.C. 20001
Direct line: (202) 724-6618
Facsimile:   (202) 727-3625
E-Mail: davida.jackson@dc.gov