UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| GARRINA BYRD, | * |
| Plaintiff, | * |
| v. | * C.A. No. 06-0522 (HHK) |
| DISTRICT OF COLUMBIA, | * |
| Defendant. | * |

**DEFENDANT DISTRICT OF COLUMBIA'S OPPOSITION
TO PLAINTIFF'S MOTION FOR LEAVE TO FILE
SECOND AMENDED CLASS COMPLAINT**

The Defendant District of Columbia (hereinafter "the District"), by and through the Office of the Attorney General for the District of Columbia, hereby files this opposition to Plaintiff's motion to file second amended class complaint.[1] In her motion, Plaintiff seeks to file a second amended complaint to change her individual action to a class action, in which Plaintiff Garrina Byrd and Annette Burns ("Burns") are the named class "Representative Plaintiffs." Second Amended Class Action Complaint ¶1, Document 24-5. Further, Plaintiff and Burns seek to add new individual claims on their own behalf. Plaintiff's motion to file a second amended class complaint should be denied because the second amended class complaint that Plaintiffs seeks to file would not withstand a motion to dismiss and therefore, it would be futile to allow grant Plaintiff's motion.

**STANDARD OF REVIEW**

A motion to amend a complaint should be denied as futile if the complaint as amended could not withstand a motion to dismiss." *Graves v. United States of America, et*

---
[1] Although plaintiff refers to her second amended complaint as a "Second Amended Class Complaint", the original complaint and the first amended complaint are not "class complaints."

*al.*, 961 F.Supp. 314, 317, (D.D.C. 1997); *Glick v. Koenig*, 766 F.2d 265, 268-69 (8th Cir. 1985) (holding that the district court is justified in denying amendments of pleading if proposed amendment would not withstand motion to dismiss); *Jones v. Community Redevelopment Agency of Los Angeles*, 733 F.2d 646, 650-651 (9th Cir. 1984) (district court properly denied leave to amend complaint where second amended failed to state a Section 1983); *Foman v. Davis*, 371 U.S. 172, 182 (1982) (enunciating general standard that motion for leave shall be freely given unless, reason, such as futility is clear).

In this case, Plaintiff's motion to file second amended class complaint should be denied because it will not withstand a motion to dismiss and the proposed second amended class-complaint does not meet the prerequisites to a class action under Fed. R. Civ. Pro. 23.

**ARGUMENT**

I. **Plaintiff's motion to file a second amended class complaint should be denied because Plaintiff's charges of discrimination did not put the District on notice of Burns' claims or the claims of the class Plaintiff and Burns seek to represents.**

Plaintiff's motion to file a second amended complaint should be denied as to Counts One, Two and Three because these counts would not withstand a motion to dismiss and, therefore, it would be futile to grant Plaintiff's motion. Plaintiff seeks to filed an amended class complaint to include allegations of class-wide discrimination under Title VII, 42 U.S.C. §2000e *et seq*. In order to withstand a motion to dismiss, Plaintiff will have to show that her charges of discrimination, filed with the EEOC and the DC Office of Human Rights, put the District on notice of the possibility that it may face a class complaint. However, Plaintiff's charge of discrimination did not put the District on the requisite notice and, therefore, Plaintiff cannot fairly and adequately protect the interest of the proposed class. Fed. R. Civ. Pro. 23 (4)

In her charge of discrimination filed with the EEOC on May 11, 2006, Plaintiff alleged sexual harassment and retaliation for harm Ms. Byrd, *personally*, allegedly sustained. (Exhibit 1)  For example, Plaintiff alleged in her EEOC charge:  ". . . I was hired . . .;" ". . . my position was threatened . . .;" ". . . I filed a charge. . .;" "I have been subjected to retaliation . . .;" ". . . I was moved . . .;" ". . . I was notified of my termination . . . ." *See generally* Plaintiff Byrd's EEOC Charge of Discrimination (June 19, 2006) (Exhibit 1). Nowhere in her EEOC charge, or in her charge filed with the D.C. Office of Human Rights, did Plaintiff allege that *others* suffered similar harassment and retaliation.  *See generally* Plaintiff Byrd's EEOC Charge of Discrimination (June 19, 2006) and D.C. Office of Human Rights Charge of Discrimination (Apr. 6, 2005) (attached hereto as Exhibit 1 and Exhibit 2, respectively).  As further evidence of the personal nature of Plaintiff's claims, Plaintiff alleged *quid pro quo* harassment.  *See* D.C. Office of Human Rights Charge of Discrimination (Apr. 6, 2005) ("The touching progressed to the point where the Chief began asking for sex and when I refused, he threatened me by saying that he would not extend my 13-month employment for another term.").

Not only is Plaintiff's discrimination charges personal in nature but neither Burns nor the class members have filed timely discrimination charges with the EEOC or the OHR. Burns' last day of employment with the District was in December 2003 and she filed her charge of discrimination with the EEOC on February 3, 2006.  Burns filed her EEOC charge, at best, 762 days after the last possible day for the District's alleged violation under Title VII.  There is no dispute that under Title VII, a claimant must file a charge alleging violations of the Act within 180 days or 300 days after the alleged unlawful employment practice, depending on whether the claimant also filed a complaint with a state or local

agency. 42 U.S.C. § 2000e-5(e)(1). It is undisputed that 762 days is well outside either of the filing deadlines. As to the proposed class members, Plaintiff has not alleged that any of these proposed class members have filed EEOC charges.

While the District does not dispute that filing of a timely charge of discrimination is, under certain circumstances, subject to waiver, estoppel, and equitable tolling, *See Zipes v. Trans World Airlines, Inc.*, 455 U.S. 385, 393 (1982), the District denies that those equitable principles apply to Burns' untimely filed EEOC charge and the failure of the proposed class members to file EEOC charges at all.

The Supreme Court has explained that equitable tolling or estoppel is available:

> in situations where the claimant has actively pursued his judicial remedies by filing a defective pleading during the statutory period, or where the complainant has been induced or tricked by his adversary's misconduct into allowing the filing deadline to pass. We have generally been much less forgiving in receiving late filings where the claimant failed to exercise due diligence in preserving his legal rights.

*Irwin v. Department of Veterans Affairs*, 498 U.S. 89, 96 (1990). It is well-settled that courts will exercise their equitable powers to toll the statute of limitations "only in extraordinary and carefully circumscribed instances." *Cristwell v. Veneman*, 224 F. Supp. 2d 54, 59 (D.D.C. 2002) (Walton, J.) (quoting *Monday v. Sec'y of the Army*, 845 F.2d 1051, 1057 (D.C. Cir. 1988). This instance is not extraordinary.

Equitable tolling and equitable estoppel are separate and distinct principles. For equitable tolling to apply, the plaintiff must show that she should "avoid the bar of the limitations period [because] despite due diligence, [s]he is unable to obtain vital information bearing on the existence of [her] claim." *Currier v. Radio Free Europe/Radio Liberty, Inc.*, 159 F. 3d 1363, 1367 (D.C. Cir. 1998). By contrast, equitable estoppel "prevents a defendant from asserting untimeliness where the *defendant* has taken active steps to prevent

the plaintiff from litigating in time." *Id.* (emphasis in original).  Neither principle applies to Burns' untimely EEOC charge or the failure of the proposed class to file EEOC charges.

In order to survive a motion to dismiss Plaintiff would have to allege specific facts to show the Burns' or the class members' EEOC charge was subject to either equitable tolling or equitable estoppel.  There are no such allegations in the proposed second amended class complaint.   Plaintiff has not presented any facts to show that, despite diligent efforts, class members were unable to obtain the information they needed to file EEOC charges.  Nor has Plaintiff presented any facts to show "affirmative misconduct" on the part of the District or that the District otherwise "misled [the class members] about the running of the limitations period."  *Washington v. Washington Metro. Area Transit Auth.*, 160 F.3d 750, 752-53 (D.C. Cir. 1998) (internal citations omitted); *Cristwell*, 224 F. Supp. 2d at 60.  Therefore, her claim of equitable estoppel also fails.

Neither Burns nor the proposed class members may rely on Plaintiff's timely-filed charge under the single-filing rule.  Burns and the proposed class members are not entitled to "piggyback" their claims onto Plaintiff Title VII claims.  "The critical factor in determining whether an individual Title VII plaintiff must file an EEOC charge, or whether they may escape this requirement by joining with another plaintiff who has filed such a charge, is the similarity of the complaints."  *Foster v. Gueory*, 655 F.2d 1319, 1322 (D.C. Cir. 1981).  The principal purpose of the EEOC filing requirement is to "enable[] the EEOC to provide the alleged wrongdoer with notice and to permit possible conciliation."  *Id.* at 1323.  Plaintiff's EEOC charge did not put the District on notice of the claims by a class because Plaintiff's discrimination charges were personal in nature.

Accordingly, Plaintiff's charge could not have put the District on notice of Burns' claims; nor could it have put the District on notice of the claims of a yet-to-be-identified class of claimants. Burns' and the proposed class members' piggybacking of their untimely-filed individual and class claims on the timely-filed claims of Plaintiff would frustrate the purpose and spirit of the single-filing rule. This Court has rejected prior attempts to piggyback class claims onto claims of a single claimant. *See Campbell v. Nat'l R.R. Passenger Corp.*, 163 F. Supp. 2d 19, 27 (D.D.C. 2001) ("the purposes of the filing requirement would not be served by allowing plaintiffs to piggyback class claims onto [plaintiff's] individual claim"). Had Plaintiff alleged class-wide discrimination or similarly put the District on notice, during the conciliation process, of the possibility of subsequent lawsuits, perhaps Plaintiff could survive a motion to dismiss. *See Anderson v. Montgomery Ward & Co.*, 852 F.2d 1008, 1016-17 (7th Cir. 1988) (adopting the position taken by the Eighth, Ninth, and Tenth Circuits that piggybacking of class actions onto individual claims is only appropriate where the charge puts the defendant on notice "during the conciliation process of the possibility of a subsequent lawsuit with many plaintiffs").

The Court should reject any attempts by Burns' and the proposed class members to argue that their claims against the District, based on Plaintiff's timely-filed EEOC claim, should survive the District's Motion to Dismiss. To hold otherwise would require entities as vast as the District of Columbia government to treat all claims of sexual harassment, and presumably all claims under Title VII, as class actions, even when an EEOC charge only puts the District on notice of individual claims. Such a result is untenable, contrary to the purpose of the EEOC filing requirement, and unsupported by the policy behind the single-filing rule. *See, e.g.*, *Campbell*, 163 F. Supp. 2d at 27; *Anderson*, 852 F.2d at 1016

("notification [of class-wide discrimination] is necessary in order to satisfy Congress' express desire that the defendant understand, during the conciliation stage, the magnitude of his potential liability").

Thus, as to Counts One, Two and Three Plaintiff's motion to file a second class complaint should be denied.

**II.    In would be futile to allow Plaintiff to file a second amended class complaint to include a claims under the DC Human Rights Act because neither Plaintiff nor Burns have given notice of these claims to the District as required by DC Code § 12-309.**

Counts Five and Nine could not withstand a motion to dismiss because neither Plaintiff or Burns have given the mandatory notice to the District as required under DC Code §12-309 and, therefore it would be futile to allow Plaintiff to file a second amended class complaint to include these claims. At least two Superior Court Judges, interpreting D.C. law, have held that Section 12-309 does in fact apply to claims brought under the DCHRA. *See McFarlane v. New Leaders For New Sch.*, No. 04-CA-8506, at 14 (D.C. Super. Ct. Nov. 10, 2005); *Descutner v. District of Columbia*, No. 04-CA-7214, at 5 (D.C. Super. Ct. Mar. 1, 2005) (attached hereto as Exhibits 3 and 4, respectively). Because this Court is exercising supplemental jurisdiction over Plaintiff's claims under the DCHRA, the Court is bound by the state court's interpretation of District law in determining whether the notice requirement of D.C. Code § 12-309 is applicable to claims brought pursuant to the DCHRA. *See Diamond Triumph Auto Glass, Inc. v. Safelite Glass Corp.*, 441 F. Supp. 2d 695, 704 (D. Pa. 2006) (noting that state law applies to claims considered pursuant to supplemental jurisdiction). While the D.C. Court of Appeals has not ruled on this specific question, it is logical to conclude from the court's analysis of D.C. Code § 12-309, and its

applicability to other similar provisions, that the notice requirement of Section 12-309 applies to claims brought under the DCHRA.

After reviewing the legislative history of D.C. Code § 12-309, the D.C. Court of Appeals has confirmed the broad purpose of the statute—to provide prompt notice to the District of possible claims against it for unliquidated damages. *Breen v. District of Columbia*, 400 A.2d 1058, 1060 (D.C. 1979). While Section 12-309 was originally enacted to protect the District from actions based on "'accidents' causing personal injury," the D.C. Court of Appeals has recognized that "[t]he statute was directed . . . at the broader problems of notice, prompt investigation, and proof, not to the nature of the claims." *Breen*, 400 A.2d at 1060. Accordingly, the D.C. Court of Appeals has relied on the broad language of the statute and its underlying purpose to expand its application to intentional torts and statutory causes of action. *See, e.g., Breen*, 400 A.2d at 1061; *accord District of Columbia v. Dunmore*, 662 A.2d 1356, 1358 (D.C. 1995); *see also Doe v. District of Columbia*, 697 A.2d 23, 25 (D.C. 1997) (applying the notice requirement to claims under the District of Columbia Prevention of Child Abuse Act of 1977).

Unsupported by any controlling authority, Plaintiff mistakenly claims that Section 12-309 is inapplicable to claims under the DCHRA. Section 12-309 "imposes a notice requirement on *everyone* with a tort claim against the District of Columbia." *Dunmore*, 662 A.2d at 1358 (emphasis added). An action under the DCHRA is an action in tort, even though it is brought under a statutory provision rather than the common law. *See Descutner*, No. 04-CA-7214, at 5 ("Plaintiff's argument fails because a claim under the Human Rights Act, like any other tort claim against the District of Columbia, must comply with the requirements of § 12-309.").

Moreover, the plain language of the DCHRA supports a finding that it is subject to the notice requirement of Section 12-309. Section 12-309 requires timely notice to the District before a claimant can file suit for "unliquidated *damages* to person or property." D.C. CODE § 12-309 (2001) (emphasis added). The DCHRA provides in pertinent part: "Any person claiming to be aggrieved by an unlawful discriminatory practice shall have a cause of action in any court of competent jurisdiction for *damages* and such other remedies as may be appropriate . . . ." D.C. CODE § 2-1403.16 (2001) (emphasis added). A person aggrieved by unlawful discrimination suffers damages to her person caused by another person. Such damages are analogous to damages from intentional torts, such as libel, where a claimant is harmed by the words of another. The D.C. Court of Appeals has unequivocally held that claims of intentional torts brought against the District are subject to the notice requirement of Section 12-309. *See, e.g.*, *Breen*, 400 A.2d at 1061. Based on the same logic, Section 12-309 must extend to claims under the DCHRA.

Since neither Plaintiff and nor Burns have given notice of their HRA claims if would be futile to allow Plaintiff to file a second amended class complaint because those claims would not withstand a motion to dismiss.

**III.     In would be futile to allow Plaintiff to file a second amended complaint to include a claim under the DC Whistleblower Protection Act because Plaintiff has not given notice of this claim to the District as required by DC Code § 1-615.53 and § 12-309.**

If Plaintiff was allowed to file a second amended complaint to include a claim under the Whistleblower Protection Act (WPA), D.C. Official Code § 1-615.53, *et seq.* (2001 edition), that claim would not withstand a motion to dismiss because plaintiff has failed to give notice of her alleged WPA claims as required by D.C. Code §12-309, which provides that:

> An action may not be maintained against the District of Columbia for unliquidated damages to person or property unless, within six months after the injury or damage was sustained, the claimant, his agent, or attorney has given notice in writing to the Mayor of the District of Columbia of the approximate time, place, cause, and circumstances of the injury or damage.

The WPA explicitly incorporates these mandatory notice provisions as a prerequisite to any civil action brought under the WPA, stating that, "A civil action brought pursuant to this section shall comply with the notice requirements of § 12-309." D.C. Code § 1-615.54(a).

The requirement of compliance with the time limit specified in § 12-309 is strict, absolute, and unqualified. In *District of Columbia v. Dunmore*, the D.C. Court of Appeals held that § 12-309 must be construed narrowly against claimants, writing:

> Section 12-309 is not, and does not function as, a statute of limitations. Rather, it imposes a notice requirement on everyone with a tort claim against the District of Columbia, and compliance with its terms is "mandatory as a prerequisite to filing suit against the District."

662 A.2d 1356, 1359 (D.C. App. 1995) (internal citations omitted).

The primary purpose of the §12-309 notice requirement is to protect the District of Columbia against unreasonable claims and to assist it in the defense of the public interest where claims are made within the applicable statute of limitations but so long after the event that it is difficult for the District to obtain evidence for use in the litigation that may result. *Shehyn v. District of Columbia*, 392 A.2d 1008, 1013 (D.C. 1978); *see also Pitts v. District of Columbia,* 391 A.2d 803, 807 (D.C. 1978) (general purposes of D.C. Code §12-309 are "(1) to allow the District to investigate potential claims so that evidence may be gathered while still available, for example before the relevant sidewalk is paved over or the meter cover fixed, (2) to enable the District to correct defective conditions, thus increasing public

safety, and (3) to facilitate settlement of meritorious claims and resistance of frivolous ones . . .").

The requirements of the provision are not mere technicalities. Rather, because §12-309 departs from the common law norm of sovereign immunity by allowing suits against the District, the provision's notice requirements are a mandatory prerequisite to filing a lawsuit against the District. *Dunmore*, 662 A.2d at 1359; *Gwinn v. District of Columbia*, 434 A.2d 1376, 1378 (D.C. 1981); *Pitts*, 391 A.2d at 807. Moreover, the notice requirements must be "construed narrowly against claimants," *Dunmore*, supra, even where a "harsh result" may occur, *Hill*, 345 A.2d at 869.

In this case, Plaintiff has not given written notice to the District of their alleged WPA claims as required and, therefore, Count Six will not withstand a motion to dismiss.

## CONCLUSION

For the foregoing reasons, Plaintiff's motion to file second amended class complaint should be denied because those claims would not withstand a motion to dismiss and, therefore, it would be futile to grant Plaintiff's motion. In addition, Plaintiff has not met the prerequisite to a class action, because as set forth above, Plaintiff cannot represent the interest of the proposed class members. Fed. R. Civ. P 23 (a).

        Respectfully submitted,

        ROBERT J. SPAGNOLETTI
        Attorney General for the
        District of Columbia

        GEORGE C. VALENTINE
        Deputy Attorney General
        Civil Litigation Division

/s/Nicole L. Lynch/s/
Nicole L. Lynch [471953]
Section Chief
General Litigation, Section II
Civil Litigation Division

/s/David A. Jackson/s/
David A. Jackson [471535]
Assistant Attorney General
General Litigation, Section II
Civil Litigation Division
441 4th Street, N.W., Sixth Floor South
Washington, D.C. 20001
Direct line: (202) 724-6618
Facsimile:  (202) 727-3625
E-Mail: davida.jackson@dc.gov