UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| GARRINA BYRD, )<br>  )<br>  Plaintiff, )<br>  )<br>  v. )<br>  )<br>DISTRICT OF COLUMBIA, )<br>  )<br>  Defendant. )<br>_____) | Civil Action No.  06-0522 (HHK) |

**PLAINTIFF'S REPLY IN SUPPORT
OF HER MOTION TO CONSOLIDATE RELATED CASES**

Plaintiff, through her undersigned counsel, hereby files her Reply in Support of Her Motion to Consolidate Related Cases.

**I.   BACKGROUND**

A detailed factual background, detailing the procedural history of this case, as well as the factual similarities of Plaintiff Byrd's claims to those of Annette Burns, can be found in Plaintiff Byrd's Memorandum in Support of Her Motion to Consolidate [Dkt. No. 24], and her Memorandum in Support of Her Motion for Leave to File a Second Amended Class Complaint [Dkt. No. 24].  The most salient details are reproduced here for convenience.

Plaintiff Byrd filed the instant case, *Byrd v. District of Columbia*, Case No. 1:06-0522 (HHK), on March 21, 2006.  Her Amended Complaint was filed on June 20, 2006.  In it, Byrd alleges that discriminated against her by subjecting her to a hostile work environment based on sex, as well as *quid pro quo* discrimination.

On June 29, 2006, Plaintiff Annette Burns filed a class action Complaint.  The case was assigned case number 1:06-cv-1198 (RBW).

On October 16, 2006, Plaintiff Byrd filed a Motion to Consolidate *Burns v. District of Columbia*, Case No. 1:06-CV-01198 (RBW), with this case, contemporaneously with a Motion for Leave to File a Second Amended Class Complaint.

The degree of similarity of Byrd's and Burns' claims cannot be overstated. In summary, both Byrd and Burns are former employees of the D.C. Parks Department; they were both sexually harassed by the same person, Mr. Darnell Thompson, Director of Facilities Management; Thompson's harassment was ongoing during approximately the same time period for both Plaintiffs; they both reported Thompson's harassment to management but the harassment continued and no adequate response was undertaken by the District; both Byrd and Burns were terminated despite no prior complaints regarding their performance; and Defendant's conduct combined to create a hostile work environment to which they were subjected. Based on these allegations, Plaintiffs make claims of discrimination on the basis of sex and retaliation for engaging in protected activity under Title VII and the DCHRA. *See* Proposed Second Amended Complaint [Dkt. No. 24]. In addition, both seek to represent a class of women who have been subjected to a hostile work environment in circumstances similar to theirs. *Id.*

Much of the information that Plaintiffs will seek through discovery is also common to both Plaintiffs, including (1) Defendant's policies, practices, and procedures regarding employment discrimination and complaints of employment discrimination, including the role and responsibility of Neil Albert, Director of the Department of Parks and Recreation, in implementing these procedures; (2) the policies, practices, and procedures, if any, governing the administrative process, such as the investigation that is supposed to occur after a complaint is received, including, but not limited to the policies outlined in D.C. MUN. REGS. tit. 4 §§ 104.1(a)-(b), (f), 106–117, 120; (3) the numerous complaints of sexual harassment related to Thompson

which were made by many other female employees; (4) what investigation, if any, occurred in response to Plaintiffs' and other female employees' complaints, and (5) whether Defendant informed employees about or otherwise posted information regarding sexual harassment and an employee's right to complain and/or file a charge of discrimination.

II.     ARGUMENT

The District argues in its opposition that Plaintiff's Motion to Consolidate Related Cases should be denied because (a) there is a pending dispositive motion in the *Burns* case; (b) the two cases are at different stages of litigation; (c) Burns is attempting to piggy-back on the instant case; (d) the two cases are factually different; and (e) consolidation will result in confusion and will prejudice the District. These arguments fail, as set forth below, and the Plaintiff respectfully requests that the Court grant her Motion to Consolidate.

   A.     **Plaintiff's Motion to Consolidate Should Be Granted Because Consolidation Will Improve Judicial Economy**

Defendant is incorrect when it asserts that it would be a "waste of judicial resources" to permit this court to rule on the instant Motion to Consolidate. Rather, substantial judicial resources will be conserved in the future if the cases are consolidated and permitted to proceed as related cases.

As noted in Plaintiff's Memorandum in Support of Her Motion to Consolidate, the factors of convenience and economy weigh in favor of consolidating cases when consolidation would reduce the possibility of duplicative discovery, as is the case here. *Chang v. United States*, 217 F.R.D. 262, 266-67 (D.D.C. 2003). Furthermore, judicial economy is furthered, and consolidation favored, when one court would "adjudicate[e] [] potentially dispositive motions involving similar material facts, [when] a single group of actors [is] present during the events at issue, and [when] common questions of law" exist. *Id.* at 267. A single group of actors

(specifically, the primary alleged harasser, Mr. Darnell Thompson, and in all probability many of the managers involved in investigating Burns' and Byrd's complaints of discrimination) exist regarding the events at issue for both Plaintiffs. In addition, common questions of fact and law exist, including, for example, whether Defendant received notice of the harassment or that it adequately responded to the complaints of Plaintiffs.

As for Defendant's contention that judicial resources will be wasted if this Court rules on this Motion, this contention ignores the myriad reasons why consolidation is advisable in this case. *See supra* at 3-4. While Judge Walton in the *Burns* case does have before him a pending Motion to Dismiss, Plaintiff Burns argues that, with regard to the applicability of the doctrines of equitable estoppel, equitable tolling, and the single-filing rule, further discovery is required.

The District's unwarranted confidence in the "substantial likelihood that [it] will prevail on its dispositive motion" notwithstanding, Plaintiff submits that the *Burns* case and the instant case should be consolidated. Plaintiff's proposed Second Amend Complaint alleges new causes of action that are not addressed in Defendant's Motion to Dismiss. Thus, even if Judge Walton grants Defendant's motion, several claims will survive — namely, her § 1983 Fifth Amendment class claims; and her § 1983 First Amendment retaliation claims. Because of Plaintiff's pending Motion for Leave to File a Second Amended Complaint, Plaintiff's Motion to Consolidate Related Cases would not be moot even if Judge Walton grants Defendant's Motion to Dismiss in the *Burns* case, and therefore, this Court should not deny the Plaintiff's Motion to Consolidate on this basis.

**B.    Discovery Has Not Yet Begun in Either Case and Therefore, Defendant's Argument That the Cases Are at "Different Stages of Litigation" Is Meritless**

Defendant cites two cases in support of the proposition that Plaintiff's Motion to Consolidate should be denied because the cases Plaintiff seeks to consolidate are at different

4

stages of litigation — *Stewart v. O'Neill*, 225 F. Supp. 2d 16 (D.D.C. 2002), and *In re Tobacco/Government Health Care Costs Litigation; United States of America v. Philip Morris, Inc. et al.*, 76 F. Supp. 2d 5 (D.D.C. 1999).

*Stewart* is distinguishable from the instant case because there, the cases plaintiffs sought to consolidate were "in vastly different procedural postures": one case was in the class settlement enforcement stage; in the second, discovery had taken place and there were pending motions to dismiss and for class certification; in the third, an answer had not yet been filed and no discovery had taken place. *Stewart*, 225 F. Supp. at 21. The court reasoned that the differing postures were important not as an independent basis for denying a motion to consolidate, but because "judicial efficiency would not be served by their consolidation." *Id.*

By contrast, *Burns* and *Byrd* are in very similar postures. In neither case has discovery commenced, and, indeed, no discovery schedule has even been entered in either case. While the District is correct that the *Burns* litigation is slightly further along than in *Byrd*, that fact alone does not determine that judicial efficiency would be hindered by consolidation. On the contrary, because discovery has not commenced in either action, and because so much of the discovery Plaintiffs plan to seek will overlap, *see supra* at 2-3, judicial efficiency would be furthered by permitting consolidation to avoid duplicative discovery. *See Chang*, 217 F.R.D. at 266-67. Furthermore, judicial economy is furthered, and consolidation favored, when one court would "adjudicate[e] [] potentially dispositive motions involving similar material facts, [when] a single group of actors [is] present during the events at issue, and [when] common questions of law" exist. *Id.* at 267. All of these elements favor consolidation in the instant case. *See supra* at 4.

The other precedent cited by Defendant does not address the issue for which the District cites it — that cases at different stages of litigation should not be consolidated. *See In re*

*Tobacco Litigation*, 76 F. Supp. 2d 5, 8 (D.D.C. 1999). Rather, the court held that judicial efficiency would not be furthered in the idiosyncratic area of multi-district litigation because two separate lawsuits would be maintained irrespective of the outcome of the consolidation motion. *Id.* Thus, this case is inapposite and the *Byrd* and *Burns* cases should be consolidated.

      C.    **The District's Argument that Plaintiff's Motion Should Be Denied Because Burns May Attempt to Avail Herself of the Single-Filing Rule Is Not a Legitimate Basis for Denying the Motion**

Another of the District's reasons why Plaintiff's Motion to Consolidate should be denied is that "the plaintiff in Burns is attempting onto [sic] 'piggy-back' on the instant case because she has failed to exhaust her administrative remedies under Title VII." Def.'s Opp. Mot. Consol. at 4 [Dkt. No. 28]. Burns is entitled to avail herself of the single-filing rule. The D.C. Circuit has made it clear that a plaintiff may rely on a charge filed by another plaintiff to satisfy Title VII's administrative exhaustion requirements. *See De Medina v. Reinhardt*, 686 F.2d 997, 1013 (D.C. Cir. 1982). That Burns seeks application of the single-filing rule is not a legitimate basis on which to deny Plaintiff's Motion for Consolidation because it does not affect the factors courts must weigh in deciding whether to consolidate cases, *i.e.* convenience, economy, confusion, prejudice. *Chang*, 217 F.R.D. at 265. Indeed, given the factual similarities between Burns' and Byrd's cases and Burns' reliance on these similarities for her arguments regarding the single-filing rule, the interests of justice and judicial economy are best served by having one court compare the two cases.

The District cites *Campbell, et al. v. National Railroad Passenger Corporation*, to support its position that Plaintiff's Motion to Consolidate should be denied because Burns is attempting to "circumvent[]" the administrative exhaustion requirement, but the court in *Campbell* did not hold that one plaintiff could not piggyback on the charge of another plaintiff,

6

nor did the court deny a consolidation motion because one of the plaintiffs had failed to exhaust. 163 F. Supp. 2d 19 (D.D.C. 2001). Rather, the Court affirmatively held that plaintiffs could piggyback off other plaintiffs' charges, and to the extent that there were questions about whether the rule should apply to a particular individual, judgment would be reserved pending the development of the factual record. *Id.* at 27. That is precisely what Plaintiff seeks here, and, accordingly, the Motion to Consolidate should be granted.

> **D.     The Legal Standard for Consolidation Requires That the Cases Involve Common Questions of Law *or* Fact, Not That the Cases Have the "Same Facts," as Defendant Suggests**

The District Cites the wrong standard — "the facts are not the same" — in arguing that the *Burns* case should not be consolidated with this case. Def.'s Opp. Mot. Consol. at 5 [Dkt. No. 28]. Defendant asserts that "different witnesses and evidence presented for the two different plaintiffs," and therefore that the cases should not be consolidated. However, the operative standard for determining whether courts can consolidate cases is whether they share common questions of law *or* fact. Fed. R. Civ. P. 42(a).

These two cases will have several common questions of law. These include, but are not limited to, whether Defendant had notice of the harassment; whether its response to the harassment was adequate; whether the work environment was objectively and subjectively hostile; whether Defendant had any legitimate, non-discriminatory reason for the employment actions taken; and, if so, whether Plaintiffs can establish pretext.

In addition, Plaintiffs' claims are so factually similar that the District's argument to the contrary borders on disingenuous. As outlined previously, both Byrd and Burns are former employees of the D.C. Parks Department; they were both sexually harassed by the same manager; Thompson's harassment occurred during approximately the same time period for both;

7

they both reported Thompson's harassment to management but the harassment continued; both Byrd and Burns were terminated despite no prior complaints regarding their performance; and Defendant's conduct combined to create a hostile work environment to which they were subjected. The common core of facts is so similar that not only is this Court permitted by Rule 42(a) to order consolidation, but it also should find that judicial efficiency favors consolidation. *See supra* at 3-4 (citing *Chang*, 217 F.R.D. at 266-67, which states that consolidation is favored when it would prevent duplicative discovery).

E.  **Consolidation Will Not Result in Prejudice to the District, or, If It Does, Convenience and Economy Outweigh Any Potential Confusion or Prejudice**

The District states generally that consolidation will lead to confusion and prejudice, but makes only vague allegations that it will be confusing and prejudicial regarding "the issue of what did management know about the alleged sexual harassment and when did management know it." Def.'s Opp. Mot. Consol. at 6 [Dkt. No. 28]. Defendant has not provided any detail or made concrete allegations regarding the factors of confusion and prejudice, but rather points to only speculative and undefined harm that might result. Aside from the fact that the District fails to cite any caselaw regarding confusion or prejudice, the District's argument in this area is unconvincing. It is hard to see how consolidating cases involving a total of two named plaintiffs could cause confusion. On the subject of prejudice, the District does little more than state that these cases are "sensitive." *Id*. This is not the kind of prejudice or confusion that this Court should recognize, or that would outweigh the factors of convenience and economy that clearly favor consolidation.

Plaintiff has set forth in her initial Memorandum that there is no prejudice to any party because (1) the success of one Plaintiff will not preclude the success of the other, (2) no delay is anticipated should the cases be consolidated, (3) consolidation will save all parties the time and

8

expense of litigating two closely related cases separately, and (4) the likelihood of confusion is low because there are only three types of claims: employment discrimination, retaliation, and 42 U.S.C. § 1983 claims for deprivations of federal rights under color of state law.

In any event, the factors of convenience and economy outweigh any speculative harm the District might face if these cases are consolidated.

### III.   CONCLUSION

For the reasons stated herein and in Plaintiff's initial Memorandum in Support of Her Motion to Consolidate Related Cases, Plaintiff's Motion should be granted.

Respectfully submitted this 21st day of November, 2006.

/s/ Eric K. Bachman
Timothy B. Fleming (DC Bar No. 351114)
Lori B. Kisch (DC Bar No. 491282)
Eric K. Bachman (DC Bar No. 481993)
**Wiggins, Childs, Quinn & Pantazis, PLLC**
7 Dupont Circle, N.W., Suite 200
Washington, D.C. 20036
(202) 467-4123
(202) 467-4489 (facsimile)

Gary T. Brown, D.C. Bar # 246314
**GARY T. BROWN & ASSOCIATES, P.C**.
320 Maryland Avenue, N.E.
Suite 100
Washington, D.C. 20002
(202) 393-4900

*ATTORNEYS FOR PLAINTIFF*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 21st day of November, 2006, a copy of the foregoing was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt.

By: /s/ Eric K. Bachman            .
*Attorney for Plaintiff*