UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

GARRINA BYRD,                              )
                                          )       Civil Action No.  06-0522 (HHK)
        Plaintiff,                        )
                                          )
        v.                                )
                                          )
DISTRICT OF COLUMBIA,                     )
                                          )
        Defendant.                        )
_____)

**PLAINTIFF'S REPLY IN SUPPORT OF HER MOTION FOR LEAVE
TO FILE A SECOND AMENDED CLASS COMPLAINT**

Plaintiff, through her undersigned counsel, hereby files her Reply in Support of Her

Motion for Leave File a Second Amended Class Complaint.

## I.    INTRODUCTION

A detailed factual background, describing the procedural history of this case, as well as

the factual similarities of Plaintiff Byrd's claims to those of Annette Burns, can be found in

Plaintiff Byrd's Memorandum in Support of Her Motion for Leave to File a Second Amended

Class Complaint [Dkt. No. 24].  The most salient details are reproduced here for convenience.

Plaintiff Byrd filed the instant case, *Byrd v. District of Columbia*, Case No. 1:06-0522

(HHK), on March 21, 2006.  Her Amended Complaint was filed on June 20, 2006.  In it, Byrd

alleges that employer-Defendant the District of Columbia Department of Parks and Recreation

("Defendant" or the "District") discriminated against her by subjecting her to a hostile work

environment based on sex, as well as *quid pro quo* discrimination.

On June 29, 2006, Plaintiff Annette Burns filed a class action Complaint.  The case was

assigned case number 1:06-cv-1198 (RBW).

On October 16, 2006, Plaintiff Byrd filed a Motion to Consolidate *Burns v. District of Columbia*, Case No. 1:06-CV-01198 (RBW), with this case, contemporaneously with a Motion for Leave to File a Second Amended Class Complaint.  Defendant District of Columbia ("District") responded to these motions on November 3, 2006, and November 9, 2006, respectively.

Plaintiff requests leave to file a Second Amended Complaint to (1) add class allegations of hostile work environment/*quid pro quo* discrimination with Plaintiffs Garrina Byrd and Annette Burns as putative class representatives, (2) add class allegations of gender discrimination under 42 U.S.C. § 1983 through the Fifth Amendment to the United States Constitution, and (3) add individual retaliation/whistleblower claims for Plaintiff Garrina Byrd and individual retaliation claims on behalf of Burns.

## II.    ARGUMENT

As a preliminary matter, the District has made no argument against allowing Plaintiff to amend the Complaint to add individual § 1983 First Amendment Retaliation claims for both Byrd and Burns (Counts Seven and Ten respectively).  Likewise, the District has failed to put forth any argument regarding whether this Court should permit Byrd and Burns to add class allegations of § 1983 Fifth Amendment violations to the Complaint.  *See Patsy v. Fla. Bd. of Regents*, 457 U.S. 496, 516 (1982) (Section 1983 claims do not require exhaustion of administrative remedies).  Therefore, the District effectively has conceded that Plaintiff should be permitted to add these claims.

Defendant opposes only Plaintiffs' proposed additions of Annette Burns' individual Title VII claims, and Burns' individual D.C. Human Rights Act ("DCHRA") claims, as well as class action Title VII and DCHRA claims (Byrd had previously alleged individual DCHRA claims in

her Amended Complaint [Dkt. No. 13]), and Plaintiff Byrd's individual D.C. Whistleblower Act claims.  With regard to these claims, the District has alleged only one ground on which this Court could deny leave to amend:  futility.  *See Firestone v. Firestone*, 76 F.3d 1205, 1208 (D.C. Cir. 1996) ("It would be an abuse of discretion to deny leave to amend without sufficient reason, such as: (1) undue delay, bad faith, or dilatory motive on the part of the movant; (2) repeated failure to cure deficiencies by amendments previously allowed; (3) undue prejudice to the opposing party; and (4) futility of the amendment.") (citing *Foman*, 371 U.S. at 182); *see also Atchinson v. Dist. of Columbia*, 73 F.3d 418, 425-26 (D.C. Cir. 1996).  Thus, the District has conceded that Plaintiff has not unduly delayed in seeking this amendment, that she is not seeking the amendment in bad faith or for a dilatory motive, that Plaintiff has not failed to cure deficiencies by amendments previously allowed, and that the amendment will not cause undue prejudice to the District.

With regard to futility, Defendant claims that (1) Byrd's charge does not provide sufficient notice of class claims — *i.e.* that the scope of the EEOC Charge is not broad enough that those claims can be included in a lawsuit premised upon the Charge; (2) Burns' charge is not timely, and therefore it is not sufficient notice to the District regarding class claims, and that tolling and piggybacking do not apply to cure the untimely nature of Burns' charge; (3) neither Byrd nor Burns has provided notice as required by § 12-309 of the D.C. Code, and, as such, Plaintiff's proposed amendments adding DCHRA claims are futile because those claims would not survive a motion to dismiss; and (4) Byrd did not file § 12-309 notice regarding D.C. Whistleblower Act claims, and, therefore, adding Byrd's whistleblower claim would be futile because the claims would not survive a motion to dismiss.

Plaintiffs address in turn each of the District's arguments regarding the futility of

amending the Complaint.

### A.    Applicable Law Regarding Futility of Amendment

There is no futility in amending the Second Amended Complaint.  "An amended complaint is futile if it merely restates the same facts as the original complaint in different terms, reasserts a claim on which the court previously ruled, fails to state a legal theory, or could not withstand a motion to dismiss."  *Adair v. Johnson*, 216 F.R.D. 183, 186 (D.D.C. 2003), citing *Robinson v. Detroit News, Inc.*, 211 F. Supp. 2d 101, 114 (D.D.C. 2002); *Willoughby v. Potomac Elec. Power Co.*, 100 F.3d 999, 1003 (D.C. Cir. 1996); *James Madison Ltd. F. Ludwig*, 82 F.3d 1085, 1099 (D.C. Cir. 1996) (courts may deny a motion to amend complaint as futile if the proposed claim would not survive a motion to dismiss).

In determining whether a claim would survive a 12(b)(6) motion to dismiss, this Court has held:

> A party moving for dismissal under Federal Rule of Civil Procedure 12(b)(6) has the burden of proving that the non-movant has failed to state a claim upon which relief may be granted.  To prevail, the movant must show beyond a reasonable doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief. . . . The averments in the complaint are taken as true, and the plaintiff is given the benefit of any doubts and of all reasonable inferences that can be drawn from the facts alleged.

*M.K. v. Tenet*, 99 F. Supp. 2d 12 (D.D.C. 2000) (citations and quotation omitted); *see also Hishon v. King Spalding*, 467 U.S. 69, 73 (1984); *Croixland Properties v. Corcoran*, 164 F.3d 213, 215 (D.C. Cir. 1999).

Insofar as the District argues that Plaintiffs' proposed amendments would not survive a motion to dismiss, the District's arguments must fail because Defendant, not the Plaintiffs, bears the burden of pleading and proving the affirmative defenses at issue here.  *See Gomez v. Toledo*, 446 U.S. 635, 640 (1980) (quoting Fed. R. Civ. P. 8(c)); *see also Krombein v. Gali Service*

*Industries, Inc.*, 317 F. Supp. 2d 14 (D.D.C. 2004) (defendant bears the burden of demonstrating

that there is no genuine issue of material fact regarding an affirmative defense) (citing *Celotex*

*Corp. v. Catrett*, 477 U.S. 317, 322 (1986)).

Both defenses asserted by the District — namely, Burns' failure to administratively

exhaust under Title VII and both Plaintiffs' failure to comply with D.C. Code § 12-309 regarding

her DCHRA and D.C. Whistleblower Act claims — are affirmative defenses. *See Hammond v.*

*Chao,* 383 F. Supp. 2d 47, 55 (D.D.C. 2005) (timeliness under Title VII is an affirmative

defense); *Lerner v. District of Columbia*, 362 F. Supp. 2d 149, 166 (D.D.C. 2005) (failure to

comply with D.C. Code § 12-309 is an affirmative defense).

The Federal Rules of Civil Procedure require the *defendant* to plead any "matter

constituting an avoidance or affirmative defense." *See Gomez v. Toledo*, 446 U.S. 635, 640

(1980) (quoting Fed. R. Civ. P. 8(c)). As such, it is not the plaintiff's responsibility to plead

timeliness or compliance with a mandatory notice rule. Rather, the defendant is responsible for

pleading such affirmative defenses or risks waiving them. *See Lerner*, 362 F. Supp. 2d at 166.

With regard to Plaintiff Burns' Title VII claims, because her timeliness or untimeliness

does not affect her ability to survive a 12(b)(6) motion to dismiss for failure to state a claim, the

District cannot succeed in opposing Plaintiff's Motion to Amend on the basis of futility. In fact,

Plaintiff Burns has stated a basis upon which relief can be granted for her Title VII claims. In

the proposed Second Amended Complaint, Burns alleges, *inter alia*, that "Defendant has

discriminated against the Representative Plaintiffs and all members of the proposed class by

subjecting them to a hostile work environment, harassment, and *quid pro quo* discrimination in

violation of Title VII, 42 U.S.C. §2000e *et seq*., as amended." Proposed Second Am. Compl. ¶

76 [Dkt. No. 24]; *see also id.* ¶¶ 32-56 (specific factual allegations regarding Burns' claims).

Under the Federal Rules of Civil Procedure, nothing more is required to survive a 12(b)(6)

motion to dismiss. *See generally Swierkiewicz v. Sorema, N.A.*, 534 U.S. 506 (2002). Therefore,

Plaintiff Burns has not failed to state a claim upon which relief can be based, and her proposed

amendments should be allowed.

With regard to Burns' DCHRA claims[1] and Byrd's D.C. Whistleblower Act claims,

neither Plaintiff was required to allege in their Complaint that they complied with the § 12-309

mandatory notice requirement. As stated above, the failure to comply with D.C. Code § 12-309

is an affirmative defense. *Lerner*, 362 F. Supp. 2d at 166. As such, it is not the plaintiff's

responsibility to plead compliance, but the defendant's responsibility to plead non-compliance

with the notice requirement or risk waiving it. *See Lerner*, 362 F. Supp. 2d at 166. Furthermore,

because failure to comply with § 12-309 is an affirmative defense, the District bears the burden

of *proving* it, *i.e.* demonstrating that there is no genuine issue of material fact regarding the

defense. *See Krombein*, 317 F. Supp. 2d 14.

Moreover, as with other aspects of pleading facts in an employment discrimination case,

a plaintiff need only allege facts sufficient to give the defendant notice of the basis for her

claims. *See generally Swierkiewicz*, 534 U.S. 506. Plaintiffs have alleged facts sufficient to

support the DCHRA and Whistleblower Act claims in her complaint.

Regarding Plaintiff Burns' DCHRA claims, the Proposed Second Amended Complaint

alleges, *inter alia*,

> Defendant has discriminated against the Representative Plaintiffs and all members
> of the proposed class by subjecting them to a hostile work environment,
> harassment, and *quid pro quo* discrimination in violation of the District of
> Columbia Human Rights Act, as amended, D.C. Code §2-1401.01 *et seq.*

> *See also id.* ¶¶ 32-56. Thus, Plaintiff Burns will be able to survive a 12(b)(6) motion to

---

[1] Byrd's DCHRA claims are already a part of this lawsuit, as that claim was asserted in the Amended Complaint.
[Dkt. No. 13]

dismiss, and this Court should permit her DCHRA to be added to the lawsuit.

Finally, with regard to whether Byrd's Whistleblower Act claim could survive a motion to dismiss, Plaintiff Byrd's compliance or non-compliance with § 12-309 does not affect in any way her claims' ability to survive a 12(b)(6) motion to dismiss for failure to state a claim upon which relief can be granted. Rather, because Byrd's allegations must be taken as true, and because she has alleged, *inter alia*, the following, Byrd's Whistleblower Act claim could survive a motion to dismiss:

> 105.    Byrd made protected disclosures speaking out against the sexual harassment and hostile work environment to which she was subjected by, *inter alia*, reporting the discrimination to management, filing an EEO charge, and testifying at a D.C. Council hearing.

> 106.    In retaliation for Plaintiff Burns making protected disclosures, Defendant subjected Plaintiff to prohibited personnel actions including but not limited to, termination, discipline, transfer, reassignment, disparate treatment, and harassment.

> 107.    Defendant's retaliation against Plaintiff for opposing sex discrimination and exercising her legal rights violates the D.C. Whistleblower Act, D.C. Code §§ 1-615.51 *et seq.*

*See* Proposed Second Am. Compl. ¶¶ 105-107 [Dkt. No. 24]. Plaintiff Byrd has not failed to state a basis upon which relief can be granted, and therefore, Plaintiff's Motion for Leave to File a Second Amended Complaint should not be denied on the basis that her proposed amendments would be futile.

### B.    The District Was on Notice of the Class-Wide Nature of Plaintiffs' Claims Because the EEOC's Investigation Would Have Revealed Many Complaints of Sexual Harassment by Female Employees

Defendant implies that Title VII class claims can only be pursued if an EEOC Charge states class claims on its face. Def.'s Br. at 5-6. However, the scope of claims covered in a judicial complaint is not limited to the allegations in an EEOC Charge, but rather encompasses the entire scope of the EEOC investigation which can reasonably be expected to grow out of the

charge of discrimination.  *Sanchez v. Standard Brands, Inc.*, 431 F.2d 455, 466 (5th Cir. 1970); *see also President v. Vance*, 627 F.2d 353, 362 n.65 (D.C. Cir. 1980) (citing *Sanchez*, 431 F.2d at 466, with approval).

Under *Sanchez*, the scope of claims covered in a judicial complaint may encompass the entire scope of the EEOC investigation which can reasonably expected to grow out of the charge of discrimination.  431 F.2d at 466.  The logic of this rule is inherent in the statutory scheme of Title VII.  The purpose of a charge of discrimination is not simply to satisfy a prerequisite to a lawsuit.  On the contrary, the primary purpose of a charge of discrimination is to trigger the investigatory and conciliatory procedures of the EEOC.  *Id.*  Thus, the civil action is much more intimately related to the EEOC investigation than to the words of the charge which originally triggered the investigation.  *Id.*

Although Plaintiff Byrd filed an individual charge asserting discrimination and retaliation, an investigation of her complaints reasonably would be expected to reveal the multitude of harassment complaints by other female employees in the same department and the District's failure to take action to eliminate the harassment of women and the pervasive hostile environment.  *See, e.g.*, Proposed Second Am. Compl. ¶ 51 [Dkt. No. 24] (stating that the Union President Deborah Jackson, reported to the District of Columbia City Council that Thompson had been allowed to sexually harass women in the workplace and that the union was aware of several women who had come forward to make such allegations).  Thus, Byrd's Charge could reasonably be expected to lead the EEOC to inquire into similar complaints and to uncover the District's potentially class-wide discrimination.

Therefore, the District is incorrect as a matter of law that the class claims could not survive a motion to dismiss.  On the contrary, as directed by the Courts of Appeals in *Vance* and

*Sanchez*, the Complaint in this action should be deemed to encompass Burns' individual claims[2] as well as class claims, and should permit the class members to piggyback on the charge filed by Byrd.[3]

### C.     Further Discovery Is Required Regarding the Application of Equitable Tolling and the Single-Filing Rule

The District incorrectly asserts that Plaintiff's Motion for Leave to File a Second Amended Complaint should be denied because tolling and piggybacking do not apply to cure the untimely nature of Burns' charge.  However, the defense of untimeliness is, like all affirmative defenses, for the defendant to plead and prove.  *See supra* at 5-6.  Furthermore, additional discovery is required before the Court can determine whether an equitable doctrine should apply to toll Burns' claims or whether Burns is entitled to application of the single-filing rule.

### 1.     *Discovery is necessary to demonstrate that Burns' EEOC charge should be considered timely under waiver, estoppel and/or equitable tolling theories*

With regard to the application of equitable tolling principles to Burns' EEOC Charge, the District is incorrect that Burns has failed to allege in her Complaint facts that support equitable tolling.  As with other aspects of pleading facts in an employment discrimination case, a plaintiff need only allege facts sufficient to give the defendant notice of the basis for her claims.  *See*

---

[2] Plaintiffs assume, solely for the purposes of argument here, that Plaintiff Burns' EEOC Charge will be found untimely.  If, however, Burns' charge is timely, then class members are entitled to rely upon it because it is a class-wide charge.

[3] The District goes on to argue that, because the Charge does not provide sufficient notice of class claims, Plaintiff Byrd cannot adequately represent the proposed class pursuant to Rule 24(a)(4) of the Federal Rules of Civil Procedure.  Def.'s Br. at 2.  Whether Plaintiff Byrd can serve as an adequate class representative is not a determination that can be made at this stage, nor is the charge-filing issue a consideration in determining the adequacy of representation of a class representative.  *See Latino Officers Ass'n v. City of New York*, 209 F.R.D. 79, 91 (S.D.N.Y. 2002) (finding class representatives adequate despite their failure to file their own EEOC charges); *see also De Medina v. Reinhardt*, 686 F.2d 997, 1012 (D.C. Cir. 1982) (named plaintiff had not filed her own EEOC Charge).  Plaintiffs submit that discovery should be undertaken before this Court determines the issue of Byrd's adequacy as a class representative.

*generally Swierkiewicz*, 534 U.S. 506.

Even so, Burns has alleged facts that support equitable tolling. For example, her Complaint alleges that the District fails to investigate complaints of discrimination; the District terminates employees for complaining about discrimination; the District contacted Burns and assured her that her manager's sexually harassing behavior would be investigated; no investigation was undertaken; Defendant did not inform Burns of her right to proceed to the Office of Human Rights; and Burns was told for the first time, nearly two years after she was terminated, about her right to file an external complaint. *See* Plaintiff's Mem. Supp. Mot. Amend Ex. 1, Burns Compl. ¶¶ 11(b), (d); 12(f); 13. The proposed Second Amended Complaint, submitted to this Court on October 20, 2006, provides further factual details supporting Burns' claims of waiver, estoppel, and/or equitable tolling as it relates her EEOC charge deadline. The relevant paragraphs are as follows:

> 53. During the entire time Plaintiff Burns worked at DPR, she was never trained or otherwise informed about how to file an EEO complaint. Further, Burns did not see any posters or information regarding the EEO process or sexual harassment policies, and she did not receive any training about sexual harassment or what to do if such harassment occurred.

> 54. Indeed, Ms. Burns was never informed by anyone at DPR that a separate process for filing an EEO complaint even existed for District of Columbia government employees nor was Ms. Burns ever informed about sexual harassment and what to do when it occurred.

> 55. Since Ms. Burns still had not been informed about any EEO reporting process, she assumed that she had told every one possible about the problems with Mr. Thompson's behavior.

Proposed Second Am. Compl. ¶¶ 53-55 [Dkt. No. 24]; *see also id.* ¶¶ 34-46.

Importantly, no discovery has been conducted in the case at bar. Discovery regarding the applicability of equitable tolling to EEOC charge deadlines should be permitted so that the Court may decide this issue after the development of the factual record. *See Campbell v. Nat'l R.R. Passenger Corp.,* 163 F. Supp. 2d 19, 26 (D.D.C. 2001). Burns, and the class members she

seeks to represent, argue that she complained about the extreme sexual harassment to, among

other people, the Director of the Department of Parks and Recreation.  Plaintiffs believe

discovery will show that, as Director, Neil Albert had the responsibility to promptly investigate

the complaint, impose any necessary discipline, assist Burns (a relatively inexperienced welfare-

to-work hire) with processing her complaint, and inform her of the results of any investigation.

Plaintiffs allege that Defendant failed in these responsibilities.

      Discovery which Plaintiffs assert is necessary to decide the timeliness issues related to

Burns' EEOC charge includes, but is not limited to, evidence regarding (1) Defendant's policies,

practices, and procedures regarding complaints of employment discrimination, including the role

and responsibility of Neil Albert, Director of the Department of Parks and Recreation (to whom

Burns complained), in implementing these procedures, (2) the policies, practices, and

procedures, if any, governing the investigation that is supposed to occur after a complaint is

received, including but not limited to the policies outlined in DCMA 4 Chapter 1, § 104.1(a)-(b),

(3) the numerous complaints made by Burns including, but not limited to, complaints she made

to supervisor James Boone and Albert; (4) the numerous complaints of sexual harassment related

to Thompson which were made by many other female employees; (5) what investigation, if any,

occurred in response to Burns' and the other female employees' complaints; (6) when, if ever,

Defendant notified Plaintiff of the results of its investigation; (7) whether Defendant informed

employees about or otherwise posted information regarding sexual harassment and an

employee's right to complain and/or file a charge of discrimination; (8) any representations

Defendant or its agent, employee, and/or representatives made to Plaintiff regarding the status of

her complaints; and (9) whether Plaintiff Burns and the class members, many of whom were

hired through "welfare-to-work" programs, had any knowledge regarding sexual harassment and/or the EEO process for District of Columbia employees.

The D.C. Circuit has held that evidence of the nature Plaintiffs seek through discovery here (*i.e.*, that Defendant misled Burns regarding the status of her complaint and/or was grossly negligent in processing her repeated complaints of discrimination), is sufficient to withstand a motion for summary judgment under the equitable estoppel theory. *See Currier v. Radio Free Europe*, 159 F. 3d 1363, 1367-68 (D.C. Cir. 1999) (holding that an employer's alleged statement to an employee, "Mr. Gillette said that Mr. Morgan was my boss and would always be my boss," was sufficient to survive summary judgment under equitable estoppel because the statement may constitute a misleading statement that a complaint would be resolved in the employee's favor).

Consistent with *Campbell* and *Currier,* at this early stage in the litigation, before any discovery has been conducted, much less completed, it would be inappropriate to dismiss Burns' claims. The facts pled in the Proposed Second Amended Complaint [Dkt. No. 24], state a viable claim of waiver, estoppel, or equitable tolling as it relates to her EEOC charge and Defendant's motion should therefore be denied. *See Nwachukwu,* 223 F. Supp. 2d at 69 ("the court may dismiss a complaint for failure to state a claim only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations") (citation omitted).

In addition, at this early stage of the proceedings, it would be inappropriate to dismiss claims that may be subject to equitable tolling or estoppel. As the D.C. Circuit has expressed, district courts are required to undertake a "specific inquiry into and findings on the existence or non existence of such [equitable] considerations" before summarily dismissing discrimination claims. *Saltz v. Lehman*, 672 F.2d 207, 209 (D.C. Cir. 1982) (cited by *Campbell*, 222 F. Supp. 2d at 12); *see also Currier*, 159 F. 3d at 1367-68. In sum, discovery is necessary to determine

12

whether Burns' EEOC charge was untimely.

### 2. The Single-Filing Rule Allows Burns to Rely Upon Garrina Byrd's Timely Filed EEOC Charge, and Therefore an Amendment to Add Burns' Claims Would Not Be Futile

"The single file rule allows an individual plaintiff, who has not filed an EEOC charge, to satisfy the administrative exhaustion requirements under Title VII by relying on a charge filed by another plaintiff." *Campbell*, 163 F. Supp. 2d at 25 (citing *DeMedina v. Reinhardt*, 686 F.2d 997, 1013 (D.C. Cir. 1982); *Foster v. Gueory*, 655 F.2d 1319, 1321-22 (D.C. Cir. 1981); *EEOC v. Air Line Pilots Assoc.*, 885 F. Supp. 289 (D.D.C. 1995)). The single-filing rule was established because "[t]he 'principal functions of the EEOC filing requirement' are to enable 'the EEOC to provide the alleged wrongdoer with notice and to permit possible conciliation.'" *Medina*, 686 F.2d at 1013 (citation omitted); *see also Howlett v. Holiday Inns, Inc.*, 49 F.3d 189, 196 (6th Cir. 1995) ("[A] charge will be adequate to support piggybacking under the single-filing rule if it contains sufficient information to notify prospective defendants of their potential liability and permit the EEOC to attempt informal conciliation of the claims before a lawsuit is filed").

Where a "substantially related" claim "arises out of the same time frame as the timely filed claim, the complainant need not satisfy Title VII's filing requirement to recover." *E.E.O.C. v. Wilson Metal Casket Co.*, 24 F.3d 836, 839-40 (6th Cir. 1994). The claims of the filing plaintiff and non-filing plaintiffs need not be identical, but merely related:

> [T]he test for application of the single-filing rule is not whether the claims are identical but whether the EEOC complaints are similar enough such that the policies behind Title VII are not contravened by excusing the filings. . . . A Title VII complaint may include any 'discrimination like or reasonably related to the allegations of the EEOC charge and growing out of such allegations.'

*Zuckerstein v. Argonne National Laboratory*, 663 F. Supp. 569, 574-75 (N.D. Ill. 1987)

(citations omitted); *see also Howlett*, 49 F.3d at 195-96.

The single-filing rule applies to Burns' Title VII claims because her discrimination claims are very similar to the discrimination alleged in Byrd's EEOC charge. In the context of the single-filing rule, the D.C. Circuit has held that where two plaintiffs "allege that they were similarly situated and received the same discriminatory treatment, the purposes of the exhaustion requirement are adequately served if one plaintiff has filed an EEOC complaint." *Medina*, 686 F.2d at 1013. The *Medina* court found that where two plaintiffs were GS-11 Agency employees, they were "virtually identical" because each claimed intentional sex discrimination related to promotions as well as equal pay claims. *Id.* Likewise, in the case at bar, Plaintiffs Burns and Byrd are similarly situated for purposes of the single-filing rule as the allegations in their respective complaints demonstrate. Both plaintiffs worked as hourly employees for the Department of Parks and Recreation, both assert claims of intentional sex discrimination, and, more importantly, these claims are directly related to harassment by the same manager, Darnell Thompson. Both Byrd and Burns allege that the discrimination occurred regularly and that their complaints about the harassment were not adequately addressed.

Further, under the single-filing rule, the discriminatory conduct must have occurred within the same time frame. Assuming that Burns was terminated in 2004, as alleged in her proposed Second Amended Complaint, her claims accrued less than one-and-a-half years before Byrd's EEOC charge was filed in April 2005. Federal courts of appeal have held that claims accruing farther apart in time than the time period at issue here can be proceed under the single-filing rule. For example, in *Wilson Metal Casket Co.*, 24 F.3d at 840, the court rejected a narrow definition of "similar discriminatory treatment in the *same time frame*," for purposes of the single-filing rule. In *Wilson Metal Casket,* one plaintiff, Ellis, was harassed in 1982 and 1984

and was eventually terminated in 1984. *Id.* at 839. Ellis then filed an EEOC charge in 1984. *Id.* A second plaintiff, McMullan, did not begin working for the company until 1987. *Id.* She too was harassed and terminated, both of which occurred in 1987. *Id.* McMullan, however, did not file an EEOC charge. *Id.* Thus, McMullan did not even begin her employment with the company until *three years after* Ellis' EEOC charge, upon which she eventually sought to piggyback, was filed. The defendant argued that McMullan's claims must be dismissed because she did not file an EEOC charge and because her claim did not arise during the same time frame as Ellis' claim. *Id.* Nevertheless, the court rejected defendant's argument holding that McMullan could piggyback onto the EEOC charge, even though a three-year period elapsed between McMullan's claim and the filing of Ellis' EEOC charge. *See also Snell v. Suffolk Co.*, 782 F.2d 1094, 1101 (2nd Cir. 1986) (applying the single-filing rule and holding that additional EEOC charges would be "wholly fruitless" where discrimination of a similar nature occurred during a three-year period).

Here, it must be inferred that Burns' claims accrued within one-and-a-half years of the filing of Byrd's EEOC charge. Thus, like *Medina*, Plaintiff Burns and Byrd are similarly situated for purposes of the single-filing rule and Defendant's Motion to Dismiss should be denied.[4]

---

[4] Defendant argues that Burns' claims are not subject to the single-filing rule, citing *Campbell*. In *Campbell*, the court determined that the single-filing rule should not apply where a plaintiff files an EEOC charge but does not file a lawsuit within 90 days of receipt of the right to sue notice. *See Campbell*, 163 F. Supp. 2d at 22 (referencing claims of plaintiffs who previously filed a charge "but failed to sue"); *id.* at 26 (discussing the single filing rule in the context of "the statute of limitations in her right to sue letter"). Plaintiff respectfully submits that *Campbell* was decided incorrectly and that the cases cited above, particularly the Sixth Circuit decisions *Wilson Metal Casket Co.* and *Howlett*, are more applicable to the case at bar. Further, based on Plaintiff's counsel's research, it does not appear that the D.C. Circuit Court of Appeals has addressed the issue of whether a plaintiff who has filed her own EEOC charge may rely upon the single filing rule.

**D.      Plaintiffs' Request to Add DCHRA Claims Is Not Futile Because § 12-309 Notice Is Not Required for DCHRA Claims**

The District argues that neither Byrd nor Burns has provided notice as required by § 12-309 of the D.C. Code, so adding DCHRA claims would be futile because those claims would not survive a motion to dismiss.  As set forth *supra* at 5-6, failure to provide notice pursuant to § 12-309 is an affirmative defense that the District must plead and prove, and therefore it has no bearing on whether Plaintiffs' proposed amendments could survive a Rule 12(b)(6) motion to dismiss (which is based on the allegations in a plaintiff's complaint).

In addition, the mandatory notice requirement in § 12-309 does not apply to employment discrimination actions brought under the DCHRA.  Indeed, the D.C. Circuit has observed that when Congress enacted § 12-309 in 1933, "there is no evidence that Congress envisioned itself to be acting as other than a local legislature protecting a municipality from the threat of excessive common law tort liability."  *Brown v. United States*, 742 F.2d 1498, 1501-02 (D.C. Cir. 1984) (*en banc*).  Thus, the § 12-309 notice requirement applies only to "common law" type actions. *See District of Columbia v. Campbell*, 580 A.2d 1295, 1301-02 (D.C. 1990) (holding that the

---

Nonetheless, *Campbell* supports Plaintiff Burns' ability to use the single filing rule in this case for two reasons.  First, unlike the *Campbell* plaintiffs, Burns did file her lawsuit within 90 days of receipt of her right to sue notice.  Plaintiff's Mem. Supp. Mot. Amend Ex. 1, Burns Compl. ¶ 13.  Second – and more importantly – the holding in *Campbell* expressly states that the single filing rule *does* apply to plaintiff's claims which were not covered by a timely EEOC charge. *Campbell,* 163 F. Supp. 2d at 26 n.6 (the single filing rule may be applied to "conduct that has not been the subject of a *now stale* EEOC charge") (emphasis added).  The use of the term "now stale" demonstrates that the court was referring to an EEOC charge which was filed timely but became "stale" when no case was filed in court within 90 days after the receipt of the right to sue notice.  Here, if the Court determines that equitable principles should not toll Burns' EEOC deadline, then Burns never had a timely filed EEOC charge.  If so, then the discrimination claims at issue in Burns' lawsuit have not been subject to a timely filed EEOC charge.  Indeed, the EEOC dismissed Burns' charge because her "charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge." Attached hereto as Exhibit 1.  Thus, under *Campbell*, Burns' claims should be subject to the single filing rule.

mandatory notice requirement of § 12-309 applies only to actions sounding in tort). The court in *District of Columbia v. Campbell* reasoned that the notice requirement applied only in the tort context because of "the District's greater need to receive notice in order to ascertain the facts in the tort context, where the District will often be unaware of any injury caused by a breach of its duty . . . ." *Id.* at 1302.

This view is confirmed in decisions by this Court. In *Bowie v. Gonzales*, 433 F. Supp. 2d 24, 33 (D.D.C. 2006), the district court granted summary judgment in favor of the District of Columbia with regard to the D.C. Whistleblower Protection Act because the plaintiff had failed to provide § 12-309 notice.[5] However, the court declined to grant summary judgment regarding the plaintiff's DCHRA claims. *Id.* at 33-34. The court held that it had jurisdiction over the plaintiff's DCHRA claims, and, in so doing, the court recognized that notice under § 12-309 is not required for a plaintiff to maintain claims brought under DCHRA.

In addition, the administrative process set forth in the District of Columbia Human Rights Act serves the purposes of § 12-309 notice. For District employees, the process of filing an administrative EEO complaint is mandatory, similar to the mandatory federal EEO complaint process pursuant to Title VII. D.C. MUN. REGS. tit. 4.[6] Compliance with this process meets the purposes of § 12-309, *i.e.* (1) the D.C. government is quickly notified of actions or inactions which may subject it to liability; and (2) D.C. gets an early opportunity to conciliate through the

---

[5] Importantly, the court in *Bowie v. Gonzales* reached the result it did, applying § 12-309's mandatory notice requirement to the D.C. Whistleblower Protection Act claim, because express statutory language in the D.C. Whistleblower Protection Act states, "A civil action brought pursuant to this section shall comply with the notice requirements of § 12-309." D.C. CODE § 1-615.54(a). Thus, the Whistleblower Protection Act is an exception to the rule that the notice requirement applies only to tort-like actions. The DCHRA, by contrast, has no such provision requiring notice pursuant to § 12-309.

[6] The regulations detail the requirements for reporting discrimination, but does *not* provide notice to employees that each must also comply with the notice requirement of § 12-309.

administrative process.  Any attempt to impose an additional burden on victims of discrimination is inequitable, as well as inconsistent with binding caselaw.

Defendant persists, however, arguing incorrectly that DCHRA claims are no different from tort actions, citing *Doe v. District of Columbia*, 697 A.2d 23 (D.C. 1997).  In *Doe*, the court did apply the notice provision to claims under the D.C. Prevention of Child Abuse Act.  *Id.* What the District fails to mention, however, is that the cause of action at issue in that case was a negligence action, which is distinctly and unequivocally a tort action.  *Id.* at 25.

Title VII, on the other hand, is different than a tort action in many respects.  Title VII permits plaintiffs to request a host of equitable remedies, including injunctions from engaging in unlawful job practices or affirmative job relief such as reinstatement, hiring, and backpay.  *See* 42 U.S.C. §2000e–5(g)(1).  Likewise, DCHRA authorizes equitable relief in the form of temporary restraining orders, injunctions, or any other damages that are appropriate, (which would include equitable relief).  D.C. CODE §§ 2-1403.07, 2-1403.16.  Thus, Title VII or DCHRA action is not purely a "tort-like" action.  Supreme Court precedent establishes that at least regarding equitable relief, Title VII is not "tort-like."  *United States v. Burke*, 504 U.S. 229, 237-42 (1992) (Title VII claims are not tort-like and therefore Title VII awards are not excludable from gross income for federal income tax purposes); *see also Bowen v. Massachusetts*, 487 U.S. 879, 893 (1988) (distinguishing suits for money damages from an equitable actions for specific relief).

Indeed, Plaintiffs, in their proposed Second Amended Complaint, seek declaratory judgment, reinstatement, backpay, affirmative job relief, a permanent injunction, and other injunctive relief to remedy Defendant's discrimination against women.  *See* Proposed Second Am. Compl. ¶¶ 141(d)-(k), 142 (c), (e)-(f).

Section 12-309 requires notice to the Mayor of suits for "unliquidated damages," D.C. CODE § 12-309; but Title VII and DCHRA suits are, at least in part, *not* suits for damages. Even assuming, *arguendo*, that § 12-309 applies to DCHRA claims, to the extent Burns and Byrd seek equitable relief, their DCHRA claims would survive a motion to dismiss, and therefore this Court should permit Plaintiffs to add DCHRA claims.

Defendant cites two unpublished Superior Court cases, *McFarlane v. New Leaders for New Schools*, Case No. 04-CA-8506 (D.C. Super. Ct. Aug. 7, 2006), and *Descutner v. District of Columbia*, Case No. 04-CA-7214 (D.C. Super. Ct. Mar. 1, 2005), to support its erroneous position that the DCHRA is subject to § 12-309's mandatory notice requirement. Defendant fails to note that both cases are of limited precedential value, given that they conflict directly with established case law in a higher court, *i.e.*, the D.C. Court of Appeals' holding in *District of Columbia v. Campbell*, 580 A.2d 1295, 1301-02 (D.C. 1990). Notably, the court in *McFarlane* cites *Campbell* for another proposition, *i.e.,* that notice on anyone but the Mayor does not comply with the notice requirement, thus implicitly acknowledging *Campbell* as a binding precedent. Def.'s Opp., Ex. 3 at 13. However, the court paid no heed to the other critical holding in *Campbell* — that based on the "plain meaning of the language of § 12-309, it applies only to actions *sounding in tort*." *Campbell*, 580 A.2d at 1302 (emphasis added). In sum, *McFarlane* is inapt because it contradicts binding case law.

*Descutner* did not address the argument set forth by Plaintiffs that an action pursuant to the DCHRA is not, in its entirety, an action for "unliquidated damages." Because § 12-309's mandatory notice requirement only applies to actions for "unliquidated damages," a DCHRA action for equitable relief is not a suit that is subject to the notice requirement. Plaintiffs

respectfully submit that *Descutner* was decided incorrectly on its merits, and that therefore this

Court should disregard *Descutner*'s faulty reasoning.

A search of the published caselaw reveals that the only published decision faced with the

issue of whether the § 12-309 notice requirement applies to the DCHRA declined to address the

issue because it decided the case on other grounds. *See Armstrong v. District of Columbia*

*Public Library*, 154 F. Supp. 2d 67, 74 n.7 (D.D.C. 2001). Therefore, this Court should not deny

Plaintiffs' requested amendment on the basis of futility because Plaintiffs' DCHRA claims can

survive a motion to dismiss.

> **E.      Defendant Has Presented No Evidence that Byrd Failed to File 12-309 Notice
> Regarding D.C. Whistleblower Act Claims**

The District argues that Byrd did not file 12-309 notice regarding D.C. Whistleblower

Act claims, and therefore adding Byrd's whistleblower claim would be futile because the claims

would not survive a motion to dismiss. As noted *supra* at 5-6, this argument has no bearing on

whether the proposed claims, as amended, would survive a motion to dismiss because this

involves Defendant's affirmative defense rather than plaintiff's complaint allegations.

For the District's argument to succeed, the District would have to present evidence

showing that Plaintiff failed to comply with the notice requirement, which it has not. Moreover,

if this Court were to consider such evidence, the motion to dismiss would be converted into a

motion for summary judgment, which is premature at this time, since this Court does not have

before it a motion to dismiss. *See* Fed. R. Civ. P. 12(c).[7] Moreover, in response to the District's

---

[7] Rule 12(c) states, in pertinent part,

> If, on a motion for judgment on the pleadings, matters outside the pleadings are presented to and
> not excluded by the court, the motion shall be treated as once for summary judgment and disposed
> of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all
> material made pertinent to such a motion by Rule 56.

If this Court does consider Defendant's allegation that Plaintiff Byrd failed to comply with the § 12-309
notice requirement, Byrd should be given an opportunity to present evidence that she did comply and other

Motion to Dismiss, or, in the Alternative, for Summary Judgment in that case, Plaintiff's Counsel previously filed a Rule 56(f) affidavit outlining all the discovery that is required for Plaintiff to respond fully to the material facts presented by Defendant. *See* Ex. 2, Brown Dec. In short, Defendant's bare allegation without supporting evidence is insufficient for this Court to conclude that Byrd's Whistleblower Act claims could not survive a motion to dismiss.

More importantly, the District is factually incorrect that Byrd failed to provide § 12-309 notice regarding her Whistleblower Act claims. Byrd plans to present evidence that controverts the District's bare allegation that she has failed to comply with the § 12-309 notice requirement regarding her Whistleblower Act claim. *See* Ex. 3, Brown Letter.

In addition, if the Court finds that § 12-309 does apply to DCHRA claims, then the letter attached hereto as Exhibit 3 should also be considered as evidence of Plaintiff Byrd's compliance with § 12-309 regarding her DCHRA claims. *See* Ex. 3, Brown Letter. The D.C. courts have held that, once a notice has been filed in a timely manner, "the question of whether or not a notice in fact given is sufficiently definite as to the time, place, nature, etc. of the injury, the rule of liberal construction is generally adopted by the courts." *Washington v. District of Columbia,* 429 A.2d 1362, 1365 n.9 (D.C. 1981) (*en banc*) (quoting and adopting *Stone v. District of Columbia*, 237 F.2d 28 (1956) (*en banc*) (Prettyman, J., dissenting)). Accordingly, notice is sufficient "if it recites facts from which it could reasonably be anticipated that a claim against the District might arise." *Id.* at 1366. In Byrd's § 12-309 notice, she states that she was harassed, that management abused its authority, and that she was terminated as a result of reporting these abuses to management. Ex. 3. The recitation of these facts put the District on notice that it could be subject to DHCRA claims. Therefore, Byrd's letter should be considered sufficient notice of her DCHRA claims pursuant to § 12-309.

such evidence as is pertinent to the motion for summary judgment.

**III.     CONCLUSION**

For the reasons stated herein, Plaintiff's Motion for Leave to File A Second Amended

Complaint should be granted.


Respectfully submitted this 21st day of November, 2006.

 /s/ Eric K. Bachman_____
Timothy B. Fleming (DC Bar No. 351114)
Lori B. Kisch (DC Bar No. 491282)
Eric K. Bachman (DC Bar No. 481993)
**Wiggins, Childs, Quinn & Pantazis, PLLC**
7 Dupont Circle, N.W., Suite 200
Washington, D.C. 20036
(202) 467-4123
(202) 467-4489 (facsimile)


Gary T. Brown, D.C. Bar # 246314
**GARY T. BROWN & ASSOCIATES, P.C**.
320 Maryland Avenue, N.E.
Suite 100
Washington, D.C. 20002
(202) 393-4900

***ATTORNEYS FOR PLAINTIFF***

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 21st day of November, 2006, a copy of the foregoing was filed electronically.  Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt.


By: <u>/s/ Eric K. Bachman           </u>.
*Attorney for Plaintiff*