**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA
CIVIL DIVISION**

| | |
|---|---|
| **GARRINA BYRD and** ) | |
| **ANNETTE BURNS,** ) | |
| ) | |
| Individually and on Behalf of all ) | |
| Similarly Situated Persons, ) | |
| ) | |
| **Plaintiffs,** ) | |
| ) | |
| **v.** ) | **Civil Action No: 06-0522 (HHK)** |
| ) | |
| ) | |
| **DISTRICT OF COLUMBIA,** ) | |
| ) | |
| **Defendant.** ) | |
| _____) | |

**DEFENDANT DISTRICT OF COLUMBIA'S
ANSWER TO THE SECOND AMENDED CLASS ACTION COMPLAINT**

Defendant District of Columbia ("the District"), by and through undersigned

counsel, hereby answers the plaintiffs' Second Amended Complaint in the above-

captioned matter.  The District asserts that anything not specifically admitted herein

is denied, and answers the Second Amended Complaint as follows:

**FIRST DEFENSE**

The Second Amended Complaint fails to state a claim upon which relief

may be granted.

**SECOND DEFENSE**

The District states the following in response to the individually numbered

paragraphs in the Second Amended Complaint:

## NATURE OF COMPLAINT

1.  The allegations asserted in paragraph 1 of the Second Amended Complaint are legal conclusions to which no response is required. To the extent that paragraph 1 contains factual allegations, the District denies all factual allegations and demands strict proof thereof at trial. The District acknowledges the statutes cited in paragraph 1 of the Second Amended Complaint, but does not admit that jurisdiction is necessarily conferred therefrom.

2.  The allegations asserted in paragraph 2 of the Second Amended Complaint are legal conclusions to which no response is required. To the extent that paragraph 2 contains factual allegations, the District denies all factual allegations and demands strict proof thereof at trial.

3.  The allegations asserted in paragraph 3 of the Second Amended Complaint are legal conclusions to which no response is required. To the extent that paragraph 3 contains factual allegations, the District denies all factual allegations and demands strict proof thereof at trial.

4.  The allegations asserted in paragraph 4 of the Second Amended Complaint are legal conclusions to which no response is required. To the extent that paragraph 4 contains factual allegations, the District denies all factual allegations and demands strict proof thereof at trial.

5.  The allegations asserted in paragraph 5 of the Second Amended Complaint are legal conclusions to which no response is required.

6. The allegations asserted in paragraph 6 of the Second Amended Complaint are legal conclusions to  which no response is required.  To the extent that paragraph 6 contains factual allegations, the District denies all factual allegations and demands strict proof thereof at trial.

### JURISDICTION AND VENUE

7. The allegations asserted in paragraph 7 of the Second Amended Complaint are legal conclusions to which no response is required.  The District acknowledges the statutes cited in paragraph 7 of the Second Amended Complaint, but does not admit that jurisdiction is necessarily conferred therefrom.

8. The allegations asserted in paragraph 8 of the Second Amended Complaint are legal conclusions to which no response is required.  The District acknowledges the statutes cited in paragraph 8 of the Second Amended Complaint, but does not admit that venue is necessarily conferred therefrom.

### EXHAUSTION OF ADMINISTRATIVE REMEDIES

9. Paragraph 9 of plaintiffs' Second Amended Complaint contains allegations of plaintiffs' claims to which no response is required.  To the extent that paragraph 9 contains factual allegations; the District denies all factual allegations and demands strict proof thereof at trial.

### PARTIES

10. The District denies that plaintiff Byrd was an employee of the District of Columbia Department of Parks and Recreation ("DPR") in 2001.  The District admits that plaintiff Byrd was appointed to successive terms of employment at

DPR beginning in 2002 through December, 2005, when her last term expired. The District is without sufficient information to admit or deny the remaining allegations contained in paragraph 10.

11. The District denies that plaintiff Burns was an employee of DPR in 2000. The District admits that plaintiff Burns was appointed to successive terms of employment at DPR beginning in 2001 through January 19, 2004, when her last term expired. The District is without sufficient information to admit or deny the remaining allegations contained in paragraph 11.

12. The allegations asserted in paragraph 12 of the Second Amended Complaint are legal conclusions to which no response is required. To the extent that paragraph 12 contains factual allegations; the District admits that it "is the municipal government for the District of Columbia." The District denies all other factual allegations contained in paragraph 12 and demands strict proof thereof at trial.

### FACTS SUPPORTING THE REPRESENTATIVE PLAINTIFFS' ALLEGATIONS OF CLASS-WIDE DISCRIMINATION

I. REPRESENTATIVE PLAINTIFFS' CLASS CLAIMS REGARDING HOSTILE WORK ENVIRONMENT, HARASSMENT, AND *QUID PRO QUO* DISCRIMINATION)—PLAINTIFF BYRD

13. The District denies that plaintiff Byrd was an employee of DPR in 2001. The District admits that plaintiff Byrd was appointed to successive terms of employment at DPR beginning in 2002 through December, 2005, when her last term expired.

14. The District is without sufficient information to admit or deny any factual allegations contained in paragraph 14.

15. The District is without sufficient information to admit or deny any factual allegations contained in paragraph 15.

16. The District admits that plaintiff Byrd worked in Mr. Thompson's office, but lacks sufficient information to admit or deny the remaining allegations contained in paragraph 16.

17. The District admits that plaintiff Byrd reported the harassment to defendant's managers and officials, but denies the remaining allegations contained in paragraph 17.

18. The District admits that plaintiff Byrd reported the harassment to defendant's managers and officials, but denies the remaining allegations contained in paragraph 18.

19. The District admits that plaintiff Byrd reported the harassment to defendant's managers and officials, but denies the remaining allegations contained in paragraph 19.

20. The allegations asserted in paragraph 20 of the Second Amended Complaint are legal conclusions to which no response is required.  To the extent that paragraph 20 contains factual allegations, the District denies all factual allegations and demands strict proof thereof at trial.

21. The District is without sufficient information to admit or deny any factual allegations contained in paragraph 21.

22. The allegations asserted in paragraph 22 of the Second Amended Complaint are legal conclusions to which no response is required.  To the extent that paragraph 22 contains factual allegations, the District denies all factual allegations and demands strict proof thereof at trial.

23. The District admits that plaintiff Byrd filed a complaint with DPR's EEO office, but denies the remaining allegations contained in paragraph 23.

24. The District admits plaintiff Byrd filed a Charge of Discrimination with the Office of Human Rights on April 6, 2005.

25. The District admits that plaintiff Byrd's performance was discussed with her in a meeting in November, 2005; but denies the remaining allegations contained in paragraph 25.

26. The District is without sufficient information to admit or deny any factual allegations contained in paragraph 26.

27. The District admits that on or about December 30, 2005, it gave plaintiff Byrd notice that her term appointment would not be extended, effective the next day; but denies the remaining allegations contained in paragraph 27.

28. The allegations asserted in paragraph 28 of the Second Amended Complaint are legal conclusions to which no response is required.  To the extent that paragraph 28 contains factual allegations, the District denies all factual allegations and demands strict proof thereof at trial.

29. The allegations asserted in paragraph 29 of the Second Amended Complaint are legal conclusions to which no response is required. To the extent that paragraph 29 contains factual allegations, the District denies all factual allegations and demands strict proof thereof at trial.

30. The allegations asserted in paragraph 30 of the Second Amended Complaint are legal conclusions to which no response is required. To the extent that paragraph 30 contains factual allegations, the District denies all factual allegations and demands strict proof thereof at trial.

31. The allegations asserted in paragraph 31 of the Second Amended Complaint are legal conclusions to which no response is required. To the extent that paragraph 31 contains factual allegations, the District denies all factual allegations and demands strict proof thereof at trial.

## II.     PLAINTIFF BURNS

32. The District has moved to dismiss Plaintiff Burns' claims in the Second Amended Complaint, or in the alternative, for summary judgment. Therefore, paragraphs 32-56 require no response.

CLASS ACTION ALLEGATIONS

### I. DEFINITION OF CLASS

33. The allegations asserted in paragraph 57 of the Second Amended Complaint are legal conclusions to which no response is required. To the extent that paragraph 57 contains factual allegations, the District denies all factual allegations and demands strict proof thereof at trial.

## II. EFFICIENCY OF CLASS PROSECUTION OF COMMON CLAIMS

34. The allegations asserted in paragraph 58 of the Second Amended Complaint are legal conclusions to which no response is required.  To the extent that paragraph 58 contains factual allegations, the District denies all factual allegations and demands strict proof thereof at trial.

35. The allegations asserted in paragraph 59 of the Second Amended Complaint are legal conclusions to which no response is required.  To the extent that paragraph 59 contains factual allegations, the District denies all factual allegations and demands strict proof thereof at trial.

36. The allegations asserted in paragraph 60 of the Second Amended Complaint are legal conclusions to which no response is required.  To the extent that paragraph 60 contains factual allegations, the District denies all factual allegations and demands strict proof thereof at trial.

37. The allegations asserted in paragraph 61 of the Second Amended Complaint are legal conclusions to which no response is required.  To the extent that paragraph 61 contains factual allegations, the District denies all factual allegations and demands strict proof thereof at trial.

## III. NUMEROSITY AND IMPRACTICABILITY OF JOINDER

38. The allegations asserted in paragraph 62 of the Second Amended Complaint are legal conclusions to which no response is required.  To the extent that paragraph 62 contains factual allegations, the District denies all factual allegations and demands strict proof thereof at trial.

### IV. COMMON QUESTIONS OF LAW AND FACT

39. The allegations asserted in paragraph 63 of the Second Amended Complaint are legal conclusions to which no response is required.  To the extent that paragraph 63 contains factual allegations, the District denies all factual allegations and demands strict proof thereof at trial.

### V. TYPICALITY OF CLAIMS AND RELIEF SOUGHT

40. The allegations asserted in paragraph 64 of the Second Amended Complaint are legal conclusions to which no response is required.  To the extent that paragraph 64 contains factual allegations, the District denies all factual allegations and demands strict proof thereof at trial.

41. The allegations asserted in paragraph 65 of the Second Amended Complaint are legal conclusions to which no response is required.  To the extent that paragraph 65 contains factual allegations, the District denies all factual allegations and demands strict proof thereof at trial.

### VI. ADEQUACY OF REPRESENTATION

42. The allegations asserted in paragraph 66 of the Second Amended Complaint are legal conclusions to which no response is required.  To the extent that paragraph 66 contains factual allegations, the District denies all factual allegations and demands strict proof thereof at trial.

### VII. REQUIREMENTS OF FEDERAL RULE 23(B)(2)

43. The allegations asserted in paragraph 67 of the Second Amended Complaint are legal conclusions to which no response is required.  To the extent that

paragraph 67 contains factual allegations, the District denies all factual allegations and demands strict proof thereof at trial.

44. The allegations asserted in paragraph 68 of the Second Amended Complaint are legal conclusions to which no response is required. To the extent that paragraph 68 contains factual allegations, the District denies all factual allegations and demands strict proof thereof at trial.

### VIII. REQUIREMENTS OF RULE 23(B)(3)

45. The allegations asserted in paragraph 69 of the Second Amended Complaint are legal conclusions to which no response is required. To the extent that paragraph 69 contains factual allegations, the District denies all factual allegations and demands strict proof thereof at trial.

46. The allegations asserted in paragraph 70 of the Second Amended Complaint are legal conclusions to which no response is required. To the extent that paragraph 70 contains factual allegations, the District denies all factual allegations and demands strict proof thereof at trial.

47. The allegations asserted in paragraph 71 of the Second Amended Complaint are legal conclusions to which no response is required. To the extent that paragraph 71 contains factual allegations, the District denies all factual allegations and demands strict proof thereof at trial.

### CLASS ACTION CLAIMS

48. The allegations asserted in paragraph 72 of the Second Amended Complaint are legal conclusions to which no response is required. To the extent that

paragraph 72 contains factual allegations, the District denies all factual allegations and demands strict proof thereof at trial.

49. The allegations asserted in paragraph 73 of the Second Amended Complaint are legal conclusions to which no response is required.  To the extent that paragraph 73 contains factual allegations, the District denies all factual allegations and demands strict proof thereof at trial.

50. The allegations asserted in paragraph 74 of the Second Amended Complaint are legal conclusions to which no response is required.  To the extent that paragraph 74 contains factual allegations, the District denies all factual allegations and demands strict proof thereof at trial.

**CAUSES OF ACTION**
**COUNT ONE:  HOSTILE WORK ENVIRONMENT/QUID PRO QUO (TITLE VII)**

51. In response to paragraph 75, the District incorporates its answers to paragraphs 1 through 74 as stated above.

52. The allegations asserted in paragraph 76 of the Second Amended Complaint are legal conclusions to which no response is required.  To the extent that paragraph 76 contains factual allegations, the District denies all factual allegations and demands strict proof thereof at trial.

53. The allegations asserted in paragraph 77 of the Second Amended Complaint are legal conclusions to which no response is required.  To the extent that paragraph 77 contains factual allegations, the District denies all factual allegations and demands strict proof thereof at trial.

54. The allegations asserted in paragraph 78 of the Second Amended Complaint are legal conclusions to which no response is required.  To the extent that

paragraph 78 contains factual allegations, the District denies all factual allegations and demands strict proof thereof at trial.

55. The allegations asserted in paragraph 79 of the Second Amended Complaint are legal conclusions to which no response is required. To the extent that paragraph 79 contains factual allegations, the District denies all factual allegations and demands strict proof thereof at trial.

COUNT TWO: HOSTILE WORK ENVIRONMENT/QUID PRO QUO (DCHRA)

56. In response to paragraph 80, the District incorporates its answers to paragraphs 1 through 79 as stated above.

57. The allegations asserted in paragraph 81 of the Second Amended Complaint are legal conclusions to which no response is required. To the extent that paragraph 81 contains factual allegations, the District denies all factual allegations and demands strict proof thereof at trial.

58. The allegations asserted in paragraph 82 of the Second Amended Complaint are legal conclusions to which no response is required. To the extent that paragraph 82 contains factual allegations, the District denies all factual allegations and demands strict proof thereof at trial.

59. The allegations asserted in paragraph 83 of the Second Amended Complaint are legal conclusions to which no response is required. To the extent that paragraph 83 contains factual allegations, the District denies all factual allegations and demands strict proof thereof at trial.

60. The allegations asserted in paragraph 84 of the Second Amended Complaint are legal conclusions to which no response is required. To the extent that

paragraph 84 contains factual allegations, the District denies all factual allegations and demands strict proof thereof at trial.

## COUNT THREE:  42 U.S.C. SECTION 1983 AND
## FIFTH AMENDMENT OF U.S. CONSTITUTION (PLAINTIFF BYRD)

61. In response to paragraph 85, the District incorporates its answers to paragraphs 1 through 84 as stated above.

62. The allegations asserted in paragraph 86 of the Second Amended Complaint are legal conclusions to which no response is required.  To the extent that paragraph 86 contains factual allegations, the District denies all factual allegations and demands strict proof thereof at trial.

63. The allegations asserted in paragraph 87 of the Second Amended Complaint are legal conclusions to which no response is required.  To the extent that paragraph 87 contains factual allegations, the District denies all factual allegations and demands strict proof thereof at trial.

64. The allegations asserted in paragraph 88 of the Second Amended Complaint are legal conclusions to which no response is required.  To the extent that paragraph 88 contains factual allegations, the District denies all factual allegations and demands strict proof thereof at trial.

65. The allegations asserted in paragraph 89 of the Second Amended Complaint are legal conclusions to which no response is required.  To the extent that paragraph 89 contains factual allegations, the District denies all factual allegations and demands strict proof thereof at trial.

## COUNT FOUR: RETALIATION—TITLE VII (PLAINTIFF BYRD)

66. In response to paragraph 90, the District incorporates its answers to paragraphs 1 through 89 as stated above.

67. The allegations asserted in paragraph 91 of the Second Amended Complaint are legal conclusions to which no response is required.  To the extent that paragraph 91 contains factual allegations, the District denies all factual allegations and demands strict proof thereof at trial.

68. The allegations asserted in paragraph 92 of the Second Amended Complaint are legal conclusions to which no response is required.  To the extent that paragraph 92 contains factual allegations, the District denies all factual allegations and demands strict proof thereof at trial.

69. The allegations asserted in paragraph 93 of the Second Amended Complaint are legal conclusions to which no response is required.  To the extent that paragraph 93 contains factual allegations, the District denies all factual allegations and demands strict proof thereof at trial.

70. The allegations asserted in paragraph 94 of the Second Amended Complaint are legal conclusions to which no response is required.  To the extent that paragraph 94 contains factual allegations, the District denies all factual allegations and demands strict proof thereof at trial.

71. The allegations asserted in paragraph 95 of the Second Amended Complaint are legal conclusions to which no response is required.  To the extent that paragraph 95 contains factual allegations, the District denies all factual allegations and demands strict proof thereof at trial.

72. The allegations asserted in paragraph 96 of the Second Amended Complaint are legal conclusions to which no response is required.  To the extent that paragraph 96 contains factual allegations, the District denies all factual allegations and demands strict proof thereof at trial.

### COUNT FIVE:  RETALIATION—DCHRA (PLAINTIFF BYRD)

73. In response to paragraph 97, the District incorporates its answers to paragraphs 1 through 96 as stated above.

74. The allegations asserted in paragraph 98 of the Second Amended Complaint are legal conclusions to which no response is required.  To the extent that paragraph 98 contains factual allegations, the District denies all factual allegations and demands strict proof thereof at trial.

75. The allegations asserted in paragraph 99 of the Second Amended Complaint are legal conclusions to which no response is required.  To the extent that paragraph 99 contains factual allegations, the District denies all factual allegations and demands strict proof thereof at trial.

76. The allegations asserted in paragraph 100 of the Second Amended Complaint are legal conclusions to which no response is required.  To the extent that paragraph 100 contains factual allegations, the District denies all factual allegations and demands strict proof thereof at trial.

77. The allegations asserted in paragraph 101 of the Second Amended Complaint are legal conclusions to which no response is required.  To the extent that paragraph 101 contains factual allegations, the District denies all factual allegations and demands strict proof thereof at trial.

78. The allegations asserted in paragraph 102 of the Second Amended Complaint are legal conclusions to which no response is required. To the extent that paragraph 102 contains factual allegations, the District denies all factual allegations and demands strict proof thereof at trial.

79. The allegations asserted in paragraph 103 of the Second Amended Complaint are legal conclusions to which no response is required. To the extent that paragraph 103 contains factual allegations, the District denies all factual allegations and demands strict proof thereof at trial.

### COUNT SIX: RETALIATION—WHISTLEBLOWER ACT (PLAINTIFF BYRD)

80. In response to paragraph 104, the District incorporates its answers to paragraphs 1 through 103 as stated above.

81. The allegations asserted in paragraph 105 of the Second Amended Complaint are legal conclusions to which no response is required. To the extent that paragraph 105 contains factual allegations, the District denies all factual allegations and demands strict proof thereof at trial.

82. The allegations asserted in paragraph 106 of the Second Amended Complaint are legal conclusions to which no response is required. To the extent that paragraph 106 contains factual allegations, the District denies all factual allegations and demands strict proof thereof at trial.

83. The allegations asserted in paragraph 107 of the Second Amended Complaint are legal conclusions to which no response is required. To the extent that paragraph 107 contains factual allegations, the District denies all factual allegations and demands strict proof thereof at trial.

84. The allegations asserted in paragraph 108 of the Second Amended Complaint are legal conclusions to which no response is required.  To the extent that paragraph 108 contains factual allegations, the District denies all factual allegations and demands strict proof thereof at trial.

85. The allegations asserted in paragraph 109 of the Second Amended Complaint are legal conclusions to which no response is required.  To the extent that paragraph 109 contains factual allegations, the District denies all factual allegations and demands strict proof thereof at trial.

86. The allegations asserted in paragraph 110 of the Second Amended Complaint are legal conclusions to which no response is required.  To the extent that paragraph 110 contains factual allegations, the District denies all factual allegations and demands strict proof thereof at trial.

### COUNT SEVEN: RETALIATION—42 U.S.C. §1983 AND FIRST AMENDMENT U.S. CONSTITUTION (PLAINTIFF BYRD)

87. In response to paragraph 111, the District incorporates its answers to paragraphs 1 through 110 as stated above.

88. The allegations asserted in paragraph 112 of the Second Amended Complaint are legal conclusions to which no response is required.  To the extent that paragraph 112 contains factual allegations, the District denies all factual allegations and demands strict proof thereof at trial.

89. The allegations asserted in paragraph 113 of the Second Amended Complaint are legal conclusions to which no response is required.  To the extent that paragraph 113 contains factual allegations, the District denies all factual allegations and demands strict proof thereof at trial.

90. The allegations asserted in paragraph 114 of the Second Amended Complaint are legal conclusions to which no response is required. To the extent that paragraph 114 contains factual allegations, the District denies all factual allegations and demands strict proof thereof at trial.

91. The allegations asserted in paragraph 115 of the Second Amended Complaint are legal conclusions to which no response is required. To the extent that paragraph 115 contains factual allegations, the District denies all factual allegations and demands strict proof thereof at trial.

92. The allegations asserted in paragraph 116 of the Second Amended Complaint are legal conclusions to which no response is required. To the extent that paragraph 116 contains factual allegations, the District denies all factual allegations and demands strict proof thereof at trial.

93. The allegations asserted in paragraph 117 of the Second Amended Complaint are legal conclusions to which no response is required. To the extent that paragraph 117 contains factual allegations, the District denies all factual allegations and demands strict proof thereof at trial.

94. The allegations asserted in paragraph 118 of the Second Amended Complaint are legal conclusions to which no response is required. To the extent that paragraph 118 contains factual allegations, the District denies all factual allegations and demands strict proof thereof at trial.

### COUNT EIGHT: RETALIATION—42 U.S.C. §1983 (PLAINTIFF BURNS)

95. The District has moved to dismiss Plaintiff Burns' claims in the Second Amended Complaint, or in the alternative, for summary judgment. Therefore, paragraphs 119-125 require no response.

### COUNT NINE: RETALIATION—DCHRA (PLAINTIFF BURNS)

96. The District has moved to dismiss Plaintiff Burns' claims in the Second Amended Complaint, or in the alternative, for summary judgment. Therefore, paragraphs 126-132 require no response.

### COUNT TEN: RETALIATION—42 U.S.C. §1983 AND FIRST AMENDMENT U.S. CONSTITUTION (PLAINTIFF BURNS)

97. The District has moved to dismiss Plaintiff Burns' claims in the Second Amended Complaint, or in the alternative, for summary judgment. Therefore, paragraphs 133-140 require no response.

### PRAYER FOR RELIEF

98. Paragraph 141, and its subparts, consists of a prayer for relief to which no response is required.

99. Paragraph 142, and its subparts, consists of a prayer for relief to which no response is required.

### THIRD DEFENSE

Plaintiffs might have failed to exhaust their administrative remedies and failed to comply with other mandatory filing requirements.

## FOURTH DEFENSE

Plaintiffs might have failed to timely file a grievance or otherwise failed to protect themselves from the alleged conduct.

## FIFTH DEFENSE

Plaintiffs' EEOC claims might not have been filed in a timely fashion.

## SIXTH DEFENSE

The Second Amended Complaint might not have been filed in a timely fashion.

## SEVENTH DEFENSE

If plaintiffs were injured and/or damaged as alleged in the Second Amended Complaint, said injuries and/or damages resulted from plaintiffs' own willful conduct or contributory negligence.

## EIGHTH DEFENSE

If plaintiffs were injured and/or damaged as alleged in the Second Amended Complaint, recovery for said injuries and/or damages is barred, because the plaintiffs assumed the risk of such injuries by their own willful conduct.

## NINTH DEFENSE

If the plaintiffs were injured and/or damaged as alleged in the Second Amended Complaint, said injuries and/or damages resulted from the sole or concurring intentional conduct or negligence of a person or persons, other than the District's employees, acting within the scope of their employment.

## TENTH DEFENSE

Plaintiffs might have failed to comply with the mandatory notice requirements of D.C. Code § 12-309 (2001 ed.).

## ELEVENTH DEFENSE

Plaintiffs would have been subjected to the alleged employment actions even if they had not engaged in protected activity.

## TWELFTH DEFENSE

The District is not liable for the unforeseeable, intervening criminal acts of third parties.

## THIRTEENTH DEFENSE

Plaintiffs have failed to mitigate any damages that they may have incurred.

## FOURTEENTH DEFENSE

Plaintiffs might have failed to meet the applicable statute of limitations.

## FIFTEENTH DEFENSE

This action may be barred by the doctrine of laches and/or unclean hands.

## SIXTEENTH DEFENSE

The District had, and the Plaintiffs were given notice of, the District's policies and procedures for preventing and reporting sexual harassment.

## SEVENTEENTH DEFENSE

The Plaintiffs may have knowingly, willingly and intentionally violated the District's sexual harassment policy by not reporting the alleged sexual misconduct.

**THE DISTRICT** reserves the right to Amend its Answer.

WHEREFORE, the District prays the Court will dismiss the Second Amended Complaint and award the District the expense of this litigation, costs and interest, and such other relief as the Court deems just and proper.

Respectfully submitted,

EUGENE A. ADAMS
Interim Attorney General

GEORGE C. VALENTINE
Deputy Attorney General, Civil Litigation Division

_____/s/_____
NICOLE L. LYNCH (471953)
Chief, General Litigation Section II

_____/s/_____
TONI MICHELLE JACKSON (453765)
Assistant Attorney General
441 Fourth Street, N.W., Suite 6S052
Washington, D.C. 20001
(202) 724-6602
(202) 727-3625 (fax)
E-mail:  toni.jackson@dc.gov

## REQUEST AND DEMAND FOR JURY TRIAL

The District, by and through its counsel, respectfully requests a jury trial in this matter.

Respectfully submitted,

EUGENE A. ADAMS

Interim Attorney General

GEORGE C. VALENTINE
Deputy Attorney General
Civil Litigation Division

_____/s/_____ _____
NICOLE L. LYNCH (471953)
Chief, General Litigation Section II


_____/s/_____
TONI MICHELLE JACKSON (453765)
Assistant Attorney General
441 Fourth Street, N.W., Suite 6S052
Washington, D.C. 20001
(202) 724-6602
(202) 727-3625 (fax)
E-mail:  toni.jackson@dc.gov