IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA
CIVIL DIVISION

| | |
|---|---|
| **GARRINA BYRD and** <br> **ANNETTE BURNS,** <br><br> Individually and on Behalf of all <br> Similarly Situated Persons, <br><br> **Plaintiffs,** <br><br> v. <br><br> **DISTRICT OF COLUMBIA,** <br><br> **Defendant.** | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

Civil Action No: 06-0522 (HHK)

**DEFENDANT'S MOTION TO DISMISS THE SECOND AMENDED COMPLAINT, OR IN THE ALTERNATIVE, FOR SUMMARY JUDGMENT**

Pursuant to Fed. R. Civ. P. 12(b)(6), defendant District of Columbia ("District"), by and through undersigned counsel, respectfully moves the Court to dismiss plaintiff Burns' claims from the Second Amended Complaint for failure to state a claim upon which relief can be granted. In the alternative, the District respectfully requests that the Court enter an Order granting it summary judgment pursuant to Fed. R. Civ. P. 56. As grounds, defendant states as follows:

1. Plaintiff Burns has failed to comply with the mandatory notice requirement of D.C. Code § 12-309.

2. Plaintiff Burns has failed to timely file her charge with the Equal Employment Opportunity Commission, as required under 42 U.S.C. § 2000e-5(e)(1).

This motion is supported by the accompanying Memorandum of Points and Authorities attached hereto and incorporated by reference herein.

DATED:  December 7, 2006

Respectfully submitted,

EUGENE A. ADAMS
Interim Attorney General

GEORGE C. VALENTINE
Deputy Attorney General
Civil Litigation Division

/s/ Nicole L. Lynch
NICOLE L. LYNCH [471953]
Chief, Section II
General Litigation Division

/s/ Toni Michelle Jackson
TONI MICHELLE JACKSON [453765]
Assistant Attorney General
441 4th Street, N.W.
6th Floor South
Washington, D.C. 20001
(202) 724-6602
(202) 727-3625 (fax)
toni.jackson@dc.gov

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA
CIVIL DIVISION

| | |
|---|---|
| **GARRINA BYRD and ANNETTE BURNS,** Individually and on Behalf of all Similarly Situated Persons, <br><br> Plaintiffs, <br><br> v. <br><br> **DISTRICT OF COLUMBIA,** <br><br> Defendant. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) )  Civil Action No: 06-0522 (HHK) |

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT DISTRICT OF COLUMBIA'S MOTION TO DISMISS THE SECOND AMENDED COMPLAINT, OR IN THE ALTERNATIVE, FOR SUMMARY JUDGMENT**

Pursuant to Fed. R. Civ. P. 12(b)(6), defendant District of Columbia ("District"), by and through undersigned counsel, respectfully moves the Court to dismiss plaintiff Burns' Second Amended Complaint for failure to state a claim upon which relief can be granted. In the alternative, the District respectfully requests that this Court enter an Order granting it summary judgment pursuant to Fed. R. Civ. P. 56.

**I.    BACKGROUND**

In the Second Amended Complaint, plaintiff Burns states that she filed an internal equal employment opportunity complaint with the District's Department of Parks and Recreation in May 2002, reporting alleged sexual harassment by Mr. Darnell Thompson. Second Amended Complaint, at ¶¶ 34-41. Plaintiff Burns alleges that she was terminated from her position with the District of Columbia Department of Parks and Recreation in 2004. Second Amended Complaint, at ¶¶ 32 and 49. *But see* First

Complaint filed in *Burns v. D.C.*, 06-01198, at ¶¶ 9 and 12(h) ("First Complaint") ("Plaintiff Annette Burns was employed by Defendant District of Columbia from 2000 to December, 2003." and "Ms. Burns was transferred from her position and work site and ultimately was terminated from her position in January 2003."). In any event, according to the Department of Parks and Recreations, plaintiff Burns was terminated from employment on January 19, 2004. Exhibit 4.

Plaintiff waited until February 3, 2006 to file a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC"). First Complaint, at ¶ 13. To date, the Mayor of the District of Columbia has not received notification from plaintiff indicating her intent to sue the District. Exhibit 1, Affidavit of Nadine Chandler Wilburn at ¶ 3, attached hereto. In this action, plaintiff Burns alleges claims against the District under both the District of Columbia Human Rights Act ("DCHRA"), D.C. Code § 2-1401 *et seq.*, and Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e *et seq.*[1]

## II.   STANDARD OF REVIEW

### A.   Standard of Review for Motion to Dismiss

A motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) should be granted when it appears that, under any reasonable reading of the complaint, the plaintiff will be unable to prove any set of facts that would justify relief. *Conley v. Gibson*, 355 U.S. 41, 45 (1957); *Friendship Edison Pub. Charter Sch. Chamberlain Campus v. Smith*, 429 F. Supp. 2d 195, 196 (D.D.C. 2006). A motion to dismiss for failure to state a claim upon

---

[1] Plaintiff also alleges that her claims are entitled to class certification. The Court need not reach a determination on class certification at this time, and such determination will be moot, as to plaintiff Burns, if the Court grants this Motion. This Motion does not address class certification. The District respectfully reserves the right to address class certification once a Motion to Certify the Class has been filed.

which relief can be granted is intended solely to test the legal sufficiency of the complaint, and in so doing, the motion admits all facts well pleaded but contests Plaintiff's right to recover under those facts. *See Johnson v. District of Columbia*, 368 F. Supp. 2d 30, 36 (D.D.C. 2005) ("[A] motion to dismiss pursuant to Rule 12(b)(6) will not be granted unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.") (internal citations omitted).

Accordingly, "in deciding a motion to dismiss under Rule 12(b)(6), the court is bound to consider all well-pleaded facts as true, and to draw all reasonable inferences in favor of the non-movant." *Friendship Edison Pub. Charter Sch. Chamberlain Campus*, 429 F. Supp. 2d at 196.

B. <u>Standard of Review for Motion for Summary Judgment</u>

Similar to the Courts' analysis on a motion to dismiss, summary judgment may be granted for a moving party when it shows that there are no material facts in dispute and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56; *Celotex v. Catrett*, 477 U.S. 317 (1988); *Hussain v. Prinicipi*, 344 F. Supp. 2d 86, 94 (D.D.C. 2004). "In considering a motion for summary judgment, the 'evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor.'" *Hussain*, 344 F. Supp. 2d at 94 (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48, (1986)).

A party may rely on evidence outside of the pleadings to support his motion for summary judgment. Fed. R. Civ. P. 56(a) (allowing claimant to rely on supporting affidavits). Should the Court consider the evidence outside of the pleadings, this Motion to Dismiss will convert to a motion for summary judgment. Fed. R. Civ. P. 12(b); *Herron v. Veneman*, 305 F. Supp. 2d 64, 70 (D.D.C. 2004) ("Often the introduction of factual

3

materials by the parties—including depositions, answers to interrogatories, admissions on file and affidavits—will convert a Rule 12(b)(6) motion to dismiss to a Rule 56(b) motion for summary judgment.").

### III. ARGUMENT

A. <u>Plaintiff Burns Failed to Comply with the Mandatory Notice Requirement of D.C. Code § 12-309.</u>

The District is entitled to either a dismissal of plaintiff Burns' state law claims under the DCHRA—Counts II, V, VI, and IX, or an Order granting it summary judgment on those claims because plaintiff Burns has failed to satisfy the mandatory notice requirement of D.C. Code § 12-309.

Section 12-309 states in pertinent part:

> An action may not be maintained against the District of Columbia for unliquidated damages to person or property unless, <u>within six months</u> after the injury or damage was sustained, the claimant, his agent, or attorney has given notice in writing to the Mayor of the District of Columbia of the approximate time, place, cause and circumstances of the injury or damage.

D.C. Code § 12-309 (2001) (emphasis added).

It is well-settled that compliance with the notice requirement of Section 12-309 is "a mandatory prerequisite to filing a lawsuit against the District." *McRae v. Olive*, 368 F. Supp. 2d 91, 95 (D.D.C. 2005); *see also District of Columbia v. Dunmore,* 662 A.2d 1356, 1359 (D.C. 1995). "The rationale underlying the Section 309 notice requirement is to (1) protect the District of Columbia against unreasonable claims and (2) to give reasonable notice to the District of Columbia so that the facts may be ascertained and, if possible, deserving claims adjusted and meritless claims resisted." *Pitts v. District of Columbia*, 391 A.2d 803, 807 (D.C. 1978).

4

materials by the parties—including depositions, answers to interrogatories, admissions on file and affidavits—will convert a Rule 12(b)(6) motion to dismiss to a Rule 56(b) motion for summary judgment.").

### III. ARGUMENT

A. <u>Plaintiff Burns Failed to Comply with the Mandatory Notice Requirement of D.C. Code § 12-309.</u>

The District is entitled to either a dismissal of plaintiff Burns' state law claims under the DCHRA—Counts II, V, VI, and IX, or an Order granting it summary judgment on those claims because plaintiff Burns has failed to satisfy the mandatory notice requirement of D.C. Code § 12-309.

Section 12-309 states in pertinent part:

> An action may not be maintained against the District of Columbia for unliquidated damages to person or property unless, <u>within six months</u> after the injury or damage was sustained, the claimant, his agent, or attorney has given notice in writing to the Mayor of the District of Columbia of the approximate time, place, cause and circumstances of the injury or damage.

D.C. Code § 12-309 (2001) (emphasis added).

It is well-settled that compliance with the notice requirement of Section 12-309 is "a mandatory prerequisite to filing a lawsuit against the District." *McRae v. Olive*, 368 F. Supp. 2d 91, 95 (D.D.C. 2005); *see also District of Columbia v. Dunmore,* 662 A.2d 1356, 1359 (D.C. 1995). "The rationale underlying the Section 309 notice requirement is to (1) protect the District of Columbia against unreasonable claims and (2) to give reasonable notice to the District of Columbia so that the facts may be ascertained and, if possible, deserving claims adjusted and meritless claims resisted." *Pitts v. District of Columbia*, 391 A.2d 803, 807 (D.C. 1978).

4

To protect this purpose, courts have construed strictly the plain language of Section 12-309.  *See, e.g., District of Columbia v. Dunmore*, 662 A.2d 1356, 1359 (D.C. 1995).  Courts interpreting the statute have held that the District must <u>receive</u> notice within six months of the events that allegedly have caused a claimant's injury.  *DeKine v. District of Columbia*, 422 A.2d 981, 984 (1980).  Notice received even one day past due is considered untimely and completely bars recovery against the District.  *Id.* at 986; *see also Williams v. District of Columbia*, 676 F. Supp. 329, 333 (D.D.C. 1987) (relying on *DeKine*, 422 A.2d 985, and explaining that the date of receipt is crucial in determining compliance with Section 12-309).

At least two Superior Court Judges, interpreting D.C. law, have held that Section 12-309 does in fact apply to claims brought under the DCHRA.  *See McFarlane v. New Leaders For New Sch.*, No. 04-CA-8506, at 14 (D.C. Super. Ct. Nov. 10, 2005); *Descutner v. District of Columbia*, No. 04-CA-7214, at 5 (D.C. Super. Ct. Mar. 1, 2005) (attached hereto as Exhibits 2 and 3, respectively).

Because this Court is exercising supplemental jurisdiction over plaintiff Burns' claims under the DCHRA, the Court is bound by the D.C. Court of Appeal's interpretation of District law in determining whether the notice requirement of D.C. Code § 12-309 is applicable to claims brought pursuant to the DCHRA. *See Diamond Triumph Auto Glass, Inc. v. Safelite Glass Corp.*, 441 F. Supp. 2d 695, 704 (D. Pa. 2006) (noting that state law applies to claims considered pursuant to supplemental jurisdiction).

While the D.C. Court of Appeals has not ruled on this specific question, it is logical to conclude from the court's analysis of D.C. Code § 12-309, and its applicability

5

to other similar provisions, that the notice requirement of Section 12-309 applies to claims brought under the DCHRA.

Moreover, the plain language of the DCHRA supports a finding that it is subject to the notice requirement of Section 12-309. Section 12-309 requires timely notice to the District before a claimant can file suit for "unliquidated *damages* to person or property." D.C. CODE § 12-309 (2001) (emphasis added). The DCHRA provides in pertinent part: "Any person claiming to be aggrieved by an unlawful discriminatory practice shall have a cause of action in any court of competent jurisdiction for *damages* and such other remedies as may be appropriate . . . ." D.C. CODE § 2-1403.16 (2001) (emphasis added). A person aggrieved by unlawful discrimination suffers damages to her person caused by another person. Such damages are analogous to damages from intentional torts, such as libel, where a claimant is harmed by the words of another. The D.C. Court of Appeals has unequivocally held that claims of intentional torts brought against the District for monetary damages are subject to the notice requirement of Section 12-309. *See, e.g.*, *Breen*, 400 A.2d at 1061. Based on the same logic, Section 12-309 must extend to claims under the DCHRA.

In this case, plaintiff Burns has failed to satisfy the statutory requirements because she failed to notify the Mayor of her intent to file a claim against the District within six months of the alleged incident. *See* Exhibit 1, Affidavit of Nadine Chandler Wilburn at ¶ 3, attached hereto. In fact, to this day, the District has not received notice from plaintiff Burns. *Id.*

Any notice plaintiff may have given to the D.C. Department of Parks and Recreation is insufficient to satisfy the requirements of Section 12-309. *See McRae*,

6

368 F. Supp. 2d at 95 ("Notice to officials subordinate to the Mayor is not sufficient."); *McFarlane*, No. 04-CA-8506, at 14 (holding that giving notice to agency's general counsel was insufficient to meet the requirements of Section 12-309).

Because satisfaction of the notice requirement of Section 12-309 is a prerequisite to filing suit against the District, and because plaintiff Burns cannot now cure this defect, the District is entitled to either a dismissal of plaintiff Burns' state law claims under the DCHRA—Counts II, V, VI, and IX, or an Order granting it summary judgment on those claims.

> B. <u>Plaintiff Burns Failed to Timely File Her Charge of Discrimination with the Equal Employment Opportunity Commission as Required under 42 U.S.C. § 2000e-5(e)(1).</u>

The District is entitled to dismissal of plaintiff Burns' claims under Title VII—Counts I, III, IV, VII, VIII, and X because she failed to file her charge with the EEOC within the time allowed under the statute.

Under Title VII, a claimant must file a charge alleging violations of the Act with the EEOC within either:

1. 180 days after the alleged unlawful employment practice, if the claimant does not file a complaint with the state or local agency; or

2. 300 days after the alleged unlawful employment practice, if the claimant initially instituted proceedings with a state or local agency, or within 30 days after receiving notice that the state or local agency has terminated the proceedings, whichever is earlier.

42 U.S.C. § 2000e-5(e)(1).

For purposes of this Motion, the Court need not determine whether the time for filing is 180 days or 300 days after the alleged unlawful employment practice. According to Department of Parks and Recreation Employment Records, January 19, 2004 is plaintiff's last day of work. Exhibit 4. Therefore, January 19, 2004 is also the

7

last possible date for the alleged violations of the Act. *Id.* Plaintiff Burns did not initiate an action with the EEOC until February 3, 2006, well outside the 300-day time limit. First Complaint, at ¶ 13.

Assuming, *arguendo*, that the last possible date for defendant's alleged violations under Title VII was January 19, 2004, and that plaintiff Burns filed her charge with the EEOC on February 3, 2006, 746 days—more than twice the time allowed under Title VII—lapsed. Because plaintiff Burns' claim was filed with the EEOC outside the statutory deadline, the Court should grant the District's Motion to Dismiss plaintiff Burns' Title VII claims. *See, e.g., Turner v. District of Columbia*, 383 F. Supp. 2d 157, 177 (D.D.C. 2005); *Murphy v. Bd. of Educ.*, 273 F. Supp. 2d 292, 305 (W.D.N.Y. 2003) (explaining that the time requirement is rigorously enforced and that charges filed untimely are barred from recovery).

Plaintiff Burns has failed to meet two mandatory statutory requirements. Therefore, plaintiff Burns' claim should be dismissed, with prejudice, in its entirety.

## IV.    CONCLUSION

Plaintiff Burns' failure to notify the Mayor, as required under D.C. Code § 12-309, bars her claims under the DCHRA—Counts II, V, VI, and IX. Plaintiff Burns' failure to timely file her charge with the EEOC bars her claims under Title VII—Counts I, III, IV, VII, VIII, and X. The undisputed facts in this case show that: (1) Plaintiff did not (and has not to-date) filed notice with the Mayor of her intent to sue the District, in violation of D.C. Code § 12-309, and (2) plaintiff Burns did not file her discrimination charge with the EEOC within the 300-day time limit required under 42 U.S.C. § 2000e-5(e)(1).

For the reasons stated above, the Court should grant the District's Motion to Dismiss, or in the alternative, Motion for Summary Judgment.

DATED:  December 7, 2006                    Respectfully submitted,

                                                    EUGENE A. ADAMS
Interim Attorney General

GEORGE C. VALENTINE
Deputy Attorney General
Civil Litigation Division


/s/ Nicole L. Lynch
NICOLE L. LYNCH [471953]
Chief, Section II
General Litigation Division


/s/ Toni Michelle Jackson
TONI MICHELLE JACKSON [453765]
Assistant Attorney General
441 4th Street, N.W.
6th Floor South
Washington, D.C. 20001
(202) 724-6602
(202) 727-3625 (fax)
toni.jackson@dc.gov

9

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA
CIVIL DIVISION**

| | |
|---|---|
| **GARRINA BYRD and**<br>**ANNETTE BURNS,**<br><br>Individually and on Behalf of all<br>Similarly Situated Persons,<br><br>　　　　　**Plaintiffs,**<br><br>　　　v.<br><br>**DISTRICT OF COLUMBIA,**<br><br>　　　　　**Defendant.** | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)　　Civil Action No: 06-0522 (HHK)<br>)<br>)<br>)<br>)<br>) |

**STATEMENT OF UNDISPUTED FACTS**

1. Plaintiff Burns' employment with the District ended on January 19, 2004. Exhibit 4.

2. Plaintiff has failed to send a letter to the Mayor of the District of Columbia notifying the District of her intent to file a claim. Exhibit 1, Affidavit of Nadine Chandler Wilburn at ¶ 3, attached hereto.

3. Plaintiff filed a charge of discrimination with the EEOC on February 3, 2006. First Complaint, at ¶ 13.

DATED: December 7, 2006　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　　EUGENE A. ADAMS
　　　　　　　　　　　　　　　　　　　Interim Attorney General

　　　　　　　　　　　　　　　　　　　GEORGE C. VALENTINE
　　　　　　　　　　　　　　　　　　　Deputy Attorney General
　　　　　　　　　　　　　　　　　　　Civil Litigation Division


　　　　　　　　　　　　　　　　　　　/s/ Nicole L. Lynch

NICOLE L. LYNCH [471953]
Chief, Section II
General Litigation Division


/s/ Toni Michelle Jackson
TONI MICHELLE JACKSON [453765]
Assistant Attorney General
441 4th Street, N.W.
6th Floor South
Washington, D.C. 20001
(202) 724-6602
(202) 727-3625 (fax)
toni.jackson@dc.gov

2

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 7th day of December, 2006, I electronically filed the foregoing DEFENDANT'S MOTION TO DISMISS THE SECOND AMENDED COMPLAINT, OR IN THE ALTERNATIVE, FOR SUMMARY JUDGMENT, the Memorandum of Points and Authorities in support of the Motion, the Statement of Undisputed Facts with attached Exhibits, and the proposed Orders with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to:

Timothy B. Fleming
Lori B. Kisch
Eric K. Bachman
WIGGINS, CHILDS, QUINN & PANTAZIS, PLLC
7 Dupont Circle, N.W., Suite 200
Washington, D.C. 20036

Gary T. Brown
GARY T. BROWN & ASSOCIATES, P.C.
320 Maryland Ave., N.E.
Suite 100
Washington, D.C. 20002


        /s/ Toni Michelle Jackson
        Assistant Attorney General
        441 4th Street, N.W.
        6th Floor South
        Washington, D.C. 20001

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA
CIVIL DIVISION**

| | |
|---|---|
| **GARRINA BYRD and ANNETTE BURNS,** ) | |
| ) | |
| Individually and on Behalf of all Similarly Situated Persons, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Civil Action No: 06-0522 (HHK) |
| ) | |
| **DISTRICT OF COLUMBIA,** ) | |
| ) | |
| Defendant. ) | |

## PROPOSED ORDER

Upon consideration of DEFENDANT'S MOTION TO DISMISS THE SECOND AMENDED COMPLAINT, OR IN THE ALTERNATIVE, FOR SUMMARY JUDGMENT, the Memorandum of Points and Authorities in support thereof, any opposition thereto, and the record herein, it is, by this Court this _____ day of _____, 200_;

ORDERED that the Defendant's Motion to Dismiss, shall be and the same is hereby **GRANTED**; and it is

FURTHER ORDERED that Plaintiff Annette Burns' Second Amended Complaint be **DISMISSED WITH PREJUDICE**.

_____
JUDGE HENRY H. KENNEDY, JR.
United States District Court

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA
CIVIL DIVISION**

| | |
|---|---|
| **GARRINA BYRD** and **ANNETTE BURNS,** Individually and on Behalf of all Similarly Situated Persons, Plaintiffs, v. **DISTRICT OF COLUMBIA,** Defendant. | Civil Action No: 06-0522 (HHK) |

## PROPOSED ORDER

Upon consideration of DEFENDANT'S MOTION TO DISMISS THE SECOND AMENDED COMPLAINT, OR IN THE ALTERNATIVE, FOR SUMMARY JUDGMENT, the Memorandum of Points and Authorities in support thereof, any opposition thereto, and the record herein, it is, by this Court this _____ day of _____, 200_;

ORDERED that the Defendant's Motion for Summary Judgment, shall be and the same is hereby **GRANTED**.

_____
JUDGE HENRY H. KENNEDY, JR.
United States District Court

2