UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| GARRINA BYRD and ANNETTE BURNS, <br><br> Individually and on Behalf of all Similarly Situated Persons, <br><br>          Plaintiff, <br><br>          v. <br><br> DISTRICT OF COLUMBIA, <br><br>          Defendant. <br>_____ | ) <br> ) <br> ) <br> ) <br> ) <br> )   Civil Action No. 06-0522 (HHK/AK) <br> ) <br> )   CLASS ACTION <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

**PLAINTIFFS' OPPOSITION TO DEFENDANT'S
MOTION TO DISMISS THE SECOND AMENDED COMPLAINT,
OR, IN THE ALTERNATIVE, FOR SUMMARY JUDGMENT**

Plaintiffs, through their undersigned counsel, hereby submit their Opposition to Defendant's Motion to Dismiss the Complaint or, in the Alternative, for Summary Judgment ("Motion to Dismiss"). For the reasons presented below, Defendant's Motion to Dismiss, or, in the Alternative, for Summary Judgment, should be denied.

**I.      BACKGROUND**

Plaintiffs, as well as a class of current and former female employees of the Defendant's Department of Parks and Recreation that Plaintiffs seek to represent, were subjected to severe sexual harassment and quid pro quo demands from management personnel. They seek injunctive and other appropriate relief to redress the sexual harassment, hostile work environment, and quid pro quo discrimination they suffered while employed by the District of Columbia. Plaintiffs filed their Second Amended Complaint on November 23, 2006. (hereinafter "Second Am.

Compl." [Dkt. No. 35.]) Defendant filed its Motion to Dismiss on December 7, 2006. [Dkt. No. 38.] No discovery has been conducted in this case.[1]

Defendant has moved for dismissal or judgment with regard to only some of the claims asserted by Plaintiff and putative Class Representative Annette Burns ("Burns"). Therefore, Plaintiffs will refer primarily to the claims presented by the putative Class Representative Burns. Burns' claims center on her allegations that she was sexually harassed on a routine basis by her manager, Darnell Thompson, while working for the Department of Parks and Recreation. The harassment included, but was not limited to, inappropriate physical touching, solicitation of sexual favors in exchange for employment benefits, and Thompson's sexual assault of Burns, which occurred at work when Burns was eight months pregnant. Second Am. Compl. ¶¶ 33, 37 [Dkt. No. 35]. Burns complained repeatedly about this extreme sexual harassment, to no avail. *Id.* ¶¶ 34, 38-44. Indeed, Burns and other employees who complained about Thompson's harassment were terminated or transferred as a result. *Id.* ¶¶ 49-52. Burns is aware of many other female employees who were subjected to similar treatment by Defendant, and, specifically, Thompson. *Id.* ¶¶ 34, 40-42, 46, 50-52.

Because Defendant moves to dismiss the claims *only* of Burns, and has not moved to dismiss or moved for summary judgment regarding the claims of Plaintiff and Putative Class Representative Garrina Byrd ("Byrd"), this Court should deny Defendant's motion to dismiss as to Byrd's claims.

Moreover, the District has not moved to dismiss Burns' 42 U.S.C. § 1983 claims (Counts Three and Ten of the Second Amended Complaint). Burns asserts a Section 1983 action on

---

[1] As such, Defendant's motion should be considered only as a motion to dismiss under Fed. R. Civ. P. 12(b)(6). The one untested declaration and the one-page Notification of Personnel Action (regarding Burns' termination) attached to Defendant's motion should not serve to convert the motion to dismiss to a summary judgment motion at this early stage in the litigation. Further, as noted *infra* Section II.C.1, discovery is necessary to decide the issues raised in Defendant's motion to dismiss. *See also* G. Brown Rule 56(f) Declaration, attached hereto as Ex. 1.

behalf of herself as an individual as well as on behalf of the putative class that she represents. *Id.* ¶¶ 1, 3, 85-89, 133-40. Claims asserted under 42 U.S.C. § 1983 do not require administrative exhaustion. *Jenkins v. Washington Convention Center*, 59 F. Supp. 2d 78, 84-85 (D.D.C. 1999) (citing *Real Estate Ass'n, Inc. v. McNary*, 454 U.S. 100, 104 (1981)). Therefore, the District's motion should be denied as to these claims.

With regard to Burns' other claims, the District's motion should be denied for the reasons stated below.

## II.    ARGUMENT

### A.    Legal Standard

"[T]he court may dismiss a complaint for failure to state a claim only if it is clear that no relief could be granted under *any set of facts* that could be proved consistent with the allegations." *Nwachukwu v. Karl,* 223 F. Supp. 2d 60, 69 (D.D.C. 2002) (emphasis added) (citing *Hishon v. King & Spalding,* 467 U.S. 69, 73 (1984)). "In deciding such a motion, the court must accept all the complaint's well-pled factual allegations as true and draw all reasonable inferences in the non-movant's favor." *Id.* (citation omitted). A claim should not be dismissed for failure to state a claim even if it appears on the face of the pleadings that the chance of "recovery is remote and unlikely." *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974).

### B.    The Notice Provision of § 12-309 Is Inapplicable to DCHRA Claims

The mandatory notice requirement in § 12-309 does not apply to employment discrimination actions brought under the DCHRA. Indeed, the D.C. Circuit has observed that when Congress enacted Section 12-309 in 1933, "there is no evidence that Congress envisioned itself to be acting as other than a local legislature protecting a municipality from the threat of excessive common law tort liability." *Brown v. United States*, 742 F.2d 1498, 1501-02 (D.C.

Cir. 1984) (*en banc*). Thus, the § 12-309 notice requirement applies only to "common law" type actions. *See District of Columbia v. Campbell*, 580 A.2d 1295, 1301-02 (D.C. 1990) (holding that the mandatory notice requirement of § 12-309 applies only to actions sounding in tort). The court in *Campbell* reasoned that the notice requirement applied only to tort actions because of "the District's greater need to receive notice in order to ascertain the facts in the tort context, where the District will often be unaware of any injury caused by a breach of its duty . . . ." *Id.* at 1302.

This view is confirmed in decisions by this Court. In *Bowie v. Gonzales*, 433 F. Supp. 2d 24, 33 (D.D.C. 2006), the district court granted summary judgment in favor of the District of Columbia with regard to the D.C. Whistleblower Protection Act because the plaintiff, who was an employee of the District of Columbia, had failed to provide § 12-309 notice.[2] However, the court denied summary judgment regarding the plaintiff's DCHRA claims. *Id.* at 33-34. The court held that it had jurisdiction over the plaintiff's DCHRA claims, and, in so doing, the court recognized that notice under § 12-309 is not required for a plaintiff to maintain claims brought under DCHRA, even where the employee is the District rather than a private company.

In addition, the administrative process set forth in the District of Columbia Human Rights Act serves the purposes of § 12-309 notice. For District employees, the process of filing an administrative EEO complaint is mandatory, similar to the mandatory federal EEO complaint process pursuant to Title VII. D.C. MUN. REGS. tit. 4.[3] Compliance with this process meets the

---

[2] Importantly, the court in *Bowie v. Gonzales* reached the result it did, applying § 12-309's mandatory notice requirement to the D.C. Whistleblower Protection Act claim, because express statutory language in the D.C. Whistleblower Protection Act states, "A civil action brought pursuant to this section shall comply with the notice requirements of § 12-309." D.C. CODE § 1-615.54(a). Thus, the Whistleblower Protection Act is an exception to the rule that the notice requirement applies only to tort-like actions. The DCHRA, by contrast, has no such provision requiring notice pursuant to § 12-309, even though the DCHRA also applies to the District of Columbia.

[3] The regulations detail the requirements for reporting discrimination, but does *not* provide notice to employees that each must also comply with the notice requirement of § 12-309.

purposes of § 12-309, *i.e.*, (1) the D.C. government is quickly notified of actions or inactions which may subject it to liability; and (2) D.C. gets an early opportunity to conciliate through the administrative process. Any attempt to impose an additional burden on victims of discrimination is inequitable, as well as inconsistent with binding caselaw.

Defendant cites an unpublished D.C. Superior Court case, *McFarlane v. New Leaders for New Schools*, Case No. 04-CA8506 (D.C. Super. Ct. Aug. 7, 2006), for the proposition that claims under the DCHRA are subject to § 12-309's mandatory notice requirement. Defendant fails to note that this case is of limited precedential value, given that it conflicts directly with established case law in a higher court, *i.e.,* the D.C. Court of Appeals' holding in *District of Columbia v. Campbell*, 580 A.2d 1295, 1301-02 (D.C. 1990). Notably, the court in *McFarlane* cites *Campbell* for another proposition, *i.e.,* that notice on anyone but the Mayor does not comply with the notice requirement, thus implicitly acknowledging *Campbell* as a binding precedent. Def.'s Mot. Dismiss, Ex. 2 at 13. However, the court paid no heed to the other critical holding in *Campbell* — that based on the "plain meaning of the language of § 12-309, it applies only to actions *sounding in tort*." *Campbell*, 580 A.2d at 1302 (emphasis added). In sum, *McFarlane* is inapt because it contradicts binding case law.

The District also cites *Descutner v. District of Columbia*, No. 04-CA-8506, at 14 (D.C. Super. Ct. Nov. 10, 2005), a non-binding D.C. Superior Court case, to say that "a claim under the Human Rights Act, like any other tort claim against the District of Columbia, must comply with the requirements of § 12-309." Def.'s Mem. at 5 & Ex. 3. However, *Descutner* fails to address the argument that an action pursuant to the DCHRA is not, in its entirety, an action for "unliquidated damages," discussed below, and, therefore, Plaintiffs respectfully submit that for this reason, *Descutner* was decided incorrectly.

Title VII and DCHRA are different from tort actions in many respects.  Title VII permits plaintiffs to request a host of equitable remedies, including injunctions from engaging in unlawful job practices or affirmative job relief such as reinstatement, hiring, and backpay.  *See* 42 U.S.C. §2000e–5(g)(1).  Likewise, DCHRA authorizes equitable relief in the form of temporary restraining orders, injunctions, or any other damages that are appropriate, (which would include equitable relief).  D.C. CODE §§ 2-1403.07, 2-1403.16.  Thus, Title VII or DCHRA action is not purely a "tort-like" action.  Supreme Court precedent establishes that at least regarding equitable relief, Title VII is not "tort-like."  *United States v. Burke*, 504 U.S. 229, 237-42 (1992) (Title VII claims are not tort-like and therefore Title VII awards are not excludable from gross income for federal income tax purposes); *see also Bowen v. Massachusetts*, 487 U.S. 879, 893 (1988) (distinguishing suits for money damages from an equitable actions for specific relief).

Indeed, Plaintiff Burns has sought declaratory judgment, reinstatement, backpay, affirmative job relief, a permanent injunction, and other injunctive relief to remedy Defendant's discrimination against women.  *See* Second Am. Compl. ¶¶ 141(d)-(k), 142(c)-(f) [Dkt. No. 35.].

In short, because § 12-309's mandatory notice requirement only applies to actions for "unliquidated damages," a Title VII or DCHRA action for equitable relief is not a suit that is subject to the notice requirement.  *See* D.C. CODE § 12-309.  Therefore, insofar as Burns seeks equitable relief, her DCHRA claim should not be dismissed for failure to provide § 12-309 notice.

A search of the published caselaw reveals that no court, other than the incorrectly decided and unpublished superior court decisions in *McFarlane* and *Descutner*, has ever dismissed a DCHRA claim for failure to provide notice pursuant to § 12-309.  The only published decision,

aside from *McFarlane,* faced with the issue of whether the § 12-309 notice requirement applies to the DCHRA declined to address the issue because it decided the case on other grounds. *See Armstrong v. District of Columbia Public Library*, 154 F. Supp. 2d 67, 74 n.7 (D.D.C. 2001). Therefore, this Court should not dismiss Plaintiff's DCHRA claim for failure to comply with § 12-309's notice requirement, because such notice is not required.[4]

**C.    Burns' Title VII Claims Are Timely**

The District argues that it is entitled to dismissal of Burns' Title VII claims because she failed to file a timely charge of discrimination. Def.'s Mem. at 7. Defendant's Motion to Dismiss regarding the timeliness of Burns' Title VII charge should be denied for two reasons. First, discovery is necessary to determine whether Burns' EEOC charge was timely. Plaintiff asserts that the EEOC deadline in her case may be subject to waiver, estoppel, or equitable tolling due to, *inter alia*, Defendant's failure to respond to her numerous complaints of discrimination. Second, even assuming Burns' EEOC charge is untimely, she may rely upon Plaintiff Garrina Byrd's timely filed EEOC charge through the single filing rule.

**1.    *Discovery is necessary to demonstrate that Burns' EEOC charge should be considered timely under waiver, estoppel and/or equitable tolling theories***

"Filing a timely charge of discrimination with the EEOC is not a jurisdictional prerequisite to suit in federal court, but a requirement that, like a statute of limitations, is subject to waiver, estoppel, and equitable tolling." *Zipes v. Trans World Airlines, Inc.,* 455 US. 385, 393 (1982). Here, Plaintiff asserts that waiver, estoppel, and/or equitable tolling should apply to her case based on the District of Columbia's conduct regarding her attempts to file complaints with

---

[4] Defendant did not move to dismiss Burns' DCHRA claims for failure to file a timely charge of discrimination and it should not be permitted to do so in its reply brief.

Defendant and its subsequent investigation, or lack thereof. *See* Second Am. Compl. ¶¶ 53-55 [Dkt. No. 35].

As the D.C. Circuit has expressed, district courts are required to undertake a "specific inquiry into and findings on the existence or non-existence of such [equitable] considerations" before summarily dismissing discrimination claims. *Saltz v. Lehman*, 672 F.2d 207, 209 (D.C. Cir. 1982).

Importantly, no discovery has been conducted in the case at bar. Discovery regarding the applicability of equitable tolling to EEOC charge deadlines should be permitted so that the Court may decide this issue only after the development of the factual record. *See Campbell v. Nat'l R.R. Passenger Corp.,* 163 F. Supp. 2d 19, 26 (D.D.C. 2001). Burns asserts that she complained about the extreme sexual harassment to, among other people, Neil Albert, the Director of the Department of Parks and Recreation. Plaintiffs believe discovery will show that, as Director, Albert had the responsibility to promptly investigate the complaint, impose any necessary discipline, assist Burns (a relatively inexperienced welfare-to-work hire) with processing her complaint, and inform her of the results of any investigation. Plaintiffs allege that Defendant failed in these responsibilities.

Discovery which Plaintiffs assert is necessary to decide the timeliness issues related to Burns' EEOC charge includes, but is not limited to, evidence regarding (1) Defendant's policies, practices, and procedures regarding complaints of employment discrimination, including the role and responsibility of Neil Albert, Director of the Department of Parks and Recreation (to whom Burns complained), in implementing these procedures, (2) the policies, practices, and procedures, if any, governing the investigation that is supposed to occur after a complaint is received, including but not limited to the policies outlined in DCMA 4 Chapter 1, § 104.1(a)-(b),

(3) the numerous complaints made by Burns including, but not limited to, complaints she made to supervisor James Boone (Second Am. Compl. ¶ 34 [Dkt. No. 35]), and Albert (*id.* ¶ 40-41); (4) the numerous complaints of sexual harassment related to Thompson which were made by at least 3 to 6 other female employees (*id.* ¶ 51); (5) what investigation, if any, occurred in response to Burns' and the other female employees' complaints, (6) when, if ever, Defendant notified Burns of the results of its investigation, (7) whether Defendant informed employees about or otherwise posted information regarding sexual harassment and an employee's right to complain and/or file a charge of discrimination; (8) any representations Defendant or its agent, employee, and/or representatives made to Plaintiff regarding the status of her complaints; and (9) whether Plaintiff Burns and the class members, many of whom were hired through "welfare-to-work" programs, had any knowledge regarding sexual harassment and/or the EEO process for District of Columbia employees. *See also*, Ex. 1 (G. Brown Rule 56(f) Declaration).

The D.C. Circuit has held that evidence of the nature Plaintiffs seek through discovery here (*i.e.*, that Defendant misled Burns regarding the status of her complaint and/or was grossly negligent in processing her repeated complaints of discrimination), is sufficient to withstand a motion for summary judgment under the equitable estoppel theory. *See Currier v. Radio Free Europe*, 159 F. 3d 1363, 1367-68 (D.C. Cir. 1999) (holding that an employer's alleged statement to an employee, "Mr. Gillette said that Mr. Morgan was my boss and would always be my boss," was sufficient to survive summary judgment under equitable estoppel because the statement may constitute a misleading statement that a complaint would be resolved in the employee's favor).

Consistent with *Campbell* and *Currier,* at this early stage in the litigation, before any discovery has been conducted, much less completed, it would be inappropriate to dismiss Burns' claims. The facts pled in the Second Amended Complaint will state a viable claim of waiver,

estoppel, or equitable tolling as it relates to her EEOC charge, and Defendant's motion should therefore be denied. *See Nwachukwu,* 223 F. Supp. 2d at 69 ("the court may dismiss a complaint for failure to state a claim only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations") (citation omitted).

    2.    *The Single Filing Rule Allows Burns To Rely Upon Garrina Byrd's Timely Filed EEOC Charge*

Garrina Byrd, co-Plaintiff in this action, filed a timely EEOC charge in which she alleges that she was regularly sexually harassed by Darnell Thompson while she worked for the Department of Parks and Recreation – the same manager who allegedly harassed Burns. Therefore, even assuming, *arguendo*, the Court determines that Burns' EEOC charge is untimely, Burns may rely upon Byrd's EEOC charge under the "single-filing rule."

"The single file rule allows an individual plaintiff, who has not filed an EEOC charge, to satisfy the administrative exhaustion requirements under Title VII by relying on a charge filed by another plaintiff." *Campbell*, 163 F. Supp. 2d at 25 (citing *DeMedina v. Reinhardt,* 686 F.2d 997, 1013 (D.C. Cir. 1982); *Foster v. Gueory,* 655 F.2d 1319, 1321-22 (D.C. Cir. 1981); *EEOC v. Air Line Pilots Assoc.*, 885 F. Supp. 289 (D.D.C. 1995)). The single filing rule was established because "[t]he 'principal functions of the EEOC filing requirement' are to enable 'the EEOC to provide the alleged wrongdoer with notice and to permit possible conciliation.'" *Medina*, 686 F.2d at 1013 (citation omitted); *see also Howlett v. Holiday Inns, Inc.*, 49 F.3d 189, 196 (6th Cir. 1995) ("[A] charge will be adequate to support piggybacking under the single filing rule if it contains sufficient information to notify prospective defendants of their potential liability and permit the EEOC to attempt informal conciliation of the claims before a lawsuit is filed").

The scope of claims covered in a judicial complaint is not limited to the face of an EEOC Charge, but, rather, encompasses the entire scope of the EEOC investigation which can reasonably be expected to grow out of the charge of discrimination. *Sanchez v. Standard Brands, Inc.*, 431 F.2d 455, 466 (5th Cir. 1970); *see also President v. Vance*, 627 F.2d 353, 362 n.65 (D.C. Cir. 1980) (citing *Sanchez*, 431 F.2d at 466, with approval).

Under *Sanchez*, the scope of claims covered in a judicial complaint may encompass the entire scope of the EEOC investigation which can reasonably expected to grow out of the charge of discrimination. 431 F.2d at 466. The logic of this rule is inherent in the statutory scheme of Title VII. A charge of discrimination is not filed as a precursor to a lawsuit. On the contrary, the purpose of a charge of discrimination is to trigger the investigatory and conciliatory procedures of the EEOC. *Id.* Thus, the subsequent civil action is much more intimately related to the EEOC investigation than to the words of the charge which originally triggered the investigation. *Id.*

Where a "substantially related" claim "arises out of the same time frame as the timely filed claim, the complainant need not satisfy Title VII's filing requirement to recover." *E.E.O.C. v. Wilson Metal Casket Co.*, 24 F.3d 836, 839-40 (6th Cir. 1994). The claims of the filing plaintiff and non-filing plaintiffs need not be identical, but merely related:

> [T]he test for application of the single-filing rule is not whether the claims are identical but whether the EEOC complaints are similar enough such that the policies behind Title VII are not contravened by excusing the filings. . . . A Title VII complaint may include any 'discrimination like or reasonably related to the allegations of the EEOC charge and growing out of such allegations.'

*Zuckerstein v. Argonne National Laboratory*, 663 F. Supp. 569, 574-75 (N.D. Ill. 1987) (citations omitted); *see also Howlett*, 49 F.3d at 195-96.

The single filing rule applies to Burns' Title VII claims because her discrimination claims are very similar to the discrimination alleged in Byrd's EEOC charge. In the context of the

−11−

single-filing rule, the D.C. Circuit has held that where two plaintiffs "allege that they were similarly situated and received the same discriminatory treatment, the purposes of the exhaustion requirement are adequately served if one plaintiff has filed an EEOC complaint." *Medina*, 686 F.2d at 1013. The *Medina* court found that where two plaintiffs were GS-11 Agency employees, they were "virtually identical" because each claimed intentional sex discrimination related to promotions as well as equal pay claims. *Id.* Likewise, in the case at bar, Plaintiffs Burns and Byrd are similarly situated for purposes of the single filing rule as their respective allegations demonstrate. Both plaintiffs worked as hourly employees for the Department of Parks and Recreation, both assert claims of intentional sex discrimination, and, importantly, these claims are directly related to harassment by the same manager, Darnell Thompson. Both Byrd and Burns allege that the discrimination occurred regularly and that their complaints about the harassment were not adequately addressed.

      Further, under the single filing rule, the discriminatory conduct must have occurred within the same time frame. Assuming, as Defendant did in its motion to dismiss, that Burns' last day of work was January 19, 2004, her claims accrued less than one-and-a-half years before Byrd's EEOC charge was filed in April 2005. Federal courts of appeal have held that claims accruing farther apart in time than the time period at issue here can be proceed under the single-filing rule. For example, in *Wilson Metal Casket Co.*, 24 F.3d at 840, the court rejected a narrow definition of "similar discriminatory treatment in the *same time frame*," for purposes of the single-filing rule. In *Wilson Metal Casket,* one plaintiff, Ellis, was harassed in 1982 and 1984 and was eventually terminated in 1984. *Id.* at 839. Ellis then filed an EEOC charge in 1984. *Id.* A second plaintiff, McMullan, did not begin working for the company until 1987. *Id.* She too was harassed and terminated, both of which occurred in 1987. *Id.* McMullan, however, did not

file an EEOC charge. *Id.* Thus, McMullan did not even begin her employment with the company until *three years after* Ellis' EEOC charge, upon which she eventually sought to piggyback, was filed. The defendant argued that McMullan's claims must be dismissed because she did not file an EEOC charge and because her claim did not arise during the same time frame as Ellis' claim. *Id.* Nevertheless, the court rejected defendant's argument holding that McMullan could piggyback onto the EEOC charge, even though a three-year period elapsed between McMullan's claim and the filing of Ellis' EEOC charge. *See also Snell v. Suffolk Co.*, 782 F.2d 1094, 1101 (2nd Cir. 1986) (applying the single-filing rule and holding that additional EEOC charges would be "wholly fruitless" where discrimination of a similar nature occurred during a three-year period).

Here, it must be inferred that Burns' claims accrued with one-and-a-half years of the filing of Byrd's EEOC charge. Thus, like *Medina,* Plaintiff Burns and Byrd are similarly situated for purposes of the single filing rule and Defendant's Motion to Dismiss should be denied.[5]

---

[5] Defendant may argue that Burns' claims are not subject to the single filing rule. In *Campbell,* the court determined that the single filing rule is inapplicable where a plaintiff files an EEOC charge but does not file a lawsuit within 90 days of receipt of the right to sue notice. *See Campbell,* 163 F. Supp. 2d at 22 (referencing claims of plaintiffs who previously filed a charge "but failed to sue"); *id.* at 26 (discussing the single filing rule in the context of "the statute of limitations in her right to sue letter"). Plaintiff respectfully submits that *Campbell* was decided incorrectly and that the cases cited above, particularly *Wilson Metal Casket Co.* and *Howlett*, are more applicable to the case at bar. Further, based on Plaintiff's counsel's research, it does not appear that the D.C. Circuit Court of Appeals has addressed the issue of whether a plaintiff who has filed her own EEOC charge may rely upon the single filing rule.

Nonetheless, *Campbell* supports Plaintiff Burns' ability to use the single filing rule in this case for two reasons. First, unlike the *Campbell* plaintiffs, Burns did file her lawsuit within 90 days of receipt of her right to sue notice. *See* Ex. 2, Burns Right to Sue Notice; Ex. 3, Burns Compl. (showing date filed as June 29, 2006). Second – and more importantly – the holding in *Campbell* expressly states that the single filing rule *does* apply to plaintiff's claims which were not covered by a timely EEOC charge. *Campbell,* 163 F. Supp. 2d at 26 n.6 (the single filing rule may be applied to "conduct that has not been the subject of a *now stale* EEOC charge") (emphasis added). The use of the term "now stale" demonstrates that the court was referring to an EEOC charge which was filed timely but became "stale" when no case was filed in court within 90 days after the receipt of the right to sue notice. Here, if the Court determines that equitable principles should not toll Burns' EEOC deadline, then Burns never had a timely filed EEOC charge. If so, then the discrimination claims at issue in Burns' lawsuit have not been subject to a timely filed EEOC charge. Indeed, the EEOC dismissed Burns' charge because her "charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge." Ex. 2.

## III.    CONCLUSION

For the foregoing reasons, Defendant's motion to dismiss should be denied in its entirety.

Respectfully submitted this 20th day of December, 2006.

 s/ Eric K. Bachman
Timothy B. Fleming (DC Bar No. 351114)
Lori B. Kisch (DC Bar No. 491282)
Eric K. Bachman (DC Bar No. 481993)
**Wiggins, Childs, Quinn & Pantazis, PLLC**
7 Dupont Circle, N.W., Suite 200
Washington, D.C. 20036
(202) 467-4123
(202) 467-4489 (facsimile)

Gary T. Brown, D.C. Bar # 246314
**GARY T. BROWN & ASSOCIATES, P.C**.
320 Maryland Avenue, N.E.
Suite 100
Washington, D.C. 20002
(202) 393-4900

***ATTORNEYS FOR PLAINTIFF***

---

Thus, under *Campbell*, Burns' claims should be subject to the single filing rule.

–15–

**CERTIFICATE OF SERVICE**

     I hereby certify that on this 20th day of December, 2006, a copy of the foregoing was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt.

                        By:   s/ Eric K. Bachman    .
                               *Attorney for Plaintiff*