UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| GARRINA BYRD and ANNETTE BURNS, <br><br> Individually and on Behalf of all Similarly Situated Persons, <br><br> Plaintiff, <br><br> v. <br><br> DISTRICT OF COLUMBIA, <br><br> Defendant. | Civil Action No. 06-0522 (HHK/AK) <br><br> CLASS ACTION |

# EXHIBIT 1

### TO PLAINTIFFS' OPPOSITION TO DEFENDANT'S MOTION TO DISMISS THE SECOND AMENDED COMPLAINT, OR, IN THE ALTERNATIVE, FOR SUMMARY JUDGMENT

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ANNETTE BURNS, | * |
| Plaintiff, | * |
| v. | *   C.A. No. 06-1198 (RBW) |
| DISTRICT OF COLUMBIA, | * |
| Defendant. | * |

### FED. R. CIV. P. 56(f) DECLARATION OF GARY T. BROWN

1. I am submitting this Declaration pursuant to Fed. R. Civ. P. 56(f) in support of Plaintiffs' contentions that Defendant's Alternative Motion for Summary Judgment (Def. Motion) should be dismissed or stayed pending discovery.

2. In this case, Defendant filed the instant motion before any discovery has been conducted in this Court. Further, Defendant's EEO office responsible for investigating the claims of complainants did not comply with its responsibility.

3. The Defendant belatedly engaged an investigator, but this process was not begun until years after Burns', and other female employees', complaints about the sexual harassment. The investigator's report was obtained by Plaintiffs' counsel through a Freedom of Information Act request. Although it supports the allegations of Ms. Burns and other putative class members, the report leaves many questions unanswered. Plaintiffs would seek to depose the investigator, Ms. Carolyn Lerner, regarding her findings.

4. Discovery which Plaintiffs assert is necessary to decide the timeliness issues related to Burns' discrimination claims includes, but is not limited to, evidence regarding (a)

Defendant's policies, practices, and procedures regarding complaints of employment discrimination, including the role and responsibility of Neil Albert, Director of the Department of Parks and Recreation, (to whom Burns complained) in implementing these procedures; (b) the policies, practices, and procedures, if any, governing the investigation that is supposed to occur after a complaint is received, including but not limited to DCMA 4 Chapter 1, § 104.1(a)-(b); (c) the numerous complaints made by Burns including, but not limited to, complaints she made to supervisor James Boone (Compl. ¶12(b)), and the Director of the Department of Parks and Recreation, Neil Albert (Compl. ¶12(e)); (d) the numerous complaints of sexual harassment related to Thompson which were made by at least 3 to 6 other female employees (Compl. ¶12(i)); (e) what investigation, if any, occurred in response to Burns' and the other female employees' complaints; (f) when, if ever, Defendant notified Plaintiff of the results of its investigation; (g) whether Defendant informed employees about or otherwise posted information regarding sexual harassment and an employee's right to complain and/or file a charge of discrimination; (h) any representations Defendant or its agent, employee, and/or representatives made to Plaintiff regarding the status of her complaints; and (i) whether Plaintiff Burns and the class members, many of whom were hired through "welfare-to-work" programs, had any knowledge regarding sexual harassment and/or the EEO process for District of Columbia employees.

5. In order to prove Plaintiff's claim that Defendant misled her when Ms. Burns raised her complaints of sexual harassment by not explaining the process to her, depositions of Plaintiff's former supervisors are necessary. In particular, Plaintiff seeks to depose Darnell Thompson, Joyce Roberts and Julie Banks relating to their supervision of

Plaintiff as well as incidents of harassment while Burns worked for Defendant. Plaintiff would also seek to discover whether these, or any other, individuals made statement or representations to Plaintiff regarding the status of their investigation and/or her complaints.

6. In addition, Plaintiff would seek to depose Neil Stanley and Neil Albert, both of whom were former directors of the Department of Parks & Recreation. Each had responsibility to "educate" their employees as to the steps necessary to initiate the EEO process and each knew of Ms. Burns' complaint. Discovery would reveal if any information on the process were available and provided to Plaintiffs. Both Stanley and Alberts received complaints from women other than Plaintiff of sexual harassment by Mr. Thompson, yet the harasser was allowed to continue his unlawful behavior. Plaintiff would also seek to discover whether these, or any other, individuals made statement or representations to Plaintiff regarding the status of their investigation and/or her complaints.

7. Plaintiff would seek to depose Shawniqua Ottley, Director of Human Resources for the Department of Parks & Recreation, who was also involved in earlier complaints against Mr. Thompson and may have important evidence regarding Defendant's failure to investigate Ms. Byrd's EEO complaint. Plaintiff would also seek to discover whether these, or any other, individuals made statement or representations to Plaintiff regarding the status of their investigation and/or her complaints.

8. Also, Plaintiff would seek to obtain statements from Plaintiff's former co-workers, who witnessed harassment of Ms. Burns and/or other discriminatory conduct by Mr. Thompson. Some of these witnesses may require depositions.

9. Plaintiff would seek to depose Deborah Jackson, union representative, regarding efforts to get union assistance in dealing with harassment by Mr. Thompson against female employees of the Department of Parks & Recreation from her supervisors and co-workers. Plaintiff would also seek copies of any union grievances relating to harassment by Darnell Thompson.

10. Plaintiff would seek in written discovery EEO reports for the years 2000-2005 as well as data regarding the number, positions and performance evaluations of female employees working in the Department of Parks and Recreation under Darnell Thompson.

11. Plaintiff would further seek any EEO complaints by other Department of Parks & Recreation employees lodged against Darnell Thompson.

12. The deposition testimony of the witnesses will also inevitably lead to new information that will need to be obtained in order to be able to fully and successfully prosecute this matter.

13. As a result, there are a myriad of material facts that have not been obtained and would be necessary to adequately and fully respond to Defendant's Motion.

14. All of the foregoing information is both material and discoverable, but has not yet been produced. Accordingly, Defendant's summary judgment motion should be dismissed or stayed pending an opportunity to engage in discovery.

FURTHER DECLARANT SAYETH NOT

I swear under penalty of perjury that the foregoing is true and correct to the best of my knowledge.

10/11/06
/Date/

Gary T. Brown

4