IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **GARRINA BYRD and** </br> **ANNETTE BURNS,** </br> </br> Individually and on Behalf of all </br> Similarly Situated Persons, </br> </br> Plaintiffs, </br> </br> v. </br> </br> **DISTRICT OF COLUMBIA,** </br> </br> Defendant. | ) </br> ) </br> ) </br> ) </br> ) </br> ) </br> ) </br> ) </br> ) Civil Action No: 06-0522 (HHK/AK) </br> ) </br> ) </br> ) </br> ) </br> ) </br> ) |

**DEFENDANT DISTRICT OF COLUMBIA'S REPLY BRIEF
IN SUPPORT OF ITS MOTION TO DISMISS THE COMPLAINT,
OR IN THE ALTERNATIVE, FOR SUMMARY JUDGMENT**

For the reasons detailed in its Motion to Dismiss and elaborated in the following reply brief, Defendant District of Columbia ("District"), by and through undersigned counsel, respectfully moves the Court to dismiss plaintiff's Complaint for failure to state a claim upon which relief can be granted, pursuant to Fed. R. Civ. P. 12(b)(6). In the alternative, the District respectfully requests that this Court enter an Order granting it summary judgment pursuant to Fed. R. Civ. P. 56.

**I.   BACKGROUND**

For purposes of the District's Motion to Dismiss, or in the Alternative for Summary Judgment, the following facts are undisputed:

- Plaintiff Burns was terminated from her position with the District of Columbia Department of Parks and Recreation on January 19, 2004. Motion to Dismiss, Exh. 4. *But see* First Complaint, at ¶¶ 9 and 12(h) ("Plaintiff Annette Burns was employed by Defendant District of Columbia from 2000 to December, 2003." and "Ms. Burns was transferred from her position and work site and ultimately was terminated from her position in January 2003.").

- Plaintiff Burns waited until February 3, 2006—746 days after her alleged injury—to file a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC").  First Complaint, at ¶ 13.

- Plaintiff's claims were dismissed by the EEOC because her charge was not timely filed.  Plaintiff's Opposition, at Exhibit 2.

- To date, the Mayor of the District of Columbia has not received notification from plaintiff Burns indicating her intent to sue the District under the D.C. Human Rights Act, D.C. CODE § 2-1401.01 et seq. Exhibit 1, Affidavit of Nadine Chandler Wilburn, at ¶ 3.

- Plaintiff Burns alleges claims against the District under both the District of Columbia Human Rights Act ("DCHRA"), D.C. Code § 2-1401 et seq., and Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e et seq.[1]

## II. ARGUMENT

Despite Plaintiff's[2] argument to the contrary, plaintiff's claims under both the D.C. Human Rights Act and under Title VII are time-barred because she failed to meet the mandatory requirements under those statutes.  Accordingly, plaintiff's case against the District should be dismissed in its entirety.

For the reasons set forth more fully below, this Court has the authority and discretion to dismiss plaintiff Burns' case against the District, and the case of the class she purportedly represents.

---

[1] Plaintiff also alleges that her claims are entitled to class certification.  The Court need not reach a determination on class certification at this time, and such determination will be moot, as to plaintiff Burns, if the Court grants this Motion.  This Motion does not address class certification.  The District respectfully reserves the right to address class certification once a Motion to Certify the Class has been filed.

[2] For clarity, this brief will refer to Plaintiff Burns and the class she purportedly represents in the singular.

> **A.** <u>The Mandatory Notice Requirement of D.C. Code § 12-309 Applies to Claims Made Pursuant to the DCHRA, and Plaintiff Failed to Comply With That Requirement.</u>

The District is entitled to either a dismissal of plaintiff's state law claims under the DCHRA, or an Order granting it summary judgment on those claims because Plaintiff has failed to satisfy the mandatory notice requirement of D.C. Code § 12-309.

At least two Superior Court Judges, interpreting D.C. law, have held that § 12-309 does in fact apply to claims brought under the DCHRA. *See McFarlane v. New Leaders For New Sch.*, No. 04-CA-8506, at 14 (D.C. Super. Ct. Nov. 10, 2005); *Descutner v. District of Columbia*, No. 04-CA-7214, at 5 (D.C. Super. Ct. Mar. 1, 2005) (attached hereto as Exhibits 2 and 3, respectively.).

Because this Court is exercising supplemental jurisdiction over plaintiff Burns' claims under the DCHRA, the Court is bound by the D.C. Court of Appeal's interpretation of District law in determining whether the notice requirement of D.C. Code § 12-309 is applicable to claims brought under the DCHRA. *See Diamond Triumph Auto Glass, Inc. v. Safelite Glass Corp.*, 441 F. Supp. 2d 695, 704 (D. Pa. 2006) (noting that state law applies to claims considered pursuant to supplemental jurisdiction). While the D.C. Court of Appeals has not ruled on this specific question, it is logical to conclude from the court's analysis of D.C. Code § 12-309, and its applicability to other similar provisions, that the notice requirement of § 12-309 applies to claims brought under the DCHRA.

After reviewing the legislative history of D.C. Code § 12-309, the D.C. Court of Appeals has confirmed the broad purpose of the statute—to provide prompt notice to the District of possible claims against it for unliquidated damages. *Breen v. District of Columbia,* 400 A.2d 1058, 1060 (D.C. 1979). While § 12-309 was originally enacted to

3

protect the District from actions based on "'accidents' causing personal injury," the D.C. Court of Appeals has recognized that "[t]he statute was directed . . . at the broader problems of notice, prompt investigation, and proof, not to the nature of the claims." *Breen*, 400 A.2d at 1060.

Accordingly, the D.C. Court of Appeals has relied on the broad language of the statute and its underlying purpose to expand its application to intentional torts and statutory causes of action. *See, e.g.*, *Breen*, 400 A.2d at 1061; accord *District of Columbia v. Dunmore*, 662 A.2d 1356, 1358 (D.C. 1995); *see also Doe v. District of Columbia*, 697 A.2d 23, 25 (D.C. 1997) (applying the notice requirement to claims under the District of Columbia Prevention of Child Abuse Act of 1977).

Unsupported by any controlling authority, plaintiff mistakenly claims that § 12-309 is inapplicable to claims under the DCHRA. Section 12-309 "imposes a notice requirement on *everyone* with a tort claim against the District of Columbia." *Dunmore*, 662 A.2d at 1358 (emphasis added). An action under the DCHRA is an action in tort, even though it is brought under a statutory provision rather than the common law. *See Descutner*, No. 04-CA-7214, at 5 ("Plaintiff's argument fails because a claim under the Human Rights Act, like any other tort claim against the District of Columbia, must comply with the requirements of § 12-309.").

Moreover, the plain language of the DCHRA supports a finding that it is subject to the notice requirement of § 12-309. Section 12-309 requires timely notice to the District before a claimant can file suit for "unliquidated damages to person or property." D.C. CODE § 12-309 (2001).

4

The DCHRA provides in pertinent part: "[a]ny person claiming to be aggrieved by an unlawful discriminatory practice shall have a cause of action in any court of competent jurisdiction for damages and such other remedies as may be appropriate …." D.C. CODE § 2-1403.16 (2001). A person aggrieved by unlawful discrimination suffers damages to her person caused by another person. Such damages are analogous to damages from intentional torts, such as libel, where a claimant is harmed by the words of another. The D.C. Court of Appeals has unequivocally held that claims of intentional torts brought against the District are subject to the notice requirement of § 12-309. *See, e.g., Breen*, 400 A.2d at 1061. Based on the same logic, § 12-309 must extend to claims under the DCHRA.

Plaintiff's reliance on *District of Columbia v. Campbell*, 580 A.2d 1295, 1301-02 (D.C. 1990) is inapposite. It appears that plaintiff is attempting to make a distinction between the applicability of § 12-309 to common law torts versus statutory causes of action by relying on *Campbell*, 580 A.2d at 1301-02. Pl. Opp., at 4. But, as noted above, the D.C. Court of Appeals has expressly recognized the applicability of § 12-309's mandatory notice requirement to causes of action under statutory provisions such as the District of Columbia Prevention of Child Abuse Act of 1977. *See Doe*, 697 A.2d at 25.

Moreover, *Campbell* does not support Plaintiff's argument. In the sections of *Campbell* that Plaintiff cites in an attempt to make this distinction between actions in tort and actions under the DCHRA, the court is in fact making a distinction between tort claims and contract claims, rather than common law torts and statutory torts.

5

In holding that Campbell's failure to comply with the notice requirement of § 12-309 did not bar his contract claim against the District, the court held that § 12-309 is applicable where the District is unaware of either its breach of duty or the injury caused by the alleged breach, or both. *Id.* at 1299, 1302. The court reasoned that for contract claims, the District, "almost by definition . . . is on notice that any breach will result in an injury, making the notice requirement inapplicable. *Id.* at 1302. Because claims under the DCHRA are claims sounding in tort, rather than in contract, the District has no such notice. Therefore, *Campbell* supports the District's position that plaintiff's claims under the DCHRA are subject to the notice requirement of § 12-309.

Nonetheless, plaintiff urges the Court to ignore the D.C. court's interpretation of its own law in *McFarlane*, No. 04-CA-8506, at 14 and in *Descutner*, No. 04-CA-7214, at 5, arguing that *McFarlane* (and presumably *Descutner*) "conflicts directly with established case law" from the D.C. Court of Appeals in *Campbell*, 580 A.2d at 1301-02. As detailed above, neither *McFarlane* nor *Descutner* conflicts with the D.C. Court of Appeal's holding in *Campbell*. In fact, they are consistent with the court's holding that actions sounding in tort are subject to the notice requirements of § 12-309. *See McFarlane*, No. 04-CA-8506, at 13-14 (relying on *Campbell* to reject the plaintiff's substantial compliance argument and ultimately holding that claims under the DCHRA are claims for damages that are subject to the notice requirement of § 12-309); *Descutner*, No. 04-CA-7214, at 5 (noting that claims under the DCHRA are "like any other tort claim against the District" and must comply with the notice requirements of § 12-309).

6

Plaintiff also argues that the D.C. Whistleblower Protection Act contains a specific reference to § 12-309, making it an "exception to the rule that the notice requirement applies only to tort-like actions." Pl. Opp., at p. 4, n.2. Plaintiff reasons that the absence of such an express provision in the DCHRA, proves that § 12-309 is inapplicable to claims under the DCHRA. Contrary to this argument, this discrepancy only shows the legislature's recognition that the universal application of § 12-309 to all claims against the District also extends to employment claims against the District.

The Whistleblower Protection Act specifically references § 12-309 presumably because the Whistleblower Protection Act provides a cause of action only against the District. Since the DCHRA provides a cause of action against both private entities as well as the District, it would be unnecessary and inappropriate to reference § 12-309 in the DCHRA. Furthermore, as noted above, the D.C. Court of Appeals has held that § 12-309 is applicable to a cause of action based on a statute, even where the statute does not expressly incorporate the notice requirement. *Doe*, 697 A.2d at 25.

Further, "[i]t is well-established that a plaintiff with unliquidated statutory claims against the District must satisfy § 12-309, even if the particular statute under which the claim is brought does not specifically require it." *McFarlane*, No. 04-CA-8506, at 14; *Doe*, 697 A.2d at 25 (holding that § 12-309 applies to claims under the D.C. Prevention of Child Abuse and Neglect Action, which does not have an express provision regarding the applicability of § 12-309).

Plaintiff offers no authority, whether in the form of statutory language or legislative history, to even suggest that the legislature, through enactment of the

DCHRA, somehow intended to repeal the general application of § 12-309 to "everyone with a tort claim against the District of Columbia." *Dunmore*, 662 A.2d at 1358.

Finally, plaintiff argues that the administrative process set forth in the DCHRA "serves the purposes of §12-309 notice," and therefore excuses any notice requirement. *See* Pl. Opp., at p. 4. This interpretation of D.C. law is also inaccurate. It is well-settled that compliance with the notice requirement of § 12-309 is "a mandatory prerequisite to filing a lawsuit against the District." *McRae v. Olive*, 368 F. Supp. 2d 91, 95 (D.D.C. 2005); *see also Dunmore*, 662 A.2d at 1359.

To protect the purpose of § 12-309, the D.C. Court of Appeals has construed the statute narrowly against claimants. *See, e.g., Chidel v. Hubbard*, 840 A.2d 689, 695 (D.C. 2004); *Gross v. District of Columbia*, 734 A.2d 1077, 1081 (D.C. 1999); *Dunmore*, 662 A.2d at 1359. Accordingly, the D.C. Court of Appeals has rejected "substantial compliance" arguments, even where, unlike the present action, the District had actual notice of the claims being brought against it. *See Chidel*, 840 A.2d at 695.

Because plaintiff's DCHRA claims are subject to the mandatory notice requirement of § 12-309, and because it is undisputed that plaintiff did not comply with the requirements of § 12-309, the District is entitled to either a dismissal of plaintiff's state law claims under the DCHRA or an Order granting it summary judgment on those claims.

> **B.** <u>Plaintiff's Title VII Claims Should be Dismissed Because She Failed to Timely File Her Charge of Discrimination with the Equal Employment Opportunity Commission as Required under 42 U.S.C. § 2000e-5(e)(1).</u>

It is undisputed that plaintiff Burns filed her EEOC charge at least 746 days after the last possible day for the District's alleged violation under Title VII. In fact, plaintiff's claims were dismissed by the EEOC because her charge was not timely filed. Pl. Opp.,

8

at Exh. 2. It is also undisputed that under Title VII, a claimant must file a charge alleging violations of the Act within 180 days or 300 days after the alleged unlawful employment practice, depending on whether the claimant also filed a complaint with a state or local agency. 42 U.S.C. § 2000e-5(e)(1). Finally, it is undisputed that 746 days is well outside either of the filing deadlines.

Plaintiff presents two arguments asserting that, despite plaintiff Burns' clear violation of the filing deadlines required by the statute, the Court should stay the proceedings or deny the District's Motion to Dismiss plaintiff Burns' Title VII claims. Specifically, plaintiff argues: (1) plaintiff Burns' claims were timely because the EEOC filing deadline is subject to waiver, estoppel, or equitable tolling; and (2) even assuming plaintiff Burns' claims were untimely, she may rely on the timely-filed EEOC charge of plaintiff Byrd. For the reasons detailed below, the Court should reject each of these arguments and grant the District's Motion to Dismiss plaintiff Burns' Title VII claims.

    1. <u>Plaintiff Burns' EEOC charge is not subject to waiver, estoppel, or equitable tolling.</u>

Despite plaintiff Burns' argument to the contrary, her EEOC charge is not subject to waiver, estoppel, or equitable tolling, and discovery is not necessary to make that determination. The District does not dispute that the filing of a timely charge of discrimination is, under certain circumstances, subject to waiver, estoppel, and equitable tolling. *See Zipes v. Trans World Airlines, Inc.*, 455 U.S. 385, 393 (1982). However, none of those equitable principles apply to plaintiff Burns' untimely-filed EEOC charge.

The Supreme Court has explained that equitable tolling or estoppel is available:

> in situations where the claimant has actively pursued his judicial remedies by filing a defective pleading during the

> statutory period, or where the complainant has been induced or tricked by his adversary's misconduct into allowing the filing deadline to pass. We have generally been much less forgiving in receiving late filings where the claimant failed to exercise due diligence in preserving his legal rights.

*Irwin v. Department of Veterans Affairs*, 498 U.S. 89, 96 (1990). It is well-settled that courts will exercise their equitable powers to toll the statute of limitations "only in extraordinary and carefully circumscribed instances." *Cristwell v. Veneman*, 224 F. Supp. 2d 54, 59 (D.D.C. 2002) (Walton, J.) (quoting *Monday v. Sec'y of the Army*, 845 F.2d 1051, 1057 (D.C. Cir. 1988). This instance is not extraordinary.

In her Opposition Brief, plaintiff Burns asserts that these equitable principles are available to her, but she fails to present any specific argument to show why these principles are applicable to her failure to timely file her EEOC charge. Equitable tolling and equitable estoppel are separate and distinct principles. For equitable tolling to apply, the plaintiff must show that she should "avoid the bar of the limitations period [because] despite due diligence, [s]he is unable to obtain vital information bearing on the existence of [her] claim." *Currier v. Radio Free Europe/Radio Liberty, Inc.*, 159 F. 3d 1363, 1367 (D.C. Cir. 1998). By contrast, equitable estoppel "prevents a defendant from asserting untimeliness where the defendant has taken active steps to prevent the plaintiff from litigating in time." *Id.* Neither principle applies to plaintiff Burns' EEOC charge.

Plaintiff Burns alleges generally in her Opposition Brief that her EEOC charge is subject to these equitable principles, but she fails to allege in her Second Amended Complaint—as is required to survive this Motion to Dismiss—any specific facts to show that her EEOC charge was subject to either equitable tolling or equitable estoppel. The only assertions in plaintiff's Second Amended Complaint that even allude to an

10

argument to support application of these equitable principles is plaintiff's claims that she "was never informed by anyone at DPR that a separate process for filing an EEO complaint even existed for District of Columbia government employees…." Second Amended Complaint, ¶ 54.[3] This assertion is far from the factual allegations required to survive this Motion to Dismiss. Moreover, the District was not required to inform plaintiff of her right to pursue her action with the EEOC. *See Williams v. Munoz*, 106 F. Supp. 2d 40, 44 (D.D.C. 2000).

Plaintiff has not presented any facts to show that, despite her most diligent efforts, she was unable to obtain the information she needed to file her Second Amended Complaint. Therefore, her claim of equitable tolling fails. Nor has she presented any facts to show "affirmative misconduct" on the part of the District or that the District otherwise "misled [her] about the running of the limitations period." *Washington v. Washington Metro. Area Transit Auth.*, 160 F.3d 750, 752-53 (D.C. Cir. 1998) (internal citations omitted); *Cristwell,* 224 F. Supp. 2d at 60. Therefore, her claim of equitable estoppel also fails.

The District also maintains that discovery is not necessary for plaintiff to be able to make these claims. Had plaintiff Burns' EEOC charge been subject to these equitable principles, she should already have sufficient information to support those claims, and she should have pled those facts in her Second Amended Complaint. *See, e.g., Cristwell*, 224 F. Supp. 2d at 56 (granting defendant's motion to dismiss "because

---

[3] In her First Complaint, plaintiff claimed that "[d]espite promises of an investigation, Defendant took no action and failed to issue Ms. Burns her right to proceed to Defendant's Office of Human Rights." Complaint, at ¶ 13. This assertion also falls far short from the factual allegations required to survive this Motion to Dismiss. The District was not required to inform plaintiff of her right to pursue her action with the Office of Human Rights. *See Williams v. Munoz*, 106 F. Supp. 2d 40, 44 (D.D.C. 2000).

the plaintiff has failed to sufficiently establish circumstances to warrant the application of either equitable tolling or estoppel").

In sum, plaintiff Burns filed her EEOC charge well outside the filing deadline solely because of her own lack of diligence. She should not, at this late date, be allowed to overcome this lack of diligence. "One who fails to act diligently cannot invoke equitable principles to excuse the lack of diligence." *Cristwell,* 224 F. Supp. 2d at 60 (quoting *Baldwin County Welcome Ctr. v. Brown*, 466 U.S. 147, 151 (1984)).

        2.        <u>Plaintiff Burns cannot piggyback her untimely-filed Title VII claims.</u>

Plaintiff Burns alleges that even if the Court determines that her EEOC charge was untimely, she may nonetheless rely on plaintiff Byrd's timely-filed charge under the "single-filing rule." Pl. Opp., at p. 10. Despite this argument, plaintiff Burns is not entitled to "piggyback" her claims onto plaintiff Byrd's Title VII claims for two reasons—(1) Plaintiff Byrd's EEOC charge did not put the District on notice of plaintiff Burns' claims or the claims of the class she purportedly represents; and (2) Plaintiff Burns filed an untimely EEOC charge, and the charge is not subject to equitable tolling.

"The critical factor in determining whether an individual Title VII plaintiff must file an EEOC charge, or whether he may escape this requirement by joining with another plaintiff who has filed such a charge, is the similarity of the two plaintiffs' complaints." *Foster v. Gueory*, 655 F.2d 1319, 1322 (D.C. Cir. 1981). The principal purpose of the EEOC filing requirement is to "enable[] the EEOC to provide the alleged wrongdoer with notice and to permit possible conciliation." *Id.* at 1323.

Contrary to plaintiff Burns' argument, her claims are not sufficiently similar to those of plaintiff Byrd to serve the purpose of the single-filing rule, and plaintiff Byrd's

EEOC charge did not put the District on notice of the claims plaintiff Burns and the purported class now raise against the District.

      a.    Plaintiff Byrd's EEOC charge did not provide sufficient notice to the District of the individual and class claims alleged by Plaintiff Burns.

In her charge of discrimination filed with the EEOC on May 11, 2006, plaintiff Byrd alleged sexual harassment and retaliation for harm Ms. Byrd, personally, allegedly sustained. For example, plaintiff Byrd alleged in her EEOC charge: ". . . I was hired . . .;" ". . . my position was threatened . . .;" ". . . I filed a charge. . .;" "I have been subjected to retaliation . . .;" ". . . I was moved . . .;" ". . . I was notified of my termination . . . ." *See generally* Plaintiff Byrd's EEOC Charge of Discrimination (June 19, 2006) (attached hereto as Exhibit 4).

Nowhere in her EEOC charge, or in her charge filed with the D.C. Office of Human Rights, did plaintiff Byrd allege that others suffered similar harassment and retaliation. *See generally* Plaintiff Byrd's EEOC Charge of Discrimination (June 19, 2006) and D.C. Office of Human Rights Charge of Discrimination (Apr. 6, 2005) (attached hereto as Exhibit 4 and Exhibit 5, respectively). As further evidence of the personal nature of plaintiff Byrd's claims, plaintiff Byrd alleged quid pro quo harassment. *See* D.C. Office of Human Rights Charge of Discrimination (Apr. 6, 2005) ("The touching progressed to the point where the Chief began asking for sex and when I refused, he threatened me by saying that he would not extend my 13-month employment for another term.").

Accordingly, plaintiff Byrd's charge could not have put the District on notice of plaintiff Burns' claims; nor could it have put the District on notice of the claims of a yet-to-be-identified class of claimants. Plaintiff Burns' piggybacking of her untimely-filed

13

individual and class claims on the timely-filed claims of plaintiff Byrd would frustrate the purpose and spirit of the single-filing rule.

At least one District Court Judge on the U.S. District Court for the District of Columbia has rejected prior attempts to piggyback class claims onto claims of a single claimant. *See Campbell v. Nat'l R.R. Passenger Corp.*, 163 F. Supp. 2d 19, 27 (D.D.C. 2001) ("the purposes of the filing requirement would not be served by allowing plaintiffs to piggyback class claims onto [plaintiff's] individual claim").

Had plaintiff Byrd alleged class-wide discrimination or similarly put the District on notice of the possibility of subsequent lawsuits, perhaps the argument plaintiff Burns presents could be sustained. *See Anderson v. Montgomery Ward & Co.*, 852 F.2d 1008, 1016-17 (7th Cir. 1988) (adopting the position taken by the Eighth, Ninth, and Tenth Circuits that piggybacking of class actions onto individual claims is only appropriate where the charge puts the defendant on notice "of the possibility of a subsequent lawsuit with many plaintiffs."). Here, it is clear, however, that plaintiff Byrd's EEOC charge alleged only individual claims and that the District had no notice of plaintiff Burns' allegations.

Further, the Court should reject plaintiff Burns' argument that her claim against the District, based on her untimely-filed EEOC claim, should survive the District's Motion to Dismiss. To hold otherwise would require entities as vast as the District of Columbia government to treat all claims of sexual harassment, and presumably all claims under Title VII, as class actions, even when an EEOC charge only puts the District on notice of individual claims. Such a result is untenable, contrary to the purpose of the EEOC filing requirement, and unsupported by the policy behind the single-filing rule. *See, e.g.,*

*Campbell*, 163 F. Supp. 2d at 27; *Anderson*, 852 F.2d at 1016 ("notification [of class-wide discrimination] is necessary in order to satisfy Congress' express desire that the defendant understand . . . the magnitude of his potential liability").

      b. Plaintiff Burns filed an untimely charge with the EEOC, and her claims are not subject to the single-filing rule.

A plaintiff who files an EEOC charge cannot later claim that a different claimant's EEOC charge was intended to encompass her claims. In *Campbell*, Judge Emmet Sullivan explained: "Plaintiff should not be able to revive stale claims to the detriment of defendant. Allowing such piggy-backing would seriously undermine the statue of limitations established for such actions." *Campbell*, 163 F. Supp. 2d at 26.

Judge Sullivan added a caveat to this holding, however, recognizing the Supreme Court's holding in *Zipes* that filing a timely charge of discrimination with the EEOC is subject to waiver, estoppel, and equitable tolling. *Id.* Accordingly, he concluded that "a claimant cannot rely upon another claimant's charges for conduct [for] which she has previously filed an EEOC, unless the statute of limitations . . . is subject to equitable tolling." *Id.* As detailed above, plaintiff Burns' EEOC charge is not subject to equitable tolling or equitable estoppel. Therefore, the Court should grant the District's Motion to Dismiss because plaintiff Burns cannot piggyback her claims onto those of plaintiff Byrd because plaintiff Burns filed her own, albeit untimely, EEOC charge. *See* Pl. Opp., at Exh. 2.

In reaching the holding in *Campbell*, Judge Sullivan expressly rejected reasoning from the Sixth Circuit and the Southern District of New York, and now adopted by plaintiff Burns, that "the purpose of the single-file rule is no less well served in application to a potential plaintiff who has filed an untimely EEOC charge than on who

15

has never filed an administrative charge." *Id.* at 26 (quoting and then rejecting *Howlett v. Holiday Inns, Inc.*, 49 F.3d 189, 197 (6th Cir. 1995)). Anticipating that the District would highlight this disconnect, plaintiff Burns asks the Court to disregard Judge Sullivan's reasoning, and instead adopt the reasoning of the Sixth Circuit that Judge Sullivan expressly rejected. Pl. Opp., at p. 13, n.6. Alternatively, plaintiff Burns also attempts to twist the reasoning of *Campbell* to support her position. *Id.*

Despite plaintiff Burns' creative arguments, *Campbell* supports defendant's Motion to Dismiss. Plaintiff Burns attempts to argue that by using the term "stale claims" or "now stale EEOC charge" the court meant to include only instances where the plaintiff filed a timely EEOC, but failed to file a lawsuit within 90 days of the right-to-sue letter. *Id.* This reasoning is too narrow and is disingenuous to the exhaustive reasoning of the court.

In fact, Judge Sullivan considered cases from the Fifth, Eighth, and Eleventh Circuits, which support the proposition that piggybacking is not appropriate in cases where a claimant has filed her own EEOC charge. *Campbell*, 163 F. Supp. 2d at 25-26. It is true that the cases the court analyzes from the Eighth and Eleventh Circuits address situations where claimants are attempting to piggyback on timely-filed claims, even though they in fact filed their own EEOC charges but failed to timely file suit within 90 days of receiving their right-to-sue letters. *See Anderson v. Unisys Corp.*, 47 F.3d 302, 308 (8th Cir.); *Gitlitz v. Compagnie Nationale Air France*, 129 F.3d 554, 558 (11th Cir. 1997).

But, the Fifth Circuit case that the court analyzes addresses a situation more similar to the present action and supports the general proposition that a claimant who

16

files her own EEOC charge is bound by the claims and limitations of that charge. In *Mooney v. Aramco Serv. Co.*, 54 F.3d 1207, 1222-23 (5th Cir. 1995), the court rejected the claimants' attempt to add a claim that they failed to include in their EEOC charges by piggybacking onto another claimant's charge that included the claim. The court explained: "Once the charge is filed, unless it is permissibly modified, the EEOC and the employer are entitled to rely on the allegations contained therein. To allow a plaintiff to file an EEOC charge, file suit upon that charge and then, at the eleventh hour, when the statute of limitations has run, to amend his complaint in reliance on the charge of another belies the policies behind the single filing rule and controverts congressional intent." *Id.* at 1223.

Moreover, as mentioned above, Judge Sullivan specifically rejected reasoning from the Sixth Circuit and the Southern District of New York analogizing cases involving untimely filed EEOC charges to cases where the claimant never filed an EEOC charge. *Campbell*, 163 F. Supp. 2d at 26. Simply put, Judge Sullivan considered and rejected the very proposition that plaintiff Burns urges this Court to adopt.

Based on the foregoing, the Court should reject plaintiff's arguments and grant the District's Motion to Dismiss plaintiff Burns' Title VII claims.

### III.   CONCLUSION

For the reasons stated above and in the District's Memorandum of Points and Authorities, this Court should dismiss plaintiff Burns' case in its entirety. Plaintiff's claims under the DCHRA should be dismissed, or the Court should grant the District's alternative Motion for Summary Judgment, because plaintiff Burns failed to satisfy the mandatory notice requirement of D.C. Code § 12-309.

Similarly, plaintiff Burns' claims under Title VII should be dismissed because she failed to timely file her charge of discrimination with the EEOC. Plaintiff's EEOC charge is not subject to equitable tolling or equitable estoppel because her untimeliness is due solely to her lack of diligence in meeting the strict filing deadline. Moreover, plaintiff Burns is not entitled to piggyback her untimely-filed claims on the timely-filed claims of plaintiff Byrd.

Wherefore, the defendant respectfully requests that this Court grant the District's Motion to Dismiss, or in the alternative, Motion for Summary Judgment.

DATED:  December 21, 2006            Respectfully submitted,

EUGENE A. ADAMS
Interim Attorney General

GEORGE C. VALENTINE
Deputy Attorney General
Civil Litigation Division


/s/ Nicole L. Lynch
NICOLE L. LYNCH [471953]
Chief, Section II
General Litigation Division

        /s/ Toni Michelle Jackson
BY:   TONI MICHELLE JACKSON [453765]
        Assistant Attorney General
        441 4th Street, N.W., 6s052
        Washington, D.C. 20001
        202.724.6602
        202.727.3625
        toni.jackson@dc.gov

## CERTIFICATE OF SERVICE

I hereby certify that on this ____ day of December, 2006, I electronically filed the foregoing DEFENDANT DISTRICT OF COLUMBIA'S REPLY BRIEF IN SUPPORT OF ITS MOTION TO DISMISS THE COMPLAINT, OR IN THE ALTERNATIVE, FOR SUMMARY JUDGMENT with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to:

Gary T. Brown
Gary T. Brown & Associates, P.C.
320 Maryland Ave., N.E.
Suite 100
Washington, D.C. 20002

Eric K. Bachman
Wiggins, Childs, Quinn & Pantazis, PLLC
7 Dupont Circle, N.W., Suite 200
Washington, D.C. 20036

And all others indicated on the electronic filing receipt

        /s/ Toni Michelle Jackson
BY:   TONI MICHELLE JACKSON [453765]
        Assistant Attorney General