UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

GARRINA BYRD and ) 
ANNETTE BURNS )
 )
Individually and on Behalf of all )
Similarly Situated Persons, )
 )    Civil Action No.  06-0522 (HHK)
Plaintiff, )
 )
v. )
 )
DISTRICT OF COLUMBIA, )
 )
Defendant. )
_____)

**PLAINTIFFS' MOTION FOR LEAVE
TO FILE A THIRD AMENDED COMPLAINT**

Pursuant to Fed. R. Civ. P. 15(a), Plaintiffs, through their undersigned counsel, respectfully move the Court for leave to file a Third Amended Complaint.  Plaintiffs request leave to file a Third Amended Complaint for the following purposes:  (1) add two new plaintiffs, Demera Gaskins and Carmen Jean-Baptiste, and (2) withdraw class action allegations.

Counsel for Plaintiffs has communicated with counsel for Defendant regarding this motion.  Defendant does not consent to the Plaintiffs' request for leave to amend.

The grounds for this motion are set forth in the accompanying Memorandum.  A proposed Order is included for the Court's consideration, and a proposed Third Amended Complaint to be filed, if the instant motion is granted, is attached hereto.

Respectfully submitted this 11th day of May, 2007.

/s/ Eric K. Bachman
Timothy B. Fleming (DC Bar No. 351114)
Lori B. Kisch (DC Bar No. 491282)
Eric K. Bachman (DC Bar No. 481993)
**Wiggins, Childs, Quinn & Pantazis, PLLC**
2031 Florida Avenue, NW, Suite 300
Washington, DC 20009
(202) 467-4123
(202) 467-4489 (facsimile)

Gary T. Brown (D.C. Bar # 246314)
**GARY T. BROWN & ASSOCIATES, P.C**.
320 Maryland Avenue, N.E.
Suite 100
Washington, D.C. 20002
(202) 393-4900

*ATTORNEYS FOR THE PLAINTIFFS*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| GARRINA BYRD and | ) | |
| ANNETTE BURNS | ) | |
| | ) | |
| Individually and on Behalf of all | ) | |
| Similarly Situated Persons, | ) | |
| | ) | Civil Action No.  06-0522 (HHK) |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| DISTRICT OF COLUMBIA, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

**MEMORANDUM IN SUPPORT OF PLAINTIFFS' MOTION FOR LEAVE
TO FILE A THIRD AMENDED COMPLAINT**

Pursuant to Fed. R. Civ. P. 15(a), Plaintiffs, through their undersigned counsel,

respectfully move the Court for leave to file a Third Amended Complaint.

**I.      BACKGROUND**

**A.      Procedural History**

Plaintiff Garrina Byrd filed her Complaint on March 20, 2006, and on June 20, 2006,

Byrd filed an Amended Complaint.  Defendant District of Columbia filed its Answer on July 13,

2006.  On November 23, 2006, this Court granted Byrd's motion to file a Second Amended

Complaint, which added a new party as well as class action allegations.  On December 7, 2006,

Defendant filed its Motion to Dismiss and on December 20, 2006, Plaintiffs filed their

Opposition.

No scheduling order has been issued as of the date of this filing and the motion to dismiss

is pending before the Court.

**B.**     <u>**Proposed Amendments to the Amended Complaint**</u>

Plaintiffs request leave to file a Third Amended Complaint for the following purposes: (1) to add two new plaintiffs, Demera Gaskins and Carmen Jean-Baptiste, and (2) to withdraw class action allegations.

As to the first proposed amendment regarding the addition of Demera Gaskins and Carmen Jean-Baptiste as parties, Plaintiffs request the right to include these two individuals who have been located during Plaintiffs' continuing investigation of this case.  The primary claims asserted by Ms. Gaskins and Ms. Jean-Baptiste are very similar to those alleged by the existing Plaintiffs, Ms. Byrd and Ms. Burns.  For example, Ms. Gaskins alleges that manager Darnell Thompson, the same manager at issue in Ms. Byrd's and Ms. Burns' claims, sexually harassed her while she worked at the Department of Parks and Recreation.  Much like Ms. Byrd's and Ms. Burns' claims, Ms. Gaskins alleges sexual harassment which included sexual intercourse, physical groping and kissing, as well as verbal harassment.  Ms. Gaskins' period of employment with the Department of Parks and Recreation, between 2004 and 2005, also closely coincides with the tenures of Ms. Byrd and Ms. Burns.  In addition, like Ms. Byrd and Ms. Burns, Ms. Gaskins alleges that she was retaliated against for complaining about the harassment and was, *inter alia*, terminated as a result.

Similarly, Carmen Jean-Baptiste suffered sexual harassment and retaliation during her employment with the Department of Parks and Recreation in 2006.  As with Plaintiffs Byrd and Burns, Jean-Baptiste experienced sexual harassment including, but not limited to, inappropriate physical touching and offensive statements by her male manager.  Ms. Jean-Baptiste complained about the harassment and was subsequently terminated.

Like Plaintiffs Byrd and Burns, both Ms. Gaskins and Ms. Jean-Baptiste assert claims of

systemic discrimination and retaliation under Title VII, DCHRA, and Section 1983.  Further, along with Plaintiff Byrd, Ms. Jean-Baptiste asserts a claim for retaliation under the DC Whistleblower Act.

As to the second reason for filing a Third Amended Complaint, Plaintiffs seek to withdraw class action allegations.  After an ongoing, careful investigation into this matter, Plaintiffs have decided not to seek class certification at this time.

## II.    ARGUMENT

A party may amend "by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires." FED. R. CIV. P. 15(a).  The trial court, "exercising the discretion conferred upon it by Rule 15(a), must 'determine the propriety of the amendment on a case by case basis using a generous standard.'"  *Simpkins v. Wash. Metro. Area Transit Auth.*, 2 F. Supp. 2d 52, 55 (D.D.C. 1998), quoting *Harris v. Secretary, U.S. Dept. of Veteran Affairs*, 126 F.3d 339, 341 (D.C. Cir. 1997); *see also Foman v. Davis*, 371 U.S. 178, 182-83 (1962).  It would be an abuse of  discretion to deny leave to amend without sufficient reason, such as: (1) undue delay, bad faith, or dilatory motive on the part of the movant; (2) repeated failure to cure deficiencies by amendments previously allowed; (3) undue prejudice to the opposing party; and (4) futility of the amendment.  *Firestone v. Firestone*, 76 F.3d 1205, 1208 (D.C. Cir. 1996), citing *Foman*, 371 U.S. at 182; *see also Atchinson v. Dist. of Columbia*, 73 F.3d 418, 425-426 (D.C. Cir. 1996).  Here, each of these factors strongly favors Plaintiffs' position.  Thus, justice requires that the motion be granted.

## A.    There is No Undue Delay or Prejudice to Defendant in Amending the Third Amended Complaint

Plaintiffs have not unduly delayed seeking leave to amend the complaint.  With regard to undue delay, the text of Rule 15 does not prescribe a time limit on motions for leave to amend.

Accordingly, a court should not deny leave to amend based solely on time elapsed between the filing of the complaint and the request for leave to amend.  Rather, the court should take into account the actions of other parties and the possibility of resulting prejudice to the opposing party.  *Adair v. Johnson*, 216 F.R.D. 183, 186 (D.D.C. 2003) citing Fed. R. Civ. P 15(a); *Carribbean Broad. Sys. Ltd. v. Cable & Wireless P.L.C.*, 148 F.3d 1080, 1083 (D.C. Cir. 1998) (length of litigation is relevant only insofar as it suggests bad faith or prejudice); *Atchinson*, 73 F.3d at 426.

    "To demonstrate such prejudice, the opposing party 'must show that it was unfairly disadvantaged or deprived of the opportunity to present facts or evidence which it would have offered had the amendments been timely.'"  *Adair*, 216 F.R.D. at 186 (quoting *Dooley v. United Techs. Corp.*, 152 F.R.D. 419, 425 (D.D.C. 1993)).  Examples of prejudice include instances where the allowance of an amendment would necessitate reopening discovery at a late stage of the litigation, and where the amendment is only tangentially related to the complaint, changes the nature of the litigation, or impairs the nonmovant's ability to present evidence.  *Adair*, 216 F.R.D. at 186 (citing *Societe Liz, S.A. v. Charles of the Ritz Group, Ltd.*, 118 F.R.D. 2, 4 (D.D.C. 1987)) (finding prejudice when the motion to amend was filed just prior to the close of discovery, with trial fast approaching); *Nat'l Treasury Employees Union v. Helfer*, 53 F.3d 1289, 1295 (D.C. Cir. 1995).  "Plaintiff typically will not be precluded from amending a defective complaint in order to state a claim on which relief can be granted or from adding a claim to an otherwise proper complaint simply because that amendment may increase defendant's potential liability."  6 Charles Alan Wright, Arthur R. Miller, Mary Kay Kane, Federal Practice and Procedure §1487 (1990); *see also, Cross v. Price Waterhouse & Co.*, 1983 WL 1296, at * 4 (D.D.C. 1983) ("It is beyond peradventure . . . that the mere threat of greater liability

stemming from an amended complaint is insufficient to justify refusing leave to amend.") (citing 6 Wright & Miller § 1487)) (unpublished decision attached hereto as Ex. 1).

Here, no Scheduling Order has been entered in this action and no discovery responses have been served yet. Thus, Defendant has not been "unfairly disadvantaged or deprived of the opportunity to present facts or evidence . . . ." *Adair*, 216 F.R.D. at 186. As a result, Defendant suffers no prejudice and Plaintiffs' Motion for Leave to Amend should be granted.

**B.      There Is No Futility in Amending the Second Amended Complaint**

No futility exists in amending the Third Amended Complaint. "An amended complaint is futile if it merely restates the same facts as the original complaint in different terms, reasserts a claim on which the court previously ruled, fails to state a legal theory, or could not withstand a motion to dismiss." *Adair v. Johnson*, 216 F.R.D. 183, 186 (D.D.C 2003), citing *Robinson v. Detroit News, Inc.*, 211 F. Supp. 2d 101, 114 (D.D.C. 2002); *Willoughby v. Potomac Elec. Power Co.*, 100 F.3d 999, 1003 (D.C. Cir.1996); *James Madison Ltd. F. Ludwig*, 82 F.3d 1085, 1099 (D.C. Cir.1996) (courts may deny a motion to amend complaint as futile if the proposed claim would not survive a motion to dismiss).

The proposed Third Amended Complaint does not simply restate the same facts as the original complaint in different terms; rather, it adds two new plaintiffs with very similar claims to the existing Plaintiffs Byrd and Burns. Furthermore, the proposed Third Amended Complaint does not reassert any claim on which the Court has previously ruled. Moreover, the proposed Third Amended Complaint does not fail to state a legal theory. Indisputably, it asserts cognizable claims of gender discrimination and retaliation under Title VII, DCHRA, Section 1983, and the DC Whistleblower Act.

In addition, the proposed Second Amended Complaint is not futile because it can

–5–

withstand a motion to dismiss.  This Court has held:

> A party moving for dismissal under Federal Rule of Civil Procedure 12(b)(6) has the burden of proving that the non-movant has failed to state a claim upon which relief may be granted.  To prevail, the movant must show beyond a reasonable doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief. . . . The averments in the complaint are taken as true, and the plaintiff is given the benefit of any doubts and of all reasonable inferences that can be drawn from the facts alleged.

*M.K. v. Tenet*, 99 F. Supp. 2d 12 (D.D.C. 2000) (citations and quotation omitted); *see also*

*Hishon v. King Spalding*, 467 U.S. 69, 73 (1984); *Croixland Properties v. Corcoran*, 164 F.3d

213, 215 (D.C. Cir. 1999).  In the proposed Third Amended Complaint, Plaintiff states actionable

claims for discrimination and retaliation claims and has provided factual averments to support

such claims.

### C.    Plaintiffs Have Not Repeatedly Failed to Cure the Deficiencies

Plaintiffs have not repeatedly failed to cure deficiencies in the Complaint.  Rather,

Plaintiffs now seeks to add additional plaintiffs and withdraw class action allegations.

### D.    Plaintiffs Have No Bad Faith or Dilatory Motive in Amending the Complaint

Plaintiffs do not seek an amendment in bad faith or to harass Defendant; nor do Plaintiffs

seek amendment for dilatory motives.  Plaintiffs simply seek to preserve and present important

claims of discrimination and retaliation.  Accordingly, Plaintiffs bring this motion before the

Court in good faith.

## III.    CONCLUSION

For the reasons stated herein, Plaintiffs' Motion for Leave to File a Third Amended

Complaint should be granted.

Respectfully submitted this 11th day of May, 2007.

 /s/ Eric K. Bachman_____
Timothy B. Fleming (DC Bar No. 351114)
Lori B. Kisch (DC Bar No. 491282)
Eric K. Bachman (DC Bar No. 481993)
**Wiggins, Childs, Quinn & Pantazis, PLLC**
2031 Florida Avenue, NW, Suite 300
Washington, DC 20009
(202) 467-4123
(202) 467-4489 (facsimile)

Gary T. Brown, D.C. Bar # 246314
**GARY T. BROWN & ASSOCIATES, P.C**.
320 Maryland Avenue, N.E.
Suite 100
Washington, D.C. 20002
(202) 393-4900

### *ATTORNEYS FOR PLAINTIFFS*

### CERTIFICATE OF SERVICE

I hereby certify that on this 11th day of May, 2007, a copy of the foregoing was filed electronically.  Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt.

By:     /s/ Eric K. Bachman_____.
        *Attorney for Plaintiff*

–7–