**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **GARRINA BYRD and** | ) | |
| **ANNETTE BURNS,** | ) | |
| | ) | |
| Individually and on Behalf of all | ) | |
| Similarly Situated Persons, | ) | |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | |
| **v.** | ) | **Civil Action No: 06-0522 (HHK/AK)** |
| **DISTRICT OF COLUMBIA,** | ) | |
| | ) | |
| **Defendant.** | ) | |
| _____ | ) | |

**DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION
FOR LEAVE TO FILE AN AMENDED COMPLAINT**

## I.  INTRODUCTION

Defendant District of Columbia ("District") hereby opposes plaintiff's Motion for Leave to File a Third Amended Complaint.    Specifically, the District opposes the addition of two new plaintiffs.  For the reasons detailed below, the District respectfully requests that the Court deny plaintiff's motion to add two additional plaintiffs.

## II. ARGUMENT

A.    Standards for Allowing Amendments to Pleadings

Under Rule 15 of the Federal Rules of Civil Procedure, once a complaint has been answered, it may only be amended "by leave of court or by written consent of the adverse party." FED. R. CIV. P. 15(a). The phrase "when justice so requires" necessarily "implies its negative, that is, when injustice such as undue prejudice would occur, amendments may not be made." *Johnson v. Helicopter & Airplane Services Corp.*, 389 F. Supp. 509 (D. Md. 1974).

As stated by the D.C. Circuit Court of Appeals, there are "multifarious reasons for denying leave to amend." *Harris v. Secretary, U. S. Department of Veterans Affairs*, 126 F.3d 339, 344 (D.C. Cir. 1997).  Among these reasons are "'undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc.'"  *Id.* (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)).  The *Foman* factors, "or others implied by the Court's 'etc.,'" may justify denial of leave to amend in a given case where denying leave "would serve . . . the interests of substantive justice."  *Id.* at 344-45.

B.    Granting Plaintiff's Motion Would Unduly Prejudice the District

The District would be prejudiced if the two new plaintiffs are added to the lawsuit. Based on Plaintiff's first and second complaints, the addition of two new plaintiff's is unduly prejudicial to the District because the allegations raised by Ms. Gaskins and Ms. Jean-Baptiste do not arise out of the "same transaction, occurrence, or series of transactions or occurrences."  *See* Fed. R. Civ. P., Rule 18.[1]

The facts involved in each claim differ significantly.  The addition of two new plaintiffs would result in significantly different evidence and witnesses, such as different testimonial evidence, from different eyewitnesses and supervisors; and different documentary evidence, such as personnel files and investigative reports.  Specifically, Ms. Jean-Baptiste does not allege that she was harassed by Mr. Thompson; and the allegations raised by Ms. Jean-Baptiste are not temporally proximate to the allegations raised by Ms. Byrd or Ms. Gaskins.  Thus, these claims are based on completely different occurrences.  *See Grayson v. K-Mart Corp.*, 849 F.Supp. 785 (N.D. Ga. 1994). In addition, due to significant legal and factual disparities between the claims, judicial

---

[1] In addition, plaintiffs have failed to allege that they have exhausted their administrative remedies, a jurisdictional prerequisite to filing a Title VII lawsuit.

economy would not be served by keeping the claims together. In fact, if the District's Motion to Dismiss Burns' Complaint is denied, the District would file a motion to sever as plaintiff Burns' allegations do not occur out of the same set of facts.

Further, it would be almost impossible for a jury to disregard the evidence regarding an unrelated incident regarding one plaintiff, while considering the evidence for the other plaintiff. Due to these differences, there is a significant likelihood of prejudice due to jury confusion. *See Disparte v. Corporate Executive Board*, 223 F.R.D. 7, 10 (D.D.C. 2004).

Finally, a jury could be prejudiced by other evidence that may be admissible as to one plaintiff but not the other. For example, plaintiff Byrd alleges that she was sexually harassed by Mr. Thompson. Were a jury to believe this claim, it could be prejudiced against the District as to plaintiffs Jean-Baptiste's and Gaskins' allegations. *See Morris v. Northrop Grumman Corp.*, 37 F.Supp.2d 556 (E.D. N.Y. 1999).

As discussed above, the claims of Ms. Jean-Baptiste involve different facts and, thus, different documentary proof and witnesses. The incidents regarding Ms. Jean-Baptiste allegedly took place at least one year later than Ms. Byrd and Ms. Gaskins. The two new plaintiffs performed different tasks at the time of their alleged incidents, and at least one of the new plaintiffs—Ms. Jean-Baptiste—was allegedly harassed by someone other than Mr. Thompson. Moreover, the claims made by each woman undoubtedly involve different eyewitnesses and supervisors; different actual evidence; and different documentary evidence.

Based on the foregoing, the plaintiff's Motion to File a third Amended Complaint should be denied as to the addition of two new plaintiffs—Ms. Gaskins and Ms. Jean-Baptiste.

III.  CONCLUSION

WHEREFORE, the District respectfully requests that plaintiff's motion to file a third amended complaint be denied in part and granted in part.

Dated: May 24, 2007.                    Respectfully submitted,

                                        LINDA SINGER
                                        Attorney General

                                        GEORGE C. VALENTINE
                                        Deputy Attorney General
                                        Civil Litigation Division

                                        /s/Nicole L. Lynch_____
                                        NICOLE L. LYNCH (471953)
                                        Chief, General Litigation Section II

                                        /s/Toni Michelle Jackson_____
                                        TONI MICHELLE JACKSON (453765)
                                        Assistant Attorney General
                                        441 Fourth Street, N.W., Suite 6S052
                                        Washington, D.C. 20001
                                        (202) 724-6602
                                        (202) 727-3625 (fax)
                                        E-mail:  toni.jackson@dc.gov

## CERTIFICATE OF SERVICE

I hereby certify that on this 25th day of May, 2007, I caused the foregoing DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO FILE AN AMENDED COMPLAINT to be filed with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to:

**Gary T. Brown**
**Gary T. Brown & Associates, P.C.**
**320 Maryland Ave., N.E.**
**Suite 100**
**Washington, D.C. 20002**

**Eric K. Bachman**
**Wiggins, Childs, Quinn & Pantazis, PLLC**
**7 Dupont Circle, N.W., Suite 200**
**Washington, D.C. 20036**

/s/Toni Michelle Jackson
TONI MICHELLE JACKSON
Assistant Attorney General

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **GARRINA BYRD and** | ) |
| **ANNETTE BURNS,** | ) |
| | ) |
| Individually and on Behalf of all | ) |
| Similarly Situated Persons, | ) |
| | ) |
| **Plaintiffs,** | ) |
| | ) |
| **v.** | ) **Civil Action No: 06-0522 (HHK/AK)** |
| **DISTRICT OF COLUMBIA,** | ) |
| | ) |
| **Defendant.** | ) |
| _____ | ) |

## <u>ORDER</u>

Upon consideration of Plaintiff's Motion for Leave to File a Third Amended Complaint, Defendant's memorandum in opposition thereto, and the record herein, it is, this _____ day of June, 2007, hereby,

ORDERED, that Plaintiff's motion is GRANTED in part and DENIED in part, as follows:

1.    Plaintiff is allowed to amend the Complaint to remove all class action allegations; and

2.    Plaintiff is may name Demera Gaskins as an additional plaintiff.

Plaintiff's motion is DENIED WITH PREJUDICE, regarding adding Carmen Jean-Baptiste as a plaintiff.

_____
HENRY H. KENNDEY
United States District Court Judge

6