UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| GARRINA BYRD and ANNETTE BURNS<br><br>Individually and on Behalf of all Similarly Situated Persons,<br><br>Plaintiff,<br><br>v.<br><br>DISTRICT OF COLUMBIA,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) Civil Action No. 06-0522 (HHK) |

**PLAINTIFFS' REPLY IN SUPPORT OF THE MOTION FOR LEAVE
TO FILE A THIRD AMENDED COMPLAINT**

Plaintiffs, through their undersigned counsel, hereby file their Reply in Support of the Motion for Leave File a Third Amended Complaint.

**I.   INTRODUCTION**

The District of Columbia opposes Plaintiffs' proposed amendments solely on the grounds that it will be unduly prejudiced and that the amendments will impair judicial efficiency. Notably, Defendant has made no argument that the motion to amend should be denied because of futility, repeated failure to cure deficiencies, and/or a bad faith or dilatory motive. *See Firestone v. Firestone*, 76 F.3d 1205, 1208 (D.C. Cir. 1996) ("It would be an abuse of discretion to deny leave to amend without sufficient reason, such as: (1) undue delay, bad faith, or dilatory motive on the part of the movant; (2) repeated failure to cure deficiencies by amendments previously allowed; (3) undue prejudice to the opposing party; and (4) futility of the amendment.") (citation omitted). Thus, the District has conceded that Plaintiffs have not unduly delayed in seeking this

amendment, that Plaintiffs do not seek the amendment in bad faith or for a dilatory motive, that Plaintiffs have not failed to cure deficiencies by amendments previously allowed, and that the amendment will not be futile.

## II.   ARGUMENT

Defendant's assertion that it will suffer undue prejudice and that judicial economy will be undermined if Plaintiffs' amendments are permitted relies primarily on the following grounds: (1) the addition of Gaskins and Jean-Baptiste do not arise out of the "same transaction, occurrence, or series of transactions or occurrences" as Plaintiffs Byrd and Burns; (2) as such, different documentary proof and witnesses may be implicated; and (3) the jury may be confused or prejudiced against Defendant.  As discussed below, Defendant's position is unsupported by the allegations in this case, binding precedent, and the notion of judicial efficiency.

### A.   Plaintiffs' Allegations Satisfy Fed. R. Civ. P. 20 Standards

The test for permissive joinder under Rule 20(a), Fed. R. Civ. P., is as follows:

> All persons may join in one action as plaintiffs if they assert *any* right to relief jointly, severally, or in the alternative in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences and if *any* question of law or fact common to all these persons will arise in the action.

Rule 20(a), Fed. R. Civ. P. (emphasis added).  "The purpose of Rule 20 is to promote trial convenience and expedite the final resolution of disputes, thereby preventing multiple lawsuits, extra expense to the parties, and loss of time to the court as well as the litigants appearing before it." *M.K., et al. v. Tenet*, 216 F.R.D. 133, 137 (D.D.C. 2002) (citation omitted).

"There are two prerequisites for joinder under Rule 20(a):  (1) a right to relief must be asserted by, or against, each plaintiff or defendant relating to or arising out of the same transaction or occurrence or series of transactions or occurrences, and (2) a question of law or fact common to all of the parties must arise in the action." *Tenet*, 216 F.R.D. at 138 (citation

2

omitted).

As to the first prerequisite, this court has held that "logically related" events may consist of allegations that defendant has engaged in an overall policy or practice of illegal behavior that has damaged plaintiffs. *M.K., et al. v. Tenet*, 216 F.R.D. at 142. Here, the Plaintiffs have specifically alleged systemic discrimination, retaliation, and failure to respond adequately to complaints of discrimination on the part of Defendant. *See e.g.,* Proposed Third Amend. Compl. ¶¶ 81-117. Plaintiffs Byrd and Burns and proposed plaintiffs Gaskins and Jean-Baptiste allege that they were subjected to systemic gender discrimination and retaliation in violation of, *inter alia,* Title VII and the DCHRA. *See id.* Each of these four female employees worked for the Department of Parks and Recreation ("DPR") and complained about the discrimination to their superiors. *See id.* ¶¶ 14-79. As to Byrd, Burns, and Gaskins, they each allege that they were subjected to very similar sexual harassment by a specific manager, Darnell Thompson, which occurred in the same general time frame. *See id.* ¶¶ 14-67.

Like Byrd, Burns, and Gaskins, proposed plaintiff Jean-Baptiste was subjected to sexual harassment by her male manager, complained about it to her superiors, and was terminated and retaliated against as a result. *See id.* ¶¶ 68-79. Defendant argues that, because Jean-Baptiste was not subjected to harassment by the same supervisor as the other Plaintiffs, she cannot be joined to their case. This is wrong and contradicts this court's prior holdings.[1] "The terms 'transaction

---

[1] Moreover, "[t]he presence of material dissimilarities between the substantive allegations of the joined plaintiffs does not automatically bring such claims outside the 'same transaction or occurrence' language." *Puricelli v. CAN Ins. Co.*, 185 F.R.D. 139, (N.D.N.Y. 1999). In particular, the *Puricelli* court held that joinder of plaintiffs was proper because, "despite the differences in the factual underpinnings of their respective claims, plaintiffs have alleged a pattern of conduct . . . which discriminated against them . . . ." *Id.* at 143. Likewise, Plaintiffs here have certain differences in the specifics of how Defendant's discriminatory conduct affected them, but all of their claims are ultimately tied to a uniform pattern or practice of discrimination in the Department of Parks and Recreation in which their employment was governed by a common set of policies and practices and supervised by a limited group of managers.

or occurrences' should be interpreted broadly . . . [a]bsolute identity of all events is unnecessary." *In re Vitamins Antitrust Litig.,* 2000 WL 1475705, at *17 (D.D.C. May 9, 2000) (citation omitted). That is, "the trier of fact must 'look at the whole picture and not merely at the individual figures in it.'" *Id.* (citation omitted). Moreover, "courts also consistently deny motions to sever where plaintiffs allege that defendants have engaged in a common scheme or pattern or behavior." *Id.* (citing, *e.g., Breeton v. Communications Satellite Corp.,* 116 F.R.D. 162, 164 (D.D.C. 1987)).

In the instant case, Plaintiffs allege systemic discrimination, retaliation, and a common scheme in which Defendant has failed to respond adequately to complaints of gender discrimination. This common scheme clearly incorporates the claims of, and evidence about, Byrd, Burns, Gaskins, and Jean-Baptiste. Finally, like the plaintiffs in *Tenet*, Plaintiffs here seek declaratory and injunctive relief, which weighs in favor of joinder. *See* Proposed Third Amend. Compl. ¶¶ 125(d),(e); *Tenet*, 216 F.R.D. at 142. Pursuing this relief on an individual, piecemeal basis would be inefficient and counterproductive for both the parties and the Court.

As to the second prerequisite, Plaintiffs here allege that their claims are related by a common question of law or fact. In *Tenet*, this court held that a common question of law or fact was established by, *inter alia*, plaintiffs' allegation that defendants violated the Privacy Act. *Tenet*, 216 F.R.D. at 142-43 ("through their alleged Privacy Act violations, the plaintiffs are united by yet another 'question of law or fact' that is common to each of them.").[2] In the case at

---

[2] Numerous other federal courts have found that the question of the discriminatory character of defendant's conduct can satisfy the commonality requirement of Rule 20. *See, e.g., Mosely v. General Motors*, 497 F.2d 1330, 1334 (8th Cir. 1974). Commonality has also been satisfied where, *inter alia*, plaintiffs allege claims under the same statutes and/or causes of action. *Puricelli*, 185 F.R.D. at 143; *see also Hawkins v. Groot Indus., Inc.*, 210 F.R.D. 226, 230 (N.D. Ill. 2002) (plaintiffs' claims "involve the same issues of law and fact, such as whether defendants' conduct amounts to a hostile work environment in violation of Title VII or Section 1981"); *In re Norplant Contraceptive Prods. Liability Litig.*, 168 F.R.D. 579, 581 (E.D. Tex. 1996) (commonality satisfied by plaintiffs' allegations of negligence,

bar, Plaintiff have each alleged violations of Title VII, the DCHRA, and Section 1983. Plaintiffs are also united by their claims that Defendant has engaged in systemic failure to respond to complaints of discrimination. *See e.g.,* Proposed Third Amend. Compl. ¶¶ 91-95. Accordingly, Plaintiffs have established that their claims are related by a common question of law or fact.

> **B.    The Proposed Amendments Facilitate Judicial Efficiency**

Defendant next argues that the addition of proposed plaintiffs Gaskins and Jean-Baptiste would frustrate judicial economy because of the alleged factual disparities between their claims and the claims of Plaintiffs Byrd and Burns. This argument ignores two key issues which are fatal to Defendant's position. First, it ignores binding precedent under which the Supreme Court and this court have held that "[u]nder the [federal] rules, the impulse is toward entertaining the broadest possible scope of action consistent with fairness to the parties; *joinder of claims, parties, and remedies is strongly encouraged*." *Tenet*, 216 F.R.D. at 143 (emphasis added) (quoting *United Mine Workers of America v. Gibbs,* 383 U.S. 715 (1966)). Second, Defendant points only to its speculation that Jean-Baptiste's claims will involve wholly different eyewitnesses, supervisors, and documentary evidence. Given that discovery is at a very early stage (indeed, no scheduling order has been entered), Defendant's conjecture as to the identity of various witnesses or documentary evidence does not warrant denial of Plaintiffs' motion. Further, Defendant disregards the substantial amount of discovery that will clearly be common to all plaintiffs in this action including, but not limited to:

- evidence regarding Defendant's policies and procedures for complaints about discrimination or retaliation and its investigations thereof;
- Defendant's employee handbooks;
- Defendant's discipline policies and disciplined imposed, if any, pursuant to complaints of sexual harassment;
- the collective bargaining agreement and information regarding the union's complaints about sexual harassment on behalf of its members;

---

misrepresentation, and fraud arising out of the alleged series of act and omissions by defendants).

5

- other complaints of sexual harassment received by DPR; and
- Fed. R. Civ. P. 30(b)(1) and 30(b)(6) depositions that Plaintiffs will likely take regarding such evidence.

Given this significant level of shared discovery, it is inefficient for the court and the parties to pursue such evidence on a piecemeal basis. When the "likelihood of overlapping proof and duplication in testimony" may result in delay, inconvenience, and added expenses to the court and the parties, joinder is appropriate. WRIGHT & MILLER, 7 Fed. Prac. & Proc. Civ.3d §1653. Here, the likelihood of duplicating written discovery and deposition testimony is substantial, as is the specter of added expenses to the parties and the Court. As described above, because the alleged discrimination and retaliation occurred within the DPR during a relatively confined period of time, and due to the amount of discovery that will be common to the Plaintiffs, the practical answer is that joinder is proper at this stage. Litigating the claims separately will multiply the proceedings, with all the attendant delays, inconvenience, and added expense (*e.g.,* repetitive discovery, expert fees, court reporter costs) that would surely result.

## C. Defendant's Argument Regarding Jury Confusion is Faulty and Premature

Defendant does not assert that it will be unduly prejudiced in any pretrial stage of this case if the Plaintiffs remain joined. Instead, Defendant claims that, if all Plaintiffs proceed to a jury trial together, it would then suffer undue prejudice. This argument is premature. At the appropriate juncture, this Court may decide, under Fed. R. Civ. P. 42, whether all Plaintiffs should be tried together or if some other logical grouping(s) exists. But, for now, the most efficient and expeditious path is to proceed with discovery on a unified basis.

Moreover, federal courts have held that pretrial joinder of multiple parties is proper and that one party's unsubstantiated claims of prejudice will not warrant severance:

> At this stage of the litigation, the court cannot conclude that any prejudice to the defendants will outweigh the judicial economy of joinder of claims. To the

6

>contrary, the defendants may ultimately benefit from leaving the claims joined; the fewer cases [plaintiff] is managing, the better [plaintiff] can control its costs – costs which potentially could be borne by the defendants. However, the court reserves the right to rule at a later time that the claims should be severed for trial.

*DirectTV v. Barrett*, 220 F.R.D. 630, 632 (D. Kan. 2004); *see also In re Vitamins Antitrust Litig.*, 2000 WL 1475705, at *18 ("no depositions have been taken and document discovery is still in an early stage. Under these circumstances, severance is not warranted."). Plaintiffs here request the same outcome: permit discovery to proceed on a unified basis to promote efficiency and lower costs and, if appropriate, the Court may later decide whether to try all the claims together.

Premature as it is, Defendant's trial prejudice argument has also been rejected by federal courts. In *Hawkins*, the court rejected defendant's argument that it would be unduly prejudiced because "some of the evidence relevant to and admissible in [the case of one set of plaintiffs] . . . will not be relevant to or admissible in [the case of the other set of plaintiffs]." *Hawkins*, 210 F.R.D. at 230 (quoting *Henderson v. AT&T Corp.,* 918 F. Supp. 1059, 1063 (S.D.Tex. 1996)). The court held:

>even if the trial of the African-American plaintiffs' claims were separate from the Hispanic plaintiffs' trial, evidence of defendants' misconduct toward *every* plaintiff (or any other employee, for that matter) would likely be deemed admissible under Federal Rule of Evidence 404(b), so long as that evidence is not used to prove defendants' action in conformity with the wrongdoing, but is used for some other purpose such as proof of intent. For example, evidence of defendants' racial discrimination against Hawkins may be admissible in Guerrero's separate trial to show that defendants intended to discriminate against him. Whether there is one trial or two, all of the evidence of intentional discrimination could well be admissible . . . under these circumstances, there would be no added prejudice by trying the claims together. The court holds that joinder of the two sets of plaintiffs would be proper.

*Hawkins*, 210 F.R.D. at 230 (emphasis in original). The same is true here. That is, if evidence related to Defendant's failure to respond adequately to complaints of discrimination and discrimination against other female employees could well be admissible in each of the

7

Plaintiffs' trial, then no reason exists to sever the Plaintiffs. Thus, for the reasons stated above, the Plaintiffs' motion to amend the complaint should be granted.

### D. Administrative Exhaustion

Finally, Defendant argues that Plaintiffs' motion to amend should be denied because the Complaint does not allege exhaustion of administrative remedies, which, according to Defendant, is a jurisdictional prerequisite to filing a Title VII lawsuit. Def.'s Opp. at 2 n. 1. This argument has three fatal flaws. First, Plaintiffs need not plead administrative exhaustion in their Complaint because failure to administratively exhaust is an affirmative defense, which must be raised by the defendant. *See Hammond v. Chao,* 383 F. Supp. 2d 47, 55 (D.D.C. 2005) (timeliness under Title VII is an affirmative defense). The Federal Rules of Civil Procedure require the *defendant* to plead any "matter constituting an avoidance or affirmative defense." *See Gomez v. Toledo*, 446 U.S. 635, 640 (1980) (quoting Fed. R. Civ. P. 8(c)). As such, it is not the plaintiff's responsibility to plead timeliness. Rather, the defendant is responsible for pleading such affirmative defenses or risks waiving them. *See Lerner v. District of Columbia*, 362 F. Supp. 2d 149, 166 (D.D.C. 2005).

Second, the filing of a Title VII charge is not a jurisdictional prerequisite. "Filing a timely charge of discrimination with the EEOC is not a jurisdictional prerequisite to suit in federal court, but a requirement that, like a statute of limitations, is subject to waiver, estoppel, and equitable tolling." *Zipes v. Trans World Airlines, Inc.,* 455 US. 385, 393 (1982). *Cf. Arbaugh v. Y&H Corp.,* 546 U.S. 500, 126 S.Ct. 1235, 1243-45 (2006).

Third, proposed plaintiff Jean-Baptiste has filed a timely charge of discrimination with the EEOC and has submitted her request for a right to sue notice. As to proposed plaintiff Gaskins, she may rely upon the administrative charges filed by other plaintiffs consistent with

8

the "single filing" rule.[3] *See* Pls.' Opp. to Def.'s Mot. Dismiss at 10-13 [Dkt. 40], for further argument on this topic.

## III.   CONCLUSION

Simply put, Defendant's assertion that Plaintiffs cannot meet the liberal standards for joinder under Fed. R. Civ. P. 20 is without merit. For the reasons stated herein, Plaintiffs' Motion for Leave to File a Third Amended Complaint should be granted.

---

[3] "The single file rule allows an individual plaintiff, who has not filed an EEOC charge, to satisfy the administrative exhaustion requirements under Title VII by relying on a charge filed by another plaintiff." *Campbell v. Nat'l R.R. Passenger Corp.*, 163 F. Supp. 2d 19, 25 (D.D.C. 2001) (citing *DeMedina v. Reinhardt,* 686 F.2d 997, 1013 (D.C. Cir. 1982); *Foster v. Gueory,* 655 F.2d 1319, 1321-22 (D.C. Cir. 1981); *EEOC v. Air Line Pilots Assoc.*, 885 F. Supp. 289 (D.D.C. 1995)). The single-filing rule was established because "[t]he 'principal functions of the EEOC filing requirement' are to enable 'the EEOC to provide the alleged wrongdoer with notice and to permit possible conciliation.'" *Medina*, 686 F.2d at 1013 (citation omitted); *see also Howlett v. Holiday Inns, Inc.*, 49 F.3d 189, 196 (6th Cir. 1995) ("[A] charge will be adequate to support piggybacking under the single-filing rule if it contains sufficient information to notify prospective defendants of their potential liability and permit the EEOC to attempt informal conciliation of the claims before a lawsuit is filed").

Respectfully submitted this 31st day of May, 2007.

    /s/ Eric K. Bachman
Timothy B. Fleming (DC Bar No. 351114)
Lori B. Kisch (DC Bar No. 491282)
Eric K. Bachman (DC Bar No. 481993)
**Wiggins, Childs, Quinn & Pantazis, PLLC**
2031 Florida Avenue, NW, Suite 300
Washington, DC 20009
(202) 467-4123
(202) 467-4489 (facsimile)

Gary T. Brown, D.C. Bar # 246314
**GARY T. BROWN & ASSOCIATES, P.C**.
320 Maryland Avenue, N.E.
Suite 100
Washington, D.C. 20002
(202) 393-4900

*ATTORNEYS FOR PLAINTIFFS*

## CERTIFICATE OF SERVICE

I hereby certify that on this 31st day of May, 2007, a copy of the foregoing was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt.

By:   /s/ Eric K. Bachman   .
*Attorney for Plaintiff*