**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

**FILED**

JUN 2 7 2007

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

**GARRINA BYRD,**

**Plaintiff,**

**v.**

**DISTRICT OF COLUMBIA,**

**Defendant.**

**Civil Action 06-00522  (HHK)**

### AGREED PROTECTIVE ORDER

This matter coming to be heard upon the joint motion of plaintiffs Garrina Byrd and Annette Burns and defendant District of Columbia for entry of a protective order pursuant to Fed. R. Civ. P. 26(c)(7), and the Court being fully advised.

**WHEREAS**, plaintiffs have alleged that defendant discriminated and retaliated against them based on their gender in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e, the District of Columbia Human Rights Act, the District of Columbia Whistleblower Act, and 42 U.S.C. §1983;

**WHEREAS**, discovery in this case will include the review of confidential documents and related information including, but not limited to, plaintiffs' finances, medical and/or psychotherapy care, as well as potential confidential information regarding other employees of defendant District of Columbia ("defendant"). Accordingly, good cause having been shown within the meaning of Federal Rule of Civil Procedure 26(c),

**IT IS HEREBY ORDERED THAT:**  As used herein, the word "document" means: (a) all papers, documents, records, forms, electronic and printed, and written and electronic materials produced or furnished by, or obtained by defendant, plaintiff, or third parties; (b) all copies, extracts, and complete or partial summaries prepared from such papers, documents, or electronic materials that specifically describe confidential information; (c) portions of transcripts and exhibits thereto which specifically describe any such papers, documents, copies, extracts, or summaries; (d) portions of briefs, memoranda, or any other writings, filed with the court, and exhibits thereto, which specifically describe any such papers, documents, electronic materials, copies, extracts, or summaries; but not, (e) any materials which in the good-faith judgment of counsel are work product materials. Documents are to be designated confidential only if they are non-public confidential medical, personnel, proprietary, commercial or trade secret information. Wherever practicable, material and information will not be designated as confidential.  Wherever practicable, confidential portions will be segregated in order to allow non-confidential portions to be treated outside of the scope of this order.

1. All documents produced by plaintiff or defendant containing information about wages, family information, and/or financial information with respect to plaintiffs and/or defendant's current or former employees may be designated (either upon production or disclosure or within ten days thereafter) as "confidential."

2. All documents, discovery responses, and/or testimony related to treatment for medical, psychiatric, and/or psychological conditions, ailments, injuries, or symptoms shall be deemed

"Confidential/Attorneys' Eyes Only" information. Information designated "Confidential" and/or "Confidential/Attorneys' Eyes Only" shall be disclosed to only those persons described in paragraph 8, below.

3. Any record, document, pleading, discovery response, deposition transcript, or portion thereof, designated as confidential shall be clearly stamped *CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER* by the person who produced the information at the time of delivery of the information to the court or any other party (or within ten days thereafter). Each page of the confidential information must be stamped *CONFIDENTIAL*. In the event that confidential electronic documents are produced on a CD-ROM or floppy disk, the entire CD-ROM or disk may be designated confidential and the producing party shall provide a separate designation of those documents captured thereon that are to be treated as confidential pursuant to this Protective Order. Documents designated "confidential/attorneys' eyes only" shall follow the same procedure.

4. The documents referenced in paragraphs 1 and 2 of this order hereinafter will be referred to as confidential information.

5. All confidential information, as well as the matters contained therein, and extracts and summaries specifically describing such information, shall be used for no other purposes than prosecuting, defending, or appealing the above-captioned action and shall be disclosed only to the persons identified in paragraph 8 below.

6. The party seeking discovery shall have the right to challenge any designation of confidentiality by seeking an order of the court with respect to any information, documents, or things designated as "confidential information." The party objecting to the" confidential" designation shall inform all counsel of record of the objection in writing. The parties shall attempt first to dispose of such disputes in good faith and on an informal basis. If the parties are unable to resolve their dispute, they may present a motion to the court.

7. If a party challenges the designation of information or documents as confidential information, that party shall treat the information or documents as confidential information until the parties have reached an agreement concerning whether the document or information was properly designated as "confidential information" (which agreement shall be set forth in writing signed by counsel for both parties) or until the court has ruled that the information or documents shall not be treated as confidential information.

8. All confidential information shall be maintained in confidence by plaintiffs' and defendant's counsel and shall not be disclosed to any person except: (a) the parties; (b) the court and its officers; (c) counsel for the parties; (d) employees of counsel; (e) experts, consultants, litigation support vendors; (f) witnesses who have a need to review the material solely in connection with their actual testimony in this case; and (g) the trier of fact. However, items designated as "confidential-attorney eyes only" may only be disclosed to: (a) attorneys of record in this suit, their assistants, para-legals, clerks and staff; (b) the court and its officers; (c) expert witnesses retained by the parties or their attorneys provided they first agree to be bound by the terms of this Protective Order.

9. Individuals or entities permitted access pursuant to paragraph 8 to confidential information are hereby ordered not to show or convey any documents so designated, parts thereof, copies thereof, any matter contained therein, or any extracts or summaries thereof, to any individual or to any entity who would not otherwise have access to said documents under the provisions of this Protective Order.

10. In the event that any confidential information is included with, or the contents thereof are specifically described in, any pleading, motion, or other document filed with the Clerk of this Court or this court, such confidential information shall be filed under seal and kept under seal by the Clerk of Court until further order of this court.

11. Within 60 days after disposition of this case (including on appeal), all confidential information shall be promptly returned to the producing parties, except that briefs and other pleadings prepared for use in this litigation need not be returned or destroyed but shall be kept confidential.

12. All confidential information filed with the Clerk of the Court shall be withdrawn within 60 days after disposition of this case, (including on appeal).  If confidential information is not withdrawn by that time, the Clerk of the Court shall be authorized to unseal the materials.

13. Nothing in this order is intended to constitute an agreement regarding the scope of discovery in this action. The provisions of this order shall not affect the use or admissibility of evidence at trial, summary judgment, or any preliminary evidentiary proceeding in open court, except as directed by separate order entered for good cause shown.

14. This Protective Order shall remain in full force and effect after the termination of this litigation, or until canceled, vacated, or otherwise modified by order of this court.

15. The inadvertent failure of a party to designate discovery materials as confidential shall not constitute, or have the effect of, a waiver of any claim that such material or any similar material should be treated as confidential, and an individual who, in good faith, treats such materials as non-protected discovery materials rather than as confidential information due to the failure of a party to so designate the materials shall not be subject to any sanction or liability. Such inadvertent failure to so designate confidential information shall not be deemed a waiver of a party's claim of confidentiality, either as to a specific document or thing, or the information contained therein, and the parties, upon proper written notice and designation by the other side, shall treat such documents as confidential information. A receiving party shall make a good faith effort to notify the producing party of documents that are clearly covered by the definitions of confidential information provided in paragraph numbers 1 and 2, above. The parties retain the right to challenge any designation of confidential information as described in paragraphs 6 and 7, above.

ENTERED this 27th day of June , 2007

Henry H. Kennedy, Jr.
United States District Judge

6