## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

GARRINA BYRD, ANNETTE BURNS,
DEMERA GASKINS AND CARMEN
JEAN-BAPTISTE,

        Plaintiffs,

           v.

DISTRICT OF COLUMBIA,

        Defendant.

Civil Action No. 06-0522 (HHK)

### DEFENDANT'S PARTIAL MOTION TO DISMISS PLAINTIFFS' THIRD AMENDED COMPLAINT, OR IN THE ALTERNATIVE, FOR SUMMARY JUDGMENT

Pursuant to Fed. R. Civ. P. 12(b)(6), defendant District of Columbia ("District"), by and through undersigned counsel, respectfully moves the Court for a partial dismissal of Plaintiffs' Third Amended Complaint for failure to state a claim upon which relief can be granted. In the alternative, the District respectfully requests that the Court enter an Order granting it summary judgment pursuant to Fed. R. Civ. P. 56. As grounds, defendant states as follows:

1. Plaintiffs' Third Amended Complaint fails to state a claim for municipal liability under 42 U.S.C. § 1983 and the doctrine of *Monell v. Dep't of Social Servs. of the City of New York*, 436 U.S. 658, 694 (1978) (Counts III and VI);

2. The wrongdoing alleged in the Third Amended Complaint does not rise to the level of a constitutional violation (Counts III and VI);

3. Plaintiffs Burns and Gaskins have failed to comply with the mandatory notice requirement of D.C. Code, § 12-309 (Counts II and V);

4. Plaintiffs Burns and Gaskins' claims under the D.C. Human Rights Act are barred by the one-year statute of limitations (Counts II and V); and

5. Plaintiffs Burns, Gaskins and Jean-Baptiste have failed to comply with the requirements of Title VII, 42 U.S.C. § 2000e-5(e)(1) (Counts II and IV).

This motion is supported by the accompanying Memorandum of Points and Authorities attached hereto and incorporated by reference herein.

Dated: August 6, 2007.                    Respectfully Submitted,

                                          LINDA SINGER
                                          Attorney General for the
                                          District of Columbia

                                          GEORGE C. VALENTINE
                                          Deputy Attorney General, Civil Lit. Div.

                                          _____/s/Nicole Lynch_____
                                          NICOLE L. LYNCH [471953]
                                          Section Chief, General Litigation § II

                                          ___/s/Toni Michelle Jackson___
                                          TONI M. JACKSON (453765)
                                          Assistant Attorney General
                                          441 4th Street, NW, 6th Floor South
                                          Washington, DC 20001
                                          (202) 724-6602
                                          Fax: (202) 727-3625
                                          E-Mail: toni.jackson@dc.gov

## CERTIFICATE OF SERVICE

I hereby certify that on this 6th day of August, 2007, I caused the foregoing DEFENDANT'S MOTION TO DISMISS PARTS OF PLAINTIFFS' THIRD AMENDED COMPLAINT, OR IN THE ALTERNATIVE, FOR SUMMARY JUDGMENT to be filed with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to:

**Gary T. Brown**                         **Eric K. Bachman**
**GARY T. BROWN & ASSOCIATES, P.C.**      **WIGGINS, CHILDS, QUINN & PANTAZIS, PLLC**
**320 Maryland Ave., N.E.**               **2031 Florida Avenue, N.W., Ste. 300**
**Suite 100**                             **Washington, D.C. 20009**
**Washington, D.C. 20002**

                                          _____/s/Toni Michelle Jackson_____
                                          TONI MICHELLE JACKSON
                                          Assistant Attorney General

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

GARRINA BYRD, ANNETTE BURNS,
DEMERA GASKINS AND CARMEN
JEAN-BAPTISTE,

       Plaintiffs,                              Civil Action No. 06-0522 (HHK)

            v.

DISTRICT OF COLUMBIA,

       Defendant.

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF THE
DEFENDANTS' MOTION TO DISMISS PLAINTIFFS' THIRD AMENDED
COMPLAINT, OR IN THE ALTERNATIVE, FOR SUMMARY JUDGMENT**

      Pursuant to Fed. R. Civ. P. 12(b)(6), defendant District of Columbia ("District"), by

and through undersigned counsel, respectfully moves the Court for a partial dismissal of

Plaintiffs' Third Amended Complaint for failure to state a claim upon which relief can be

granted.  In the alternative, the District respectfully requests that the Court enter an Order

granting it summary judgment pursuant to Fed. R. Civ. P.  56.

**I.  BACKGROUND**

      In the Third Amended Complaint, plaintiffs Garrina Byrd, Annette Burns, Demera

Gaskins and Carmen Jean-Baptiste allege "systemic discrimination and retaliation" within

the District of Columbia Department of Parks and Recreation.  (Third Amended Complaint,

*et. seq.*).   Plaintiffs alleges violations of  the First and Fifth Amendments to the U.S.

Constitution, 42 U.S.C. §1983, Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e *et.*

*seq.* ("Title VII"); the D.C. Human Rights Act ("DCHRA"), D.C. Code §2-1401.01 *et. seq.*;

and the D.C. Whistleblower Protection Act ("DCWPA"), D.C. Code §§1-651.51, *et. seq.* (Third Amended Complaint, at ¶¶ 1, and 81-124.).  Plaintiffs seek declaratory, injunctive relief, other equitable relief, and nominal and compensatory damages as allowed by law. (*Id.*).

### A.  Plaintiff Byrd

Plaintiff Byrd alleges that she was employed by the District of Columbia from 2001 through December 31, 2005.  (Third Amended Complaint, at ¶ 9.).  Plaintiff Byrd alleges that she exhausted her administrative remedies, and filed this action within ninety (90) days of receipt of her Right to Sue Letter from the Equal Employment Opportunity Commission ("EEOC").  (Id., at ¶8.).

### B.  Plaintiff Burns

Plaintiff Burns alleges that she was terminated from her position with the District of Columbia Department of Parks and Recreation in 2004.  (Third Amended Complaint, at ¶ 10.).  *But see* First Complaint filed in *Burns v. D.C.*, 06-01198, at ¶¶ 9 and 12(h) ("First Complaint") ("Plaintiff Annette Burns was employed by Defendant District of Columbia from 2000 to December, 2003." and "Ms. Burns was transferred from her position and work site and ultimately was terminated from her position in January 2003.").  In any event, according to the Department of Parks and Recreations, plaintiff Burns' term position ended on January 19, 2004.  (*See* Defendant's Exhibit 1, attached hereto.).

Plaintiff waited until February 3, 2006 to file a charge of discrimination with the EEOC.  (See First Complaint, at ¶ 13.).  To date, the Mayor of the District of Columbia has

not received notification from plaintiff Burns indicating her intent to sue the District, as required by D.C. Code, §12-309. (*See* Defendant's Exhibit 2, attached hereto.).

### C. Plaintiff Gaskins

Plaintiff Gaskins alleges that she was terminated from her position with the District of Columbia Department of Parks and Recreation in 2005. (Third Amended Complaint, at ¶ 11.). According to the District's records, Ms. Gaskins was terminated on March 23, 2005. (See Defendant's Exhibit 3, attached hereto.). Plaintiff Gaskins has not exhausted her administrative remedies pursuant to Title VII. To date, the Mayor of the District of Columbia has not received notification from plaintiff Gaskins indicating her intent to sue the District, as required by D.C. Code, §12-309. (*See* Defendant's Exhibit 2.).

### D. Plaintiff Jean-Baptiste

Plaintiff Jean-Baptiste alleges that she was terminated from her position with the District of Columbia Department of Parks and Recreation in 2006. (Third Amended Complaint, at ¶ 12.). Plaintiff Jean-Baptiste has not exhausted her administrative remedies pursuant to Title VII. (Third Amended Complaint, at ¶ 8.).

## II.    STANDARD OF REVIEW

In reviewing the sufficiency of a complaint pursuant to Fed R. Civ. P. 12(b)(6), a court must consider the facts presented in the pleading as true and construe them and all reasonable inferences in the light most favorable to the plaintiff. *See Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974) (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957) and citing *Gardner v. Toilet Goods Assn.,* 387 U.S. 167, 172 (1967)). The court need not consider inferences that are unsupported by the facts or legal conclusions framed as facts. *See*

*Kowal v. MCI Communications Corp.*, 16 F.3d 1271, 1276 (D.C. Cir. 1994). The motion can be granted, and the complaint dismissed, only if no relief could be granted upon those facts. Id.

The Supreme Court recently held in *Bell Atlantic Corp. v. Twombly*, 2007 U.S. LEXIS 5901 (Decided May 21, 2007, that the proper test for the sufficiency of a pleading under Rule 12(b)(6) is whether the claim it purports to set forth is  "plausible" --- not whether "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."). Under the standard of "plausibility" enunciated by the Supreme Court in *Twombly*, the Third Amended Complaint should be dismissed because under federal law and District law it is inherently implausible that defendant has injured Plaintiffs.

Similar to the Courts' analysis on a motion to dismiss, summary judgment may be granted for a moving party when it shows that there are no material facts in dispute and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56; *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Hussain v. Prinicipi*, 344 F. Supp. 2d 86, 94 (D.D.C. 2004). "In considering a motion for summary judgment, the 'evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor.'" *Hussain*, 344 F. Supp. 2d at 94 (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48, (1986)).

A party may rely on evidence outside of the pleadings to support his motion for summary judgment. Fed. R. Civ. P. 56(a) (allowing claimant to rely on supporting affidavits). Should the Court consider the evidence outside of the pleadings, this Motion to Dismiss will convert to a motion for summary judgment. Fed. R. Civ. P. 12(b); *Herron v.*

*Veneman*, 305 F. Supp. 2d 64, 70 (D.D.C. 2004) ("Often the introduction of factual materials by the parties—including depositions, answers to interrogatories, admissions on file and affidavits—will convert a Rule 12(b)(6) motion to dismiss to a Rule 56(b) motion for summary judgment.").

## III.    ARGUMENT

A.    Plaintiffs' Third Amended Complaint fails to state a claim for municipal liability under 42 U.S.C. § 1983 and the doctrine of *Monell v. Dep't of Social Servs. of the City of New York*, 436 U.S. 658, 694 (1978) (Counts III and VI)

The plaintiffs allege that the District violated their First Amendment and Fifth Amendment rights under the U.S. Constitution, and demands relief for these violations pursuant to 42 U.S.C. § 1983. (*See* Third Amended Complaint, Counts III and VI). As explained in *Monell v. Dep't of Social Servs. of the City of New York*, the District can be held liable for the plaintiffs' constitutional claims only if the plaintiffs allege facts that indicate their injury was caused by a policy or custom of the District. 436 U.S. 658, 694 (1978); *see also City of Oklahoma City v. Tuttle*, 471 U.S. 808, 824 (1985). According to the Supreme Court decision in *Monell*:

> a local government may not be sued under § 1983 for an injury inflicted solely by its employees or agents. Instead, it is when execution of a government's policy or custom … inflicts the injury that the government as an entity is responsible under § 1983."

436 U.S. at 694.

The Supreme Court further held in *Oklahoma City* that, "at the very least there must be an affirmative link between the policy and the particular constitutional violation alleged." *Oklahoma City*, 471 U.S. at 823. The *Oklahoma City* decision interpreted *Monell* as holding that "municipal liability should not be imposed *when the municipality was not itself at fault.*" *Id.* at 818 (emphasis added).

Here, even with all reasonable inferences taken in favor of the plaintiffs, the facts alleged in the Third Amended Complaint cannot permit a finding of a District of Columbia policy or custom of "failure to respond adequately to complaints and/or evidence of sexual harassment, as well as failure to adequately train, supervise, hire, and/or retain its employees." (*See* Third Amended Complaint, at ¶¶92, 94 and 115). Even if such an inference could be made, there are no facts alleged in the Third Amended Complaint to suggest that the plaintiffs' allegations of sexual harassment were the result of any such policy. [1]

1.  Plaintiffs' Fifth Amendment Claims Do Not State A Constitutional Violation

The Fifth Amendment of the U.S. Constitution guarantees each individual equal protection under the laws, including federal, state, and municipal statutes and ordinances. [2] A law can be a facial violation of equal protection (Due Process Clause), or a facially valid law can be unconstitutionally applied in a manner that violates an individual's equal protection rights (Equal Protection Clause). Plaintiffs do not specify which clause the District violated, so both will be discussed below.

Here, the plaintiffs allege that the District is liable for their alleged injuries because it failed to "respond adequately to complaints and/or evidence of sexual harassment, as well as failure to adequately train, supervise, hire, and/or retain its employees." (*See* Third Amended Complaint, at ¶¶92, 94 and 115). Nowhere in the plaintiffs' Third Amended

---

[1] In addition, the District is not liable for Mr. Thompson's actions under the doctrine of Respondeat Superior. *Monell v. Dep't of Social Servs. of the City of New York*, 436 U.S. 658, 694 (1978).

[2] The Fourteenth Amendment expands the protections of the Fifth Amendment to apply to the states. Because the District is not a state, the Fourteenth Amendment does not apply to the District of Columbia. However, the equal protection doctrines arising out of the Fourteenth Amendment are equally applicable to the District under the Fifth Amendment. *See Bolling v. Sharpe*, 347 U.S. 497, 499 (1954).

Complaint do they allege either a *per se* violation of equal protection, or that their equal protection rights were violated by a District of Columbia policy.

a.    Due Process Clause

The Supreme Court has ruled that "the Due Process Clause does not impose an independent federal obligation upon municipalities to provide certain minimum levels of safety and security in the workplace." *Collins v. City of Harker Heights*, 503 U.S. 115, 130 (1992). Nor was the Court "persuaded that the city's alleged failure to train its employees . . . was an omission that can properly be characterized as arbitrary, or conscience shocking, in a constitutional sense." *Id.* at 128. It explained:

> Our refusal to characterize the city's alleged omission . . . as arbitrary in a constitutional sense rests on the presumption that the administration of government programs is based on a rational decisionmaking process that takes account of competing social, political, and economic forces. . . . The Due Process Clause "is not a guarantee against incorrect or ill-advised personnel decisions." . . . *Nor does it guarantee municipal employees a workplace that is free of unreasonable risks of harm.*

*Id.* at 128-29 (emphasis added). Finally, the Court ruled that plaintiff had "not alleged that the deprivation of this liberty interest was arbitrary in the constitutional sense." *Id.* at 129.

As applied here, the plaintiffs' allegations that the District failed to "respond adequately to complaints and/or evidence of sexual harassment, as well as failure to adequately train, supervise, hire, and/or retain its employees," does not violate the plaintiffs' constitutional rights. The Due Process Clause "does not guarantee municipal employees a workplace that is free of unreasonable risks of harm." *Collins*, 503 U.S. at 129.

Here, the plaintiffs' claims are even more tenuous if they intend to allege that the DPR policies and procedures on which their constitutional claims depend have the status of District law. As the District of Columbia Court of Appeals has ruled, an agency protocol "is

9

not itself a regulation whose violation by itself may support a finding of negligence, let alone gross negligence." *District of Columbia v. Henderson*, 710 A.2d 874, 877 (D.C. 1998).  As the *Henderson* court also recognized, a rule that a deviation from an internal protocol constitutes negligence "would create the perverse incentive for the District to write its internal operating procedures in such a manner as to impose minimal duties upon itself . . . rather than imposing safety requirements . . . that may far exceed those followed by comparable institutions." *Clark v. District of Columbia*, 708 A.2d 632, 636 (D.C. 1997). These rulings apply with even greater force when plaintiff seeks to convert a deviation from internal operating procedures into a tort of constitutional dimensions.

b.  Equal Protection Clause

An alternative bases of liability is the Equal Protection Clause of the 5th Amendment of the U.S. Constitution.  If the plaintiffs claim is based on this clause, the claims must be dismissed, because, as a matter of law, the plaintiffs cannot articulate a set of facts that establish discriminatory/harassing intent on the part of the District.  Constitutional claims such as these are made actionable by the individual right of action set forth under 42 U.S.C. § 1983.

If the Court determines that the plaintiffs have brought their claims under the Equal Protection Clause, their ability to survive a motion to dismiss or summary judgment challenge must be analyzed under equal protection guidelines.  It is well settled that, in order for the plaintiffs to prove that they were discriminated against in violation of the Equal Protection Clause of the Fifth Amendment, they must set forth facts to show that the District's actions were based on discriminatory/harassing intent.

The Supreme Court has "made clear that 'proof of racially discriminatory intent or

10

purpose is required' to show a violation of the Equal Protection Clause." *City of Cuyahoga Falls v. Buckeye Cmty. Hope Found.*, 538 U.S. 188, 194 (2003) (quoting *Arlington Heights v. Metropolitan Housing Development Corp.*, 429 U.S. 252, 265 (1977) and citing *Washington v. Davis*, 426 U.S. 229 (1976)); *see also Willowbrook v. Olech*, 528 U.S. 562, 564 (2000) (quoting *Sunday Lake Iron Co. v. Township of Wakefield*, 247 U.S. 350, 352 (1918)) ("the purpose of the equal protection clause of the Fourteenth Amendment is to secure every person within the State's jurisdiction against intentional and arbitrary discrimination, whether occasioned by express terms of a statute or by its improper execution through duly constituted agents.").

Here, plaintiffs have not set forth sufficient facts to survive the District's motion to dismiss their equal protection claims. Plaintiffs simply cannot show, through the facts set forth in the Third Amended Complaint, the most critical element of their sexual harassment claims—they cannot raise a factually supported inference of intent to harass. *Cuyahoga Falls*, 538 U.S. at 194; *Arlington Heights*, 429 U.S. at 265. The District, therefore, is entitled to judgment as a matter of law.

> B.    The wrongdoing alleged in the Third Amended Complaint does not rise to the level of a constitutional violation (Counts III and VI)

The plaintiffs' Third Amended Complaint names only the District of Columbia as a defendant, and the plaintiffs do not allege that a named individual defendant had District of Columbia policymaking authority that could satisfy the requirements of *Monell*. 436 U.S. at 694; *see also Triplett v. District of Columbia*, 108 F.3d 1450, 1453 (D.C. Cir. 1997).

In *Triplett*, an inmate plaintiff sued two correctional officers and the District of Columbia for the officers' use of excessive force. The court held that the plaintiff could only succeed on his § 1983 claims against the District if he could "show fault on the part of the

11

Case 1:06-cv-00522-HHK    Document 55    Filed 08/06/2007    Page 12 of 23

city based on a course its policymakers consciously chose to pursue." *Id.* (*citing Carter v. District of Columbia*, 795 F.2d 116, 122 (D.C. Cir. 1986)).  In holding that the plaintiff had made no such showing, the court emphasized that the plaintiff's allegation that certain "supervisors" were involved in the incident was insufficient.  The court wrote that:

> the Supreme Court has made clear that the standard is more demanding.  "If the mere exercise of discretion by an employee could give rise to a constitutional violation, the result would be … *respondeat superior* liability," which *Monell* had rejected.

*Id.* (*citing St. Louis v. Praprotnik*, 485 U.S. 112, 126 (1988)).  Finding "no one in this case's cast of characters who could possibly be said to hold 'final policymaking authority' regarding the use of force in restraining prisoners," the court reversed the trial court's judgment of municipal liability.  *Id.* at 1453-54.

Here, the plaintiffs' Third Amended Complaint contains similar deficiencies.  The plaintiffs have not sued or alleged that any individual had policymaking authority.  Without a factually supported allegation that the alleged constitutional violations were conducted by a District policymaker, the plaintiffs' §1983 claims against the District must be dismissed.

    C.    Plaintiffs Burns and Gaskins have failed to comply with the mandatory notice requirement of D.C. Code, § 12-309 (Counts II and V)

The District is entitled to either a dismissal of Plaintiffs Burns and Gaskins' state law claims under the D.C. Human Rights Act ("DCHRA")—Counts II and V, or an Order granting it summary judgment on those claims because Plaintiffs Burns and Gaskins have failed to satisfy the mandatory notice requirement of D.C. Code, § 12-309.  Section 12-309 states in pertinent part:

> An action may not be maintained against the District of Columbia for unliquidated damages to person or property unless, <u>within six months</u> after the injury or damage was sustained, the claimant, his agent, or attorney has given notice in writing to the Mayor of the District of Columbia of the approximate time, place, cause and circumstances of the injury or damage.

D.C. Code, §12-309 (2001) (emphasis added).

It is well settled that compliance with the notice requirement of §12-309 is "a mandatory prerequisite to filing a lawsuit against the District." *McRae v. Olive*, 368 F. Supp. 2d 91, 95 (D.D.C. 2005); *see also District of Columbia v. Dunmore,* 662 A.2d 1356, 1359 (D.C. 1995). "The rationale underlying the Section 12-309 notice requirement is to (1) protect the District of Columbia against unreasonable claims and (2) to give reasonable notice to the District of Columbia so that the facts may be ascertained and, if possible, deserving claims adjusted and meritless claims resisted." *Pitts v. District of Columbia*, 391 A.2d 803, 807 (D.C. 1978).

To protect this purpose, courts have construed strictly the plain language of §12-309. *See, e.g., District of Columbia v. Dunmore*, 662 A.2d 1356, 1359 (D.C. 1995). Courts interpreting the statute have held that the District must <u>receive</u> notice within six months of the events that allegedly have caused a claimant's injury. *DeKine v. District of Columbia*, 422 A.2d 981, 984 (1980). Notice received even one day past due is considered untimely and completely bars recovery against the District. *Id.* at 986; *see also Williams v. District of Columbia*, 676 F. Supp. 329, 333 (D.D.C. 1987) (relying on *DeKine*, 422 A.2d 985, and explaining that the date of receipt is crucial in determining compliance with Section 12-309).

At least three Superior Court Judges, interpreting D.C. law, have held that §12-309 applies to claims brought under the DCHRA. *See Cage v. District of Columbia*, No. 05-CA-

0991, at 4-7 (D.C. Super. Ct. June 19, 2007); *McFarlane v. New Leaders For New Sch.*, No. 04-CA-8506, at 14 (D.C. Super. Ct. Nov. 10, 2005); *Descutner v. District of Columbia*, No. 04-CA-7214, at 5 (D.C. Super. Ct. Mar. 1, 2005) (attached hereto as Defendant's Exhibits 4-6, respectively).

Because this Court is exercising supplemental jurisdiction over Plaintiffs Burns and Gaskins' state law claims under the DCHRA, the Court is bound by the D.C. Court of Appeals' interpretation of District law in determining whether the notice requirement of D.C. Code, §12-309 is applicable to claims brought pursuant to the DCHRA. *See Diamond Triumph Auto Glass, Inc. v. Safelite Glass Corp.*, 441 F. Supp. 2d 695, 704 (D. Pa. 2006) (noting that state law applies to claims considered pursuant to supplemental jurisdiction). While the D.C. Court of Appeals has not ruled on this specific question, it is logical to conclude from the court's analysis of D.C. Code, §12-309, and its applicability to other similar provisions, that the notice requirement of §12-309 applies to claims brought under the DCHRA.

Moreover, the plain language of the DCHRA supports a finding that it is subject to the notice requirement of §12-309. Section 12-309 requires timely notice to the District before a claimant can file suit for "unliquidated *damages* to person or property." D.C. Code, §12-309 (2001) (emphasis added). The DCHRA provides in pertinent part: "Any person claiming to be aggrieved by an unlawful discriminatory practice shall have a cause of action in any court of competent jurisdiction for *damages* and such other remedies as may be appropriate . . . ." D.C. Code, § 2-1403.16 (2001) (emphasis added). A person aggrieved by unlawful discrimination suffers damages to her person caused by another person. Such damages are analogous to damages from intentional torts, such as libel, where a claimant

14

is harmed by the words of another.  The D.C. Court of Appeals has unequivocally held that claims of intentional torts brought against the District for monetary damages are subject to the notice requirement of §12-309.  *See, e.g.*, *Breen v. District of Columbia*, 400 A.2d 1058, 1061 (D.C. 1979).  Based on the same logic, §12-309 must extend to claims under the DCHRA.

In this case, Plaintiffs Burns and Gaskins have  failed to satisfy the statutory requirements because they failed to notify the Mayor of their intent to file a claim against the District within six months of the alleged incident. (*See* Defendant's Exhibit 2 .).  In fact, to this day, the District has not received notices from plaintiff Burns and/or plaintiff Gaskins . *Id.* Any notice plaintiffs Burns and Gaskins may have given to the D.C. Department of Parks and Recreation is insufficient to satisfy the requirements of §12-309.  *See McRae*, 368 F. Supp. 2d at 95 ("Notice to officials subordinate to the Mayor is not sufficient."); *see also McFarlane*, No. 04-CA-8506, at 14 (holding that giving notice to agency's general counsel was insufficient to meet the requirements of §12-309).

Because satisfaction of the notice requirement of §12-309 is a prerequisite to filing suit against the District, and because plaintiffs Burns and Gaskins cannot now cure this defect, the District is entitled to either a dismissal of their state law claims under the DCHRA—Counts II and V, or an Order granting it summary judgment on those claims.

> D.    Plaintiffs Burns and Gaskins' claims under the D.C. Human Rights Act are barred by the one-year statute of limitations (Counts II and IV)

Plaintiffs Burns and Gaskins' DCHRA claims--(Counts II and IV)—should also be dismissed because the plaintiffs have failed to file suit within one year of the accrual of their claims, as required by the statute of limitations.  Pursuant to the DCHRA, a private cause of action must be filed "within one year of the unlawful discriminatory act, or the

discovery thereof." D.C. Code § 2-1403.16. However, according to this statute, the "timely

filing of a complaint with the Office [of Human Rights] shall toll the running of the statute of

limitations while the complaint is pending before the Office."*Id*. Here, the plaintiffs have

failed to either file their complaint within one year of the allegedly unlawful acts, or to toll

the one-year statute of limitations by filing their DCHRA claims with the Office of Human

Rights ("OHR") within that time period.

The plaintiffs have clearly failed to file their federal court lawsuit within one year

after their claims accrued. A DCHRA claim accrues when an unlawful discriminatory act

occurs or is discovered by the plaintiff. D.C. Code § 2-1403.16.

### 1.    Plaintiff Burns

Plaintiff Burns was terminated from her position with DPR on January 19, 2004.

(*See* Defendant's Exh. 2.). Therefore, plaintiff Burns had one year from January 19, 2004,

to either file her complaint in federal court or lodge her sex discrimination and retaliation

claims with OHR/EEOC.

As plaintiff Burns' first civil action was not filed until June 29, 2006, more than two

years after her termination, her initial complaint clearly was not filed within the one-year

limitations period. Thus, plaintiff Burns' claims of sex discrimination and retaliation are

only viable if she filed an EEOC/OHR complaint for those claims prior to the expiration of

the one-year limitations period. She did not.

### 2.    Plaintiff Gaskins

Plaintiff Gaskins was terminated from her position with DPR on March 23, 2005.

(*See* Defendant's Exh. 3.). Therefore, plaintiff Gaskins had one year from March 23, 2005,

to either file her complaint in federal court or lodge her sex discrimination and retaliation

claims with OHR/EEOC. As Ms. Gaskins was not added to this civil action until July 5, 2007, more than two years after her termination, plaintiff Gaskins' complaint clearly was not filed within the one-year limitations period. Thus, plaintiff Gaskins' claims of sex discrimination and retaliation are only viable if she filed an EEOC/OHR complaint for those claims prior to the expiration of the one-year limitations period. She did not.

Because plaintiffs Burns and Gaskins waited more than two years to file their sex discrimination lawsuit in this court, their DCHRA claims are barred by the statute of limitations. As such, Counts II and IV of the plaintiffs Burns and Gaskins' Third Amended Complaint must be dismissed with prejudice.

E.    Plaintiffs Burns, Gaskins and Jean-Baptiste have failed to comply with the requirements of Title VII, 42 U.S.C. § 2000e-5(e)(1) (Counts I, and IV)

The District is entitled to dismissal of plaintiffs Burns, Gaskins and Jean-Baptiste's claims under Title VII—Counts I and IV. Plaintiffs Burns and Gaskins failed to file a charge of discrimination with the EEOC within the time allowed under the statute, and plaintiff Jean-Baptiste has not exhausted her administrative remedies as required by Title VII.

Under Title VII, a claimant must file a charge alleging violations of the Act with the EEOC within either: (1) 180 days after the alleged unlawful employment practice, if the claimant does not file a complaint with the state or local agency; or (2) 300 days after the alleged unlawful employment practice, if the claimant initially instituted proceedings with a state or local agency, or within 30 days after receiving notice that the state or local agency has terminated the proceedings, whichever is earlier. 42 U.S.C. § 2000e-5(e)(1). Plaintiffs Burns, Gaskins and Jean-Baptiste's claims under Title VII must be dismissed for the reasons set forth below.

1. Plaintiff Burns has failed to timely file her charge with the Equal Employment Opportunity Commission, as required under 42 U.S.C. § 2000e-5(e)(1) (Counts II and IV).

For purposes of this Motion, the Court need not determine whether the time for filing is 180 days or 300 days after the alleged unlawful employment practice. According to Department of Parks and Recreation Employment Records, January 19, 2004 was plaintiff Burns' last day of work. (*See* Defendant's Exhibit 1, attached hereto.). Therefore, January 19, 2004 is also the last possible date for the alleged violations of the Act. *Id.* Plaintiff Burns did not initiate an action with the EEOC until February 3, 2006, well outside the 300-day time limit. First Complaint, at ¶ 13.

Assuming, *arguendo*, that the last possible date for defendant's alleged violations under Title VII was January 19, 2004, and that plaintiff Burns filed her charge with the EEOC on February 3, 2006, 746 days—more than twice the time allowed under Title VII—lapsed. Because plaintiff Burns' claim was filed with the EEOC outside the statutory deadline, the Court should grant the District's Motion to Dismiss plaintiff Burns' Title VII claims. *See, e.g., Turner v. District of Columbia*, 383 F. Supp. 2d 157, 177 (D.D.C. 2005); *Murphy v. Bd. of Educ.*, 273 F. Supp. 2d 292, 305 (W.D.N.Y. 2003) (explaining that the time requirement is rigorously enforced and that charges filed untimely are barred from recovery).

> 2. Plaintiff Gaskins has failed to comply with 42 U.S.C. § 2000e-5(e)(1) (Counts II and IV)

According to Department of Parks and Recreation Employment Records, March 23, 2005 was plaintiff Gaskins' last day of work. (*See* Defendant's Exhibit 7, attached hereto.). To date, plaintiff Gaskins has not filed an EEOC/OHR Charge of Discrimination.  Therefore, her Title VII claims must be dismissed.

> 3. Plaintiff Jean-Baptiste has failed to exhaust her administrative remedies, as required by Title VII (Counts II and IV)

Plaintiff Jean-Baptiste admits in the Third Amended Complaint that she has not received a "right to sue" letter from the EEOC regarding her claims against the District of Columbia under Title VII.  (See Third Amended Complaint, at ¶8.).  Plaintiff is required to administratively exhaust all of her claims prior to filing suit under Title VII. *See Christopher v. Billington*, 43 F. Supp. 2d 39, 47 (D.D.C. 1999)(quoting *Park v. Howard University*, 71 F.3d 904, 907 (D.C. Cir. 1995)).  Therefore, plaintiff Jean-Baptiste's claims, contained in Counts II and IV of the Third Amended Complaint, must be dismissed.

## IV.    CONCLUSION

Based on the foregoing, plaintiffs' claims must be dismissed for the following reasons: (1) Plaintiffs Burns, Byrd, Gaskins and Jean-Baptiste have failed to state a claim for municipal liability or to assert any  wrongdoing that amounts to a violation of the U.S. Constitution (Counts III and VI); (2) Plaintiffs Burns and Gaskins have failed to meet two mandatory statutory requirements, D.C. Code, §12-309 and Title VII (Counts I, II, IV and V), and the statute of limitations for their DCHRA claims (Counts II and IV); and (4) Plaintiff Jean-Baptiste has failed to exhaust her administrative remedies on her claims under Title VII (Counts II and IV).

Dated: August 6, 2007.                    Respectfully Submitted,

                                          LINDA SINGER
                                          Attorney General for the
                                          District of Columbia

                                          GEORGE C. VALENTINE
                                          Deputy Attorney General
                                          Civil Litigation Division

                                          _____/s/Nicole Lynch_____
                                          NICOLE L. LYNCH [471953]
                                          Section Chief
                                          General Litigation § II

                                          ____/s/Toni Michelle Jackson___
                                          TONI M. JACKSON (453765)
                                          Assistant Attorney General
                                          441 4th Street, NW, 6th Floor South
                                          Washington, DC 20001
                                          (202) 724-6602
                                          Fax:  (202) 727-3625
                                          E-Mail:  toni.jackson@dc.gov

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

|  |  |
|---|---|
| GARRINA BYRD, ANNETTE BURNS, DEMERA GASKINS AND CARMEN JEAN-BAPTISTE,<br><br>        Plaintiffs,<br><br>            v.<br><br>DISTRICT OF COLUMBIA,<br><br>        Defendant. | Civil Action No. 06-0522 (HHK) |

**DEFENDANT'S STATEMENT OF UNDISPUTED MATERIAL FACTS**

1.  In the Third Amended Complaint, plaintiffs Garrina Byrd, Annette Burns, Demera Gaskins and Carmen Jean-Baptiste allege "systemic discrimination and retaliation" within the District of Columbia Department of Parks and Recreation. (Third Amended Complaint, *et. seq.*).

2.  Plaintiffs allege violations of the First and Fifth Amendments to the U.S. Constitution, 42 U.S.C. §1983, Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e *et. seq.* ("Title VII"); the D.C. Human Rights Act ("DCHRA"), D.C. Code §2-1401.01 *et. seq.*; and the D.C. Whistleblower Protection Act ("DCWPA"), D.C. Code §§1-651.51, *et. seq.* (Third Amended Complaint, at ¶¶ 1, and 81-124.).

3.  Plaintiffs seek declaratory, injunctive relief, other equitable relief, and nominal and compensatory damages as allowed by law. (*Id.*).

**Plaintiff Byrd**

4.  Plaintiff Byrd alleges that she was employed by the District of Columbia from 2001 through December 31, 2005.  (Third Amended Complaint, at ¶ 9.).

5.  Plaintiff Byrd alleges that she exhausted her administrative remedies, and filed this action within ninety (90) days of receipt of her Right to Sue Letter from the Equal Employment Opportunity Commission ("EEOC").  (Id., at ¶8.).

**Plaintiff Burns**

6.  Plaintiff Burns alleges that she was terminated from her position with the District of Columbia Department of Parks and Recreation in 2004.  (Third Amended Complaint, at ¶ 10.).  *But see* First Complaint filed in *Burns v. D.C.*, 06-01198, at ¶¶ 9 and 12(h) ("First Complaint") ("Plaintiff Annette Burns was employed by Defendant District of Columbia from 2000 to December, 2003" and "Ms. Burns was transferred from her position and work site and ultimately was terminated from her position in January 2003.").

7.  According to the Department of Parks and Recreations, plaintiff Burns' term position ended on January 19, 2004.  (*See* Defendant's Exhibit 1, attached hereto.).

8.  Plaintiff waited until February 3, 2006 to file a charge of discrimination with the EEOC.  (See First Complaint, at ¶ 13.).  To date, the Mayor of the District of Columbia has not received notification from plaintiff Burns indicating her intent to sue the District, as required by D.C. Code, §12-309.  (*See* Defendant's Exhibit 2, attached hereto.).

**Plaintiff Gaskins**

9.  Plaintiff Gaskins alleges that she was terminated from her position with the District of Columbia Department of Parks and Recreation in 2005.  (Third Amended Complaint, at ¶ 11.).

10. According to the District's records, Ms. Gaskins was terminated on March 23, 2005. (See Defendant's Exhibit 3, attached hereto.).

11. Plaintiff Gaskins has not exhausted her administrative remedies pursuant to Title VII.

12. To date, the Mayor of the District of Columbia has not received notification from plaintiff Gaskins indicating her intent to sue the District, as required by D.C. Code, §12-309. (*See* Defendant's Exhibit 2.).

**Plaintiff Jean-Baptiste**

13. Plaintiff Jean-Baptiste alleges that she was terminated from her position with the District of Columbia Department of Parks and Recreation in 2006. (Third Amended Complaint, at ¶ 12.).

14. Plaintiff Jean-Baptiste has not exhausted her administrative remedies pursuant to Title VII. (Third Amended Complaint, at ¶ 8.).

Dated: August 6, 2007.                  Respectfully Submitted,

                                        LINDA SINGER
                                        Attorney General for the District of Columbia

                                        GEORGE C. VALENTINE
                                        Deputy Attorney General, Civil Lit. Div.

                                        _____/s/Nicole Lynch_____
                                        NICOLE L. LYNCH [471953]
                                        Section Chief, General Litigation § II

                                        ___/s/Toni Michelle Jackson___
                                        TONI M. JACKSON (453765)
                                        Assistant Attorney General
                                        441 4th Street, NW, 6th Floor South
                                        Washington, DC 20001
                                        (202) 724-6602
                                        Fax: (202) 727-3625
                                        E-Mail: toni.jackson@dc.gov