# EXHIBIT 1

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| GARRINA BYRD, ANNETTE BURNS, DEMERA GASKINS, AND CARMEN JEAN-BAPTISTE,<br><br>Plaintiffs,<br><br>v.<br><br>DISTRICT OF COLUMBIA,<br><br>Defendant. | Civil Action No. 06-0522 (HHK/AK) |

### FED. R. CIV. P. 56(f) DECLARATION OF ERIC BACHMAN

1.　I am submitting this Declaration pursuant to Fed. R. Civ. P. 56(f) in support of Plaintiffs' contentions that Defendant's Alternative Motion for Summary Judgment (Def.'s Motion) should be dismissed or stayed pending discovery.

2.　In this case, Defendant filed the instant motion before any discovery has been conducted in this Court regarding the claims of Plaintiffs Burns, Gaskins, and Jean-Baptiste. Only limited written discovery has been conducted regarding Plaintiff Byrd's case. Further, Defendant's EEO office responsible for investigating the claims of complainants did not comply with its responsibility.

3.　The Defendant belatedly engaged an investigator, but this process was not begun until years after Burns', and other female employees', complaints about the sexual harassment. The investigator's report was obtained by Plaintiffs' counsel through a Freedom of Information Act request. Although it supports the allegations of Ms. Burns and other Plaintiffs, the report

leaves many questions unanswered. Plaintiffs would seek to depose the investigator, Ms. Carolyn Lerner, regarding her findings.

    4.    Discovery which Plaintiffs assert is necessary to decide the timeliness issues related to Burns' and Gaskins' discrimination claims includes, but is not limited to, evidence regarding (1) Defendant's policies, practices, and procedures regarding complaints of employment discrimination, including the role and responsibility of Neil Albert, Director of the Department of Parks and Recreation (to whom Burns and Gaskins complained), and/or Neil Stanley, in implementing these procedures, (2) the policies, practices, and procedures, if any, governing the investigation that is supposed to occur after a complaint is received including, but not limited to, the policies outlined in DCMA 4 Chapter 1, § 104.1(a)-(b), (3) the numerous complaints made by Burns including, but not limited to, complaints she made to supervisor James Boone (Third Am. Compl. ¶ 35), and Albert (*id.* ¶ 41-42), as well as Gaskins' complaints to her supervisor and Albert and/or Stanley (¶¶ 60, 63); (4) the numerous complaints of sexual harassment related to Thompson which were made by at least 3 to 6 other female employees (*id.* ¶¶ 51-52); (5) what investigation, if any, occurred in response to Burns', Gaskins, and the other female employees' complaints, (6) when, if ever, Defendant notified Burns or Gaskins of the results of its investigation, (7) whether Defendant informed employees about or otherwise posted information regarding sexual harassment and an employee's right to complain and/or file a charge of discrimination; (8) any representations Defendant or its agent, employee, and/or representatives made to Plaintiffs regarding the status of their complaints; and (9) whether Burns, Gaskins and other female employees, many of whom were hired through "welfare-to-work" programs, had any knowledge regarding sexual harassment and/or the EEO process for District of Columbia employees.

5.  In order to prove Plaintiffs' claim that Defendant misled them and/or was grossly negligent in processing their repeated complaints of discrimination, depositions of Plaintiffs' former supervisors are necessary. In particular, Plaintiffs seek to depose Darnell Thompson, Joyce Roberts, and Julie Banks relating to their supervision of Plaintiffs, as well as incidents of harassment while Burns and Gaskins worked for Defendant. Plaintiffs would also seek to discover whether these, or any other, individuals made statement or representations to Plaintiffs regarding the status of their investigation and/or their complaints.

6.  In addition, Plaintiffs would seek to depose Neil Stanley and Neil Albert, both of whom were former Directors of the Department of Parks & Recreation. Each had responsibility to "educate" their employees as to the steps necessary to initiate the EEO process and each knew of Burns' and/or Gaskins' complaint. Discovery would reveal if any information on the process were available and provided to Plaintiffs. Both Stanley and Alberts received complaints from women other than Plaintiffs of sexual harassment by Facilities Manager Thompson, yet the harasser was allowed to continue his unlawful behavior. Plaintiffs would also seek to discover whether these, or any other, individuals made statement or representations to Plaintiffs regarding the status of their investigation and/or their complaints.

7.  Plaintiffs would seek to depose Shawniqua Ottley, Director of Human Resources for the Department of Parks & Recreation, who was also involved in earlier complaints against Thompson and may have important evidence regarding Defendant's failure to investigate Byrd's, Burns', and Gaskins' complaints. Plaintiffs would also seek to discover whether these, or any other, individuals made statement or representations to Plaintiffs regarding the status of their investigation and/or their complaints.

8. Also, Plaintiff would seek to obtain statements from Plaintiffs' former co-workers, who witnessed harassment of Burns and Gaskins and/or other discriminatory conduct by Thompson. Some of these witnesses may require depositions.

9. Plaintiffs would seek to depose Deborah Jackson, union representative, regarding efforts to get union assistance in dealing with harassment by Thompson against female employees of the Department of Parks & Recreation from her supervisors and co-workers. Plaintiffs would also seek copies of any union grievances relating to harassment by Darnell Thompson.

10. Plaintiff would seek in written discovery EEO reports for the years 2000-2005 as well as data regarding the number, positions and performance evaluations of female employees working in the Department of Parks and Recreation under Darnell Thompson.

11. Plaintiffs would further seek any EEO complaints by other Department of Parks & Recreation employees lodged against Darnell Thompson and/or other personnel.

12. The deposition testimony of the witnesses will also inevitably lead to new information that will need to be obtained in order to be able to fully and successfully prosecute this matter.

13. In addition, the Third Amended Complaint alleges that other individuals in the Department of Parks and Recreation engaged in and/or condoned a well-known pattern of sexual harassment, discrimination, and/or retaliation. *See, e.g., id.* ¶¶ 16, 17, 21, 22, 31, 38, 41-44, 51-53, 59, 62, 69-74. Because discovery has not yet commenced for Plaintiffs Burns, Gaskins, and Jean-Baptiste, Plaintiffs are uncertain as to each specific District of Columbia government official who was involved in the alleged perpetuation of sexual harassment/discrimination and/or

who failed to act even though such harassment had become a "custom" within the Department of Parks and Recreation.

14. As a result, there are myriad material facts that have not been obtained and would be necessary to adequately and fully respond to Defendant's Motion if it is adjudicated as a motion for summary judgment.

15. All of the foregoing information is both material and discoverable, but has not yet been produced. Accordingly, Defendant's summary judgment motion should be dismissed or stayed pending an opportunity to engage in discovery.

FURTHER DECLARANT SAYETH NOT

. I swear under penalty of perjury that the foregoing is true and correct to the best of my knowledge.

August 16, 2007
Date

Eric Bachman

5