UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

GARRINA BYRD, ANNETTE BURNS,
DEMERA GASKINS AND CARMEN
JEAN-BAPTISTE,

Plaintiffs,

v.

DISTRICT OF COLUMBIA,

Defendant.

Civil Action No. 06-0522 (HHK)

**DEFENDANT DISTRICT OF COLUMBIA'S REPLY BRIEF IN SUPPORT
OF ITS MOTION TO DISMISS PARTS OF PLAINTIFFS' THIRD AMENDED
COMPLAINT, OR, IN THE ALTERNATIVE, FOR SUMMARY JUDGMENT**

For the reasons detailed in its Motion to Dismiss and elaborated in the following

Reply Brief, Defendant District of Columbia ("District"), by and through undersigned

counsel, respectfully moves that the Court dismiss portions of Plaintiffs' Third Amended

Complaint for failure to state a claim upon which relief may be granted, pursuant to Fed.

R. Civ. P. 12(b)(6).   In the alternative, the District respectfully requests that this Court

enter an Order granting it summary judgment pursuant to Fed. R. Civ. P. 56.

**I.    BACKGROUND**

**A.    <u>INTRODUCTION</u>**

Plaintiffs allege violations of the D.C. Human Rights Act, Title VII, 42 U.S.C. §

1983, and the First and  Fifth Amendments of the U.S. Constitution.  Specifically, the

District requests that the plaintiffs' claims be dismissed as follows:

(1) Plaintiffs Burns and Gaskins have failed to meet two mandatory statutory requirements, D.C. Code, §12-309 and Title VII (Counts I, II, IV and V), and the statute of limitations for their DCHRA claims (Counts II and IV);

(2) Plaintiff Jean-Baptiste has failed to exhaust her administrative remedies on her claims under Title VII (Counts II and IV); and

(3) Plaintiffs Burns, Byrd, Gaskins and Jean-Baptiste have failed to state a claim for municipal liability or to assert any wrongdoing that amounts to a violation of the U.S. Constitution (Counts III and VI).

Plaintiffs Burns and Gaskins have failed to support their argument that their failure to comply with the notice requirements of D.C. Code § 12-309 should be excused, and they have failed to show that they have complied with the filing requirements contained in Title VII. In addition, all plaintiffs have failed to allege an unconstitutional policy or custom, or to show that a policy maker was involved in the alleged harassment sufficient to withstand dismissal of their 42 U.S.C. § 1983 claims based on violations of the First and Fifth Amendments. The District's motion to dismiss parts of plaintiffs' Third Amended Complaint, or, in the alternative, for Summary Judgment should be granted.

### B.    UNDISPUTED MATERIAL FACTS

For purposes of the District's Motion, the following facts are undisputed:

▪ In the Third Amended Complaint, plaintiffs Garrina Byrd, Annette Burns, Demera Gaskins and Carmen Jean-Baptiste allege "systemic discrimination and retaliation" within the District of Columbia Department of Parks and Recreation. (Third Amended Complaint, *et. seq.*). Plaintiffs allege violations of the First and Fifth Amendments to the U.S. Constitution, 42 U.S.C. §1983, Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e et. seq. ("Title VII"); the D.C. Human Rights Act ("DCHRA"), D.C. Code §2-1401.01 et. seq.; and the D.C.

Whistleblower Protection Act ("DCWPA"), D.C. Code §§1-651.51, et. seq. (Third Amended Complaint, at ¶¶ 1, and 81-124.). Plaintiffs seek declaratory, injunctive relief, other equitable relief, and nominal and compensatory damages as allowed by law. (*Id.*).

▪ Plaintiff Byrd alleges that she was employed by the District of Columbia from 2001 through December 31, 2005. (Third Amended Complaint, at ¶ 9.). Plaintiff Byrd alleges that she exhausted her administrative remedies, and filed this action within ninety (90) days of receipt of her Right to Sue Letter from the Equal Employment Opportunity Commission ("EEOC"). (Id., at ¶ 8.).

▪ Plaintiff Burns alleges that she was terminated from her position with the District of Columbia Department of Parks and Recreation in 2004. (Third Amended Complaint, at ¶ 10.). *But see* First Complaint filed in *Burns v. D.C.*, 06-01198, at ¶¶ 9 and 12(h) ("First Complaint") ("Plaintiff Annette Burns was employed by Defendant District of Columbia from 2000 to December, 2003" and "Ms. Burns was transferred from her position and work site and ultimately was terminated from her position in January 2003."). Plaintiff Burns did not file a D.C. Code, §12-309 Notice. (*See* Pl. Opp., at p. 13, n.11.).

▪ Plaintiff Gaskins alleges that she was terminated from her position with the District of Columbia Department of Parks and Recreation in 2005. (Third Amended Complaint, at ¶ 11.). Plaintiff Gaskins has not exhausted her administrative remedies pursuant to Title VII. To date, the Mayor of the District of Columbia has not received notification from plaintiff Gaskins indicating her intent to sue the District, as required by D.C. Code, §12-309. (*See* District's Exhibit 2, attached to the District's Motion to Dismiss); and (*See* Pl. Opp., at p. 13, n.11.).

▪ Plaintiff Jean-Baptiste alleges that she was terminated from her position with the District of Columbia Department of Parks and Recreation in 2006. (Third Amended Complaint, at ¶ 12.).

## II.    ARGUMENT

Plaintiffs' arguments to the contrary, plaintiffs Burns and Gaskins' claims under the DCHRA are time-barred because they failed to meet the mandatory requirements of the statute, and plaintiffs Burns, Gaskins and Jean-Baptiste's Title VII claims should be dismissed because they have failed to comply with the requirements of Title VII. Moreover, plaintiffs' constitutional claims should be dismissed because of the *Monell* doctrine and because the claims do not rise to the level of a constitutional violation. Accordingly, plaintiffs Burns and Gaskins' case against the District should be dismissed in its entirety, and plaintiff Jean-Baptiste's Title VII claims should be dismissed.

### A.    The Mandatory Notice Requirement of D.C. Code § 12-309 Applies to Claims Made Pursuant to the DCHRA, and Plaintiffs Burns and Gaskins Failed to Comply With That Requirement.

The District is entitled to either a dismissal of plaintiffs Burns and Gaskins' state law claims under the DCHRA—Counts II and V, or an Order granting it summary judgment on those claims because plaintiffs Burns and Gaskins have failed to satisfy the mandatory notice requirement of D.C. Code § 12-309.

At least three Superior Court Judges, interpreting D.C. law, have held that § 12-309 applies to claims brought under the DCHRA, while no court has held that it does not. *See Cage v. District of Columbia*, No. 05-CA-0991, at 4-7 (D.C. Super. Ct. June 19, 2007); *McFarlane v. New Leaders For New Sch.,* No. 04-CA-8506, at 14 (D.C. Super. Ct. Nov. 10, 2005); *Descutner v. District of Columbia,* No. 04-CA-7214, at 5 (D.C. Super. Ct. Mar. 1, 2005) (*See* Defendant's Motion to Dismiss, attached as Exhibits 4-6, respectively).

Further, on several occasions, the D.C. Court of Appeals, whose decisions are binding as to state law claims considered pursuant to supplemental jurisdiction, has

confirmed that the statute applies broadly to all tort claims against the District. *Breen v. District of Columbia*, 400 A.2d 1058, 1060 (D.C. 1979). *See also Diamond Triumph Auto Glass, Inc. v. Safelite Glass Corp.*, 441 F. Supp. 2d 695, 704 (D. Pa. 2006) (noting that state law applies to claims considered pursuant to supplemental jurisdiction).   While § 12-309 was originally enacted to protect the District from actions based on "'accidents causing personal injury," the D.C. Court of Appeals has recognized that "[t]he statute was directed . . . at the broader problems of notice, prompt investigation, and proof, not to the nature of the claims." *Breen*, 400 A.2d at 1060.  Accordingly, the D.C. Court of Appeals has relied on the broad language of the statute and its purpose to expand its application to intentional torts and statutory causes of action. *See, e.g., Breen*, 400 A.2d at 1061; accord *District of Columbia v. Dunmore*, 662 A.2d 1356, 1358 (D.C. 1995); *see also Doe v. District of Columbia*, 697 A.2d 23, 25 (D.C. 1997) (applying the notice requirement to claims under the District of Columbia Prevention of Child Abuse Act of 1977).

Unsupported by any authority, plaintiffs mistakenly claim that § 12-309 is inapplicable to claims under the DCHRA.  Nothing in the text of §12-309 supports such a distinction because, according to plaintiffs, the statute "applies only to 'common law type actions.'" (*See* Pl. Opp., at p. 13-14.)   Section 12-309 "imposes a notice requirement on everyone with a tort claim against the District of Columbia," *Dunmore*, 662 A.2d at 1358 (emphasis added), and the D.C. Court of Appeals has specifically applied § 12-309 to statutory claims.  An action under the DCHRA is an action in tort, even though it is brought under a statutory provision rather than the common law. *See Descutner*, No. 04-CA-7214, at 5 ("Plaintiff's argument fails because a claim under the

Human Rights Act, like any other tort claim against the District of Columbia, must comply with the requirements of § 12-309.").

Moreover, the plain language of the DCHRA supports a finding that it is subject to the notice requirement of § 12-309. Section 12-309 requires timely notice to the District before a claimant can file suit for "unliquidated damages to person or property." D.C. Code § 12-309 (2001) (emphasis added).  The DCHRA provides in pertinent part: "Any person claiming to be aggrieved by an unlawful discriminatory practice shall have a cause of action in any court of competent jurisdiction for damages and such other remedies as may be appropriate . . . ."  D.C. Code § 2-1403.16 (2001) (emphasis added).  A person aggrieved by unlawful discrimination suffers damages to her person caused by another person.  Such damages are analogous to damages from intentional torts, such as libel, where a claimant is harmed by the words of another.  The D.C. Court of Appeals has unequivocally held that claims of intentional torts brought against the District for monetary damages are subject to the notice requirement of § 12-309. *See, e.g., Breen v. District of Columbia*, 400 A.2d 1058, 1061 (D.C. 1979).  Based on the same logic, § 12-309 must extend to claims under the DCHRA.

Plaintiffs' inexplicably rely on *District of Columbia v. Campbell*, 580 A.2d 1295, 1301-02 (D.C. 1990) to support their posited statutory/common law distinction.  (*See* Pl. Opp., at 13.).  However, this argument ignores the fact that, as noted above, the D.C. Court of Appeals expressly recognized the applicability of § 12-309's mandatory notice requirement to causes of action under statutory provisions such as the District of Columbia Prevention of Child Abuse Act of 1977.  *See Doe*, 697 A.2d at 25.  It therefore comes as no surprise that nothing in *Campbell* supports plaintiffs' statutory/common law

distinction.  Instead, the sections of *Campbell* that plaintiffs cite in an attempt to support this argument draw a distinction between tort claims and contract claims, rather than common law torts and statutory torts.

*Campbell,* thus offers no basis for ignoring the decisions of several courts interpreting § 12-309 , such as *McFarlane,* No. 04-CA-8506, at 14, *Cage*, No. 05-CA-0991, at 5 and in *Descutner*, No. 04-CA-7214, at 5; which plaintiffs argue "conflict with established case law" from the D.C. Court of Appeals in *Campbell*, 580 A.2d at 1301-02. (*See* Pl. Opp., at p. 15.). To the contrary, these cases are consistent with the court's holding that actions sounding in tort are subject to the notice requirements of § 12-309. *See Cage*, No. 05-CA-0991, at 5 (relying on *Campbell* to support court's holding that § 12-309 applies to all claims—statutory and common law, and ordering summary judgment on all claims for unliquidated damages); *McFarlane*, No. 04-CA-8506, at 13-14 (relying on *Campbell* to reject the plaintiff's substantial compliance argument and ultimately holding that claims under the DCHRA are claims for damages that are subject to the notice requirement of § 12-309); *Descutner*, No. 04-CA-7214, at 5 (noting that claims under the DCHRA are "like any other tort claim against the District" and must comply with the notice requirements of § 12-309).

Nor is there any basis for plaintiffs' apparent suggestion (asserted weakly in a footnote) (*See* Pl. Opp., at p. 14, n.12.), that a statute must expressly incorporate § 12-309 for the notice requirement to be applicable.  "It is well-established that a plaintiff with unliquidated statutory claims against the District must satisfy §12-309, even if the particular statute under which the claim is brought does not specifically require it." *Cage*, No. 05-CA-0991, at 5; *McFarlane*, No. 04-CA-8506, at 14; *Doe*, 697 A.2d at 25 (holding

that § 12-309 applies to claims under the D.C. Prevention of Child Abuse and Neglect Action, which does not have an express provision regarding the applicability of § 12-309).  Plaintiffs offer no authority, whether in the form of statutory language or legislative history, to even suggest that the legislature, through enactment of the DCHRA, somehow intended to repeal the general application of § 12-309 to "everyone with a tort claim against the District of Columbia."  *Dunmore*, 662 A.2d at 1358.

Finally, plaintiffs wrongly argue that the administrative process set forth in the DCHRA "serves the purposes of § 12-309 notice," and therefore excuses any notice requirement. (*See* Pl. Opp., at p. 14.).  It is well settled that compliance with the notice requirement of  § 12-309 is "a mandatory prerequisite to filing a lawsuit against the District," regardless of any other notice (constructive or actual) that might be provided. *McRae v. Olive*, 368 F. Supp. 2d 91, 95 (D.D.C. 2005); *see also Dunmore*, 662 A.2d at 1359.

To protect the purpose of  § 12-309, the D.C. Court of Appeals has rejected "substantial compliance" arguments, even where, unlike the present action, the District had actual notice of the claims being brought against it.  *See, e.g., Chidel v. Hubbard*, 840 A.2d 689, 695 (D.C. 2004); *see also Gross v. District of Columbia*, 734 A.2d 1077, 1081 (D.C. 1999); *Dunmore*, 662 A.2d at 1359.

Plaintiffs also wrongly argue, that "[f]or District employees, the process of filing an administrative EEO complaint is mandatory, similar to the mandatory federal EEO complaint process…." (*See* Pl. Opp., at p. 14.).  Even putting aside the court's rejection of "substantial compliance" arguments in the § 12-309 context, the D.C. Human Rights Act was amended on October 1, 2002, to give District employees the right to elect to

bring a private cause of action without going through the administrative process. *See* D.C. Code § 2-1403.03(b)(2001 edition); *see also* D.C. Mᴜɴ. Rᴇɢs. Tɪᴛ. 4-105.1 (2007) ("[A] complaint of sexual harassment may be filed directly with the Office."). Moreover, plaintiffs Burns and Gaskins did not file EEO complaints or go through the administrative process, (*See* Third Amended Complaint, ¶¶ 55-56 and 64-66); therefore, their arguments that they have substantially complied with § 12-309's notice requirement are without merit.

Because plaintiffs Burns and Gaskins' DCHRA claims are subject to the mandatory notice requirement of § 12-309, and because it is undisputed that plaintiffs Burns and Gaskins' did not comply with the requirements of § 12-309, the District is entitled to either a dismissal of plaintiffs Burns and Gaskins' state law claims under the DCHRA, or an Order granting it summary judgment on those claims.

**B.    Plaintiffs Burns and Gaskins' Title VII Claims Should be Dismissed Because They Failed to Timely File Their Charges of Discrimination with the Equal Employment Opportunity Commission as Required under 42 U.S.C. § 2000e-5(e)(1).**

Next, plaintiffs Burns and Gaskins' Title VII claims should be dismissed because they indisputably failed to comply with Title VII's filing requirements. Plaintiff Burns filed her EEOC charge after the deadline for filing had expired, and plaintiff Gaskins has never filed an EEOC complaint. Under Title VII, a claimant must file a charge alleging violations of the Act within 180 days or 300 days after the alleged unlawful employment practice, depending on whether the claimant also filed a complaint with a state or local agency. *See* 42 U.S.C. § 2000e-5(e)(1).

Plaintiff Burns filed her EEOC charge at least 746 days after the deadline for the District's alleged violations under Title VII. In fact, plaintiff Burns' claims were dismissed

by the EEOC because her charge was not timely filed. (*See* District's Exhibit 1, attached hereto.).[1]

Plaintiff Gaskins also concedes that she has not exhausted her administrative remedies pursuant to Title VII. (*See* Pl. Opp., at p. 3, n. 2).  As with plaintiff Burns, under Title VII, plaintiff Gaskins had to file a charge alleging violations of the Act within 180 days or 300 days after the alleged unlawful employment practice. See 42 U.S.C. § 2000e-5(e)(1).  She did not.

Plaintiffs Burns and Gaskins present two arguments asserting that, despite plaintiff Burns and Gaskins' clear violation of the filing deadlines required by the statute, the Court should stay the proceedings or deny the District's Motion to Dismiss their Title VII claims.  Specifically, plaintiffs Burns and Gaskins argue: (1) their claims were timely because the EEOC filing deadline is subject to waiver, estoppel, or equitable tolling; and (2) even assuming plaintiffs Burns and Gaskins' claims were untimely, they may rely on the timely-filed EEOC charge of plaintiff Byrd.  For the reasons detailed below, the Court should reject each of these arguments and grant the District's Motion to Dismiss plaintiffs Burns and Gaskins' Title VII claims.

> 1.  <u>Plaintiff Burns and Gaskins' EEOC charges are not subject to waiver, estoppel, or equitable tolling.</u>

Burns and Gaskins' EEOC charges are not subject to waiver, estoppel, or equitable tolling, and discovery is not necessary to make that determination.  While the filing of a timely charge of discrimination is, under certain circumstances, subject to waiver, estoppel, and equitable tolling, *see Zipes v. Trans World Airlines, Inc.*, 455 U.S.

---

[1] This document was also provided as Exh. 2 at plaintiffs' Opposition to the District's Motion to Dismiss the Second Amended Complaint.

385, 393 (1982), none of those equitable principles apply to plaintiffs Burns and Gaskins' untimely-filed EEOC charges.

> The Supreme Court has explained that equitable tolling or estoppel is available:

>> in situations where the claimant has actively pursued his judicial remedies by filing a defective pleading during the statutory period, or where the complainant has been induced or tricked by his adversary's misconduct into allowing the filing deadline to pass.  We have generally been much less forgiving in receiving late filings where the claimant failed to exercise due diligence in preserving his legal rights.

*Irwin v. Department of Veterans Affairs*, 498 U.S. 89, 96 (1990).  It is well settled that courts will exercise their equitable powers to toll the statute of limitations "only in extraordinary and carefully circumscribed instances." *Cristwell v. Veneman*, 224 F. Supp. 2d 54, 59 (D.D.C. 2002) (Walton, J.) (quoting *Monday v. Sec'y of the Army*, 845 F.2d 1051, 1057 (D.C. Cir. 1988).  This instance is not extraordinary.

In their Opposition Brief, plaintiffs Burns and Gaskins assert that these equitable principles are available to them, but they fail to present any specific argument to show why these principles are applicable to their failure to timely file their EEOC charges. Equitable tolling and equitable estoppel are separate and distinct principles. For equitable tolling to apply, the plaintiff must show that she should "avoid the bar of the limitations period [because] despite due diligence, [s]he is unable to obtain vital information bearing on the existence of [her] claim." *Currier v. Radio Free Europe/Radio Liberty, Inc.*, 159 F. 3d 1363, 1367 (D.C. Cir. 1998).  By contrast, equitable estoppel "prevents a defendant from asserting untimeliness where the defendant has taken active steps to prevent the plaintiff from litigating in time." *Id.*  Neither principle applies to plaintiffs Burns and Gaskins' EEOC charges.

Plaintiffs Burns and Gaskins allege generally in their Opposition Brief that the EEOC charges are subject to these equitable principles, but they fail to allege in their Third Amended Complaint—as is required to survive this Motion to Dismiss—any specific facts to show that their EEOC charges were subject to either equitable tolling or equitable estoppel. More specifically, plaintiffs fail to allege any "active steps" that the District took to prevent them from filing their EEOC complaints. The only assertions in plaintiffs' Third Amended Complaint that even allude to an argument to support application of these equitable principles is their claim that they were "never informed by anyone at DPR that a separate process for filing an EEOC complaint even existed for District of Columbia government employees…." (*See* Third Amended Complaint, ¶¶ 54-55 and 65-66.). The failure to notify plaintiffs concerning the details of filing an EEOC complaint hardly amounts to "active steps" justifying application of these rarely applicable doctrines. Moreover, the District was not required to inform plaintiffs of their right to pursue an action with the EEOC. *See Williams v. Munoz*, 106 F. Supp. 2d 40, 44 (D.D.C. 2000).

Plaintiffs Burns and Gaskins also have not presented any facts to show that, despite their most diligent efforts, they were unable to obtain the information they needed to file their Third Amended Complaint. Therefore, their claim of equitable tolling fails. Nor have plaintiffs Burns and Gaskins presented any facts to show "affirmative misconduct" on the part of the District, or that the District otherwise "misled [them] about the running of the limitations period." *Washington v. Washington Metro. Area Transit Auth.*, 160 F.3d 750, 752-53 (D.C. Cir. 1998) (internal citations omitted); *Cristwell*, 224

F. Supp. 2d at 60. Therefore, plaintiffs Burns and Gaskins' claims of equitable estoppel must also fail.

The District also maintains that discovery is not necessary for plaintiffs to be able to make these claims. Plaintiffs Burns and Gaskins should know if they were deceived about filing an EEOC claim, and the plaintiffs know what facts would substantiate these claims and support their allegations that they were prevented from filing the EEOC charges in a timely manner. However, a review of plaintiffs' Rule 56(f) Declaration indicates that they ask for discovery on topics that are within their personal knowledge. (*See* Pl. Opp., Exh. 2, at ¶¶ 4-9.). None of these deposition topics mention any "active steps" the District made to prevent plaintiffs from filing their EEOC complaints, or plaintiffs' desire to depose anyone on this topic. Had plaintiffs Burns and Gaskins' EEOC charges been subject to these equitable principles, they should already have sufficient information to support these claims, and they should have pled those facts in the Third Amended Complaint.[2] *See, e.g., Cristwell*, 224 F. Supp. 2d at 56 (granting defendant's motion to dismiss "because the plaintiff has failed to sufficiently establish circumstances to warrant the application of either equitable tolling or estoppel").

In sum, plaintiff Burns filed her EEOC charge well outside the filing deadline solely because of her own lack of diligence. She should not, at this late date, be allowed to overcome this lack of diligence. "One who fails to act diligently cannot invoke equitable principles to excuse the lack of diligence." *Cristwell,* 224 F. Supp. 2d at 60 (quoting *Baldwin County Welcome Ctr. v. Brown*, 466 U.S. 147, 151 (1984)). Similarly,

---

[2] The District notes that plaintiff Burns also failed to plead those facts in her original complaint, first amended complaint, and second amended complaint. If they existed, she would surely have included them by now.

plaintiff Gaskins' Title VII claims should be dismissed because she failed to file an EEOC complaint at all.

       2.    <u>Plaintiffs Burns and Gaskins cannot piggyback their untimely-filed Title VII claims.</u>

Plaintiffs Burns and Gaskins allege that even if the Court determines that their EEOC charges were untimely, they may nonetheless rely on plaintiff Byrd's timely filed charge under the "single-filing rule." (*See* Pl. Opp., at p. 20.) In fact, plaintiffs Burns and Gaskins may not "piggyback" their claims onto plaintiff Byrd's Title VII claims for two reasons—(1) Plaintiff Byrd's EEOC charge did not put the District on notice of plaintiff Burns and Gaskins' claims; and (2) Plaintiff Burns filed an untimely EEOC charge, and the charge is not subject to equitable tolling.

"The critical factor in determining whether an individual Title VII plaintiff must file an EEOC charge, or whether he may escape this requirement by joining with another plaintiff who has filed such a charge, is the similarity of the two plaintiffs' complaints." *Foster v. Gueory*, 655 F.2d 1319, 1322 (D.C. Cir. 1981). The principal purpose of the EEOC filing requirement is to "enable[] the EEOC to provide the alleged wrongdoer with notice and to permit possible conciliation." *Id.*, at 1323.

Contrary to plaintiffs Burns and Gaskins' arguments, plaintiff Byrd's EEOC charge did not put the District on notice of the claims brought by plaintiffs Burns and Gaskins.

a.    Plaintiff Byrd's EEOC charge did not provide sufficient notice to the District of the individual claims alleged by Plaintiffs Burns and Gaskins.

In her charge of discrimination filed with the EEOC on May 11, 2006, plaintiff Byrd alleged sexual harassment and retaliation for harm Ms. Byrd, personally, allegedly sustained.  For example, plaintiff Byrd alleged in her EEOC charge:  "…I was hired…;" "…my position was threatened…;" "…I filed a charge…;" "I have been subjected to retaliation…;" "…I was moved…;" "…I was notified of my termination…." (*See generally* Plaintiff Byrd's EEOC Charge of Discrimination, dated June 19, 2006, attached hereto as District Exhibit 2).

Nowhere in her EEOC charge, or in her charge filed with the D.C. Office of Human Rights, did plaintiff Byrd allege that others suffered similar harassment and retaliation. (*See generally* Plaintiff Byrd's EEOC Charge of Discrimination (June 19, 2006), and D.C. Office of Human Rights Charge of Discrimination (Apr. 6, 2005) attached hereto as District Exhibit 3 and Exhibit 4 respectively).  As further evidence of the personal nature of plaintiff Byrd's claims, plaintiff Byrd alleged *quid pro quo* harassment.  (*See* District Exh. 4).

Accordingly, plaintiff Byrd's charge could not have put the District on notice of plaintiff Burns' claims; nor could it have put the District on notice of the claims of plaintiff Gaskins.  Plaintiff Burns' attempt to piggyback her untimely-filed individual claims on the timely filed claims of plaintiff Byrd would frustrate the purpose and spirit of the single-filing rule.  Similarly, plaintiff Gaskins' attempt to piggyback her non-existent claim is even more egregious.

At least one District Court Judge on the U.S. District Court for the District of Columbia has rejected prior attempts to piggyback class claims onto claims of a single

claimant.  *See Campbell v. Nat'l R.R. Passenger Corp.*, 163 F. Supp. 2d 19, 27 (D.D.C. 2001) ("the purposes of the filing requirement would not be served by allowing plaintiffs to piggyback class claims onto [plaintiff's] individual claim").

Had plaintiff Byrd alleged class-wide discrimination in her EEOC charge, or similarly put the District on notice of the possibility of subsequent lawsuits, perhaps the argument plaintiffs Burns and Gaskins presents could be sustained.  *See Anderson v. Montgomery Ward & Co.*, 852 F.2d 1008, 1016-17 (7th Cir. 1988) (adopting the position taken by the Eighth, Ninth, and Tenth Circuits that piggybacking of class actions onto individual claims is only appropriate where the charge puts the defendant on notice "of the possibility of a subsequent lawsuit with many plaintiffs."). Here, it is clear, however, that plaintiff Byrd's EEOC charge alleged only individual claims and that the District had no notice of plaintiff Burns or Gaskins' allegations.

Further, the Court should reject plaintiffs Burns and Gaskins' argument that their claims against the District, based on the untimely-filed EEOC claims, should survive the District's Motion to Dismiss.  To hold otherwise would require entities as vast as the District of Columbia government to treat all claims of sexual harassment, and presumably all claims under Title VII, as class actions, even when an EEOC charge only puts the District on notice of individual claims.  Such a result is untenable, contrary to the purpose of the EEOC filing requirement, and unsupported by the policy behind the single-filing rule. *See, e.g., Campbell*, 163 F. Supp. 2d at 27; A*nderson*, 852 F.2d at 1016 ("notification [of class-wide discrimination] is necessary in order to satisfy Congress' express desire that the defendant understand…the magnitude of his potential liability").

b.    Plaintiff Burns filed an untimely charge with the EEOC, and her claims are not subject to the single-filing rule.

A plaintiff who files an EEOC charge cannot later claim that a different claimant's EEOC charge was intended to encompass her claims.    In *Campbell*, Judge Emmet Sullivan explained:  "Plaintiff should not be able to revive stale claims to the detriment of defendant. Allowing such piggy-backing would seriously undermine the statue of limitations established for such actions." *Campbell*, 163 F. Supp. 2d at 26.

The lone exception to this rule, Judge Sullivan noted, would be in cases of waiver, estoppel, and equitable tolling, *id.,* which as detailed above are inapplicable here.  Accordingly, he concluded that "a claimant cannot rely upon another claimant's charges for conduct [for] which she has previously filed an EEOC, unless the statute of limitations . . . is subject to equitable tolling." *Id.*  As detailed above, plaintiff Burns' EEOC charge is not subject to equitable tolling or equitable estoppel. Therefore, the Court should grant the District's Motion to Dismiss because plaintiff Burns cannot piggyback her claims onto those of plaintiff Byrd because plaintiff Burns filed her own, albeit untimely, EEOC charge. (*See* District Exh. 1.)

In reaching the holding in *Campbell*, Judge Sullivan expressly rejected reasoning from the Sixth Circuit and the Southern District of New York, and now adopted by plaintiff Burns, that "the purpose of the single-file rule is no less well served in application to a potential plaintiff who has filed an untimely EEOC charge than on who has never filed an administrative charge." *Id*., at 26 (quoting and then rejecting *Howlett v. Holiday Inns, Inc.*, 49 F.3d 189, 197 (6th Cir. 1995)).  Anticipating that the District would highlight this disconnect, plaintiff Burns asks the Court to disregard Judge Sullivan's reasoning, and instead adopt the reasoning of the Sixth Circuit that Judge

Sullivan expressly rejected. (*See* Pl. Opp., at p. 23, n. 16.). Alternatively, plaintiff Burns also attempts to twist the reasoning of *Campbell* to support her position when she argues that "the holding in *Campbell* expressly states that the single-filing rule does apply to plaintiff's claims which were not covered by a timely EEOC charge." *Id.*; citing *Campbell*, 173 F. Supp.2d at 26 n.6 (the single-filing rule may be applied to "conduct that has not been the subject of a *now stale* EEOC charge")(emphasis added).

*Campbell* clearly supports defendant's Motion to Dismiss. Plaintiff Burns' attempts to argue that by using the term "stale claims" or "now stale EEOC charge" the court meant to include only instances where the plaintiff filed a timely EEOC claim, but failed to file a lawsuit within 90 days of the right-to-sue letter. *Id.* Plaintiffs, however, point to no language in the opinion that supports this limitation, to the contrary, Judge Sullivan relied in part on a case from the Fifth Circuit, *Mooney v. Aramco Serv. Co.*, 54 F.3d 1207, 1222-23 (5th Cir. 1995).

In *Mooney*, the Fifth Circuit addresses a situation more similar to the present action and supports the general proposition that a claimant who files her own EEOC charge is bound by the claims and limitations of that charge. In *Mooney*, the court rejected the claimants' attempt to add a claim that they failed to include in their EEOC charges by piggybacking onto another claimant's charge that included the claim. The court explained: "Once the charge is filed, unless it is permissibly modified, the EEOC and the employer are entitled to rely on the allegations contained therein. To allow a plaintiff to file an EEOC charge, file suit upon that charge and then, at the eleventh hour, when the statute of limitations has run, to amend his complaint in reliance on the charge of another belies the policies behind the single filing rule and controverts congressional

intent." *Id.*, at 1223.   Simply put, Judge Sullivan considered and rejected the very proposition that plaintiff Burns urges this Court to adopt.[3]

Based on the foregoing, the Court should reject plaintiffs Burns and Gaskins' arguments and grant the District's Motion to Dismiss plaintiffs Burns and Gaskins' Title VII claims—Counts II and IV.

### C.    Plaintiffs Burns and Gaskins' claims under the D.C. Human Rights Act are barred by the one-year statute of limitations (Counts II and IV)

Next, plaintiffs Burns and Gaskins' claim that their failure to file a lawsuit within DCHRA's one-year statute of limitations should be excused based upon the doctrines of waiver, estoppel and equitable tolling.   Further, plaintiffs argue that the single-filing rule should also apply to their DCHRA claims.   The District notes that plaintiffs have failed to cite to any case law in support of their contentions, or point to any facts supporting equitable tolling or estoppel.   Assuming without conceding, which we do not, that plaintiffs arguments should be considered, the District points the court to its reasons that these doctrines do not apply to plaintiffs Burns and Gaskins' federal claims.   *See supra* at §II.B.1-2.

---

[3]Judge Sullivan specifically rejected reasoning from the Sixth Circuit and the Southern District of New York analogizing cases involving untimely filed EEOC charges to cases where the claimant never filed an EEOC charge.   *Campbell*, 163 F. Supp. 2d at 26.

**D.    Plaintiffs' Third Amended Complaint fails to state a claim for municipal liability under 42 U.S.C. § 1983 and the doctrine of *Monell v. Dep't of Social Servs. of the City of New York*, 436 U.S. 658, 694 (1978) (Counts III and VI)**

As stated in the District's Motion to Dismiss, plaintiffs have no cause of action under 42 U.S.C. § 1983, based on a violation of their First or Fifth Amendment rights. Under § 1983, a sexual harassment plaintiff must allege a "(1) violation of a constitutional right, (2) committed by a state actor, (3) who acted with the requisite culpability and causation to violate the constitutional right." *See Cox v. Sugg*, 484 F.3d. 1062, 1066 (8th Cir. 2007); *see also Shrum ex rel. Kelly v. Kluck*, 249 F.3d 773, 777 (8th Cir. 2001).

In this case, Ms. Byrd complained of sexual harassment on April 6, 2005, and a Preliminary Report of Investigation into Ms. Byrd's complaints was issued on June 15, 2005.  (*See* District Exh. 4, attached hereto.).  Thus, even when the allegations are read in the light most favorable to plaintiffs, DPR hired an independent investigator one year before plaintiff Burns filed her initial Complaint, and approximately nine months before plaintiff Byrd filed her initial Complaint.

The District of Columbia should not be held liable for the actions of one or two employees.  Plaintiffs must allege an unconstitutional policy or custom that violates their constitutional rights.   In the opposition, plaintiffs allege "systemic discrimination and retaliation," but the allegations made by plaintiffs Byrd, Burns and Gaskins relate to alleged sexual harassment by Darnell Thompson, a DPR employee who is not a "state official." (*See* Pl. Opp., at p. 5.).   As to plaintiff Jean-Baptiste, she alleges sexual harassment by an unnamed "male supervisor," who also is not a state official.   (*Id*.). Regardless of how egregious the alleged conduct, the actions are still the product of

one or two men acting alone and the plaintiffs' allegations are not sufficient to establish a policy or custom of the District of Columbia.

Plaintiffs have failed to show that there were any decision makers/state officials involved in the alleged sexual harassment, and the plaintiffs have failed to identify any policy or custom of the District that is unconstitutional. (*See* Third Amended Complaint, *et. seq.*; Pl. Opp., at Exh. 2.).  Based on the foregoing, plaintiffs have failed to allege a predicate constitutional violation, and their First and Fifth Amendment claims under 42 U.S.C. Section 1983, must be denied.

## III.  CONCLUSION

Based on the foregoing, plaintiffs' claims must be dismissed for the following reasons: (1) Plaintiffs Burns and Gaskins have failed to meet two mandatory statutory requirements, D.C. Code, §12-309 and Title VII (Counts I, II, IV and V), and the statute of limitations for their DCHRA claims (Counts II and IV); (2) Plaintiff Jean-Baptiste has failed to exhaust her administrative remedies on her claims under Title VII (Counts II and IV); and (3) Plaintiffs Burns, Byrd, Gaskins and Jean-Baptiste have failed to state a claim for municipal liability or to assert any wrongdoing that amounts to a violation of the U.S. Constitution (Counts III and VI);.

Wherefore, the defendant respectfully requests that this Court grant the District's Partial Motion to Dismiss Plaintiffs' Third Amended Complaint, or, in the alternative, grant the District's Motion for Summary Judgment.

DATED:  August 27, 2007                    Respectfully submitted,

                                           LINDA SINGER
                                           Attorney General

                                           GEORGE C. VALENTINE
                                           Deputy Attorney General, Civil Litigation Division

/s/ Nicole L. Lynch
NICOLE L. LYNCH [471953]
Chief, Section II
General Litigation Division


/s/ Toni Michelle Jackson
BY:   TONI MICHELLE JACKSON [453765]
Assistant Attorney General
441 4th Street, N.W., 6s052
Washington, D.C. 20001
202.724.6602
202.727.3625
toni.jackson@dc.gov

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 27th day of August, 2007, I electronically filed the foregoing DEFENDANT DISTRICT OF COLUMBIA'S REPLY BRIEF IN SUPPORT OF ITS MOTION TO DISMISS PARTS OF PLAINTIFFS' THIRD AMENDED COMPLAINT, OR, IN THE ALTERNATIVE, FOR SUMMARY JUDGMENT, with the clerk of the court using the CM/ECF system, which will send notification of such filing to:

Gary T. Brown
Gary T. Brown & Associates, P.C.
320 Maryland Ave., N.E.
Suite 100
Washington, D.C. 20002

Eric K. Bachman
Lori B. Kisch
Timothy B. Fleming
Wiggins, Childs, Quinn & Pantazis, PLLC
2031 Florida Avenue, N.W., Ste. 300
Washington, D.C. 20009

/s/ Toni Michelle Jackson
BY:   TONI MICHELLE JACKSON
Assistant Attorney General