## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

GARRINA BYRD, ANNETTE BURNS, )
DEMERA GASKINS, and CARMEN )
JEAN-BAPTISTE, )
 ) Civil Action No. 06-0522 (HHK)
  Plaintiffs, )
 )
   v. )
 )
DISTRICT OF COLUMBIA, )
 )
  Defendant. )
_____)

### PLAINTIFF GARRINA BYRD'S MOTION TO COMPEL DISCOVERY

Pursuant to Rules 26 and 37 of the Federal Rules of Civil Procedure, Plaintiff Garrina Byrd ("Plaintiff" or "Byrd"), through her undersigned counsel, hereby moves this Court to compel the District of Columbia ("Defendant" or "the District") to produce sufficient answers responsive to Plaintiff's First Set of Interrogatories, as well as several categories of non-privileged documents responsive to Plaintiff's First Request for Production of Documents.

These Interrogatories and Document Requests seek information that is relevant and/or reasonably calculated to lead to the discovery of admissible evidence, including: (1) information and documents related to complaints of retaliation, sex discrimination and/or harassment from 1999 - 2002 made by employees of Defendant's Department of Parks and Recreation, the department in which Plaintiff worked; (2) information and documents related to EEO training for employees, including sexual harassment training, provided by Defendant from 1997 - 2002; (3) relevant portions of personnel files of Plaintiff's supervisors and co-workers with knowledge of Plaintiff's claims and/or sexual harassment within Plaintiff's department  (and, therefore, likely witnesses in this proceedings); and (4) information regarding the disciplinary history of

employee Darnell Thompson.   Defendant has either failed to, or refused to, produce this information on several grounds; however, each of these grounds is baseless, as set forth in further detail in the accompanying memorandum of law.  Further, by failing to serve objections or a request for an extension of time to serve such objections within the 30 days provided by Rules 33 and 34, Fed. R. Civ. P., Defendant has waived any objections to Plaintiff's discovery requests, and therefore must provide the desired discovery in its entirety.

Counsel for Plaintiff certifies that, pursuant to Rule 37(a)(2)(B), Fed. R. Civ. P., it has conferred in good faith with Defendant multiple times in an effort to secure the requested information and documents without court action, but has thus far been unsuccessful.

Plaintiff also hereby moves this Court to order Defendant to pay Plaintiff the attorneys' fees and costs of bringing this Motion.  The bases for Plaintiff's motion are set forth in the accompanying Memorandum.  A proposed Order is attached for the Court's consideration.

Respectfully submitted this 24th day of October, 2007,

/s/ Eric K. Bachman_____
Timothy B. Fleming (DC Bar 351114)
Lori B. Kisch (DC Bar 491282)
Eric K. Bachman (DC Bar  481993)
**Wiggins, Childs, Quinn & Pantazis, PLLC**
2031 Florida Avenue, NW, Suite 300
Washington, DC 20009
(202) 467-4123
(202) 467-4489 (facsimile)

Gary T. Brown (D.C. Bar # 246314)
**Gary T. Brown & Associates, P.C.**
320 Maryland Avenue, N.E., Suite 100
Washington, D.C. 20002
(202) 393-4900

*Attorneys for Plaintiff Garrina Byrd*

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

GARRINA BYRD, ANNETTE BURNS,   )
DEMERA GASKINS, and CARMEN   )
JEAN-BAPTISTE,   )
   )     Civil Action No.  06-0522 (HHK)
      Plaintiffs,   )
   )
         v.   )
   )
DISTRICT OF COLUMBIA,   )
   )
      Defendant.   )
_____)

## PLAINTIFF GARRINA BYRD'S MEMORANDUM IN SUPPORT OF HER MOTION TO COMPEL DISCOVERY

Pursuant to Rules 26 and 37 of the Federal Rules of Civil Procedure, Plaintiff Garrina Byrd ("Byrd" or "Plaintiff"), through her undersigned Counsel, respectfully submits this Memorandum in Support Of Her Motion To Compel Discovery.

## I.    BACKGROUND INFORMATION

Plaintiff Garrina Byrd is a former employee of Defendant's Department of Parks and Recreation, and has brought this action, along with three other similarly situated female employees who were subjected to a sexually hostile work environment and/or *quid pro quo* discrimination, to address continuing violations of state and federal anti-workplace harassment law.   Third Am. Compl. ¶ 1.

On April 25, 2007, Plaintiff served upon Defendant her first set of interrogatories and document requests.  *See* Plaintiff's First Set of Interrogatories (attached hereto as Exhibit 1) and Plaintiff's First Request for the Production of Documents (attached hereto as Exhibit 2).  On June 6, 2007, more than a week after the deadline for responding to these discovery requests had passed,[1]

---

[1]  Rules 33 and 34 of the Federal Rules of Civil Procedure both require parties served with discovery requests to respond with answers and objections, if applicable, to such requests within 30 days of service. *See* Rules 33(b)(3),

counsel for Plaintiff sent a letter informing Defendant that it had missed the discovery deadline, that any objections it had to Plaintiff's discovery requests were waived, and requesting that Defendant provide complete responses to the requests.  *See* June 6, 2007 Correspondence (attached hereto as Exhibit 3).  To date, Defendant has not offered any "good cause" for its failure to timely object and/or respond.

Defendant did not serve discovery responses until June 26, 2007.  *See* Defendant's Answers to Interrogatories (attached hereto as Exhibit 4); Defendant's Answers to Request for Production of Documents (attached hereto as Exhibit 5).  Despite the fact that Defendant missed the deadline for objecting to Plaintiff's discovery requests, Defendant nonetheless lodged objections to each of the discovery requests, and refused entirely to provide answers and/or documents responsive to several requests on the basis of these objections.  *See* Exhibit 4 (Def.'s Resp. to Interrog. Nos. 7, 8, 13-17); Exhibit 5 (Def.'s Resp. to RFP Nos. 5, 6, 10).

On July 10, 2007, Counsel for Plaintiff sent Defendant a detailed letter outlining the various deficiencies in its discovery responses to date.  *See* July 10, 2007 Correspondence (attached hereto as Exhibit 6).  Counsel for Defendant replied to this deficiency letter on August 1, 2007, agreeing to produce some, but not all, of the answers and documents requested by Plaintiff.  *See* August 1, 2007 Correspondence (attached hereto as Exhibit 7).  On September 5, 2007, Counsel for Plaintiff sent another letter to Defendant again outlining the remaining deficiencies and attempting to resolve this matter without court intervention.  *See* September 5, 2007 Correspondence (attached hereto as Exhibit 8).  On October 5, 2007, Defendant responded and reiterated that it would not cure the remaining discovery deficiencies raised by Plaintiff absent a court order.  *See* October 5, 2007

---

34(b), Fed. R. Civ. P.  Because Plaintiff's discovery requests were served by mail, *see* Exs. 1-2, Defendant was entitled to an additional three days in which to serve responses and objections.  Rule 6(e), Fed. R. Civ. P.  Thirty-three days from April 25, 2007, the date Plaintiff served her discovery requests, is May 28, 2007, which was a federal holiday. Thus, Defendant's objections and responses to Plaintiff's discovery requests were due the following day, May 29, 2007. Rule 6(a), Fed. R. Civ. P.

Correspondence (attached hereto as Exhibit 9).  This motion follows.

## II.    LEGAL ARGUMENT

### A.    Defendant Has Waived Its Objections to Plaintiff's Discovery Requests

Under Rules 33 and 34, the District had only thirty days after service of the interrogatories and request for production of documents to supply its answers and any objections. Fed. R. Civ. P. 33(b)(3); Fed. R. Civ. P. 34(b); *see also Fonville v. District of Columbia*, 230 F.R.D. 38, 42 (D.D.C. 2005).  Because Defendant failed to do so within the allotted time, it has waived its right to assert any of the objections raised in its untimely responses.

Rule 33 states, in pertinent part:

> All grounds for an objection to an interrogatory shall be stated with specificity. *Any ground not stated in a timely objection is waived unless the party's failure to object is excused by the court for good cause shown.*

Fed. R. Civ. P. 33(b)(4) (emphasis added).  Federal courts around the country, including this Court, have concluded that "the failure to object within the time fixed for its answer generally constitutes a waiver of any objection." *Fonville,* 230 F.R.D. at 42 (quoting *Chubb Integrated Sys. Ltd. v. Nat'l Bank of Washington*, 103 F.R.D. 52, 62 (D.D.C. 1984)); *see also Myrdal v. District of Columbia,* 2007 WL 1655875 at *3 (D.D.C. June 7, 2007); *Peskoff v. Faber*, 244 F.R.D. 54 (D.D.C. 2007); *Davis v. Fendler*, 650 F.2d 1154, 1160 (9th Cir. 1981); *Swackhammer v. Sprint Corp. PCS*, 225 F.R.D. 658, 665 (D. Kan. 2004); *Jayne H. Lee, Inc. v. Flagstaff Industries Corp.*, 173 F.R.D. 651, 653 (D. Md. 1997); *Cahela v. Bernard*, 155 F.R.D. 221, 226 (N.D. Ga. 1994); 8A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 2173 (2007). Thus, "in the absence of an extension of time or good cause, the failure to object to interrogatories within the time fixed by Rule 33 constitutes a waiver of any objection." *Fonville*, 230 F.R.D. at 42 (quoting *Scott v. Arex, Inc.*, 124 F.R.D. 39, 41-42 (D. Conn. 1989)). *See also Safeco Ins. Co. of America v. Rawstrom*, 183 F.R.D. 668, 671 (C.D. Cal. 1998) (footnote omitted). This is true even when the party objects to

disclosure because it claims that the information sought is privileged. *Davis*, 650 F.2d at 1160 (citations omitted).[2]

In the case at bar, it is undisputed that Defendant's responses, including any objections, to Plaintiff's discovery requests were due no later than May 29, 2007. Defendant did not provide any responses or objections by this date nor had it requested an extension of time to do so, which prompted Plaintiff's counsel to send a letter to defense counsel on this issue on June 6, 2007. *See* Ex. 3, June 6, 2006 letter. On June 11, 2007, counsel for Defendant responded, but did not seek an extension of time or assert good cause for failing to meet the deadline. Instead, defense counsel wrongly asserted that the deadline had not lapsed.[3] *See* June 11, 2007 Jackson e-mail (attached hereto as Exhibit 10). Finally, on June 19, 2007, defense counsel informed Plaintiff's counsel that the discovery responses would be served on June 26, 2007, nearly one month after the objections and responses were due. *See* June 19, 2007 Jackson e-mail (attached hereto as Exhibit 11). In short, the facts, Federal Rules, and relevant case law require a finding that Defendant has waived its stated objections, and that it must provide timely, complete responses to Plaintiff's discovery requests.

## B.    Defendant's Specific Objections Lack Merit

Even assuming, *arguendo*, the Court does not deem Defendant's objections waived on a

---

[2]  Unlike Rule 33, Rule 34 does not contain an automatic waiver provision as a consequence of failing to file a timely objection, but there is no reason to interpret the two rules differently. *Fonville,* 230 F.R.D. at 42; *Myrdal*, 2007 WL 1655875 at *3; *Peskoff*, 244 F.R.D. at 54. To the contrary, courts have held that the failure to timely file an objection to a request for production of documents may be deemed a waiver. *Fonville*, 230 F.R.D. at 42 (citing *Coregis Ins. Co. v. Baratta & Fenerty, Ltd*., 187 F.R.D. 528, 530-31 (E.D. Pa. 1999)); *Kansas-Nebraska Natural Gas Co., Inc. v. Marathon Oil Co*., 109 F.R.D. 12, 24-25 (D. Neb. 1983). *See also Shenker v. Sportelli*, 83 F.R.D. 365, 366-67 (E.D. Pa. 1979).

[3]  In its e-mail, Defendant argued that its response to Plaintiff's discovery requests "is not overdue since there has not been an Initial Scheduling Conference in the matter." Exhibit 10. In fact, the Initial Scheduling Conference in this matter was held on August 8, 2006. *See* Minute Docket Entry, entered 8/8/06. Further, the parties engaged in the required Rule 26(f) conference prior to August 8, 2006, which is the relevant issue for commencement of discovery. *See* Fed. R. Civ. P. 26(d) ("… a party may not seek discovery from any source before the parties have conferred as required by Rule 26(f).").

4

global basis, several of the objections raised by Defendant in order to prevent production of responsive answers and documents are legally untenable and should be overruled.[4] These instances are discussed separately below.

1.  Personnel and Discipline Files of Individuals Who Supervised Plaintiff, or to Whom Plaintiff Complained About Sexual Harassment, Are Reasonably Calculated to Lead to the Discovery of Admissible Evidence

In its first set of document requests to Defendant, Plaintiff requested the personnel files of several individuals who supervised Plaintiff, otherwise had knowledge related to Plaintiff's complaints of sexual harassment, and/or had direct knowledge regarding allegations of on-going sexual harassment at the Department of Parks and Recreation.  Defendant's objections to these requests are without merit because (1) the Court has ruled that the privacy concerns under D.C. Code §1-631.01 are sufficiently addressed where, as here, a protective order governs the production of confidential documents; (2) Plaintiff's narrowly tailored request for personnel file information related to certain specified individuals is reasonably calculated to lead to the discovery of admissible evidence; and (3) Plaintiff's request for personnel file information from 1999 through 2005 is a reasonable temporal limitation.

With the exception of Darnell Thompson's personnel file, Defendant has refused to provide the personnel file documents requested by Plaintiff, as set forth below:

> Request for Production No. 4:  The personnel files for Joyce Roberts, Julie Banks, Darnell Thompson, Neil Albert, Neil Stanley, and any other individual not otherwise listed to whom Garrina Byrd complained or who supervised, managed, disciplined, evaluated, or otherwise was responsible for decision-making related to Garrina Byrd's employment from January 1, 1997 to the present.

---

[4]  In addition to the discovery responses challenged specifically in this motion, Defendant has not yet provided information responsive to several other discovery requests, stating either in its responses or its letter of August 1, 2007 that "discovery is on-going, and the District reserves the right to supplement this response as new information becomes available."  See, e.g., Exhibit 4 at Nos. 2-4, 6, 9, 12-13, 20; Exhibit 5 at No. 16; Exhibit 7 at 2-3.  Plaintiff therefore assumes Defendant will produce such documents if and when they are found, and does not move to compel this discovery at this time.  However, Plaintiff reserves the right to move to compel if Defendant's production of such discovery is found to be deficient.

*Response to RFP No. 4:  Defendant objects that this request is in error because Ms. Garrina Byrd was only an employee for the D.C. Department of Parks and Recreation from 2001 to 2005.  In addition, this request seeks personnel information of individuals not a party to this lawsuit, the release of which is prohibited by D.C. Code §1-631.01 and D.C. Personnel Regulations at 31A District Personnel Manual ("DPM") Sec. 3105, 3112 and 3113.6, and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.  Without waiving objection, See Darnell Thompson's Personnel File, which will be produced as Defendant's Exh. 4 once the Court grants the parties' Joint Motion for a Protective Order.*

Request for Production No. 5:   The personnel files for Stanley Dickson, Leon Harris, Sylvia Gwathmey, Johnnie Richardson, James Gripper, Steven Scott, Tonya Kemper, Demera Gaskins, and Katrina Williams.

*Response to RFP No. 5:  Defendant objects that this request is in error because Ms. Garrina Byrd was only an employee for the D.C. Department of Parks and Recreation from 2001 to 2005.  In addition, this request seeks personnel information of individuals not a party to this lawsuit, the release of which is prohibited by D.C. Code §1-631.01 and D.C. Personnel Regulations at 31A District Personnel Manual ("DPM") Sec. 3105, 3112 and 3113.6, and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.*

Request for Production No. 7:  All documents referring or relating to any discipline, whether formal or informal, received by Garrina Byrd, and persons listed in Request No. 4 or Defendant's response to Request No. 4, from January 1, 1997 through the present.

*Response to RFP No. 7:  Defendant objects that this request is in error because Ms. Garrina Byrd was only an employee for the D.C. Department of Parks and Recreation from 2001 to 2005.  In addition, this request seeks personnel information of individuals not a party to this lawsuit, the release of which is prohibited by D.C. Code §1-631.01 and D.C. Personnel Regulations at 31A District Personnel Manual ("DPM") Sec. 3105, 3112 and 3113.6, and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.  Without waiving any objection, see Garrina Byrd's personnel file, which will be produced as Defendant's Exh. 1 and Defendant's Exh. 5.*

Plaintiff specifically requested that Defendant produce these documents in its July 10, 2007 deficiency letter.  Exhibit 6 at 5.  In its response, Defendant maintained that it "ha[d] answered this document request."  Exhibit 7 at 3.  In an attempt to resolve the issue prior to court intervention,

counsel for Plaintiff further limited the scope of these requests in its September 5, 2007 correspondence, as follows:

> Plaintiff will agree to limit her request such that Defendant is not required to produce the entire employment files of the requested individuals. That is, Plaintiff does not request information related to health insurance, family members, tax information, or bank account(s). Plaintiff does, however, request information contained in the employment and/or personnel files of the requested individuals which relate to the claims and/or defenses raised in this case.

Exhibit 8 at 4. In response, Defendant once again stated that it had "answered [these] document request[s]," and that "plaintiff's request for personnel files of employees who are not alleged to have done anything wrong will not be produced without a court order." Exhibit 9 at 2. Defendant's objections to Plaintiff's requests are contrary to discovery rules and relevant case law, and serve to obstruct discovery of documents that are clearly "reasonably calculated to lead to the discovery of admissible evidence." These objections should be overruled, and Defendant should be compelled to produce these documents.

> a. *The protective order entered in this case sufficiently addresses any privacy concerns under D.C. Code § 1-631.01.*

To begin, Defendant's objection that production of disciplinary and other personnel-related documents is prohibited by District of Columbia statute and regulation is flawed in several respects.[5] As this Court stated in *Fonville*, a case presenting similar privacy concerns under the identical statute, D.C. Code § 1-631.01, "[w]hile the information requested by Plaintiff may contain private information, the Court has already entered the parties' stipulated protective order, which covers confidential information related to Defendant's employees." *Fonville*, 230 F.R.D. at 44; *see also Marshall v. District of Columbia Water & Sewage Auth.*, 214 F.R.D. 23, 27 (D.D.C. 2003) ("the parties have already agreed to a protective order, therefore, any privacy concerns are

---

[5] As stated above, Defendant has already waived this, and any other, objection it has made to Plaintiff's discovery requests. *See* Section II.A, *supra*.

negligible and those personnel files shall be produced.") (citing *Glenn v. Williams*, 209 F.R.D. 279, 282 (D.D.C. 2002) (same); *Pleasants v. Allbaugh*, 208 F.R.D. 7 (D.D.C. 2002)).  Thus, here, as in *Fonville* and *Marshall*, any privacy concerns expressed by Defendant will be effectively addressed by a protective order, which has already been entered in this case.  *See* Protective Order [D.E. 49, entered June 27, 2007].  Indeed, this is precisely the outcome dictated by this Court in *Fonville*, which stated, in pertinent part:

> . . . the best way to resolve this problem is for plaintiff and defendant to submit a stipulated protective order to the court and . . . produce the responsive documents according to the terms of the protective order. In this way, plaintiff can receive all of the information relevant to his claims, but any invasion into other individuals' privacy will be minimized.

*Fonville*, 230 F.R.D. at 44-45.  This is particularly true because Plaintiff has already stated she is not requesting documents which involve information "related to health insurance, family members, tax information, or bank account(s)," but rather only those documents which "relate to the claims and defenses raised in this case."  Exhibit 8 at 4.

Further, Defendant's has produced the personnel file of non-party Darnell Thompson in response to Plaintiff's Interrogatory No. 9 and RFP No. 4 – even though, according to Defendant, this would be a violation of D.C. statute and regulation – which appears to confirm that even Defendant recognizes that the protective order will sufficiently address any privacy concerns.[6]

---

[6] Defendant's argument that local law and regulations must govern discoverability and confidentiality issues in federal civil rights litigation has been rejected by courts around the country.  *See, e.g., Kind v. Conde, et al.,* 121 F.R.D. 180 (E.D.N.Y. 1988); *Kelly v. City of San Jose*, 114 F.R.D. 654, 656 (N.D. Cal. 1987); *Mercado v. Div. of N.Y. State Police*, 989 F. Supp. 521, 523 (S.D.N.Y. 1998); *Hoyt v. Connare, et al.*, 202 F.R.D. 71 (D.N.H. 1996); *Floren v. Whittington, et al.*, 217 F.R.D. 389 (S.D. W.Va. 2003); *Jones v. City of Wilmington, et al.*, 299 F. Supp. 2d 380 (D. Del. 2004).

b.    *The narrowly tailored request for personnel file information seeks information that is reasonably calculated to lead to admissible evidence.*

Defendant's objection that these disciplinary and personnel files "seek information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence," in addition to having already been waived by Defendant, is also misplaced on its merits.  As a general matter, "liberal civil discovery rules give plaintiffs broad access to employers' records in an effort to document their claims."  *Wards Cove Packing Co., Inc. v. Atonio*, 490 U.S. 642, 657 (1989), *superceded on other grounds by* Civil Rights Act of 1991, S. Res. 1745, 102nd Cong.,105 Stat. 1071 (1991).  "[T]he scope of discovery through interrogatories and requests for production of documents is limited only by relevance and burdensomeness, and in an EEOC case the discovery scope is extensive."  *Trevino v. Celenese Corp.,* 701 F.2d 397, 407 (5th Cir. 1983) (citing *Rich v. Martin Marietta Corp.*, 522 F.2d 333, 343 (10th Cir. 1975)).  This Court has previously stated that "[i]n Title VII cases, plaintiffs have been permitted a very broad scope of discovery, extending to documents and information pertaining to . . . information regarding non-party employees in plaintiff's workplace."  *Pleasants v. Allbaugh*, 208 F.R.D. 7, 9 (D.D.C. 2002).  Several circuits "have expressly held that discovery in employment discrimination suits is especially broad."  *Id.* (citing *Sempier v. Johnson & Higgins*, 45 F.3d 724, 734 (3d Cir. 1995); *Sweat v. Miller Brewing Co.*, 708 F.2d 655, 658 (11th Cir. 1983); *Trevino*, 701 F.2d at 405-06; *Rich v. Martin Marietta Corp.*, 522 F.2d 333, 343-44 (10th Cir. 1975)).

Consistent with this reasoning, federal courts around the country have granted motions to compel personnel files of non-parties in Title VII cases provided that the individual(s) whose files are requested engaged, or played an important role, in the discrimination at issue in the lawsuit.  *See Van Deelen v. Shawnee Mission School Dist. #512*, 2003 WL 22849185 at *2 (D. Kan. Nov. 23, 2003); *see also Mercado v. Division of New York State Police,* 989 F. Supp. 521 (S.D.N.Y. 1998)

(granting plaintiff's motion to compel discovery of personnel files of police officers who were not named defendants in Title VII action); *Davis v. Precoat Metals*, 2002 WL 1759828, at *4 (N.D. Ill. July 29, 2002) (granting motion to compel non-party personnel files, but permitting defendant to redact confidential information and produce it pursuant to protective order).

Here, the personnel files requested are reasonably calculated to lead to the discovery of admissible evidence.[7]  Each of the individuals listed in Request for Production No. 4 were either individuals to whom Plaintiff explicitly complained about her claims in this case or who otherwise supervised her while the sexual harassment persisted.  The individuals in Request for Production No. 5 were employees in Byrd's department who have direct knowledge regarding allegations of on-going sexual harassment in the department, including allegations made by Byrd.  These individuals are clearly relevant as demonstrated by the fact that they were interviewed, or Defendant sought to interview them, during an investigation regarding Byrd's complaints.  *See* June 15, 2005 Preliminary Report of Investigation (attached hereto as Exhibit 12). Moreover, in correspondence following the initial document requests, Plaintiff has further narrowed the scope of documents requested to "employment and/or personnel files of the requested individuals *which relate to the claims and/or defenses raised in this case*."  Exhibit 8 at 4 (emphasis added).[8]  These narrowly tailored document requests obviate any objection Defendant has posed regarding the relevance of such documents.  *See* Rule 26(b)(1), Fed. R. Civ. P.; *Marshall*, 214 F.R.D. at 26; *Fonville*, 230

---

[7]  Additionally, Defendant has made no objection that production of these personnel files would be unduly burdensome.  *Cf.* Exhibit 5 (Def.'s Resp. to RFP Nos. 4-7); *Trevino*, 701 F.2d at 407 ("[T]he scope of discovery through interrogatories and requests for production of documents *is limited only by relevance and burdensomeness*.") (emphasis added).

[8]  This narrowed document requests meets the standards previously established by this Court.  In *Waters v. U.S. Capitol Police Board*, 216 F.R.D. 153 (D.D.C. 2003), the plaintiff sought *entire* personnel files of numerous employees.  The Court limited production to "information suggesting that the person acted in a dishonest manner, gave an untruthful statement, or engaged in racially discriminatory or retaliatory behavior."  *Id.* at 164.  Notably, the defendant in *Waters* produced "documents in these files to the extent they relate to Plaintiff or findings of race discrimination or retaliation" *prior to* the plaintiff's motion to compel.  *Id.*  Conversely, in the case at bar, Defendant has refused to produce this category of documents from individual personnel files.

F.R.D. at 44-45.

   c.  *Plaintiff's request for personnel file information from 1999 to 2005 is reasonable.*

   Lastly, Defendant's assertion that Request No. 4, which seeks material in the personnel files dating back to 1997, is "wrong" on the grounds that Plaintiff only worked for Defendant from 2002 to 2005, is similarly off the mark.  Plaintiff seeks personnel file documents for the individuals listed in RFP Nos. 4 and 5 dating back to 1999.[9]  This request is reasonably limited in temporal scope, particularly given that this action alleges systemic sexual harassment, discrimination and retaliation, which was allowed to proliferate over the course of many years prior to, and during, Plaintiff's employment (*see* Section II.B.2, *infra*, for further discussion of the appropriateness of the temporal scope of discovery proposed by Plaintiff).  *See* Third Am. Compl. ¶¶ 14-79.  Information in personnel files for those years prior to Plaintiff's employment is relevant because it may reveal (1) when Defendant received notice of gender discrimination, harassment, and/or retaliation problems within the Department of Parks and Recreation; (2) when, and how, Defendant took action, if any, to address these complaints; and (3) the existence of additional documents and/or witnesses with relevant knowledge regarding gender discrimination issues within Defendant's Parks and Recreation Department.  This information would demonstrate the deep-seated nature of sexual harassment at Defendant's Parks and Recreation Department and Defendant's failure to address these problems adequately, thereby providing the context in which Plaintiff's claims arose.

   2.  <u>Information and Documents Pertaining to Sexual Harassment Complaints in the Years Prior to Plaintiff's Employment Are Proper in Temporal Scope Given the Systemic Nature of the Sexual Harassment in this Case.</u>

   Plaintiff has also requested information and documents related to complaints of sexual

---

   [9]  While the original discovery request called for documents dating back to 1997, Plaintiffs, in an attempt to resolve the matter without court intervention, offered a compromise position limiting production of documents to those dating back to 1999.  *See* Exhibit 8 at 5.  Defendant rejected this narrowed scope as well.  *See* Exhibit 9.

harassment, sexual discrimination, and retaliation made by employees of Defendant's Parks and

Recreation Division from 1999 to the present.  In its August 1, 2007 letter, Defendant agreed to

produce "all complaints of sexual harassment for the periods alleged in plaintiff Byrd's Second

Amended Complaint, 2002 through 2005" in response to the above requests, but refused to produce

any answers or documents for the period prior to 2002 on the grounds that such requests are "not

temporally relevant or narrowly tailored."[10]  Exhibit 7 at 2.  Plaintiff then offered a compromise

position, requesting documents dating back only to 1999 rather than 1997, but Defendant simply

restated its objection to the temporal scope.  Exhibit 8 at 2, 5; Exhibit 9.  Defendant's objections are

misplaced and contrary to case law, and responsive answers and documents relating to the 1999-

2001 time period should be compelled by this Court.

The discovery requests at issue are set forth in full below:

> Request for Production No. 3:  All documents referring to, relating to,
> or comprising complaints and/or grievances made by Garrina Byrd
> regarding her employment, claims or charges of sex discrimination
> and/or inequality in the workplace made by Byrd and/or made by
> other employees in Defendant's Department of Parks and Recreation,
> from January 1, 1997 through the present.
> *Response to RFP No. 3:  Defendant objects that this request is in
> error because Ms. Garrina Byrd was only an employee for the D.C.
> Department of Parks and Recreation from 2001 to 2005.  In addition,
> this request seeks personnel information of individuals not a party to
> this lawsuit, the release of which is prohibited by D.C. Code §1-
> 631.01 and D.C. Personnel Regulations at 31A District Personnel
> Manual ("DPM") Sec. 3105, 3112 and 3113.6, and seeks information
> that is neither relevant nor reasonably calculated to lead to the
> discovery of admissible evidence.  Without waiving objection, see
> Defendant's Exh. 3, 6, and 7.*
>
> Request for Production No. 6:  All documents comprising, referring
> or relating to complaints of retaliation, sex discrimination and/or
> harassment, whether formal, informal, EEO or otherwise, that have
> been made against persons employed by the Department of Parks and
> Recreation, including, but not limited to, the persons listed in Request

---

[10]  Defendant's objections to these requests have already been waived.  *See* Section II.A, *supra*.  Assuming, *arguendo*, they have not, the statutory and regulatory objections they have raised were addressed in Section II.B.1(a).

No. 4 or in Defendant's response to Request No. 4, and all documents relating to any responses, investigations, and/or decisions made with respect to such complaints, from January 1, 1997 through the present.

*Response to RFP No. 6: Defendant objects that this request is in error because Ms. Garrina Byrd was only an employee for the D.C. Department of Parks and Recreation from 2001 to 2005. In addition, this request seeks personnel information of individuals not a party to this lawsuit, the release of which is prohibited by D.C. Code §1-631.01 and D.C. Personnel Regulations at 31A District Personnel Manual ("DPM") Sec. 3105, 3112 and 3113.6, and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.*

Request for Production No. 10:  All documents related to or referring to retaliation, sex discrimination and/or harassment at Defendant's Department of Parks and Recreation and the resolution of issues that resulted from complaints or grievances, including complaints filed, reports of investigation, reports to any governmental agency, and/or reports to/by/from any third party investigator(s), from January 1, 1997 through the present.

*Response to RFP No. 10: Defendant objects that this request is in error because Ms. Garrina Byrd was only an employee for the D.C. Department of Parks and Recreation from 2001 to 2005. In addition, this request seeks personnel information of individuals not a party to this lawsuit, the release of which is prohibited by D.C. Code §1-631.01 and D.C. Personnel Regulations at 31A District Personnel Manual ("DPM") Sec. 3105, 3112 and 3113.6, and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.*

Interrogatory No. 7:  Identify any and all complaints of retaliation, sex discrimination and/or harassment made by any employee of Defendant's Department of Parks and Recreation describing the substance of the complaints and to whom they were made, about whom the complaints were made, and in which department or subdivision, from January 1, 1997, through the present.

*Response to Interrogatory No. 7: Defendant objects to this request as it contains subparts, which causes the number of interrogatories propounded by Plaintiff to exceed the number of interrogatories permitted by Rule 33 of the Federal Rules of Civil Procedure. In addition, this interrogatory seeks personnel information of individuals not a party to this lawsuit, the release of which is prohibited by D.C. Code §1-631.01 and D.C. Personnel Regulations at 31A District Personnel Manual ("DPM") Sec. 3105, 3112 and 3113.6, and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Moreover, Defendant objects that this interrogatory is overly broad, unduly burdensome, cumulative, confusing, calls for a legal conclusion, not limited as to*

> *time and scope, and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Finally, the interrogatory also invades the work product and attorney-client privileges.*
>
> Interrogatory No. 8:   For each and every complaint identified in response to Interrogatory No. 7, state fully and describe in detail all of Defendant's action, statements, and/or conduct in response to these complaints.
> *Answer to Interrogatory No. 8:  See Answer to Interrogatory No. 7.*

This Court has previously described the balancing test, which generally favors a broader temporal scope of discovery, as follows:

> The problem of setting a time period for the discovery ordered is a perplexing one because it does not admit of a lapidary solution; life is messy and cannot be divided into neat chronological segments. . . . On the one hand, the defendant wonders why a plaintiff in such a[n individual disparate treatment] case is entitled to any information other than the information pertaining to his own case. But that wonderment presupposes the existence of watertight compartments between individual, disparate treatment cases and pattern and practice cases that challenge agency or company-wide policies and practices in terms of the effects on individuals.

*Pleasants*, 208 F.R.D. at 9.  In *Pleasants*, this Court permitted discovery on denied promotions dating back to January 1, 1992, despite the fact that the promotion denial challenged by plaintiff occurred in 1995.  This Court found that a broad discovery period would allow the plaintiff to "flesh out (if he can) that there was a pattern of treating people of his race differently. The exploration of this allegation requires the analysis of events that pre-date the rejection of his demand that his position warranted a promotion . . . ." *Id.* at 10.  Similarly, in *Waters*, 216 F.R.D. at 159-60, the plaintiff, who was terminated in 2001, sought information pertaining to all persons terminated, as well as all complaints of discrimination against the defendant, dating back five years to January 1, 1996.  *Id.*  The Court found this temporal scope appropriate.[11]  *Id.* at 159.

---

[11]   As to the complaints of discrimination, the Court stated that discovery of other acts of discrimination should be limited "to only those of the type of discrimination charged in the primary case." *Waters*, 216 F.R.D. at 161 n.7.  The Plaintiff's requests in this case are limited in accordance with *Waters*, as Plaintiff has alleged sexual harassment, sex

A similar temporal scope – two years prior to Plaintiff's employment – is appropriate for the requests of sexual harassment, sex discrimination and/or retaliation complaints in this case as well. First, "other decisions by the same decision-maker may establish discriminatory intent and are, therefore, admissible as prior bad acts under Fed. R. Evid. 404(a)." *Id.* at 158. Any prior complaints made against Darnell Thompson (who Plaintiff alleges harassed her) or complaints investigated by the individuals listed in Plaintiff's Request for Production No. 4 (to whom Plaintiff either complained directly and/or were otherwise knowledgeable of these complaints and failed to remedy adequately Plaintiff's complaints) are therefore relevant, and should be produced.

Second, *Waters* further noted that relevant information was not limited solely to specific, individual decision makers:

> An agency or business organization can act only through its agents and employees. To permit discovery only of a single decision-maker's prior decisions so atomizes the organization that it ignores the possibility that isolated decisions are the result of an organizational culture or ethos that encourages or condones discriminatory behavior. **What may superficially appear to be decisions made by individual decision-makers may, when linked together, form what the courts call a "pattern or practice" of treating people of a certain protected class in a certain way. Thus, to say, that only the acts of the decision-maker who made the decision in plaintiff's case are discoverable takes as established what has never been proven, that this decision-maker acted in splendid isolation without the possibility of being influenced by anyone else in the organization.**

*Id.* at 158 (emphasis added). Similar to *Waters,* Plaintiff has alleged she was subject to "*systemic* discrimination and retaliation that existed and continues to exist at the Defendant's Department of Parks and Recreation." Third Am. Compl. ¶ 1 (emphasis added). The nature of this allegation requires broad discovery to determine precisely the severity and/or pervasiveness of Defendant's illegal conduct. At a minimum, the requested information will show (1) when Defendant received notice of gender discrimination, harassment, and/or retaliation problems within the Department of

---

discrimination and retaliation in this case – the same types of complaints that are sought in her discovery requests. *See* Third

Parks and Recreation; (2) when, and how, Defendant took action, if any, to address these complaints; and (3) the existence of additional documents and/or witnesses with relevant knowledge regarding gender discrimination issues within the Department of Parks and Recreation. Even prior to Plaintiff's employment, such information is relevant for the reasons set forth in *Waters*. Plaintiff's suggested temporal scope dating back to 1999 (which is an even shorter temporal scope than approved in *Waters*) is appropriately tailored given the systemic allegations made in this case. Discovery of these answers and documents should be compelled accordingly.

       3.    <u>Defendant's Objection Regarding Information About Darnell Thompson's Disciplinary History Is Without Merit</u>

Plaintiff has alleged that Darnell Thompson, a former employee of Defendant, engaged in *quid pro quo* and other forms of sexual harassment against her and other employees. Third Am. Compl. ¶¶ 15-23. In order to ascertain the scope of the violations of internal policies and/or state and federal law, and to determine whether Defendant's response, if any, was appropriate, Plaintiff requested information regarding Thompson's disciplinary history with Defendant, as follows:

> <u>Interrogatory No. 9</u>:  State whether Darnell Thompson has been disciplined by Defendant, and if so, for each instance of discipline, describe in detail the reasons therefor, the punishment imposed, and when the discipline was imposed.
>
> <u>*Response to RFP No. 9*</u>:  *Defendant objects to this request as it contains subparts, which cause the number of interrogatories propounded by Plaintiff to exceed the limit of interrogatories permitted by Rule 33 of the Federal Rules of Civil Procedure. In addition, this interrogatory seeks personnel information, the release of which is prohibited by D.C. Code § 1-631.01 and D.C. Personnel Regulations at 31A District Personnel Manual ("DPM") Sec. 3105, 3112 and 3113.6, and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Finally, the interrogatory also invades the work product and attorney-client privileges. Without waiving any objection, the Official Personnel Folder (OPF) for Mr. Darnell Thompson shows that he was terminated for cause on August 9, 2005. See Darnell Thompson's Personnel File, which will be produced as Defendant's Exh. 4 once the Court grants the parties' Joint Motion for a*

---

Am. Compl. at ¶¶ 81-117.

> *Protective Order. Discovery is on-going, and the District reserves the right to supplement this response as new information becomes available.*

Following Defendant's initial response to this interrogatory, Plaintiff asked Defendant to supplement its response, stating

> … please confirm in writing that the only discipline Thompson received during his employment was his August 9, 2005 termination. If not, please supplement this answer with a proper response, including all the information requested about any discipline that was imposed. In addition, please supplement the response with detailed information about the reason(s) for Thompson's termination.

Exhibit 6 at 4. Defendant responded by stating merely that "[d]iscovery is ongoing in this matter," and that it "reserves its right to supplement if new information becomes available." Exhibit 7 at 2. Defendant did not provide any information about other instances of disciplinary action against Thompson, or even the reason for his termination. In correspondence dated September 5, 2007, Plaintiff again asked Defendant for production of this information, and Defendant again failed to provide the information, stating in response that it "cannot give [Plaintiff] what we do not have." Exhibit 8 at 3; Exhibit 9 at 1.

As stated previously, Defendant's objections have already been waived,[12] and, on the merits, these objections are unfounded. Defendant has failed to explain with particularity how any information regarding Thompson's termination might be protected by attorney-client privilege or work product doctrine, nor have they described "the nature of the privileged information, including the pertinent dates, the identities of all persons involved, and the facts giving rise to the claim of privilege, work product, or other claim." *See* Exhibit 1 at 2. Defendant's further objection that Plaintiff's request for information regarding Thompson's disciplinary history "is neither relevant nor reasonably calculated to the discovery of admissible evidence," is wholly flawed. Given

---

[12] *See supra* at Section II.A.

Plaintiff's allegations of pervasive sexual harassment by Thompson, information regarding his disciplinary history with Defendant, including Defendant's action (or inaction) in addressing such conduct goes to the very heart of Plaintiff's claims. *See supra* at Section II.B.1(b); *Van Deelen,* 2003 WL 22849185 at *2; *Mercado,* 989 F. Supp. at 522-23. Lastly, Defendant's objection that this interrogatory "contains subparts," and that the total number of interrogatories then exceed the number allowed by Rule 33, is also incorrect.[13] Defendant has not identified the "subparts" contained in this interrogatory, but it is clear that the principal question – whether Thompson has been disciplined – is logically and necessarily related to the subparts: when it occurred, what the level of discipline was, and the reason for it. *See Zamora v. D'Arrigo Bros. Co. of Cal.*, No. C04-00047 JW (HRL), 2006 WL 931728, at *4 (N.D. Cal. Apr. 11, 2006) ("… courts generally agree that 'interrogatory subparts are to be counted as one interrogatory . . . if they are logically or factually subsumed within and necessarily related to the primary question.'") (citation omitted).

Defendant's objections aside, its stated reason for not producing information related to Thompson's disciplinary history – that it "does not have" it – lacks credence. Even if Defendant did not have immediate access to such information, which is unlikely, Defendant has had nearly six months from the time Plaintiff's interrogatories were first served in April to compile and produce the requested information. *See* Exhibit 1. This is sufficient time to produce such basic personnel information. Further, federal regulations *require* employers to maintain such information for a period of time following the termination of an employee, and in all instances when a charge of discrimination, or a subsequent civil action, is pending. *See* 29 C.F.R. § 1602.14. Accordingly, Defendant should be compelled to provide a full supplemental response to Interrogatory No. 19,

---

[13] Defendant also objects that this interrogatory calls for the release of information which is prohibited by District of Columbia regulations. This argument has been fully addressed earlier in the brief. *See supra* at Section II.B.1(a).

stating all instances in which Thompson was disciplined and describing when each occurred, what level of discipline was administered, and the reason(s) for the discipline.[14]

    4.    <u>Information and Documents Pertaining to Defendant's EEO Training Practices in the Years Prior to Plaintiff's Employment Should Be Produced.</u>

Plaintiff has also requested, and Defendant has failed to produce, information and documents related to the EEO training conducted by Defendant from 1997 to 2001, as set forth below:

> <u>Interrogatory No. 19:</u>  Did Defendant's Department of Parks and Recreation provide training to employees, including supervisors and managers, regarding sexual harassment and non-retaliation policies, if any?  If so, describe any and all such training, when and how often it occurred, and/or who conducted the training, identifying supporting documentation if available.
>
> <u>*Response to Interrogatory No. 19:*</u> *Defendant objects to this request as it contains subparts, which causes the number of interrogatories propounded by Plaintiff to exceed the number of interrogatories permitted by Rule 33 of the Federal Rules of Civil Procedure. Without waiving any objection, the Department of Parks and Recreation provides annual sexual harassment training for all of its employees.  This training includes a review of all the U.S. Equal Employment Opportunity Commission discrimination laws.  See Defendant's Exh. 2.*

In its July 10, 2007 letter to Defendant, Plaintiff's Counsel asked Defendant to clarify its answer, asking specifically:

> on what dates did the annual training occur (from 1997 to the present)?  Was the annual training conducted in-person, by videotape, or were employees simply provided copies of the written materials?  Who conducted the annual training?  Finally, when Defendant refers to "all of its employees" please confirm whether this term includes all "term" employees, part-time employees, supervisors, and managers.

Exhibit 6 at 5.  In its response, Defendant stated that the "request for training prior to 2002 is not temporally relevant or narrowly tailored," but agreed to supplement its response in all other

---

[14]  In the event Defendant has not maintained this information in accordance with 29 C.F.R. § 1602.14, such conduct is sanctionable and Plaintiff may be entitled to remedies from adverse inferences against Defendant up to and including default judgment.  *See Webb v. District of Columbia*, 146 F.3d 964, 972 (D.C. Cir. 1998).

respects.  Exhibit 7 at 3.

      As discussed in Section II.B.2, *supra*, case law demonstrates that Plaintiff's request is temporally relevant, particularly given the systemic nature of the sexual harassment claims Plaintiff alleges.  Specific to this discovery request, information regarding the frequency, form, duration and substance of Defendant's EEO training in the years prior to Plaintiff's employment can be used to demonstrate how such training may have been deficient, and that Defendant failed to exercise reasonable care to prevent and correct the harassing behavior that Plaintiff later suffered.  *See Burlington Indus., Inc. v. Ellerth*, 524 U.S. 742, 765 (1998) (defendant has affirmative defense to harassment claims if, among other things, it can show that the employer exercised reasonable care to prevent and correct harassing behavior).  The first issue that requires clarification is when Defendant began its EEO training of Department of Parks and Recreation employees and the content of such training.  Once this information is provided, Plaintiff may be able to further narrow her request for information.  In the meantime, information regarding Defendant's EEO training programs from 1997 to 2002, as requested by Plaintiff, is clearly "relevant to the claim or defense" of one of the parties, Fed. R. Civ. P. 26(b)(1), and should be compelled by the Court.

## III.   CONCLUSION

      For the foregoing reasons, Plaintiff's Motion to Compel should be granted in its entirety.  Plaintiff further requests that, pursuant to Rule 37(a)(4), Fed. R. Civ. P., the Court order Defendant to pay Plaintiff the attorneys' fees and costs of bringing this Motion, and any other relief that the Court deems just.

Respectfully submitted this 24th day of October, 2007,

/s/ Eric K. Bachman_____
Timothy B. Fleming (DC Bar 351114)
Lori B. Kisch (DC Bar 491282)
Eric K. Bachman (DC Bar 481993)
**Wiggins, Childs, Quinn & Pantazis, PLLC**
2031 Florida Avenue, NW, Suite 300
Washington, DC 20009
(202) 467-4123
(202) 467-4489 (facsimile)

Gary T. Brown (D.C. Bar # 246314)
**Gary T. Brown & Associates, P.C.**
320 Maryland Avenue, N.E., Suite 100
Washington, D.C. 20002
(202) 393-4900

*Attorneys for Plaintiffs*

## CERTIFICATE OF SERVICE

I hereby certify that on this 24th day of October, 2007, a copy of the foregoing was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt.

By: ___s/ Eric K. Bachman_____.
*Attorney for Plaintiff*