UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| GARRINA BYRD and ANNETTE BURNS<br><br>Individually and on Behalf of all Similarly Situated Persons,<br><br>Plaintiffs,<br><br>v.<br><br>DISTRICT OF COLUMBIA,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)   Civil Action No.  06-0522 (HHK)<br>)<br>)   CLASS ACTION<br>)<br>)<br>)<br>)<br>)<br>) |

**PLAINTIFF GARRINA BYRD'S FIRST SET OF INTERROGATORIES**

In accordance with Rule 33 of the Federal Rules of Civil Procedure, Plaintiff Garrina Byrd, through her undersigned counsel, propounds these Interrogatories, to which Defendant shall respond separately and fully, in writing and under oath, within the time prescribed by the Federal Rules of Civil Procedure, in accordance with the Instructions and Definitions set forth hereinafter.

**INSTRUCTIONS**

These Interrogatories are to be answered separately and severally by the Defendant in the manner and form provided by law and the rules of court.  Under Rule 26(e), Plaintiff specifically requests supplementation of all discovery requests up through trial.

Where facts set forth in answers, or portions thereof, are supplied upon information and belief, rather than upon personal knowledge, Defendant should so state and specifically identify and describe the source or sources of such information and belief.  Should Defendant be unable to answer any interrogatory or portion thereof by actual knowledge, or upon information and

1

belief, after exercising due diligence to secure the information to do so, Defendant shall so state and answer to the extent possible, state whatever information or knowledge Defendant has concerning the unanswered portions, and state in detail its efforts to obtain such knowledge as will enable it to answer said interrogatory or portions thereof.

Answers to these interrogatories shall be responsive to the date on which the answers and responses are filed and shall be continuing in character and require the filing of supplemental answers and/or if further or different information or documents relative thereto becomes known before trial. Where knowledge, information, or documents in the possession of the Defendant is/are requested, such request includes knowledge and/or possession of the Defendant's agents, contractors, representatives, and any other person or organization acting on their behalf, and unless privileged, their attorneys.

If Defendant contends that it is entitled to refuse to answer any interrogatory, in part or in full on the basis of the attorney-client privilege, the work-product doctrine, or some other ground, state with particularity the basis on which Defendant contends that it is entitled to refuse to answer or produce, and, with respect to each such refusal, describe the nature of the privileged information, including the pertinent dates, the identities of all persons involved, and the facts giving rise to the claim of privilege, work product, or other claim.

Unless specifically stated otherwise, all interrogatories seek all information since January 1, 2000.

## DEFINITIONS

Where facts set forth in the answers, or portions thereof, are supplied upon information and belief, rather than upon personal knowledge, the Defendant should so state and specifically identify and describe the source or sources of such information and belief. Should the Defendant be unable to

answer any interrogatory or portion thereof by actual knowledge, or upon information and belief, it shall state in detail its efforts to obtain such knowledge as will enable it to answer said interrogatory or portions thereof. The Plaintiff specifically requests supplementation of all these discovery requests.

      A.      "Document" shall be construed in its broadest sense, and means any written, printed, taped, graphic, electronic, or recorded matter, whether produced, reproduced, or stored on paper, cards, tapes, disks, belts, charts, films, including microfilm or microfiche, computer tapes, computer storage devices, electronic mail, instant messaging, or any other medium of any kind in any form whatsoever including, but not limited to, reports, memoranda, studies, statements, personal or official calendars, personal or official telephone logs, working papers, manuals, brochures, contracts, personal or official notes, correspondence, personal or official diaries, bookkeeping entries, drawings, graphs, charts, and any and all other writings, agreements, telegrams, tape recordings, agendas of meetings, minutes of meetings, notices, records, bid records, photographs, photographic slides, photographic transparencies, photographic negatives, motion picture films, diagrams, reports, statements of witnesses, findings of investigations, files, reports of expert reports of consultants, calculations, estimates, vouchers, invoices, studies, computerized payroll data, voice tapes, telegrams, notes of telephone conversations and notes of any other oral communications, papers, books, records, summaries, and any and every other writing or other graphic means by which human intelligence is in any way transmitted or reported, phono-records, telecopies and other data compilations from which information can be obtained or translated, if necessary, through detection devices in the Defendant's possession or custody or in any way subject to the Defendant's direct or indirect control. Each reference to a document shall be deemed to include requests for (1) the original document; (2) all drafts of such document; and (3) all copies or reproductions of any kind of

such document which differ in any respect from the original, or from each other, by reason of handwritten notes or otherwise.

      B.      As used herein, the term "oral communication" means any words heard or spoken, and including, without limitation, words spoken at any meeting, discussion, speech, or conversation, including any telephone conversation.

      C.      As used herein, the term "person" includes natural persons, governments (or agencies thereof), quasi-public entities, corporations, partnerships, ventures, and all other forms of organization, association, or business entities.

      D.      As used herein, the term "Plaintiff" means Garrina Byrd; the terms "you," and "Defendant," mean the District of Columbia, and the officers, attorneys, agents, representatives, and employees thereof.

      E.      "Identify," when referring to a natural person, means to provide an identification sufficient to notice a deposition of such person and to serve such person with process to require his or her attendance at a place of examination and shall include, without limitation, the following information:

           a.      his or her full name;
           b.      his or her race and gender;
           c.      present or last known home address;
           d.      present or last known business affiliation and address;
           e.      title or occupation; and
           f.      each of the positions held by such persons during the applicable time covered by any answer referring to such person.

F.     "Identify," when referring to a document or writing, means to give sufficient characterization of such document or writing so as to have identified it "with reasonable particularity." More particularly, the term "identify," when used with reference to a document includes:

    a.    the date which the document bears, or if none, the date it was written;

    b.    the name and address of each person who wrote it or participated in the writing of it;

    c.    the name and address of each person to whom it was addressed and each person to whom a copy was identified as being directed;

    d.    the name and address of each person who received a copy of the document;

    e.    description of the nature and substance of the document, with sufficient particularity to enable it to be identified, as, for instance, a letter or memorandum regarding a subject matter;

    f.    the present location or custodian of the original and each copy, or if unknown, its last known location or custodian; and

    g.    if any document is no longer in the Defendant's possession, or subject to Defendant's control, state what disposition was made of it, the reason for such disposition, the identity of the person(s) currently having possession or control and the date that possession or control was relinquished by the Defendant.

G.     When used with reference to an oral communication, "identify" includes:

    a.    the identities of all persons who made, heard, or participated in such oral communication;

    b.    the date and manner (e.g., telephone) of such oral communication, and the place(s) at which persons who made, heard, or participated in the oral communication were located;

    c.    a description of the circumstances surrounding the oral communication, as, for instance, speech, conversation, or a meeting;

    d.    the name of each person who was present, other than the participants;

    e.    the substance of the oral communication; and

  f. the identity and present custodian of any writing or any mechanical or electrical recording that recorded, summarized, or confirmed such oral communication, or which refers, relates to, or bears upon it.

H. When used with reference to an event, "identify" includes:

  a. the identities of all persons who were present or participated in such event;
  b. the date of such event, and the place(s) at which the event occurred;
  c. a description of the circumstances surrounding the event, as, for instance, a meeting or a conference;
  e. a summary of the event; and
  d. the identity and present custodian of any writing or any mechanical or electrical recording that recorded, summarized, or confirmed such event, or which refers, relates to, or bears upon it.

I. As used herein, the term "date" shall mean the exact day, month and year, if ascertainable, or if not, the best approximation thereof, including relationship to other events.

J. As used herein, the term "termination" shall include any one or more of the following actions which interrupt an employee's service of employment: layoff, furlough, discharge, quit, resignation, forced resignation, termination, firing, retirement, early retirement, or other action comprising or leading to severance of employment.

K. As used herein, the term "personnel file" means any file, collection of documents or other form in which information is stored concerning an individual, and includes all such collections of documents regardless of the names given to them by the Defendant which include information on the work history, job titles, job descriptions, employee status change forms, promotions, demotions, transfers, and discipline of any person; wage or benefit increases granted to any person; investigations concerning any person; job performance evaluations, labor files, attendance records or calendars, records of sick leave, leaves of absence and vacation leaves

concerning any person; complaints, charges, or grievances by or against any person and the responses to such complaints, charges, or grievances.

L. All requests for computerized data are to be produced in a computer-readable format, together with explanations for all software, passwords, codes, and other information necessary to access the data.

M. If any requested document is known by the Defendant to have existed, but no longer exists or is no longer is in the Defendant's possession, custody, or control, the Defendant is requested to identify the last known custodian thereof and state the date upon which it was lost, destroyed, or otherwise became unavailable. If the document still exists but is unavailable to the Defendant, the Defendant is requested to identify its present custodian and location.

N. All dates are to be understood as though they were preceded by the phrase "on or about."

O. "And" and "or" shall be construed in the conjunctive or disjunctive as necessary to make the request inclusive rather than exclusive. The word "including" shall be construed to mean without limitation. The words "any" and "all" shall be construed so as to make the discovery request inclusive rather than exclusive.

P. The use of a verb in any tense shall be construed as the use of the verb in all other tenses, whenever necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside its scope.

Q. A plural noun shall be construed as a singular noun, and a singular noun shall be construed as a plural noun, whenever necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside its scope. Words of the

masculine or feminine gender shall include the masculine or neuter genders as the context requires.

## **INTERROGATORIES**

<u>Interrogatory No. 1</u>   Identify all persons who are likely to have personal knowledge of any fact alleged in your Amended Answer to the Complaint, and state the subject matter of the personal knowledge possessed by each such person.

<u>Interrogatory No. 2</u>   For any portion of the allegations contained in paragraphs 13 through 31 of the Second Amended Complaint regarding Garrina Byrd that you dispute, state the nature and extent of your disagreement with those allegations, the factual basis for your position, identify all witnesses who know of any facts which tend to support your position, and identify all documents or materials which tend to support your position.

<u>Interrogatory No. 3</u>   Identify any prior statement within the meaning of Federal Rules of Evidence 801(d)(1) that Defendants claim could be used as evidence in support of Defendant's allegations in this action, and for each such statement state the identity of the person who made it; the statement that was made; the date it was made; the identity of any persons who heard the statement, or saw it if it was reduced to writing; and the circumstances under which it was made.

<u>Interrogatory No. 4</u>   For the entirety of her employment by Defendant, describe fully Plaintiff's work history and career or job path, including, but not limited to, each position held or project assigned to, specifying how, why, and by whom Plaintiff was placed in each such position and/or project, the dates applicable thereto, each supervisor(s) in such position and/or project, and identify any and all documents which in whole or in part contain, set out, describe, explain, memorialize, or otherwise refer to such work history, career, job path, positions and/or projects.

<u>Interrogatory No. 5</u>    State fully and describe in detail the Defendant's process for responding to complaints of retaliation, sex discrimination and/or harassment.

<u>Interrogatory No. 6</u>    State fully and describe in detail all of Defendant's actions, statements, and/or conduct in response to Plaintiff's complaints of retaliation, sex discrimination, and/or harassment.

<u>Interrogatory No. 7</u>    Identify any and all complaints of retaliation, sex discrimination and/or harassment made by any employee of the Defendant's Department of Parks and Recreation describing the substance of the complaints and to whom they were made, when the complaints were made, about whom the complaints were made, and in which department or subdivision, from January 1, 1997, through the present.

<u>Interrogatory No. 8</u>    For each and every complaint identified in response to Interrogatory No. 7, state fully and describe in detail all of Defendant's actions, statements, and/or conduct in response to these complaints.

<u>Interrogatory No. 9</u>    State whether Darnell Thompson has been disciplined by Defendant, and if so, for each instance of discipline, describe in detail the reasons therefor, the punishment imposed, and when the discipline was imposed.

<u>Interrogatory No. 10</u>    Identify all positive employment actions taken toward Plaintiff by Defendant which in any way concern Plaintiff's job performance, including, but not limited to, awards, bonuses, promotions, commendations, and positive performance appraisals, stating for each all reasons for the action and identify all persons with knowledge related to each such action.

<u>Interrogatory No. 11</u>    Identify all adverse employment actions taken against the Plaintiff by Defendant concerning Plaintiff's job performance or lack of job performance, including, but not limited to, disciplinary measures, warning notices, and performance appraisals with evaluations

measuring less than the maximum rating, demotions, terminations, and decisions not to place in a job, stating for each the reasons for the action and identify all persons with knowledge related to such action.

<u>Interrogatory No. 12</u>    Identify each individual who supplied information for or otherwise contributed to the answering of these interrogatories and, with respect to each such person, state the subject matter of each person's information or other contribution.

<u>Interrogatory No. 13</u>    Describe fully the factual and/or legal bases for your statement, "If plaintiffs were injured and/or damaged as alleged in the Second Amended Complaint, said injuries and/or damages resulted from plaintiffs' own willful conduct or contributory negligence," as referenced in the Seventh Defense of Defendant's Second Amended Answer, and identify supporting documentation, if any.

<u>Interrogatory No. 14</u>    Describe fully the factual and/or legal bases for your statement, "If plaintiffs were injured and/or damaged as alleged in the Second Amended Complaint, recovery for said injuries and/or damages is barred, because the plaintiffs assumed the risk of such injuries by their own willful conduct," as referenced in the Eighth Defense of Defendant's Second Amended Answer, and identify supporting documentation, if any.

<u>Interrogatory No. 15</u>    Describe fully the factual and/or legal bases for your statement, "If the plaintiffs were injured and/or damaged as alleged in the Second Amended Complaint, said injuries and/or damages resulted from the sole or concurring intentional conduct or negligence of a person or persons, other than the District's employees, acting within the scope of their employment," as referenced in the Ninth Defense of Defendant's Second Amended Answer, and identify supporting documentation, if any.

<u>Interrogatory No. 16</u>   Describe fully the factual and/or legal bases for your statement, "Plaintiffs would have been subjected to the alleged employment actions even if they had not engaged in protected activity," as referenced in the Eleventh Defense of Defendant's Second Amended Answer, and identify supporting documentation, if any.

<u>Interrogatory No. 17</u>   Describe fully the factual and/or legal bases for your statement, "The Plaintiffs may have knowingly, willingly and intentionally violated the District's sexual harassment policy by not reporting the alleged sexual misconduct," as referenced in the Seventeenth Defense of Defendant's Second Amended Answer, and identify supporting documentation, if any.

<u>Interrogatory No. 18</u>   State whether Darnell Thompson had a criminal record at any time while working for Defendant and, if so, describe the nature and extent of the criminal record, as well as the date on which Defendant had notice of any criminal conviction(s).

<u>Interrogatory No. 19</u>   Did Defendant's Department of Parks and Recreation provide training to employees, including supervisors and managers, regarding sexual harassment and non-retaliation policies, if any?  If so, describe any and all such training, when and how often it occurred, and/or who conducted the training, identifying supporting documentation if applicable.

<u>Interrogatory No. 20</u>   Describe fully the factual bases and/or identify any documents supporting Defendant's contention that Plaintiff and Darnell Thompson were in a consensual sexual relationship.  *See* Defendant's Request for Admission No. 10.

<u>Interrogatory No. 21</u>   Describe fully the factual bases and/or identify any documents supporting Defendant's contention that Plaintiff accepted gifts from Darnell Thompson, that she accepted money from him to purchase a home, and that Thompson co-signed for Plaintiff's case. *See* Defendant's Request for Admission Nos. 11-13.

Dated: 25th day of April, 2007.

_____
Timothy B. Fleming (DC Bar No. 351114)
Lori B. Kisch (DC Bar No. 491282)
Eric K. Bachman (DC Bar No. 481993)
**WIGGINS, CHILDS, QUINN & PANTAZIS, PLLC**
2031 Florida Avenue, N.W.
Suite 300
Washington, D.C. 20009
202-467-4123
202-467-4489 (facsimile)
ebachman@wcqp.com

Gary T. Brown (D.C. Bar # 246314)
**GARY T. BROWN & ASSOCIATES, PC**
320 Maryland Avenue, N.E.
Suite 100
Washington, D.C. 20002
(202) 393-4900

*Attorneys for Plaintiffs*

## CERTIFICATE OF SERVICE

I hereby certify that on this 25th day of April, 2007, a copy of Plaintiff's First Set of Interrogatories was sent by United States Mail, first class, postage prepaid to the following individual:

Toni Michelle Jackson
Assistant Attorney General
441 Fourth Street, NW, Suite 6S052
Washington, DC 20001

By: _____
Eric Bachman
*Attorney for Plaintiff*