UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

GARRINA BYRD and )
ANNETTE BURNS )
 )
Individually and on Behalf of all )
Similarly Situated Persons, )
 )        Civil Action No.  06-0522 (HHK)
        Plaintiffs, )
 )        CLASS ACTION
        v. )
 )
DISTRICT OF COLUMBIA, )
 )
        Defendant. )
_____)

### PLAINTIFF GARRINA BYRD'S FIRST SET OF REQUESTS
### FOR PRODUCTION OF DOCUMENTS

In accordance with Rule 34 of the Federal Rules of Civil Procedure, Plaintiff Garrina Byrd,

through her undersigned counsel, propounds these Requests for Production of Documents, to which

Defendant shall respond separately and fully, in writing and under oath, within the time prescribed by

the Federal Rules of Civil Procedure, in accordance with the Instructions and Definitions set forth

hereinafter.

### INSTRUCTIONS

These document requests are to be answered separately and severally by the Defendant in

the manner and form provided by law and the rules of court.   Under Rule 26(e), Plaintiff

specifically requests supplementation of all discovery requests up through trial.

Each request for documents seeks production of all documents described herein,

including all drafts and nonidentical copies, and any attachments, exhibits or appendices thereto

in the Defendants' possession, custody, or control or in the possession, custody or control of any

of the Defendants' attorneys, agents, or representatives, and all documents and any attachments which the Defendants or their attorneys or agents have the legal right to obtain or have the ability to obtain from sources under their control.

In the event that any document or thing requested herein has been destroyed or discarded or otherwise disposed of, such document is to be described by date, location, number of pages, attachments, appendices, exhibits, author(s), addressee(s), recipient(s), title, and subject matter; such thing shall be described with the greatest particularity possible.  In addition, state the reason for disposal or destruction of the document or thing, and identify each and every person who either authorized disposal or destruction of the document or thing or who disposed of or destroyed the document or thing.

These requests for production of documents and things are deemed to be continuing; the answers and responses must, accordingly, be amended to reflect any further information, documents and/or things that come to your attention or the attention of your agents or attorneys between the date of service hereof and the date of trial.

Documents produced pursuant to these document requests are to be organized as they are kept in the usual course of business and clearly designated so as to reflect the individual (and, as appropriate, his or her job title) and department (as appropriate) from whose files each document was produced, the file from which each was produced, and the location of each such file.

Where knowledge, information, or documents in the possession of the Defendant is/are requested, such request includes knowledge and/or possession of the Defendant's agents, contractors, representatives, and any other person or organization acting on their behalf, and unless privileged, their attorneys.

If Defendant contends that it is entitled to refuse to respond to any Request for Production, in part or in full on the basis of the attorney-client privilege, the work-product doctrine, or some other ground, state with particularity the basis on which Defendant contends that it is entitled to refuse to produce, and, with respect to each such refusal, describe the nature of the privileged information, including the pertinent dates, the identities of all persons involved, and the facts giving rise to the claim of privilege, work product, or other claim.

Unless specifically stated otherwise, all document requests seek all documents since January 1, 2000.

### **DEFINITIONS**

A.    "Document" shall be construed in its broadest sense, and means any written, printed, taped, graphic, electronic, or recorded matter, whether produced, reproduced, or stored on paper, cards, tapes, disks, belts, charts, films, including microfilm or microfiche, computer tapes, computer storage devices, electronic mail, instant messaging, or any other medium of any kind in any form whatsoever including, but not limited to, reports, memoranda, studies, statements, personal or official calendars, personal or official telephone logs, working papers, manuals, brochures, contracts, personal or official notes, correspondence, personal or official diaries, bookkeeping entries, drawings, graphs, charts, and any and all other writings, agreements, telegrams, tape recordings, agendas of meetings, minutes of meetings, notices, records, bid records, photographs, photographic slides, photographic transparencies, photographic negatives, motion picture films, diagrams, reports, statements of witnesses, findings of investigations, files, reports of expert reports of consultants, calculations,  estimates, vouchers,   invoices, studies, computerized payroll data, voice tapes, telegrams, notes of telephone conversations and notes of any other oral communications, papers, books, records,

summaries, and any and every other writing or other graphic means by which human intelligence is in any way transmitted or reported, phono-records, telecopies and other data compilations from which information can be obtained or translated, if necessary, through detection devices in the Defendant's possession or custody or in any way subject to the Defendant's direct or indirect control. Each reference to a document shall be deemed to include requests for (1) the original document; (2) all drafts of such document; and (3) all copies or reproductions of any kind of such document which differ in any respect from the original, or from each other, by reason of handwritten notes or otherwise.

B.      As used herein, the term "oral communication" means any words heard or spoken, and including, without limitation, words spoken at any meeting, discussion, speech, or conversation, including any telephone conversation.

C.      As used herein, the term "person" includes natural persons, governments (or agencies thereof), quasi-public entities, corporations, partnerships, ventures, and all other forms of organization, association, or business entities.

D.      As used herein, the term "Plaintiff" means Garrina Byrd; the terms "you," and "Defendant," mean the District of Columbia, and the officers, attorneys, agents, representatives, and employees thereof.

E.      "Identify," when referring to a natural person, means to provide an identification sufficient to notice a deposition of such person and to serve such person with process to require his or her attendance at a place of examination and shall include, without limitation, the following information:

        a.      his or her full name;

        b.      his or her race and gender;

        c.      present or last known home address;

d.    present or last known business affiliation and address;

e.    title or occupation; and

f.    each of the positions held by such persons during the applicable time covered by any answer referring to such person.

F.    "Identify," when referring to a document or writing, means to give sufficient characterization of such document or writing so as to have identified it "with reasonable particularity."  More particularly, the term "identify," when used with reference to a document includes:

a.    the date which the document bears, or if none, the date it was written;

b.    the name and address of each person who wrote it or participated in the writing of it;

c.    the name and address of each person to whom it was addressed and each person to whom a copy was identified as being directed;

d.    the name and address of each person who received a copy of the document;

e.    description of the nature and substance of the document, with sufficient particularity to enable it to be identified, as, for instance, a letter or memorandum regarding a subject matter;

f.    the present location or custodian of the original and each copy, or if unknown, its last known location or custodian; and

g.    if any document is no longer in the Defendant's possession, or subject to Defendant's control, state what disposition was made of it, the reason for such disposition, the identity of the person(s) currently having possession or control and the date that possession or control was relinquished by the Defendant.

G.    When used with reference to an oral communication, "identify" includes:

a.    the identities of all persons who made, heard, or participated in such oral communication;

b.    the date and manner (e.g., telephone) of such oral communication, and the place(s) at which persons who made, heard, or participated in the oral communication were located;

c.    a description of the circumstances surrounding the oral communication, as, for instance, speech, conversation, or a meeting;

     d.    the name of each person who was present, other than the participants;

     e.    the substance of the oral communication; and the identity and present custodian of any writing or any mechanical or electrical recording that recorded, summarized, or confirmed such oral communication, or which refers, relates to, or bears upon it.

H.    When used with reference to an event, "identify" includes:

     a.    the identities of all persons who were present or participated in such event;

     b.    the date of such event, and the place(s) at which the event occurred;

     c.    a description of the circumstances surrounding the event, as, for instance, a meeting or a conference;

     e.    a summary of the event; and

     d.    the identity and present custodian of any writing or any mechanical or electrical recording that recorded, summarized, or confirmed such event, or which refers, relates to, or bears upon it.

I.    As used herein, the term "date" shall mean the exact day, month and year, if ascertainable, or if not, the best approximation thereof, including relationship to other events.

J.    As used herein, the term "termination" shall include any one or more of the following actions which interrupt an employee's service of employment: layoff, furlough, discharge, quit, resignation, forced resignation, termination, firing, retirement, early retirement, or other action comprising or leading to severance of employment.

K.    As used herein, the term "personnel file" means any file, collection of documents or other form in which information is stored concerning an individual, and includes all such collections of documents regardless of the names given to them by the Defendant which include information on the work history, job titles, job descriptions, employee status change forms, promotions, demotions, transfers, and discipline of any person; wage or benefit increases granted to any person; investigations concerning any person; job performance evaluations, labor files, attendance records or calendars, records of sick leave, leaves of absence and vacation leaves

concerning any person; complaints, charges, or grievances by or against any person and the responses to such complaints, charges, or grievances.

L.     All requests for computerized data are to be produced in a computer-readable format, together with explanations for all software, passwords, codes, and other information necessary to access the data.

M.     If any requested document is known by the Defendant to have existed, but no longer exists or is no longer is in the Defendant's possession, custody, or control, the Defendant is requested to identify the last known custodian thereof and state the date upon which it was lost, destroyed, or otherwise became unavailable.  If the document still exists but is unavailable to the Defendant, the Defendant is requested to identify its present custodian and location.

N.     All dates are to be understood as though they were preceded by the phrase "on or about."

O.     "And" and "or" shall be construed in the conjunctive or disjunctive as necessary to make the request inclusive rather than exclusive.  The word "including" shall be construed to mean without limitation.  The words "any" and "all" shall be construed so as to make the discovery request inclusive rather than exclusive.

P.     The use of a verb in any tense shall be construed as the use of the verb in all other tenses, whenever necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside its scope.

Q.     A plural noun shall be construed as a singular noun, and a singular noun shall be construed as a plural noun, whenever necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside its scope.  Words of the

masculine or feminine gender shall include the masculine or neuter genders as the context requires.

## **REQUESTS FOR PRODUCTION OF DOCUMENTS**

Request No. 1    The complete personnel file(s) for Garrina Byrd.

Request No. 2    All documents (as that term is defined above in Instruction A) recording or reflecting any words, statements, declarations, conversations or other communications by the Plaintiff or the Defendant (or its employees) regarding the Plaintiff's employment with the Defendant.

Request No. 3    All documents referring to, relating to, or comprising complaints and/or grievances made by Garrina Byrd regarding her employment, claims or charges of sex discrimination and/or inequality in the workplace made by Byrd and/or made by other employees in Defendant's Department of Parks and Recreation, from January 1, 1997 through the present.

Request No. 4    The personnel file(s) for Joyce Roberts, Julie Banks, Darnell Thompson, Neil Albert, Neil Stanley, and any other individual not otherwise listed to whom Garrina Byrd complained or who supervised, managed, disciplined, evaluated, or otherwise was responsible for decision-making related to Garrina Byrd's employment from January 1, 1997 to the present.

Request No. 5    The personnel file(s) for Stanley Dickson, Leon Harris, Sylvia Gwathmey, Johnnie Richardson, James Gripper, Steven Scott, Tonya Kemper, Demera Gaskins, and Katrina Williams.

Request No. 6    All documents comprising, referring, or relating to complaints of retaliation, sex discrimination and/or harassment, whether formal, informal, EEO or otherwise, that have been made against persons employed by the Department of Parks and Recreation, including, but not limited to, the persons listed in Request No. 4 or in Defendant's response to Request No. 4,

and all documents relating to any responses, investigations, and/or decisions made with respect to such complaints, from January 1, 1997 through the present.

Request No. 7    All documents referring or relating to any discipline, whether formal or informal, received by Garrina Byrd, and persons listed in Request No. 4 or Defendant's response to Request No. 4, from January 1, 1997 through the present.

Request No. 8    All documents referring to, relating to, or comprising Defendant's policies, practices, procedures, or memoranda governing the response to occurrences of sexually hostile work environment and/or harassment and/or other inappropriate workplace conduct including, but not limited to, comments of a sexual nature, physical harassment, *quid pro quo* harassment, and/or other sexually discriminatory or harassing conduct by employees or supervisors, from January 1, 1997 through the present.

Request No. 9    All documents referring to, relating to, or comprising Defendant's policies, practices, procedures, or memoranda governing the training of managers and/or supervisors with regard to retaliation, sexual discrimination and/or harassment.

Request No. 10    All documents related to or referring to retaliation, sex discrimination and/or harassment at Defendant's Department of Parks and Recreation and the resolution of the issues that resulted from complaints or grievances, including complaints filed, reports of investigation, reports to any governmental agency, and/or reports to/by/from any third party investigator(s), from January 1, 1997 through the present.

Request No. 11    All documents related to the June 15, 2005 Preliminary Report of Investigation, prepared by Carolyn Lerner, including, but in no way limited to, the recordings and/or interview transcripts of all witnesses listed in the report.

Request No. 12    All manuals, handbooks, and/or notices issued by the Defendant intended

to inform employees about the policies, procedures, and/or practices relating to discipline, transfer, discharge, demotion, disqualification, failure to hire into a full time position after having worked in a temporary contract position, and/or other similar employment-related action.

Request No. 13    All collective bargaining agreements between Defendant and any union governing work performed by Plaintiff or governing positions sought by Plaintiff.

Request No. 14    All documents between Defendant and the union representing employees of Defendant and/or Defendant's Department of Parks and Recreation regarding retaliation, sexual discrimination and/or harassment.

Request No. 15    All organizational and/or lines-of-reporting charts, diagrams, lists, directories, tables, and maps showing the organizational and/or management structure of the Defendant's Department of Parks and Recreation as a whole and/or of each facility, division, department, district or other organizational unit, the geographic reach or coverage of each, and any documents which describe and/or indicate the number and locations of Defendant's offices and facilities.

Request No. 16    All documents memorializing communications, between Darnell Thompson and Garrina Byrd, including, but not limited to, electronic mail communications.

Request No. 17    All statements (as that term is used in Fed. R. Civ. P. 26(b)(3)) previously made by Defendant and any of its present or former directors, officers, or employees, concerning this action or its subject matter.

Request No. 18    All documents related, or identified by Defendant in response, to Plaintiff's Interrogatory No. 20.

Request No. 19    All documents related, or identified by Defendant in response, to Plaintiff's Interrogatory No. 21.

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

GARRINA BYRD and                        )
ANNETTE BURNS                           )
                                        )
Individually and on Behalf of all       )
Similarly Situated Persons,             )
                                        )       Civil Action No.  06-0522 (HHK)
        Plaintiffs,                     )
                                        )       CLASS ACTION
              v.                        )
                                        )
DISTRICT OF COLUMBIA,                   )
                                        )
        Defendant.                      )
_____)

## PLAINTIFF GARRINA BYRD'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS

        In accordance with Rule 34 of the Federal Rules of Civil Procedure, Plaintiff Garrina Byrd,

through her undersigned counsel, propounds these Requests for Production of Documents, to which

Defendant shall respond separately and fully, in writing and under oath, within the time prescribed by

the Federal Rules of Civil Procedure, in accordance with the Instructions and Definitions set forth

hereinafter.

## INSTRUCTIONS

        These document requests are to be answered separately and severally by the Defendant in

the manner and form provided by law and the rules of court.   Under Rule 26(e), Plaintiff

specifically requests supplementation of all discovery requests up through trial.

        Each request for documents seeks production of all documents described herein,

including all drafts and nonidentical copies, and any attachments, exhibits or appendices thereto

in the Defendants' possession, custody, or control or in the possession, custody or control of any

of the Defendants' attorneys, agents, or representatives, and all documents and any attachments which the Defendants or their attorneys or agents have the legal right to obtain or have the ability to obtain from sources under their control.

In the event that any document or thing requested herein has been destroyed or discarded or otherwise disposed of, such document is to be described by date, location, number of pages, attachments, appendices, exhibits, author(s), addressee(s), recipient(s), title, and subject matter; such thing shall be described with the greatest particularity possible. In addition, state the reason for disposal or destruction of the document or thing, and identify each and every person who either authorized disposal or destruction of the document or thing or who disposed of or destroyed the document or thing.

These requests for production of documents and things are deemed to be continuing; the answers and responses must, accordingly, be amended to reflect any further information, documents and/or things that come to your attention or the attention of your agents or attorneys between the date of service hereof and the date of trial.

Documents produced pursuant to these document requests are to be organized as they are kept in the usual course of business and clearly designated so as to reflect the individual (and, as appropriate, his or her job title) and department (as appropriate) from whose files each document was produced, the file from which each was produced, and the location of each such file.

Where knowledge, information, or documents in the possession of the Defendant is/are requested, such request includes knowledge and/or possession of the Defendant's agents, contractors, representatives, and any other person or organization acting on their behalf, and unless privileged, their attorneys.

2

If Defendant contends that it is entitled to refuse to respond to any Request for Production, in part or in full on the basis of the attorney-client privilege, the work-product doctrine, or some other ground, state with particularity the basis on which Defendant contends that it is entitled to refuse to produce, and, with respect to each such refusal, describe the nature of the privileged information, including the pertinent dates, the identities of all persons involved, and the facts giving rise to the claim of privilege, work product, or other claim.

Unless specifically stated otherwise, all document requests seek all documents since January 1, 2000.

## **DEFINITIONS**

A.    "Document" shall be construed in its broadest sense, and means any written, printed, taped, graphic, electronic, or recorded matter, whether produced, reproduced, or stored on paper, cards, tapes, disks, belts, charts, films, including microfilm or microfiche, computer tapes, computer storage devices, electronic mail, instant messaging, or any other medium of any kind in any form whatsoever including, but not limited to, reports, memoranda, studies, statements, personal or official calendars, personal or official telephone logs, working papers, manuals, brochures, contracts, personal or official notes, correspondence, personal or official diaries, bookkeeping entries, drawings, graphs, charts, and any and all other writings, agreements, telegrams, tape recordings, agendas of meetings, minutes of meetings, notices, records, bid records, photographs, photographic slides, photographic transparencies, photographic negatives, motion picture films, diagrams, reports, statements of witnesses, findings of investigations, files, reports of expert reports of consultants, calculations,  estimates, vouchers,  invoices, studies, computerized payroll data, voice tapes, telegrams, notes of telephone conversations and notes of any other oral communications, papers, books, records,

summaries, and any and every other writing or other graphic means by which human intelligence is in any way transmitted or reported, phono-records, telecopies and other data compilations from which information can be obtained or translated, if necessary, through detection devices in the Defendant's possession or custody or in any way subject to the Defendant's direct or indirect control. Each reference to a document shall be deemed to include requests for (1) the original document; (2) all drafts of such document; and (3) all copies or reproductions of any kind of such document which differ in any respect from the original, or from each other, by reason of handwritten notes or otherwise.

B.      As used herein, the term "oral communication" means any words heard or spoken, and including, without limitation, words spoken at any meeting, discussion, speech, or conversation, including any telephone conversation.

C.      As used herein, the term "person" includes natural persons, governments (or agencies thereof), quasi-public entities, corporations, partnerships, ventures, and all other forms of organization, association, or business entities.

D.      As used herein, the term "Plaintiff" means Garrina Byrd; the terms "you," and "Defendant," mean the District of Columbia, and the officers, attorneys, agents, representatives, and employees thereof.

E.      "Identify," when referring to a natural person, means to provide an identification sufficient to notice a deposition of such person and to serve such person with process to require his or her attendance at a place of examination and shall include, without limitation, the following information:

    a.      his or her full name;

    b.      his or her race and gender;

    c.      present or last known home address;

      d.      present or last known business affiliation and address;

      e.      title or occupation; and

      f.      each of the positions held by such persons during the applicable time covered by any answer referring to such person.

F.    "Identify," when referring to a document or writing, means to give sufficient characterization of such document or writing so as to have identified it "with reasonable particularity."  More particularly, the term "identify," when used with reference to a document includes:

      a.      the date which the document bears, or if none, the date it was written;

      b.      the name and address of each person who wrote it or participated in the writing of it;

      c.      the name and address of each person to whom it was addressed and each person to whom a copy was identified as being directed;

      d.      the name and address of each person who received a copy of the document;

      e.      description of the nature and substance of the document, with sufficient particularity to enable it to be identified, as, for instance, a letter or memorandum regarding a subject matter;

      f.      the present location or custodian of the original and each copy, or if unknown, its last known location or custodian; and

      g.      if any document is no longer in the Defendant's possession, or subject to Defendant's control, state what disposition was made of it, the reason for such disposition, the identity of the person(s) currently having possession or control and the date that possession or control was relinquished by the Defendant.

G.    When used with reference to an oral communication, "identify" includes:

      a.      the identities of all persons who made, heard, or participated in such oral communication;

      b.      the date and manner (e.g., telephone) of such oral communication, and the place(s) at which persons who made, heard, or participated in the oral communication were located;

      c.      a description of the circumstances surrounding the oral communication, as, for instance, speech, conversation, or a meeting;

      d.     the name of each person who was present, other than the participants;

      e.     the substance of the oral communication; and the identity and present custodian of any writing or any mechanical or electrical recording that recorded, summarized, or confirmed such oral communication, or which refers, relates to, or bears upon it.

H.     When used with reference to an event, "identify" includes:

      a.     the identities of all persons who were present or participated in such event;

      b.     the date of such event, and the place(s) at which the event occurred;

      c.     a description of the circumstances surrounding the event, as, for instance, a meeting or a conference;

      e.     a summary of the event; and

      d.     the identity and present custodian of any writing or any mechanical or electrical recording that recorded, summarized, or confirmed such event, or which refers, relates to, or bears upon it.

I.     As used herein, the term "date" shall mean the exact day, month and year, if ascertainable, or if not, the best approximation thereof, including relationship to other events.

J.     As used herein, the term "termination" shall include any one or more of the following actions which interrupt an employee's service of employment: layoff, furlough, discharge, quit, resignation, forced resignation, termination, firing, retirement, early retirement, or other action comprising or leading to severance of employment.

K.     As used herein, the term "personnel file" means any file, collection of documents or other form in which information is stored concerning an individual, and includes all such collections of documents regardless of the names given to them by the Defendant which include information on the work history, job titles, job descriptions, employee status change forms, promotions, demotions, transfers, and discipline of any person; wage or benefit increases granted to any person; investigations concerning any person; job performance evaluations, labor files, attendance records or calendars, records of sick leave, leaves of absence and vacation leaves

concerning any person; complaints, charges, or grievances by or against any person and the responses to such complaints, charges, or grievances.

L.      All requests for computerized data are to be produced in a computer-readable format, together with explanations for all software, passwords, codes, and other information necessary to access the data.

M.      If any requested document is known by the Defendant to have existed, but no longer exists or is no longer is in the Defendant's possession, custody, or control, the Defendant is requested to identify the last known custodian thereof and state the date upon which it was lost, destroyed, or otherwise became unavailable.  If the document still exists but is unavailable to the Defendant, the Defendant is requested to identify its present custodian and location.

N.      All dates are to be understood as though they were preceded by the phrase "on or about."

O.      "And" and "or" shall be construed in the conjunctive or disjunctive as necessary to make the request inclusive rather than exclusive.  The word "including" shall be construed to mean without limitation.  The words "any" and "all" shall be construed so as to make the discovery request inclusive rather than exclusive.

P.      The use of a verb in any tense shall be construed as the use of the verb in all other tenses, whenever necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside its scope.

Q.      A plural noun shall be construed as a singular noun, and a singular noun shall be construed as a plural noun, whenever necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside its scope.  Words of the

7

masculine or feminine gender shall include the masculine or neuter genders as the context requires.

## <u>REQUESTS FOR PRODUCTION OF DOCUMENTS</u>

<u>Request No. 1</u>    The complete personnel file(s) for Garrina Byrd.

<u>Request No. 2</u>    All documents (as that term is defined above in Instruction A) recording or reflecting any words, statements, declarations, conversations or other communications by the Plaintiff or the Defendant (or its employees) regarding the Plaintiff's employment with the Defendant.

<u>Request No. 3</u>    All documents referring to, relating to, or comprising complaints and/or grievances made by Garrina Byrd regarding her employment, claims or charges of sex discrimination and/or inequality in the workplace made by Byrd and/or made by other employees in Defendant's Department of Parks and Recreation, from January 1, 1997 through the present.

<u>Request No. 4</u>    The personnel file(s) for Joyce Roberts, Julie Banks, Darnell Thompson, Neil Albert, Neil Stanley, and any other individual not otherwise listed to whom Garrina Byrd complained or who supervised, managed, disciplined, evaluated, or otherwise was responsible for decision-making related to Garrina Byrd's employment from January 1, 1997 to the present.

<u>Request No. 5</u>    The personnel file(s) for Stanley Dickson, Leon Harris, Sylvia Gwathmey, Johnnie Richardson, James Gripper, Steven Scott, Tonya Kemper, Demera Gaskins, and Katrina Williams.

<u>Request No. 6</u>    All documents comprising, referring, or relating to complaints of retaliation, sex discrimination and/or harassment, whether formal, informal, EEO or otherwise, that have been made against persons employed by the Department of Parks and Recreation, including, but not limited to, the persons listed in Request No. 4 or in Defendant's response to Request No. 4,

and all documents relating to any responses, investigations, and/or decisions made with respect to such complaints, from January 1, 1997 through the present.

Request No. 7    All documents referring or relating to any discipline, whether formal or informal, received by Garrina Byrd, and persons listed in Request No. 4 or Defendant's response to Request No. 4, from January 1, 1997 through the present.

Request No. 8    All documents referring to, relating to, or comprising Defendant's policies, practices, procedures, or memoranda governing the response to occurrences of sexually hostile work environment and/or harassment and/or other inappropriate workplace conduct including, but not limited to, comments of a sexual nature, physical harassment, *quid pro quo* harassment, and/or other sexually discriminatory or harassing conduct by employees or supervisors, from January 1, 1997 through the present.

Request No. 9    All documents referring to, relating to, or comprising Defendant's policies, practices, procedures, or memoranda governing the training of managers and/or supervisors with regard to retaliation, sexual discrimination and/or harassment.

Request No. 10    All documents related to or referring to retaliation, sex discrimination and/or harassment at Defendant's Department of Parks and Recreation and the resolution of the issues that resulted from complaints or grievances, including complaints filed, reports of investigation, reports to any governmental agency, and/or reports to/by/from any third party investigator(s), from January 1, 1997 through the present.

Request No. 11    All documents related to the June 15, 2005 Preliminary Report of Investigation, prepared by Carolyn Lerner, including, but in no way limited to, the recordings and/or interview transcripts of all witnesses listed in the report.

Request No. 12    All manuals, handbooks, and/or notices issued by the Defendant intended

to inform employees about the policies, procedures, and/or practices relating to discipline, transfer, discharge, demotion, disqualification, failure to hire into a full time position after having worked in a temporary contract position, and/or other similar employment-related action.

    <u>Request No. 13</u>    All collective bargaining agreements between Defendant and any union governing work performed by Plaintiff or governing positions sought by Plaintiff.

    <u>Request No. 14</u>    All documents between Defendant and the union representing employees of Defendant and/or Defendant's Department of Parks and Recreation regarding retaliation, sexual discrimination and/or harassment.

    <u>Request No. 15</u>    All organizational and/or lines-of-reporting charts, diagrams, lists, directories, tables, and maps showing the organizational and/or management structure of the Defendant's Department of Parks and Recreation as a whole and/or of each facility, division, department, district or other organizational unit, the geographic reach or coverage of each, and any documents which describe and/or indicate the number and locations of Defendant's offices and facilities.

    <u>Request No. 16</u>    All documents memorializing communications, between Darnell Thompson and Garrina Byrd, including, but not limited to, electronic mail communications.

    <u>Request No. 17</u>    All statements (as that term is used in Fed. R. Civ. P. 26(b)(3)) previously made by Defendant and any of its present or former directors, officers, or employees, concerning this action or its subject matter.

    <u>Request No. 18</u>    All documents related, or identified by Defendant in response, to Plaintiff's Interrogatory No. 20.

    <u>Request No. 19</u>    All documents related, or identified by Defendant in response, to Plaintiff's Interrogatory No. 21.

Dated: 25th day of April, 2007.

_____
Timothy B. Fleming (DC Bar No. 351114)
Lori B. Kisch (DC Bar No. 491282)
Eric K. Bachman (DC Bar No. 481993)
**WIGGINS, CHILDS, QUINN & PANTAZIS, LLC**
2031 Florida Avenue, N.W.
Suite 300
Washington, D.C. 20009
202-467-4123
202-467-4489 (facsimile)
ebachman@wcqp.com

Gary T. Brown (D.C. Bar # 246314)
**GARY T. BROWN & ASSOCIATES, PC**
320 Maryland Avenue, N.E.
Suite 100
Washington, D.C. 20002
(202) 393-4900

*Attorneys for Plaintiffs*

## CERTIFICATE OF SERVICE

I hereby certify that on this 25th day of April, 2007, a copy of Plaintiff's First Set of Requests for Production of Documents was sent by United States Mail, first class, postage prepaid to the following individual:

Toni Michelle Jackson
Assistant Attorney General
441 Fourth Street, NW, Suite 6S052
Washington, DC 20001

By: _____
Eric Bachman
*Attorney for Plaintiff*