**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

GARRINA BYRD and
ANNETTE BURNS,

    Plaintiffs,

        v.                                              Civil Action No. 06-0522 (HHK)

DISTRICT OF COLUMBIA,

    Defendant.

**DEFENDANT'S RESPONSES AND OBJECTIONS TO**
**PLAINTIFF BYRD'S FIRST SET OF INTERROGATORIES**

Pursuant to Fed. Civ. P. 33, Defendant District of Columbia provides the following answers to plaintiff Byrd's interrogatories. Defendant, in response to said interrogatories, by and through, George B. Becker Jr., Paralegal Specialist, Office of the Attorney General for the District of Columbia, 441 4th St., NW, Washington, DC 20001, having been first duly sworn under oath, upon information and belief, gives the following answers to interrogatories propounded to defendant by plaintiff:

(a) The information supplied in these answers is not based solely on the knowledge of the executing party, but includes knowledge of the District, its agents, representatives, and attorneys, unless privileged.

(b) The word usage and sentence structure may be that of the attorney assisting in the preparation of these answers and thus, does not necessarily purport to be the precise language of the executing party.

(c) Defendant reserves the right to amend, revise, or supplement its answers to these interrogatories if and when new or different information becomes available.

(d) For any additional responsive information made available through deposition testimony, the defendant incorporates such information for the purposes of giving the plaintiff notice that such information exists, but does not adopt such testimony as accurate and complete.

## GENERAL OBJECTIONS

Defendants object to the production of any documents or information, which are protected by the attorney-client privilege, deliberative process privilege, work product doctrine or any similarly recognized privilege. Inadvertent production of any information or documents so privileged does not constitute a waiver of such privilege or any other grounds for objecting to the discovery request. Additionally, defendants objects to any part of the plaintiff's instructions which seeks to impose any discovery requirements outside the scope of the rules, especially any obligation to produce information not in the defendants' control or not currently known to its attorneys after reasonable inquiry.

## INTERROGATORIES

Interrogatory No. 1 Identify all persons who are likely to have personal knowledge of any fact alleged in your Amended Answer to the Complaint, and state the subject matter of the personal knowledge possessed by each such person.

**Answer: Defendant objects to this request as it contains subparts,**

**which cause the number of interrogatories propounded by Plaintiff to exceed the limit of interrogatories permitted by Rule 33 of the Federal Rules of Civil Procedure.  Defendant further objects to this interrogatory because it is vague and ambiguous.  Finally, the interrogatory also invades the work product and attorney-client privileges.  Without waiving any objection, the District did not allege any facts in the Amended Answer.**

Interrogatory No. 2 For any portion of the allegations contained in paragraphs 13 through 31 of the Second Amended Complaint regarding Garrina Byrd that you dispute, state the nature and extent of your disagreement with those allegations, the factual basis for your position, identify all witnesses who know of any facts which tend to support your position, and identify all documents or materials which tend to support your position.

**Answer:   Defendant objects to this request as it contains subparts, which cause the number of interrogatories propounded by Plaintiff to exceed the limit of interrogatories permitted by Rule 33 of the Federal Rules of Civil Procedure.  The interrogatory also invades the work product and attorney-client privileges.  Without waiving any objection, see Garrina Byrd's personnel file, which will be produced as Defendant's Exh. 1 once the Court grants the parties' Joint Motion for a Protective Order.  Discovery is on-going, and the District reserves the right to supplement this response as new information becomes available.**

Interrogatory No. 3 Identify any prior statement within the meaning of Federal Rules of Evidence 801(d)(1) that Defendants claim could be used as evidence in

support of Defendant's allegations in this action, and for each such statement state the identity of the person who made it; the statement that was made; the date it was made; the identity of any persons who heard the statement, or saw it if it was reduced to writing; and the circumstances under which it was made.

**Answer:  Defendant objects to this request as it contains subparts, which cause the number of interrogatories propounded by Plaintiff to exceed the limit of interrogatories permitted by Rule 33 of the Federal Rules of Civil Procedure.  Additionally, Defendant objects that this interrogatory is overly broad, unduly burdensome, cumulative, confusing, calls for a legal conclusion, is not limited in scope, and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.  Finally, the interrogatory also invades the work product and attorney-client privileges.  Without waiving any objection, defendant is unaware of any "allegations" it has made in this lawsuit. Discovery is on-going, and the District reserves the right to supplement this response as new information becomes available.**

Interrogatory No. 4   For the entirety of her employment by Defendant, describe fully Plaintiff's work history and career or job path, including, but not limited to, each position held or project assigned to, specifying how, why, and by whom Plaintiff was placed in each such position and/or project, the dates applicable thereto, each supervisor(s) in such position and/or project, and identify any and all documents which in whole or in part contain, set out, describe, explain, memorialize, or otherwise refer to such work history, career, job path,

positions and/or projects.

**Answer:  Defendant objects to this request as it contains subparts, which cause the number of interrogatories propounded by Plaintiff to exceed the limit of interrogatories permitted by Rule 33 of the Federal Rules of Civil Procedure.  Additionally, Defendant objects that this interrogatory is overly broad, confusing, unduly burdensome, and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.  Finally, the interrogatory also invades the work product and attorney-client privileges.  Without waiving any objection,** *see* **Garrina Byrd's personnel file, which will be produced as Defendant's Exh. 1 once the Court grants the parties' Joint Motion for a Protective Order.  Discovery is on-going, and the District reserves the right to supplement this response as new information becomes available.**

Interrogatory No. 5 State fully and describe in detail the Defendant's process for responding to complaints of retaliation, sex discrimination and/or harassment.

**Answer:  Defendant objects to this request as it contains subparts, which causes the number of interrogatories propounded by Plaintiff to exceed the limit of interrogatories permitted by Rule 33 of the Federal Rules of Civil Procedure.  Without waiving any objection, see the relevant policies, attached hereto as Defendant's Exh. 2.**

Interrogatory No. 6 State fully and describe in detail all of Defendant's actions, statements, and/or conduct in response to Plaintiff's complaints of retaliation, sex discrimination, and/or harassment.

**Answer: Defendant objects to this request as it contains subparts, which cause the number of interrogatories propounded by Plaintiff to exceed the limit of interrogatories permitted by Rule 33 of the Federal Rules of Civil Procedure. Additionally, Defendant objects that this interrogatory is overly broad, unduly burdensome, cumulative, confusing, calls for a legal conclusion, and not limited in scope. Finally, the interrogatory also invades the work product and attorney-client privileges. Without waiving any objection, see the Preliminary Report of Investigation for Garrina Byrd v. Darnell Thompson, attached hereto as Defendant's Exh. 3. Discovery is on-going, and the District reserves the right to supplement this response as new information becomes available.**

Interrogatory No. 7 Identify any and all complaints of retaliation, sex discrimination and/or harassment made by any employee of the Defendant's Department of Parks and Recreation describing the substance of the complaints and to whom they were made, when the complaints were made, about whom the complaints were made, and in which department or subdivision, from January 1, 1997, through the present.

**Answer: Defendant objects to this request as it contains subparts, which causes the number of interrogatories propounded by Plaintiff to exceed the limit of interrogatories permitted by Rule 33 of the Federal Rules of Civil Procedure. In addition, this interrogatory seeks personnel information, the release of which is prohibited by D.C. Code §1-631.01 and D.C. Personnel Regulations at 31A District Personnel Manual ("DPM") Sec.**

**3105, 3112, and 3113.6, and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Moreover, Defendant objects that this interrogatory is overly broad, unduly burdensome, cumulative, confusing, calls for a legal conclusion, not limited as to time and scope, and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Finally, the interrogatory also invades the work product and attorney-client privileges.**

Interrogatory No. 8 For each and every complaint identified in response to Interrogatory No. 7, state fully and describe in detail all of Defendant's actions, statements, and/or conduct in response to these complaints.

**Answer:  See Answer to Interrogatory No. 7.**

Interrogatory No. 9 State whether Darnell Thompson has been disciplined by Defendant, and if so, for each instance of discipline, describe in detail the reasons therefore, the punishment imposed, and when the discipline was imposed.

**Answer:   Defendant objects to this request as it contains subparts, which cause the number of interrogatories propounded by Plaintiff to exceed the limit of interrogatories permitted by Rule 33 of the Federal Rules of Civil Procedure.  In addition, this interrogatory seeks personnel information, the release of which is prohibited by D.C. Code §1-631.01 and D.C. Personnel Regulations at 31A District Personnel Manual ("DPM") Sec. 3105, 3112, and 3113.6, and seeks information that is neither relevant nor**

reasonably calculated to lead to the discovery of admissible evidence. Finally, the interrogatory also invades the work product and attorney-client privileges. Without waiving any objection, the Official Personnel Folder (OPF) for Mr. Darnell Thompson shows that he was terminated for cause on August 9, 2005. See Darnell Thompson's Personnel File, which will be produced as Defendant's Exh. 4 once the Court grants the parties' Joint Motion for a Protective Order. Discovery is on-going, and the District reserves the right to supplement this response as new information becomes available.

Interrogatory No. 10  Identify all positive employment actions taken toward Plaintiff by Defendant which in any way concern Plaintiff's job performance, including, but not limited to, awards, bonuses, promotions, commendations, and positive performance appraisals, stating for each all reasons for the action and identify all persons with knowledge related to each such action.

Answer:  Defendant objects to this request as it contains subparts, which cause the number of interrogatories propounded by Plaintiff to exceed the limit of interrogatories permitted by Rule 33 of the Federal Rules of Civil Procedure. Without waiving any objection, see Defendant's Exh. 1.

Interrogatory No. 11  Identify all adverse employment actions taken against the Plaintiff by Defendant concerning Plaintiff's job performance or lack of job performance, including, but not limited to, disciplinary measures, warning notices, and performance appraisals with evaluations measuring less than the maximum

rating, demotions, terminations, and decisions not to place in a job, stating for each the reasons for the action and identify all persons with knowledge related to such action.

**Answer:   Defendant objects to this request as it contains subparts, which cause the number of interrogatories propounded by Plaintiff to exceed the limit of interrogatories permitted by Rule 33 of the Federal Rules of Civil Procedure.   Additionally, Defendant objects that this interrogatory is overly broad, unduly burdensome, cumulative, confusing, calls for a legal conclusion, is not limited in scope, and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.  Finally, the interrogatory also invades the work product and attorney-client privileges.   Without waiving any objection,** *see* **Defendant's Exh. 1.**

Interrogatory No. 12 Identify each individual who supplied information for or otherwise contributed to the answering of these interrogatories and, with respect to each such person, state the subject matter of each person's information or other contribution.

**Answer:   Defendant objects to this request as it contains subparts, which cause the number of interrogatories propounded by Plaintiff to exceed the limit of interrogatories permitted by Rule 33 of the Federal Rules of Civil Procedure.  Without waiving any objection, the District of Columbia Department of Parks and Recreation General Counsel, Marie-Claire Brown and her paralegal Jamarj Johnson, gathered the documents**

**requested by plaintiff and provided the necessary background information to prepare answers to these interrogatories. Discovery is on-going, and the District reserves the right to supplement this response as new information becomes available.**

Interrogatory No. 13 Describe fully the factual and/or legal bases for your statement, "If plaintiffs were injured and/or damaged as alleged in the Second Amended Complaint, said injuries and/or damages resulted from plaintiffs' own willful conduct or contributory negligence," as referenced in the Seventh Defense of Defendant's Second Amended Answer, and identify supporting documentation, if any.

**Answer:  Defendant objects to this request as it contains subparts, which cause the number of interrogatories propounded by Plaintiff to exceed the limit of interrogatories permitted by Rule 33 of the Federal Rules of Civil Procedure.  Finally, the interrogatory also invades the work product and attorney-client privileges.**

Interrogatory No. 14 Describe fully the factual and/or legal bases for your statement, "If plaintiffs were injured and/or damaged as alleged in the Second Amended Complaint, recovery for said injuries and/or damages is barred, because the plaintiffs assumed the risk of such injuries by their own willful conduct," as referenced in the Eighth Defense of Defendant's Second Amended Answer, and identify supporting documentation, if any.

**Answer:  Defendant objects to this request as it contains subparts, which cause the number of interrogatories propounded by Plaintiff to**

**exceed the limit of interrogatories permitted by Rule 33 of the Federal Rules of Civil Procedure. Finally, the interrogatory also invades the work product and attorney-client privileges.**

Interrogatory No. 15 Describe fully the factual and/or legal bases for your statement, "If the plaintiffs were injured and/or damaged as alleged in the Second Amended Complaint, said injuries and/or damages resulted from the sole or concurring intentional conduct or negligence of a person or persons, other than the District's employees, acting within the scope of their employment," as referenced in the Ninth Defense of Defendant's Second Amended Answer, and identify supporting documentation, if any.

**Answer:   Defendant objects to this request as it contains subparts, which cause the number of interrogatories propounded by Plaintiff to exceed the limit of interrogatories permitted by Rule 33 of the Federal Rules of Civil Procedure.  Finally, the interrogatory also invades the work product and attorney-client privileges.**

Interrogatory No. 16 Describe fully the factual and/or legal bases for your statement, "Plaintiffs would have been subjected to the alleged employment actions even if they had not engaged in protected activity," as referenced in the Eleventh Defense of Defendant's Second Amended Answer, and identify supporting documentation, if any.

**Answer:   Defendant objects to this request as it contains subparts, which cause the number of interrogatories propounded by Plaintiff to exceed the limit of interrogatories permitted by Rule 33 of the Federal**

**Rules of Civil Procedure. Finally, the interrogatory also invades the work product and attorney-client privileges.**

Interrogatory No. 17 Describe fully the factual and/or legal bases for your statement, "The Plaintiffs may have knowingly, willingly and intentionally violated the District's sexual harassment policy by not reporting the alleged sexual misconduct," as referenced in the Seventeenth Defense of Defendant's Second Amended Answer, and identify supporting documentation, if any.

**Answer:  Defendant objects to this request as it contains subparts, which cause the number of interrogatories propounded by Plaintiff to exceed the limit of interrogatories permitted by Rule 33 of the Federal Rules of Civil Procedure.  Finally, the interrogatory also invades the work product and attorney-client privileges.**

Interrogatory No. 18 State whether Darnell Thompson had a criminal record at any time while working for Defendant and, if so, describe the nature and extent of the criminal record, as well as the date on which Defendant had notice of any criminal conviction(s).

**Answer:  Defendant objects to this request as it contains subparts, which cause the number of interrogatories propounded by Plaintiff to exceed the limit of interrogatories permitted by Rule 33 of the Federal Rules of Civil Procedure.  In addition, this interrogatory seeks personnel information, the release of which is prohibited by D.C. Code §1-631.01 and D.C. Personnel Regulations at 31A District Personnel Manual ("DPM") Sec. 3105, 3112, and 3113.6, and it seeks information that is neither relevant nor**

reasonably calculated to lead to the discovery of admissible evidence. Moreover, Defendant objects that this interrogatory is overly broad, unduly burdensome, cumulative, confusing, calls for a legal conclusion, not limited in scope, and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Without waiving any objection, *see* Darnell Thompson's Personnel File, which will be produced as Defendant's Exh. 4 once the Court grants the parties' Joint Motion for a Protective Order.

Interrogatory No 19    Did Defendant's Department of Parks and Recreation provide training to employees, including supervisors and managers, regarding sexual harassment and non-retaliation policies, if any?  If so, describe any and all such training, when and how often it occurred, and/or who conducted the training, identifying supporting documentation if applicable.

**Answer:  Defendant objects to this request as it contains subparts, which cause the number of interrogatories propounded by Plaintiff to exceed the limit of interrogatories permitted by Rule 33 of the Federal Rules of Civil Procedure.  Without waiving any objection, the Department of Parks and Recreation provides annual sexual harassment training for all of its employees.  This training includes a review of all the U.S. Equal Employment Opportunity Commission discrimination laws.  See Defendant's Exh. 2.**

Interrogatory No 20    Describe fully the factual bases and/or identify any documents supporting Defendant's contention that Plaintiff and Darnell

Thompson were in a consensual sexual relationship. *See* Defendant's Request for Admission No. 10.

**Answer: Defendant objects to this request as it contains subparts, which cause the number of interrogatories propounded by Plaintiff to exceed the limit of interrogatories permitted by Rule 33 of the Federal Rules of Civil Procedure. Additionally, Defendant objects that this interrogatory is overly broad, unduly burdensome, cumulative, confusing, calls for a legal conclusion, not limited in scope, and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Finally, the interrogatory also invades the work product and attorney-client privileges. Without waiving any objection, see Defendant's Exh. 3. Discovery is on-going, and the District reserves the right to supplement this response as new information becomes available.**

Interrogatory No. 21 Describe fully the factual bases and/or identify any documents supporting Defendant's contention that Plaintiff accepted gifts from Darnell Thompson, that she accepted money from him to purchase a home, and that Thompson co-signed for Plaintiff's car. See Defendant's Request for Admission Nos. 11-13.

**Answer: Defendant objects to this request as it contains subparts, which cause the number of interrogatories propounded by Plaintiff to exceed the limit of interrogatories permitted by Rule 33 of the Federal Rules of Civil Procedure. Finally, the interrogatory also invades the work product and attorney-client privileges. Without waiving any objection, see**

14

**Defendant's Exh. 3.**

I have read the foregoing answers to interrogatories, and they are true to the best of my knowledge, information, and belief.

                                 _____

George B. Becker Jr.
Paralegal Specialist
Judiciary Square
441 4th Street, N.W.
Washington, D.C.  20001
Direct Line: (202) 724-6615

SWORN AND SUBSCRIBED before me, a Notary Public, this 26th day of June 2007.

                                 _____

Notary Public, D.C.

My Commission Expires: _____

Dated: June 26, 2007.               Respectfully submitted,

LINDA SINGER
Acting Attorney General

GEORGE C. VALENTINE
Deputy Attorney General, Civil Litigation

_____

NICOLE L. LYNCH (471953)
Chief, General Litigation Section II

_____

TONI MICHELLE JACKSON (453765)
Assistant Attorney General
441 Fourth Street, N.W., Suite 6S052
Washington, D.C. 20001
(202) 724-6602
(202) 727-3625 (fax)
E-mail:  toni.jackson@dc.gov

15

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 26th day of June, 2007, I caused the foregoing

Defendant's Responses and Objections to Plaintiff's First Set of Interrogatories to

be sent to plaintiff, by mailing the foregoing first-class, postage prepaid, to:

Gary T. Brown
GARY T. BROWN & ASSOCIATES, P.C.
320 Maryland Ave., N.E.
Suite 100
Washington, D.C. 20002

Eric K. Bachman
WIGGINS, CHILDS, QUINN & PANTAZIS, PLLC
2031 Florida Avenue, N.W., Ste. 300
Washington, D.C. 20009


_____
TONI MICHELLE JACKSON
Assistant Attorney General