## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

GARRINA BYRD and
ANNETTE BURNS,

       Plaintiffs,                  Civil Action No. 06-0522 (HHK)

       v.

DISTRICT OF COLUMBIA,

       Defendant.

### DEFENDANT'S RESPONSES AND OBJECTIONS TO PLAINTIFF BYRD'S REQUEST FOR PRODUCTION OF DOCUMENTS

Pursuant to Fed. R. Civ. P. 34, defendant District of Columbia provides Responses to Plaintiff Byrd's Request for Production of Documents as follows:

### GENERAL OBJECTIONS

Defendant objects to the production of any documents or information which are protected by the attorney-client privilege, deliberative process privilege, work product doctrine or any similarly recognized privilege. Inadvertent production of any information or documents so privileged does not constitute a waiver of such privilege or any other grounds for objecting to the discovery request. Additionally, defendant objects to any part of the plaintiff's instructions which seeks to impose any discovery requirements outside the scope of the rules, especially any obligation to produce information not in the defendant's control or not currently known to its attorneys after reasonable inquiry.

### DOCUMENT REQUESTS

Request No. 1   The complete personnel file(s) for Garrina Byrd.

**Response:  See Garrina Byrd's personnel file, which will be produced as Defendant's Exh. 1 once the Court grants the parties' Joint Motion for a Protective Order.**

Request No. 2   All documents (as that term is defined above in Instruction A) recording or reflecting any words, statements, declarations, conversations or other communications by the Plaintiff or the Defendant (or its employees) regarding the Plaintiff's employment with the Defendant.

**Response:  See Defendant's Exh. 1 once the Court grants the parties' Joint Motion for a Protective Order; Garrina Byrd's separation from position letter, attached hereto as Defendant's Exh. 5; Garrina Byrd's U.S. Equal Employment Opportunity Commission related documents, attached hereto as Defendant's Exh. 6; and Government of the District of Columbia's Office of Human Rights related documents, attached hereto as Defendant's Exh. 7.**

Request No. 3  All documents referring to, relating to, or comprising complaints and/or grievances made by Garrina Byrd regarding her employment, claims or charges of sex discrimination and/or inequality in the workplace made by Byrd and/or made by other employees in Defendant's Department of Parks and Recreation, from January 1, 1997 through the present.

**Response:  Defendant objects that this request is in error because Ms. Garrina Byrd was only an employee for the D.C. Department of Parks and Recreation from 2001 to 2005.  In addition, this request seeks personnel information of individuals not a party to this lawsuit, the release of which is**

**prohibited by D.C. Code §1-631.01 and D.C. Personnel Regulations at 31A District Personnel Manual ("DPM") Sec. 3105, 3112, and 3113.6, and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.   Without waiving any objection,  see Defendant's Exh. 3, 6, and 7.**

Request No. 4   The personnel file(s) for Joyce Roberts, Julie Banks, Darnell Thompson, Neil Albert, Neil Stanley, and any other individual not otherwise listed to whom Garrina Byrd complained or who supervised, managed, disciplined, evaluated, or otherwise was responsible for decision-making related to Garrina Byrd's employment from January 1, 1997 to the present.

**Response:   Defendant objects that this request is in error because Ms. Garrina Byrd was only an employee for the D.C. Department of Parks and Recreation from 2001 to 2005.   In addition, this request seeks personnel information of individuals not a party to this lawsuit, the release of which is prohibited by D.C. Code §1-631.01 and D.C. Personnel Regulations at 31A District Personnel Manual ("DPM") Sec. 3105, 3112, and 3113.6, and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.   Without waiving any objection, See Darnell Thompson's Personnel File, which will be produced as Defendant's Exh. 4 once the Court grants the parties' Joint Motion for a Protective Order.**

Request No. 5   The personnel file(s) for Stanley Dickson, Leon Harris, Sylvia Gwathmey, Johnnie Richardson, James Gripper, Steven Scott, Tonya Kemper, Demera Gaskins, and Katrina Williams.

**Response:   Defendant objects that this request seeks personnel information of individuals not a party to this lawsuit, the release of which is prohibited by D.C. Code §1-631.01 and D.C. Personnel Regulations at 31A District Personnel Manual ("DPM") Sec. 3105, 3112, and 3113.6, and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.**

Request No. 6   All documents comprising, referring, or relating to complaints of retaliation, sex discrimination and/or harassment, whether formal, informal, EEO or otherwise, that have been made against persons employed by the Department of Parks and Recreation, including, but not limited to, the persons listed in Request No. 4 or in Defendant's response to Request No. 4, and all documents relating to any responses, investigations, and/or decisions made with respect to such complaints, from January 1, 1997 through the present.

**Response:   Defendant objects that this request is in error because Ms. Garrina Byrd was only an employee for the D.C. Department of Parks and Recreation from 2001 to 2005.  In addition, this request seeks personnel information of individuals not a party to this lawsuit, the release of which is prohibited by D.C. Code §1-631.01 and D.C. Personnel Regulations at 31A District Personnel Manual ("DPM") Sec. 3105, 3112, and 3113.6, and seeks**

information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

Request No. 7   All documents referring or relating to any discipline, whether formal or informal, received by Garrina Byrd, and persons listed in Request No. 4 or Defendant's response to Request No. 4, from January 1, 1997 through the present.

**Response:  Defendant objects that this request is in error because Ms. Garrina Byrd was only an employee for the D.C. Department of Parks and Recreation from 2001 to 2005.  In addition, this request seeks personnel information of individuals not a party to this lawsuit, the release of which is prohibited by D.C. Code §1-631.01 and D.C. Personnel Regulations at 31A District Personnel Manual ("DPM") Sec. 3105, 3112, and 3113.6, and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.  Without waiving any objection, see Garrina Byrd's personnel file, which will be produced as Defendant's Exh. 1 and Defendant's Exh. 5.**

Request No. 8 All documents referring to, relating to, or comprising Defendant's policies, practices, procedures, or memoranda governing the response to occurrences of sexually hostile work environment and/or harassment and/or other inappropriate workplace conduct including, but not limited to, comments of a sexual nature, physical harassment, quid pro quo harassment, and/or other sexually discriminatory or harassing conduct by employees or supervisors, from January 1, 1997 through the present.

**Response:  Defendant objects that this request is in error because Ms. Garrina Byrd was only an employee for the D.C. Department of Parks and Recreation from 2001 to 2005.  In addition, this request seeks personnel information of individuals not a party to this lawsuit, the release of which is prohibited by D.C. Code §1-631.01 and D.C. Personnel Regulations at 31A District Personnel Manual ("DPM") Sec. 3105, 3112, and 3113.6, and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.   Without waiving any objection, see Defendant's Exh. 2.**

Request No. 9  All documents referring to, relating to, or comprising Defendant's policies, practices, procedures, or memoranda governing the training of managers and/or supervisors with regard to retaliation, sexual discrimination and/or harassment.

**Response:  See Defendant's Exh. 2.**

Request No. 10 All documents related to or referring to retaliation, sex discrimination and/or harassment at Defendant's Department of Parks and Recreation and the resolution of the issues that resulted from complaints or grievances, including complaints filed, reports of investigation, reports to any governmental agency, and/or reports to/by/from any third party investigator(s), from January 1, 1997 through the present.

**Response:  Defendant objects that this request is in error because Ms. Garrina Byrd was only an employee for the D.C. Department of Parks and Recreation from 2001 to 2005.  In addition, this request seeks personnel**

**information of individuals not a party to this lawsuit, the release of which is prohibited by D.C. Code §1-631.01 and D.C. Personnel Regulations at 31A District Personnel Manual ("DPM") Sec. 3105, 3112, and 3113.6, and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.**

<u>Request No. 11</u> All documents related to the June 15, 2005 Preliminary Report of Investigation, prepared by Carolyn Lerner, including, but in no way limited to, the recordings and/or interview transcripts of all witnesses listed in the report.

**Response:  Defendant objects that this request invades the attorney-client and work product privileges.  Without waiving any objection, see Defendant's Exh. 3.**

<u>Request No. 12</u> All manuals, handbooks, and/or notices issued by the Defendant intended to inform employees about the policies, procedures, and/or practices relating to discipline, transfer, discharge, demotion, disqualification, failure to hire into a full time position after having worked in a temporary contract position, and/or other similar employment-related action.

**Response:  Defendant objects that this request is overly broad, unduly burdensome, is not subject to temporal limitations, and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.  Without waiving any objection, see Defendant's Exh. 2.**

Request No. 13 All collective bargaining agreements between Defendant and any union governing work performed by Plaintiff or governing positions sought by Plaintiff.

**Response:  Defendant objects that this request seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.  Without waiving any objection, see the Collective Bargaining Agreement, attached hereto as Defendant's Exh. 8.**

Request No. 14 All documents between Defendant and the union representing employees of Defendant and/or Defendant's Department of Parks and Recreation regarding retaliation, sexual discrimination and/or harassment.

**Response:  Defendant objects that this request is overly broad, unduly burdensome, is not subject to temporal limitations, and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.  Without waiving any objection, no documents responsive to this request have been identified.**

Request No. 15 All organizational and/or lines-of-reporting charts, diagrams, lists, directories, tables, and maps showing the organizational and/or management structure of the Defendant's Department of Parks and Recreation as a whole and/or of each facility, division, department, district or other organizational unit, the geographic reach or coverage of each, and any documents which describe and/or indicate the number and locations of Defendant's offices and facilities.

**Response:  Defendant objects that this request is overly broad, unduly burdensome, is not subject to temporal limitations, and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.  Without waiving any objection, see the D.C. Department of Parks and Recreation's organizational chart, attached hereto as Defendant's Exh. 9.**

Request No. 16 All documents memorializing communications, between Darnell Thompson and Garrina Byrd, including, but not limited to, electronic mail communications.

**Response: Defendant objects that this request is overly broad, unduly burdensome, is not subject to temporal limitations, and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.  No documents responsive to this request have been identified. Discovery is on-going, and the District reserves the right to supplement this response as documents become available.**

Request No. 17 All statements (as that term is used in Fed. R. Civ. P. 26(b)(3)) previously made by Defendant and any of its present or former directors, officers, or employees, concerning this action or its subject matter.

**Response:  Defendant objects that this request is premature as discovery is ongoing.  Further, Defendant objects that this request invades the attorney-client and work product privileges.  Without waiving any objection, see Defendant's Exh. 3.**

Request No. 18 All documents related, or identified by Defendant in response, to Plaintiff's Interrogatory No. 20.

**Response: Defendant objects that this request is premature as discovery is ongoing. Further, Defendant objects that this request invades the attorney-client and work product privileges. Without waiving any objection, see Defendant's Exh. 3.**

Request No. 19 All documents related, or identified by Defendant in response, to Plaintiff's Interrogatory No. 21.

**Response: Defendant objects that this request is premature as discovery is ongoing. Further, Defendant objects that this request invades the attorney-client and work product privileges. Without waiving any objection, see Defendant's Exh. 3.**

Dated: June 26, 2007 .

Respectfully submitted,

LINDA SINGER
Acting Attorney General

GEORGE C. VALENTINE
Deputy Attorney General, Civil Litigation

_____

NICOLE L. LYNCH (471953)
Chief, General Litigation Section II

_____

TONI MICHELLE JACKSON (453765)
Assistant Attorney General
441 Fourth Street, N.W., Suite 6S052
Washington, D.C. 20001
(202) 724-6602
(202) 727-3625 (fax)
E-mail: toni.jackson@dc.gov

## CERTIFICATE OF SERVICE

I hereby certify that on June 26, 2007, I caused a copy of the foregoing Defendant District of Columbia's Responses and Objections to Plaintiff's Request for Production of Documents to be served by first class mail, postage prepaid, upon counsel for plaintiffs:

Gary T. Brown
GARY T. BROWN & ASSOCIATES, P.C.
320 Maryland Ave., N.E.
Suite 100
Washington, D.C. 20002

Eric K. Bachman
WIGGINS, CHILDS, QUINN & PANTAZIS, PLLC
2031 Florida Avenue, N.W., Ste. 300
Washington, D.C. 20009


_____
TONI M. JACKSON
Assistant Attorney Genera

11