**WIGGINS, CHILDS, QUINN & PANTAZIS, PLLC**
A PROFESSIONAL LIMITED LIABILITY COMPANY
———
2031 FLORIDA AVE, N.W.
SUITE 300
WASHINGTON, DC 20009
TELEPHONE (202) 467-4123
FACSIMILE (202) 467-4489

July 10, 2007

**Via E-Mail & First Class U.S. Mail**
Toni Michelle Jackson
Assistant Attorney General
441 Fourth Street, NW, Suite 6S052
Washington, DC 20001
Toni.Jackson@dc.gov

      *Re: Garrina Byrd, et al.. v. District of Columbia*

Dear Ms. Jackson:

    I write regarding Defendant's discovery responses, which were served via U.S. Mail on June 26, 2007. The lack of substantive responses by Defendant greatly concerns Plaintiff and our purpose here is to promptly and effectively resolve any and all disputes related to these responses. If we are unable to do so, Plaintiff will file a motion to compel with the Court.

    Defendant's discovery responses are deficient in several ways. Below, Plaintiff first delineates the deficiencies which apply generally to all (or, at least, large portions) of the discovery responses. Next, Plaintiff summarizes the deficiencies related to specific interrogatories and requests for production.

      **General Deficiencies Related to Defendant's Responses**

    Defendant objects to all of Plaintiff Byrd's interrogatories and most of the requests for production of documents. However, Defendant has waived its right to object to these discovery requests because it is undisputed that it failed to respond, object, or seek an extension of the May 29, 2007 deadline prior to its expiration. Indeed, Plaintiff notified Defendant in a letter dated June 6, 2007 that Defendant had missed the discovery deadline and, thus, waived its objections to the discovery requests.

    Under Rules 33 and 34, the District had only thirty days after service of the interrogatories and request for production of documents to supply its answers and any objections. Fed. R. Civ. P. 33(b)(3); Fed. R. Civ. P. 34(b); *see also Fonville v. District of Columbia*, No. 02-2353, at 5-6 (D.D.C. May 25, 2005) (attached hereto as Ex. 1). Because Defendant failed to do so within the allotted time, it has waived its right to assert any of the objections raised in its untimely responses. Rule 33 states: "All grounds for an objection to an interrogatory shall be stated with specificity. Any ground not stated in a timely objection is waived unless the party's failure to object is excused by the court for good cause shown." Fed. R. Civ. P. 33(b)(4). Several

| THE KRESS BUILDING | 2031 FLORIDA AVE, N.W. |
| 301 19TH STREET NORTH | SUITE 300 |
| BIRMINGHAM, AL 35203 | WASHINGTON, D.C. 20009 |
| (205) 328-0640 | (202) 467-4123 |

*Letter to T. Jackson, Esq.*
*July 10, 2007*
*Page 2 of 7*

courts have concluded that "the failure to object within the time fixed for its answer generally constitutes a waiver of any objection." *Fonville,* at 5 (quoting *Chubb Integrated Sys. Ltd. v. Nat'l Bank of Washington*, 103 F.R.D. 52, 62 (D.D.C. 1984)); *Davis v. Fendler*, 650 F.2d 1154, 1160 (9th Cir.1981); *Shenker v. Sportelli*, 83 F.R.D. 365, 367 (E.D. Pa.1979); 8 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 2173 at 544 (1970). Thus, "in the absence of an extension of time or good cause, the failure to object to interrogatories within the time fixed by Rule 33 constitutes a waiver of any objection." *Fonville*, at 5-6 (quoting *Scott v. Arex, Inc*., 124 F.R.D. 39, 41-42 (D. Conn. 1989)). *See also Safeco Ins. Co. of America v. Rawstrom*, 183 F.R.D. 668, 671 (C.D. Cal. 1998) (footnote omitted). This is true even when the party objects to disclosure because it claims that the information sought is privileged. *Davis*, 650 F.2d at 1160 (citations omitted).[1]  Thus, Defendant cannot rely on any of its stated objections and must provide timely, complete responses to Plaintiff's discovery requests.

Next, Defendant refuses to produce information related to Plaintiff's interrogatories (nos. 7-9, 18) and requests for production (nos. 3-8, 10) because this evidence would allegedly violate D.C. Code § 1-631.01 and DPM Sec. 3105, 3112, and 3113.6.  This objection is improper for several reasons.  As stated above, Defendant has already waived this, and any other, objection.  Further, Defendant's argument would improperly deprive Plaintiff of information that is, at a minimum, likely to lead to the discovery of admissible evidence.  While the information requested by Plaintiff may contain private information, the Court has already entered the parties' stipulated protective order, which covers confidential information related to Defendant's employees.  Thus, any privacy concerns expressed by Defendant will be effectively addressed by the protective order.  This is precisely the outcome dictated by the U.S. District Court of the District of Columbia in a recent case, which presented similar privacy concerns under D.C. Code § 1-631.01.  *Fonville*, at 10-11.  Here, Defendant's response to Plaintiff's Interrogatory No. 9 and RFP No. 4 confirms that the protective order will sufficiently address any privacy concerns.  In these responses, Defendant objects to the production of Thompson's personnel file under, *inter alia*, D.C. Code § 1-631.01, but states that it will produce his personnel file once the protective order has been entered.  The same should hold true for the other information requested in the interrogatories and RFP's listed above.  Finally, Defendant's argument that local law and regulations must govern discoverability and confidentiality issues in federal civil rights litigation has been rejected by courts around the country.  *See, e.g., Kind v. Conde, et al.,* 121 F.R.D. 180 (E.D.N.Y. 1988); *Kelly v. City of San Jose*, 114 F.R.D. 654, 656 (N.D. Cal. 1987); *Mercado v. Div. of N.Y. State Police*, 989 F. Supp. 521, 523 (S.D.N.Y. 1998); *Hoyt v. Connare, et al.*, 202 F.R.D. 71 (D.N.H. 1996); *Floren v. Whittington, et al.*, 217 F.R.D. 389 (S.D. W.Va. 2003); *Jones v. City of Wilmington, et al.*, 299 F. Supp. 2d 380 (D. Del. 2004).

Moreover, in many of Defendant's responses, it objects that Plaintiff's discovery requests are some variation of the following:  vague, ambiguous, overly broad, unduly burdensome, cumulative, confusing, invade the work product doctrine and attorney-client privilege, and/or are not reasonably calculated to lead to the discovery of admissible evidence.  *See* Def.'s Resp. to

---

[1]  Unlike Rule 33, Rule 34 does not contain an automatic waiver provision as a consequence of failing to file a timely objection, but there is no reason to interpret the two rules differently. *Fonville,* at 5-6.  To the contrary, courts have held that the failure to timely file an objection to a request for production of documents may be deemed a waiver.  *Id.* (citing *Coregis Ins. Co. v. Baratta & Fenerty, Ltd*., 187 F.R.D. 528, 530-31 (E.D.Pa. 1999)); *Kansas-Nebraska Natural Gas Co., Inc. v. Marathon Oil Co*., 109 F.R.D. 12, 24-25 (D.Neb.1983). *See also Shenker v. Sportelli*, 83 F.R.D. 365, 366-67 (E.D. Pa. 1979).

*Letter to T. Jackson, Esq.*
*July 10, 2007*
*Page 3 of 7*

Interrog. Nos. 1, 3, 4, 6-9, 11, 18, 20 and RFP Nos. 3-8, 10, 12-16. However, Defendant has failed to state with any particularity *what* requested information is vague, ambiguous, unduly burdensome, privileged, etc., *why* the request is vague, ambiguous, unduly burdensome, privileged, etc., and whether any information or documents have been withheld for such reasons. Defendant is required to state with specificity its objection to the request, and list each document or other source of information in existence but withheld due to the particular objection and why. *See* Fed. R. Civ. P. 33(b)(4), 34(b); *see also e.g., United States ex rel. Pogue v. Diabetes Treatment Ctr.*, 235 F.R.D. 521, 523-24 (D.D.C. 2006); *United States of America ex. rel., Kenneth Fisher v. Network Software Associates, et al.*, 217 F.R.D. 240, 246 (D.D.C. 2003) (citing *Athridge v. Aetna Casualty and Surety Co.*, 184 F.R.D. 181, 191 (D.D.C. 1998)). Further, "the responding party cannot 'merely state, in conclusory fashion, that the requests are unduly burdensome.'" *Network Software Associates,* 217 F.R.D. at 246.

Finally, Defendant objects to the interrogatories on the basis that they contain subparts, which cause the number of interrogatories to exceed the limit allowed by Fed. R. Civ. P. 33. Given that Defendant initiated its subpart objections on the *first* interrogatory, and lodged this objection to *each* interrogatory thereafter, this blanket objection is without merit and appears to have been included in each response without regard to whether any subparts actually exist.

**Deficiencies Related to Specific Responses to Interrogatories and Requests for Production**

Interrogatory No. 1

Defendant states that it "did not allege any facts in the Amended Answer." This is wrong. Defendant specifically alleged facts through its various affirmative defenses in its Second Amended Answer. *See* Def.'s Answer to Second Amended Complaint*,* Defenses Three through Seventeen. Further, in its admissions and denials of the allegations in Plaintiff's Second Amended Complaint, Defendant has provided information about which Plaintiff is entitled discovery. *See, e.g.,* Def.'s Answer to Second Amended Complaint ¶¶ 10, 12-31, 51-94. Please supplement this answer with a proper response.

Interrogatory No. 2

Defendant states that it will produce Byrd's personnel file once the Court grants the motion for a protective order. On June 27, 2007, the Court granted the motion; thus, please produce this discovery immediately. In addition, Defendant has listed Byrd's personnel file as the sole basis for its denials of paragraphs 13-31 of the Second Amended Complaint. Please confirm in writing that this is correct. Otherwise, please supplement this answer with a proper response.

Interrogatory No. 3

Defendant states that it is unaware of any "allegations" it has made in this lawsuit. As to this claim, please see "Interrogatory No. 1" above. Further, in the context of interrogatory nos. 1 and 3 and for purposes of clarification, the term "allegation" should be read to include

*Letter to T. Jackson, Esq.*
*July 10, 2007*
*Page 4 of 7*

Defendant's defenses alleged in the Second Amended Answer, any denials of facts alleged in the Second Amended Complaint, and any admissions of facts alleged in the Second Amended Complaint. Please supplement this answer with a proper response.

Interrogatory No. 6

Defendant has responded that the only information regarding actions taken in response to Plaintiff's complaints is contained in Defendant's Exh. 3, the Preliminary Report of Investigation for Garrina Byrd v. Darnell Thompson. Please confirm in writing that this is correct. Otherwise, please supplement this answer with a proper response.

Interrogatory No. 7

Defendant has refused to provide any information about this request, which is clearly relevant to Plaintiff's claims of systemic gender discrimination, harassment, and/or retaliation within Defendant's Department of Parks and Recreation. Simply put, Defendant's conclusory claim that such information is not likely to lead to admissible evidence is without merit. *See also* RFP No. 3, *infra*. Further, Defendant's objection that the request is "not limited by time and scope" is wrong. The interrogatory specifically states that the scope is limited to Defendant's Department of Parks and Recreation and is temporally limited to January 1, 1997 through the present. Please supplement this answer with a proper response.

Interrogatory No. 8

*See* Interrogatory No. 7, above.

Interrogatory No. 9

Defendant states that it will produce Thompson's personnel file once the Court grants the motion for a protective order. On June 27, 2007, the Court granted the motion; thus, please produce this discovery immediately. Further, please confirm in writing that the only discipline Thompson received during his employment was his August 9, 2005 termination. If not, please supplement this answer with a proper response, including all the information requested about any discipline that was imposed. In addition, please supplement the response with detailed information about the reason(s) for Thompson's termination.

Interrogatories 10 & 11

Please confirm that all information requested in these two interrogatories is contained within Plaintiff's personnel file. If other responsive information is within Defendant's possession or control, which is not in the personnel file, please supplement this answer with a proper response.

Interrogatories 13-17

Defendant's refusal to describe the factual and/or legal bases for the defenses asserted in

*Letter to T. Jackson, Esq.*
*July 10, 2007*
*Page 5 of 7*

its Answer to the Second Amended Complaint is baseless. Defendant cannot assert defenses in its pleading and then withhold responsive evidence related to such defenses under the guise of work product or attorney-client privilege. *See, e.g., Diabetes Treatment Ctr.,* 235 F.R.D. at 523-24. Further, Defendant has yet to produce a log regarding any alleged privilege and/or work product doctrine asserted. Please supplement this answer with a proper response.

### Interrogatory No. 18

Defendant states that it will produce Thompson's personnel file once the Court grants the motion for a protective order. On June 27, 2007, the Court granted the motion; thus, please produce this discovery immediately. Further, please provide a written response to Interrogatory No. 18, namely: did Thompson have a criminal record; if so, describe the nature and extent of the criminal record and the approximate date on which Defendant had notice of any criminal conviction(s).

### Interrogatory No. 19

Please clarify the following information related to Defendant's response: on what dates did the annual training occur (from 1997 to the present)? Was the annual training conducted in-person, by videotape, or were employees simply provided copies of the written materials? Who conducted the annual training? Finally, when Defendant refers to "all of its employees" please confirm whether this term includes all "term" employees, part-time employees, supervisors, and managers.

### Interrogatory No. 20

Defendant's response indicates that Defendant's contention that Byrd and Thompson were in a consensual sexual relationship is based solely the Preliminary Report of Investigation for Garrina Byrd v. Darnell Thompson. Please confirm in writing that this is correct. Otherwise, please supplement this answer with a proper response.

### Interrogatory No. 21

Defendant's response indicates that Defendant's contentions that Byrd accepted gifts from Thompson, that she accepted money from him to purchase a home, and that Thompson co-signed for Plaintiff's car are based solely the Preliminary Report of Investigation for Garrina Byrd v. Darnell Thompson. Please confirm in writing that this is correct. Otherwise, please supplement this answer with a proper response.

### RFP No. 2

Please confirm in writing that the items listed in Defendant's response are the only documents recording or reflecting any words, statements, declarations, conversations or other communications by the Plaintiff or the Defendant (or its employees) regarding the Plaintiff's employment with the Defendant. If not, please supplement the answer with a proper response.

*Letter to T. Jackson, Esq.*
*July 10, 2007*
*Page 6 of 7*

RFP No. 3

Defendant objects to the production of any documents related to complaints or grievances filed by employees, other than Plaintiff, in Defendant's Department of Parks and Recreation. However, this information is clearly relevant to Plaintiff's claims of systemic gender discrimination, harassment, and retaliation. Defendant cannot credibly claim that information related to other complaints of gender discrimination, harassment, and/or retaliation within the department is not reasonably calculated to lead to the discovery of admissible evidence. Further, information about such complaints is discoverable even though it occurred prior to Plaintiff's employment because it may demonstrate, *inter alia*, (1) when Defendant received notice of gender discrimination, harassment, and/or retaliation problems within the Department of Parks and Recreation; (2) when, and how, Defendant took action, if any, to address these complaints; and (3) the existence of additional documents and/or witnesses with relevant knowledge regarding gender discrimination issues within DPR. Please supplement this answer with a proper response.

RFP Nos. 4 -7

*See* RFP No. 3, above.

RFP No. 8 & 9

Please confirm in writing that Defendant's Exh. 2, attached to its June 26, 2007 responses to Plaintiff's requests for production of documents, comprise all responsive documents in Defendant's control or possession.

RFP No. 10

*See* RFP No. 3, above.

RFP No. 11

Please confirm in writing that Defendant's Exh. 3, attached to its June 26, 2007 responses to Plaintiff's requests for production of documents, comprises all responsive documents in Defendant's control or possession. Further, please confirm in writing whether any recordings and/or interview transcripts related to Exh. 3 are in Defendant's control or possession.

RFP No. 13

Please confirm in writing that Defendant's Exh. 8 was the only operative collective bargaining agreement which governed Plaintiff's work while she was employed by DPR.

*Letter to T. Jackson, Esq.*
*July 10, 2007*
*Page 7 of 7*

RFP No. 15

Please confirm in writing whether Defendant's Exh. 9 is the only organizational chart related to the Department of Parks and Recreation in Defendant's possession or control. The chart is undated and does not provide the name of any employees occupying the positions listed on the chart.

RFP No. 16

Please detail in writing what steps Defendant has taken to examine Defendant's computer data and/or electronic mail systems and to preserve potentially relevant evidence. Specifically, Plaintiff requested in a letter dated November 13, 2006 that Defendant preserve certain electronic discovery related to this case. Further, the 2006 amendments to Federal Rules of Civil Procedure also require Defendant to take steps to preserve and produce relevant electronic data/evidence.

RFP No. 17-19

Please confirm in writing that Defendant's Exh. 3, attached to its June 26, 2007 responses to Plaintiff's requests for production of documents, comprises all responsive documents in Defendant's possession or control.

**Miscellaneous Discovery Issues**

On a related issue, Defendant has still not served its Initial Disclosures. Please advise when Defendant will do so; otherwise, Plaintiff will move to compel on this issue as well.

Finally, the interrogatory responses are verified by a paralegal specialist in your office, George Becker. However, Mr. Becker is not a representative of the Defendant, nor does it appear he has any personal knowledge of the information requested by Plaintiff or the responses provided by Defendant. Please explain under what basis Defendant asserts Mr. Becker is an appropriate individual to verify Defendant's interrogatory responses.

Our hope is that we may resolve some, or all, of these discovery issues short of court intervention. To that end, please respond by July 24, 2007, as to whether Defendant will produce the information requested herein. If not, Plaintiffs will submit these issues to the Court. Should you have any questions regarding this matter, please do not hesitate to contact me. Thank you.

Sincerely,

/s/ Eric Bachman
Eric Bachman

cc:   Gary T. Brown, Esq.