GOVERNMENT OF THE DISTRICT OF COLUMBIA
Office of the Attorney General

★ ★ ★

**Civil Litigation Division**
General Litigation, Section II

August 1, 2007

**VIA UNITED STATES MAIL**

Gary T. Brown
GARY T. BROWN & ASSOCIATES, P.C.
320 Maryland Ave., N.E.
Suite 100
Washington, D.C. 20002

Eric K. Bachman
WIGGINS, CHILDS, QUINN & PANTAZIS, PLLC
2031 Florida Avenue, N.W., Ste. 300
Washington, D.C. 20009

Re:   Byrd v. District of Columbia, C.A. No. 06-0522 (HHK)

Dear Mr. Brown and Mr. Bachman:

We received Mr. Bachman's July 10, 2007 letter. The District of Columbia ("District") does not agree that it has waived any objections to plaintiffs' discovery requests. Further, *Fonville* is not applicable to the facts of this case, because the District requested an extension shortly after the time to respond had elapsed, and good cause exists in this case. If necessary, we will seek court intervention on this issue.

**GENERAL DEFICIENCIES**

Plaintiff argues that the District's responses to Interrogatories Nos. 7-9 and 18 and Requests for Documents Nos. 3-8 and 10, are deficient. The District has produced plaintiff Byrd and Mr. Thompson's employment files. We will not produce employment files of other Department of Parks and Recreation ("DPR") employees without a court order. Your letter fails to cite to any authority from the District of Columbia Circuit.

Next, plaintiff argues that the District has failed to state with any particularity what requested information is vague, privileged, etc. *See* Pl. Letter, at p. 3. The District notes that it has found the exact deficiency with plaintiff's responses to the District's discovery. Plaintiff failed to state the specific reasons defendant's interrogatories were overly broad, burdensome or vague in its answers to Interrogatories Nos. 5, 7, 8, 9, 10-13, and 15-17. If it is plaintiff's contention that the District has somehow committed an error that requires court intervention, the District would respond that the plaintiff has done so too. Similarly, plaintiff has objected to certain interrogatories and document requests as privileged, but has not provided a privilege log.

Finally, plaintiff argues that the District's citation to the federal rules regarding the number of interrogatories is improper because they were made at each interrogatory. The District included subpart objections at each interrogatory because plaintiff Byrd has propounded more than thirty (30) interrogatories, which causes the number of interrogatories to exceed the limit set by the rules. Therefore, even when there are no subparts, plaintiff's interrogatories are over the thirty allowed by the rules.

**SPECIFIC DEFICIENCIES**

Interrogatory No. 1: Defendant did not allege any facts, and does not interpret its affirmative defenses as allegations of fact, but as legal conclusions. It is only through the discovery process, which has just begun, that the District will be able to determine if the defenses alleged are applicable to this case.

Interrogatory No. 2: The District has answered this interrogatory.

Interrogatory No. 3: *See* response to Interrogatory No. 1.

Interrogatory No. 6: Discovery is ongoing in this matter, and the District reserves the right to supplement its responses as new information becomes available during the discovery process.

Interrogatory No. 7: The District will produce all complaints of sexual harassment for the periods alleged in plaintiff Byrd's Second Amended Complaint, 2002 through 2005. Plaintiff's request for complaints prior to 2002 is not temporally relevant or narrowly tailored.

Interrogatory No. 8: See response to Interrogatory No. 7.

Interrogatory No. 9: Discovery is ongoing in this matter, and the District reserves the right to supplement its responses if new information becomes available during the discovery process.

Interrogatories Nos. 10 & 11: Discovery is ongoing in this matter, and the District reserves the right to supplement its responses if new information becomes available during the discovery process.

Interrogatories Nos. 13-17: It is only through the discovery process, which has just begun, that the District will be able to determine if the defenses alleged are applicable to this case. Discovery is ongoing in this matter, and the District reserves the right to supplement its responses as new information becomes available during the discovery process.

Interrogatory No. 18: The District has answered this interrogatory.

Interrogatory No. 19: Plaintiff's request for training prior to 2002 is not temporally relevant or narrowly tailored. The District will supplement this response separately.

Interrogatory No. 20: Discovery is ongoing in this matter, and the District will not state that the investigative report is the only proof of a consensual relationship. *See also* Fed. R. Civ. P., 33(d).

Interrogatory No. 21: See response to Interrogatory No. 20.

RFP No. 2: Discovery is ongoing in this matter, and the District will not state that the documents identified in RFP No. 2 "are the only documents recording or reflecting any words, statements, declarations, conversations or other communications."

RFP No. 3: The District has answered this document request. Discovery is ongoing in this matter, and the District reserves the right to supplement its responses as new information becomes available during the discovery process.

RFP Nos. 4-7: The District has answered this document request.

RFP Nos. 8 & 9: Discovery is ongoing in this matter, and the District reserves the right to supplement its responses if new information becomes available during the discovery process.

RFP No. 10: See response to Interrogatory No. 7.

RFP No. 13: The District has answered this document request.

RFP No. 15: The District has answered this document request.

RFP No. 16: The District is gathering the documents needed to comply with this document request.

RFP Nos. 17-19: The District has answered these document requests.

## MISCELLANEOUS ISSUES

Please note that the District will serve its Initial Disclosures under separate cover. As to your inquiry about Mr. Becker, he is a paralegal in this office and he prepared the responses to the discovery requests.

On a related note, I received plaintiff Byrd's responses to the District's document requests on June 13, 2007. I have not received any of the documents you indicated you would produce once a protective order was issued. Please provide a list/matrix to show what document requests are being answered; and

now that the protective order is in place, please supplement your discovery as to Interrogatories Nos. 8, 9, 10, 11, 12, 13, and 14.

    I appreciate your prompt attention to these matters.

Sincerely,

LINDA SINGER
Attorney General

*[signature]*

TONI MICHELLE JACKSON
Assistant Attorney General
441 4th Street, N.W., Suite 6S052
Washington, DC 20001
Phone: (202) 724-6602
Fax: (202) 727-3625