UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| GARRINA BYRD, ANNETTE BURNS, DEMERA GASKINS AND CARMEN JEAN-BAPTISTE,<br><br>    Plaintiffs,<br><br>        v.<br><br>DISTRICT OF COLUMBIA,<br><br>    Defendant. | Civil Action No. 06-0522 (HHK/AK) |

**DEFENDANT'S OPPOSITION TO
PLAINTIFF'S MOTION TO COMPEL DISCOVERY**

I.  INTRODUCTION

Defendant District of Columbia ("District") hereby opposes plaintiff's Motion to Compel Discovery.  Specifically, the District does not agree that it has waived any objections to plaintiff Byrd's discovery requests.   For the reasons detailed below, the District respectfully requests that the Court deny plaintiff's motion to compel discovery.

Plaintiff Byrd alleges that she was employed by the District of Columbia from 2001 through December 31, 2005.  (Third Amended Complaint, at ¶ 9.).  Plaintiff Byrd alleges that she exhausted her administrative remedies, and filed this action within ninety (90) days of receipt of her Right to Sue Letter from the Equal Employment Opportunity Commission ("EEOC").  (Id., at ¶8.).

## II.  ARGUMENT

### A.  THE DISTRICT HAS NOT WAIVED ITS OBJECTIONS TO PLAINTIFF'S DISCOVERY REQUESTS

Plaintiff claims that the District has waived its objections to discovery by failing to submit timely answers to Plaintiff's interrogatory and document requests. *See* Pl.'s Mot., at p. 4.  The District, however, has not waived its objections because it can show good cause for its untimely response.

Federal Rules of Civil Procedure 33(b)(3) and 34(b) provide that an individual has thirty (30) days after service of interrogatories and request for document production to supply answers and objections to the interrogatories and document requests.  The rules further provide that failure to timely object constitutes waiver unless the court excuses the party's failure for good cause. *See Blumenthal v. Drudge*, 186 F.R.D. 236, 240 (D.D.C. 1999); *Fonville v. District of Columbia*, 230 F.R.D. 38, 42 (D.D.C. 2005) (holding that the defendant waived objections where the defendant submitted discovery response 50 days late and neither sought an extension of time nor attempted to explain its noncompliance).

"Rules 33 and 34, however, give the Court broad discretion to excuse the failure to file timely responses. *Blumenthal*, 186 F.R.D. at 240; *see also Burlington Ins. Co. v. Okie Dokie, Inc.,* 368 F. Supp. 2d 83, 91(D.D.C. 2005) (declining to waive plaintiff's objections after plaintiff filed them nine days late where the court found the defendant would suffer no prejudice or delay and the plaintiff did not exhibit a pattern of misconduct).

In determining whether the untimely party had good cause, the court should take into consideration the circumstances behind the failure to answer, the failing party's

subsequent actions, and any resulting prejudice or lack thereof. *Drexel Heritage Furnishings, Inc. v. Furniture USA, Inc.*, 200 F.R. D. 255, 259 (D.N.C. 2001). An example of two situations in which a lawyer has shown good cause is when there is a medical emergency and when the "interrogatory is patently irrelevant, the necessity of the court's preventing a misuse of its processes. . . ." *Byrd v. Reno*, 1998 U.S. Dist. LEXIS 11855 at 18.

Contrary to plaintiff's allegations, *Fonville* is not applicable to the facts of this case. Good cause exists in this case. Undersigned counsel mistakenly thought that the discovery responses in this case were not due. Specifically, undersigned counsel failed to note the discovery responses were due while preparing for and trying an employment case before Judge Lamberth in May 2007. That case, *Bowie v. Maddox, et. al.*, 1:03-cv-00948, began on May 14, 2007, and ended on May 22, 2007. Undersigned counsel left for the Memorial Day weekend on May 22, 2007 and did not return to the office until June 1, 2007.

On June 11, 2007, plaintiff's counsel notified undersigned counsel that the discovery was overdue. Undersigned counsel incorrectly believed that there had not been a scheduling conference, and that the discovery would not be due until after the September 7th hearing date. Undersigned counsel had confused the instant case with the companion case of *Burns v. D.C.*, where she was also counsel of record.

Once plaintiff's counsel notified undersigned counsel of the mistake, she agreed to produce the discovery by June 26, 2007. The District sought and received an extension from plaintiff's counsel, and timely served the discovery responses on the agreed upon date.

Finally, plaintiff was not prejudiced by the District's delay. The instant case is still in the discovery phase and has been at a stand still for the past few months because of the pending motions to dismiss and amend. Based on the foregoing, the District has established that sufficient good cause exists to excuse the untimely discovery responses, and respectfully requests that the Court deny the plaintiff's motion to compel on this issue.

**B.   THE DISTRICT'S SPECIFIC OBJECTIONS ARE WELL FOUNDED**

Plaintiff Byrd argues that four of her discovery requests are reasonably calculated to lead to the discovery of admissible evidence. While plaintiff's motion addresses four specific areas of relief, the arguments can be analyzed as follows: 1) the request for the employment and discipline files of non-party employees of the Department of Parks and Recreation ("DPR") is not reasonable or relevant; and 2) the request for information pertaining to sexual harassment complaints and training before and after plaintiff's employment at DPR is not temporally related to the allegations in the Third Amended Complaint and therefore, is not relevant. For the reasons set forth below, the District respectfully requests that the Court deny the plaintiff's motion to compel on these issues.

1.   *EMPLOYMENT AND DISCIPLINE RECORDS*

Plaintiff claims that her first set of document requests to the District requested personnel files that are reasonably calculated to lead to the discovery of admissible evidence because the parties' protective order covers the District's privacy concerns, and Plaintiff's request is narrowly tailored. *See* Pl.'s Mot., at p. 5. To the contrary. these documents are not discoverable because the release of the documents is prohibited by

4

D.C. Code § 1-631.01, and are not relevant to the issues raised in the plaintiff's Third Amended Complaint.  See D.C. Code §§ 1-631.01, 1-632.3, 5-113.01, 5-113.06, and District Personnel Manual ("DPM") § 3102.1.  Specifically, the requested files are for supervisory and line employees who have no relational basis to plaintiff's allegations of harassment.  For example, plaintiff seeks the personnel files of the former Director and General Counsel of DPR, without making any allegations that he is involved in anyway in her allegations of harassment.

Moreover, the release of non-party employees personnel information constitutes an unwarranted invasion of privacy.  Such personnel information is generally confidential and protected from disclosure.  D.C. Code § 1-631.01 provides that:

> All official personnel records of the District government shall be establish, maintained, and disposed of in a manner designed to ensure the greatest degree of applicant or employee privacy while providing adequate, necessary, and complete information for the District to carry out its responsibilities under this chapter.  Such records shall be established, maintained, and disposed of in accordance with rules and regulations issued by the Mayor.

D.C. Code § 1-631.01 (2001 ed.).

Under D.C. Code § 1-632.3, personnel information may only be released under very limited circumstances.

> It is the policy of the District government to make personnel information in its possession or under its control available upon request to appropriate personnel and law-enforcement authorities, except if such disclosure would constitute an unwarranted invasion of personal privacy or is prohibited under law or rules and regulations issued pursuant thereto.

D.C. Code § 1-632.3 (2001 ed.).  Similarly, section 3102.1 of the DPM provides that:

> It shall be the policy of the District Government to make personnel information in its possession or under its control

5

>available upon request to appropriate personnel and law enforcement authorities, except if such disclosure would constitute an unwarranted invasion of personal privacy or is prohibited by law or regulation.

The District is responsible for maintaining the privacy of its employees' files. D.C. Code § 1-631.01 provides that "[a]ll official personnel records of the District government shall be established, maintained, and disposed of in a manner designed to ensure the greatest degree of applicant or employee privacy…." The District, therefore, cannot produce the documents requested by Plaintiff in interrogatories 7, 8, and 9 and document request numbers 4, 5, 6, 7, and 10, because to do so would result in an invasion of the individual employees' privacy.

Plaintiff contends that the Court's decision in *Fonville* requires the District to produce the requested personnel documents. The pertinent part of *Fonville* that Plaintiff cites states:

>While the information requested by plaintiff may include private information, it is equally true that this information is likely to be *relevant* to plaintiff's claim that he was demoted without due process. Thus, there are two competing interest at stake. In my view, the best way to resolve this problem is for plaintiff and defendant to submit a stipulated protective order to the court and, upon its approval, produce the responsive documents according to the terms of the protective order. In this way, plaintiff can receive all of the information *relevant* to his claims, but any invasion into other individuals' privacy will be minimized.

*Fonville*, 230 F.R.D. at 44-45 (emphasis added). This passage appears to require a party to produce employee files or information from the file under a protective order *only if* the employee file is *relevant* to the requesting party's claim or defense, as discussed above. The information requested by plaintiff, however, is not relevant to this case. Thus, the protective order in place in this case would not minimize the invasion into the employees' privacy. Further, the instant protective order does not waive the District's

6

right to object to the scope of the plaintiff's discovery requests. *See* Agreed Protective Order, at ¶ 13.

Although the individuals whose files Plaintiff has requested may be relevant witnesses for plaintiff's discrimination claims, and as discussed above, their personnel files have nothing to do with plaintiff's claims. Personnel files generally contain administrative information about the employee such as information on the employee's performance, pay, awards received, application for employment, and disciplinary measures taken against the employee.[1] This information is not likely to lead to any information that would assist plaintiff in her sexual harassment claim. Moreover, the information is not relevant to any of plaintiff's claims. Based upon the foregoing, plaintiff's motion to compel personnel and disciplinary information of various non-party employees should be denied.

2. INFORMATION PERTAINING TO SEXUAL HARASSMENT COMPLAINTS BEFORE AND AFTER PLAINTIFF'S EMPLOYMENT ARE IMPROPER IN TEMPORAL SCOPE

Next, plaintiff contends that her request for documents and information dating from *1999 to the present* is relevant to show the alleged systemic nature of the sexual harassment. *See* Pl.'s Mot., at p. 12. Plaintiff Byrd alleges that she was employed by the District from 2001 through December 31, 2005. (Third Amended Complaint, at ¶ 9.). The District has already agreed to produce all complaints and training information for the five (5) years plaintiff was employed by DPR.[2] Plaintiff's request for dates outside of

---

[1] The District notes that plaintiff requested the disciplinary history for her alleged harasser, and the District has provided his entire personnel file, subject to the protective order in place in this case. There is nothing else to give plaintiff on this issue.

[2] The District notes that it indicates that it will produce the five year period in its discovery, and has done so. But the responses to plaintiff's deficiency letters mistakenly indicates that the discoverable time period is 2002-2005.

her employment period—1997-2000 and 2006-2007, is not relevant or needed to establish systemic discrimination.

Although courts have allowed discovery in discrimination suits to be especially broad, they have remained "concerned about 'fishing expeditions, discovery abuse, and inordinate expenses involved in overbroad and far-raging discovery requests' and have therefore limited discovery to the issues involved in the particular case." *Pleasants v. Allbaugh,* 208 F.R.D. 7, 9 (D.D.C. 2002) (citing *Hardrick v. Legal Services Corp.*, 96 F.R.D 617, 618 (D.D.C. 1983)).  Thus, the discovery "should be reasonably related to the circumstances involved in the alleged discrimination and to a time frame involving the circumstances involved in the alleged discriminatory conduct and the individuals who are allegedly involved in that conduct." *Id*. (citing *Hardrick*, 96 F.R.D. 618-19).

Here, the information Plaintiff seeks is not temporally related to her allegations of sexual harassment, or that the training at the Department of Parks and Recreation was deficient.  As stated above, plaintiff was employed at DPR for five years, therefore, the information pertaining to Plaintiff's five years of employment is sufficient to establish a practice or policy of sexual harassment if one so exists.  Allowing additional discovery would open the door to a fishing expedition.

Plaintiff cites *Waters v. United States Capitol Police Bd.*, 216 F.R.D. 153 (D.D.C. 2003) and *Pleasants* to support her position that the temporal limitation she requests is reasonably related to her sexual harassment case. *See* Pl. Mtn., at p. 14.  These two cases, however, are readily distinguishable.  Unlike the case at hand, the plaintiff in *Pleasants* did not seek to discover information outside his dates of employment. Instead, the plaintiff sought information relevant to the years in which he worked.

Similarly, in *Waters* the Court allowed the plaintiff to discover information outside of his dates of employment based upon plaintiff's short employment history—one year.

Here, the five year period of employment adequately addresses the Court's concerns as expressed in *Waters*, and conforms with the Court's holding in *Pleasants*. Plaintiff's motion to compel should be denied.

### III.  CONCLUSION

WHEREFORE, the District respectfully requests that plaintiff's motion to compel discovery be denied in its entirety.

Dated: November 16, 2007.            Respectfully submitted,

                                                          LINDA SINGER
                                                          Attorney General for the District of Columbia

                                                          GEORGE C. VALENTINE
                                                          Deputy Attorney General, Civil Lit. Div.

                                                           /s/Nicole L. Lynch
                                                           NICOLE L. LYNCH (471953)
                                                           Chief, General Litigation, Section II

                                                           /s/Toni Michelle Jackson
                                                           TONI MICHELLE JACKSON (453765)
                                                           Assistant Attorney General
                                                           441 Fourth Street, N.W., Suite 6S014
                                                           Washington, D.C. 20001
                                                           (202) 724-6602
                                                           (202) 727-3625 (fax)
                                                           E-mail:  toni.jackson@dc.gov

### **CERTIFICATE OF SERVICE**

I hereby certify that on this 16th day of November, 2007, I caused the foregoing DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL DISCOVERY to be filed with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to:

**Gary T. Brown**

**Gary T. Brown & Associates, P.C.**
**320 Maryland Ave., N.E.**
**Suite 100**
**Washington, D.C. 20002**

**Eric K. Bachman**
**Wiggins, Childs, Quinn & Pantazis, PLLC**
**7 Dupont Circle, N.W., Suite 200**
**Washington, D.C. 20036**

/s/Toni Michelle Jackson
TONI MICHELLE JACKSON
Assistant Attorney General

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| GARRINA BYRD, ANNETTE BURNS, DEMERA GASKINS AND CARMEN JEAN-BAPTISTE,<br><br>  Plaintiffs,<br><br>  v.<br><br>DISTRICT OF COLUMBIA,<br><br>  Defendant. | Civil Action No. 06-0522 (HHK/AK) |

## **ORDER**

Upon consideration of Plaintiff's Motion to Compel Discovery, Defendant's memorandum in opposition thereto, and the record herein, it is, this _____ day of _____, 2007, hereby,

ORDERED, that Plaintiff's motion is DENIED.

_____
ALAN KAY
United States District Court Magistrate Judge