UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| GARRINA BYRD, ANNETTE BURNS, DEMERA GASKINS, and CARMEN JEAN-BAPTISTE,<br><br>Plaintiffs,<br><br>v.<br><br>DISTRICT OF COLUMBIA,<br><br>Defendant. | Civil Action No. 06-0522 (HHK) |

**PLAINTIFF GARRINA BYRD'S REPLY MEMORANDUM
IN SUPPORT OF HER MOTION TO COMPEL DISCOVERY**

Pursuant to Rules 26 and 37 of the Federal Rules of Civil Procedure, Plaintiff Garrina Byrd ("Byrd"or "Plaintiff"), through her undersigned Counsel, respectfully submits this Reply Memorandum in Support Of Her Motion To Compel Discovery.

**I.   INTRODUCTION**

Defendant's brief in opposition to Plaintiff's Motion to Compel asserts that it has not waived its objections to Plaintiff's discovery responses, despite the fact that: (1) Defendant did not specifically request an extension until three weeks after the responses were due; and (2) Defendant provided no basis for these late answers prior to its opposition to the instant motion. Defendant further asserts that its untimely objections are valid because Plaintiff's requests seek information and documents irrelevant to the claims and defenses of the case.  Defendant is wrong in each respect.

At the outset, Defendant's claims regarding its "mistake" and "incorrect belief" as to the due date for discovery responses lacks credence and fails to establish the "good cause" necessary for this Court to excuse its failure to serve timely objections to Plaintiff's discovery requests.

Although Defendant claims it was unaware that discovery responses were due, Defendant undisputedly attended and participated in the scheduling conference in the instant case which mark the onset of discovery. Indeed, Defendant itself served discovery requests on the Plaintiff in the instant matter after this scheduling conference occurred. Further, Defendant's pattern of untimely responses has continued to the present, specifically in its motion for an extension to file its opposition brief, which was filed after the close of business on the date its opposition was due and without the good faith consultation with Plaintiff's counsel required by the rules of this Court. In light of these circumstances, a finding that Defendant has waived its objections is appropriate and well-supported by this Court's prior holdings.

Even assuming, *arguendo*, that Defendant's tardiness in serving its objections to Plaintiff's discovery requests is excusable, Defendant has not demonstrated that its objections have any merit. Indeed, as Plaintiff demonstrated in her initial brief, as well as in the instant brief, the discovery requests at issue are narrowly tailored to lead to the discovery of admissible evidence. Defendant's opposition either ignores, or fails to overcome, the relevant facts and abundant legal authority supporting Plaintiff's positions.

**II.   ARGUMENT**

    **A.   Defendant Has Not Demonstrated That It Had 'Good Cause' in Failing to Timely File Its Objections to Plaintiff's Discovery Requests**

This Court has ruled on numerous occasions that "the failure to object within the time fixed for its answer generally constitutes a waiver of any objection." *Fonville v. District of Columbia*, 230 F.R.D. 38, 42 (D.D.C. 2005); *see also Myrdal v. District of Columbia,* 2007 WL 1655875 at *3 (D.D.C. June 7, 2007); *Peskoff v. Faber*, 244 F.R.D. 54 (D.D.C. 2007); *Chubb Integrated Sys. Ltd. v. Nat'l Bank of Washington*, 103 F.R.D. 52, 62 (D.D.C. 1984).[1] Defendant

---

[1] While Defendant briefly addresses the *Fonville* decision, it makes no effort to discuss or distinguish the

does not dispute that, while objections and responses to Plaintiff's discovery requests were due to be served by May 29, 2007, it did not specifically request an extension until three weeks after the deadline and did not serve any objections or responses until June 26, 2007 – four full weeks after they were due. Defendant's sole argument is that "good cause" exists for its delayed response, and thus the Court should find, in its discretion, that Defendant's objections have not been waived. *See* Def.'s Opp. at 2-3. Defendant is wrong on the facts and the law on this point.

While this Court has previously found "good cause" in declining to enforce a waiver of a party's objections for being overdue, it has done so infrequently, and only in very limited (and distinguishable) circumstances. In *Byrd v. Reno*, 1998 WL 429676, at *6 (D.D.C. Feb. 12, 1998), this Court foresaw two types of circumstances in which a waiver might be excused: "if a lawyer fails to file his objections on time because of a medical emergency . . . [or] the information sought by the interrogatory is patently irrelevant . . . ."[2] Clearly, neither applies to the case at hand. Rather, Defendant's explanations for its failure to respond demonstrate a lack of diligence that should not be excused.

Defendant asserts that its counsel "mistakenly thought that the discovery responses were not due," that it "incorrectly believed that there had not been a scheduling conference," and that it "had confused the instant case with the companion case of *Burns v. D.C.*" Def.'s Opp. at 2. These explanations are neither convincing nor plausible. Counsel for Defendant participated in Rule 26(f) scheduling conference, as well as initial scheduling conference with the Court, for the

---

other cases in this District holding that an untimely response constitutes a waiver of its objections.

[2] The Court in *Byrd* illustrated colorfully the "patently irrelevant" standard, stating that responses to an interrogatory requesting "[a party] to explain her genealogy back to Eve" or a document request that sought "every piece of paper in the Pentagon" ought not be compelled merely because the objections to same were untimely. *Byrd*, 1998 WL 429676, at *6. Plaintiff's requests are nothing of the sort. As demonstrated in her opening brief, and in Section II.B, *infra*, Plaintiff's requests are designed specifically to obtain information and documents "reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1).

instant case. *See* Report of Parties' Rule 16.3 Conference [Dkt. No. 7, July 27, 2006]; Minute Entry of Initial Scheduling Conference [Aug. 8, 2006]. Defendant clearly was, or should have been, on notice that the discovery period had commenced in both cases. *See* Fed. R. Civ. P. 26(d) ("… a party may not seek discovery from any source before the parties have conferred as required by Rule 26(f)."). Moreover, Defendant itself had already served written discovery in this case, serving interrogatories, document requests, and requests for admission on Plaintiff on March 23, 2007, *only one month before* it received Plaintiff's discovery requests. *See* Def.'s Discovery Requests (attached hereto as Exhibit 1). Thus, Defendant's statement that it "mistakenly thought the discovery responses were not due,' in light of these facts, is highly questionable. Even assuming the veracity of Defendant's position, it fails to establish "good cause" – rather, it demonstrates a lack of attention to the pending litigation.

Other cases cited by Defendant are similarly wide of the mark. In both *Blumenthal v. Drudge*, 186 F.R.D. 236, 240 (D.D.C. 1999), and *Burlington Ins. Co. v. Okie Dokie, Inc.*, 368 F. Supp. 2d 83, 91 (D.D.C. 2005), this Court excused the waiver of objections in large part because the responses in both cases ranged from five to nine days late, and because there had not been a "pattern of misconduct" on the part of the party serving the untimely objections. These cases are distinguishable in all material respects.

First, it was Plaintiff's counsel who raised the issue of Defendant's overdue responses. *See* Bachman Letter 6/6/07 (attached hereto as Exhibit 2). Had Plaintiff's counsel not done so, it appears that Defendant would not have responded at all. Even after Plaintiff's counsel alerted Defendant that its responses were overdue, Defendant did not specifically request an extension until three weeks past the deadline. *See* Jackson E-Mail 6/19/07 at 1 (attached hereto as Exhibit 3). Finally, four weeks after the deadline lapsed, Defendant served its responses. This is

considerably more tardy than the responses in *Blumenthal* and *Okie Dokie, Inc.*, the cases relied upon by Defendant.[3]

Additionally, Defendant's tardy responses were not an isolated incident; indeed, this problem has recurred very recently, in the course of briefing this motion. Plaintiff filed her motion to compel discovery on October 24, 2007 and properly served Defendant with same. Defendant's response was due no later than November 7, 2007. At approximately 7:48 p.m. on November 7, 2007, counsel for Defendant sent electronic mail to Plaintiff's counsel requesting an extension of the deadline to file its opposition from November 7 until November 19, 2007. *See* Bachman E-Mail 11/7/07 (attached hereto as Exhibit 4). Counsel for Plaintiff was in the process of considering and responding (from home) to Defendant's request when, approximately eleven (11) minutes later, Defendant filed its motion to enlarge time before Plaintiff's counsel could send his response. *Id.* The eleven-minute window between Defendant's initial attempt to confer on this motion – well after the close of business – and the filing of this motion does not demonstrate a "good faith effort," as required by Local Rule 7(m).

In light of the foregoing, Defendant has failed to demonstrate that "good cause" exists for not enforcing the remedy – waiver of its objections to Plaintiff's discovery requests – that is

---

[3] Defendant's opposition states that "[t]he District sought and received an extension from plaintiff's counsel, and timely served the discovery responses on the agreed upon date." Def.'s Opp. at 3. This plainly mischaracterizes the dialogue between the parties. Counsel for Plaintiff informed counsel for Defendant by letter on June 6, 2007, that Defendant had waived its objections. Ex. 2, Bachman Letter 6/6/07. After several e-mails on this subject, counsel for Plaintiff stated on June 12, 2007, that "Plaintiff will grant a reasonable extension for defendant to complete its discovery responses . . . . However, plaintiff's position is that defendant has waived its objections to the discovery requests." Ex. 3, Jackson E-mail 6/19/07 at 2. Defendant responded the same day stating that she would "let [counsel for Plaintiff] know when we can respond within another day or two." *Id.* A week later, having not heard from Defendant's counsel, counsel for Plaintiff again inquired when Defendant would serve its responses. *Id.* at 1. Counsel for Defendant responded that they would be served on June 26, 2007. *Id.* This evidence does not demonstrate that "the District sought and received an extension from plaintiff's counsel." Def.'s Opp. at 3. Counsel for Plaintiff *never* consented to an extension for the service of objections, and, while counsel for Plaintiff stated that he would be amendable to granting a reasonable extension for the answers, it was only after another week's delay and additional prodding by Plaintiff's counsel that Defendant finally responded that it would serve its responses by June 26.

well-established by this Court's rulings. Complete responses to all of the requests at issue in Plaintiff's motion should therefore be compelled.

**B.     Aside From Their Untimeliness, Defendant's Objections to Plaintiff's Discovery Requests Are Without Merit**

Plaintiff's Motion to Compel addressed six separate document requests and four interrogatories for which Defendant has failed to provide discoverable information.[4] Defendant's opposition only cursorily addresses some of these requests, such as Plaintiff's interrogatory geared toward discovering information on Darnell Thompson's disciplinary history. For others, Defendant argues generally that Plaintiff's requests are unreasonable or not temporally related, and thus, irrelevant. Defendant reaches this flawed conclusion by ignoring numerous cases cited by Plaintiff contrary to Defendant's position, and further misinterpreting those cases it attempts to distinguish.

> 1.     <u>Plaintiff's limited request for personnel and discipline files "related to the claims or defenses raised in this case" is proper.</u>

Plaintiff's discovery requests seek the personnel and discipline records for a select number of individuals to whom Plaintiff explicitly complained about her claims in this case, who supervised her while the sexual harassment persisted, or who had direct knowledge regarding allegations of on-going sexual harassment in the department. *See* Pl.'s Mot. to Compel at 5-9. Defendant's brief presents two main points in opposition: (1) that such requests constitute an "unwarranted infringement of privacy interests;" and (2) they are "not relevant to the issues raised in plaintiff's Third Amended Complaint." *See* Def.'s Opp. at 4-5. Both positions are fatally flawed.

---

[4] Defendant's brief mistakenly states that only "four discovery requests" are at issue. *See* Def.'s Opp. at 4. In fact, ten discovery requests are at issue: Interrogatory Nos. 7, 8, 9, and 19, as well as Request for Production Nos. 3, 4, 5, 6, 7, and 10.

Plaintiff's opening brief cited several cases by this Court holding that requests for personnel information of District of Columbia employees did not abridge privacy interests when a stipulated protective order was in place to protect these interests. *See Fonville*, 230 F.R.D. at 44; *Marshall v. District of Columbia Water & Sewage Auth.*, 214 F.R.D. 23, 27 (D.D.C. 2003) ("the parties have already agreed to a protective order, therefore, any privacy concerns are negligible and those personnel files shall be produced."); *Glenn v. Williams*, 209 F.R.D. 279, 282 (D.D.C. 2002) (same); *Pleasants v. Allbaugh*, 208 F.R.D. 7, 12 (D.D.C. 2002). Notably, Defendant's opposition brief makes no attempt to discuss or distinguish any of these cases on privacy grounds.[5] Indeed, Defendant's only argument in support of its alleged privacy interests is a recitation of the precise statutes this Court considered in *Fonville*, before ordering production of the files subject to the protective order in place.[6] While Defendant's privacy concerns are a "competing interest" with Plaintiff's interest in full discovery, they are not a superseding interest. As this Court has held on numerous occasions, the protective order in place ably balances these interests, and discovery should be allowed.

Further, Defendant's objection to Plaintiff's requests for personnel information on relevance grounds ignores the limited nature of Plaintiff's request. As an initial matter, Defendant does not address myriad cases, including those of this Court, previously cited by Plaintiff holding that discovery is especially broad in discrimination cases, and extends to non-

---

[5] While Defendant's brief attempts to distinguish *Fonville*, it appears to do so only on relevance grounds, not privacy grounds. *See* Def.'s Opp. at 6. As discussed *infra*, even this purported distinction ignores Plaintiff's reasonable attempts to limit her discovery request to relevant material.

[6] The protective order in the instant case provides protection for the privacy interests of the individuals at issue, as Defendant has the right to mark any information "about wages, family information, and/or financial information" of its employees as confidential. *See* Protective Order ¶ 1 [Dkt. No. 49, entered 6/27/07]. Equally as important, Plaintiff has specifically excluded from its request "information related to health insurance, family members, tax information, or bank account(s)," and seeks only portions of the employment and/or personnel files for select individuals "which relate to the claims and/or defenses raised in this case." Bachman Letter 9/5/07 at 4 (attached hereto as Exhibit 5).

party employees. *See* Pl.'s Mot. to Compel at 9-10. While these cases support the proposition that the personnel documents should be produced, another factor requires production in this case: as Plaintiff stated in its opening memorandum, she specifically restricted her discovery requests of employment and/or discipline files of the requested individuals to those "which relate to the claims and/or defenses raised in this case." Ex. 5, Bachman Letter 9/5/07 at 4. Defendant fails to address this point, and it cannot credibly suggest that documents "which relate to the claims and/or defenses raised in this case" are either irrelevant or not "reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1).

To the extent that Defendant suggests that the employment and discipline file information requested will not be relevant, it is further mistaken. While Defendant notes that such files "*generally* contain administrative information about the employee," Def.'s Opp. at 7 (emphasis added), this is not the only information such files include.[7] Also included in such files will likely be documents evidencing discipline these select individuals received, discipline these individuals meted out, complaints they received and/or made regarding discrimination, investigations they participated in, documents regarding their knowledge of and compliance with any relevant EEO policies and procedures, and/or internal memoranda referencing these topics. Such documents fall squarely within Plaintiff's narrow request, as well as the boundaries of discoverable information set forth by the Federal Rules.

Lastly, Defendant's assertion that certain individuals for whom Plaintiff requests documents have no relation to Plaintiff's allegations is demonstrably false. As stated previously, the individuals for whom Plaintiff seeks personnel information are those to whom Plaintiff explicitly complained about her claims in this case, who supervised her while the sexual

---

[7] Regardless, Plaintiff has specifically excluded such information from its request. S*ee supra* at n.6.

harassment persisted, and/or who had direct knowledge regarding allegations of on-going sexual harassment in the department. *See* Pl.'s Mot. to Compel at 5-9.  Defendant identifies as unrelated only one specific individual, its former Director and General Counsel, Neil Albert, stating that Plaintiff has not made "any allegation that is involved in anyway [sic] in her allegations of harassment." Def.'s Opp. at 5.  In fact, the Third Amended Complaint in this case clearly alleges that Albert, and the staff he oversaw, had extensive knowledge of, and/or participated in meetings and investigations regarding, the sexual harassment perpetrated by Darnell Thompson, a key issue in Plaintiff's case. *See* Third Am. Compl. ¶¶ 41-42, 44-47, 63, 77.  In sum, Plaintiff's document requests are not a haphazard fishing expedition; rather, they target specific individuals with knowledge of the claims in this case, and seek documents related to these claims.  Production of these documents should be compelled.

        2.    <u>The temporal scope of Plaintiff's requests for investigation files and EEO training records is appropriate given the systemic nature of the sexual harassment claims</u>

Although Defendant has agreed to produce documents relating to sexual harassment complaints and EEO training from 2001 through 2005, it continues to refuse production of such documents in the few years prior to and following this time period on the grounds that such information is not temporally related to the claims and/or defenses at issue.  Defendant is wrong.

Plaintiff's opening memoranda highlighted two cases – *Pleasants v. Allbaugh* and *Waters v. U.S. Capitol Police Board* – supporting the temporal scope that she seeks.  *See* Pl.'s Mot. to Compel at 14-16.  Defendant's attempts to distinguish these cases are unavailing.  For instance, in *Pleasants*, Defendant asserts that because the plaintiff did not seek discovery outside the dates of his employment – as Plaintiff does in this case – the temporal scope was appropriate.  This flawed assumption ignores several material issues.  First, the Court in *Pleasants* did not state that

it was drawing the line in the temporal scope solely due to plaintiff's dates of employment. Rather, it found that a three-year period prior to the accrual of the claim at issue "strikes a proper balance between his right to establish his case and the burden placed upon the defendant." *Pleasants*, 207 F.R.D. at 10. It is a plaintiff's factual allegation, not their dates of employment, that forms the basis for the lawsuit, and thus it follows that the scope of discovery should relate to those allegations. Simply tying discovery to dates of employment would lead to absurd results: a person who has been employed for decades, but with a claim that covers a short period of time, would be entitled to massive discovery; a quickly terminated employee would be entitled to hardly any.

Similarly, Defendant's characterization of *Waters* is off the mark. Nowhere in *Waters* does the Court state, or otherwise imply, that the plaintiff was allowed "to discover information outside of his dates of employment *based upon* plaintiff's short employment history," as Defendant would have it. Def.'s Opp. at 9 (emphasis added). Rather, the Court determined that a temporal scope dating back *over four years* from the accrual of the claim was appropriate based on the "nature of th[e] case," and despite the fact that the case dealt with "a relatively small and self-contained agency where it does not appear that many employees have been terminated or resigned when facing termination." *Waters v. U.S. Capitol Police Board*, 216 F.R.D. 153, 159 (D.D.C. 2003). Again, the dates of employment are not the key issue; the nature of the claims and their factual context is.

In this case, discovery into the nature of Defendant's sexual harassment investigations and EEO training in the few years prior to and following Plaintiff's claims is undeniably relevant to whether Defendant exercised reasonable care to prevent and correct harassing behavior – a key affirmative defense recognized by the Supreme Court and asserted by Defendant in this case.

*See Burlington Indus., Inc. v. Ellerth*, 524 U.S. 742, 765 (1998); Def.'s Answer to Pls.' Third Am. Compl. at 18 [Dkt. No. 56, filed 8/6/2007]. Specifically, the requested information will show (1) when Defendant received notice of gender discrimination, harassment, and/or retaliation problems within the Department of Parks and Recreation; (2) when, and how, Defendant took action, if any, to address these complaints; and (3) the existence of additional documents and/or witnesses with relevant knowledge regarding gender discrimination issues within the Department of Parks and Recreation. All such information is, at a minimum, "reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1).

Lastly, while Plaintiff was not employed by Defendant during the 1997-2000 and 2006-2007 time periods, Defendant does not dispute that other relevant decision makers and bad actors were. Their actions during these timeframes "may establish discriminatory intent and are, therefore, admissible as prior bad acts under Fed. R. Evid. 404(a)." *Waters*, 216 F.R.D. at 158. Plaintiff raised this argument in its opening brief, and Defendant failed to address it in its opposition. *See* Pl.'s Mot. to Compel at 15.

In sum, given the nature of the case, the temporal proximity of the discovery requested by Plaintiff is reasonable, and responsive documents within the requested timeframes should be compelled.

> 3. Defendant's Opposition fails to adequately address Plaintiff's request for information regarding Darnell Thompson's discipline history.

Plaintiff's initial memorandum discussed in detail the shortcomings in Defendant's response to Interrogatory No. 9, which requests information stating "whether Darnell Thompson has been disciplined by Defendant, and if so, for each instance of discipline, describ[ing] in detail the reasons therefor, the punishment imposed, and when the discipline was imposed." *See*

Pl.'s Mot. to Compel at 16-19.  Prior to briefing this issue, Defendant maintained simply that it "did not have" this information.  Jackson Letter 10/5/07 at 1 (attached hereto as Exhibit 6).  In its opposition, Defendant scarcely addresses this point, relegating its response to a footnote simply stating that it had "provided his entire personnel file," and that there was "nothing else to give plaintiff on this issue."  Def.'s Opp. at 7 n.1.  Defendant's answer on this issue is, at best, confusing and insufficient.  As far as Plaintiff can surmise, two possibilities exist, and in neither has Defendant provided a proper answer.

First, it is possible that all information responsive to Plaintiff's Interrogatory No. 9 can be found in the personnel file for Thompson produced by Defendant.  If so, Defendant's response does not appropriately identify with specificity the particular documents where the responsive information can be found, instead simply referring Plaintiff to the entirety of Thompson's personnel file.  *See* Def.'s Ans. to Interrogatory No. 9 (attached hereto as Exhibit 7).  "When a party responding to interrogatories chooses to produce its business records in lieu of a conventional response, the responding party must specifically identify the document(s) from which the responding party may derive the answer."  *Pulliam v. Continental Cas. Co.*, 2003 WL 1085939, at *6 (D.D.C. Jan. 24, 2003) (Kay, M.J.) (quoting *Herdlein Technologies, Inc. v. Century Contractors, Inc.*, 147 F.R.D. 103, 105 (W.D.N.C. 1993)).  Thus, if all responsive information to Interrogatory No. 9 can be found in Thompson's personnel file, Defendant should be directed to identify the specific documents containing such information.

Second, based on Defendant's response in its letter of October 5, 2007, it is possible that, while *some* information responsive to Interrogatory No. 9 has been produced in the form of Thompson's personnel file, there is additional responsive information that Defendant "does not have."  Plaintiff addressed this possibility in its initial memorandum.  *See* Pl.'s Mot. to Compel

at 18-19. Suffice to say that the information Plaintiff seeks is the type of basic personnel information that employers are required to maintain. If Defendant has not maintained this information, such conduct is potentially sanctionable and Plaintiff may be entitled to remedies from adverse inferences against Defendant, up to and including default judgment. *See Webb v. District of Columbia*, 146 F.3d 964, 972 (D.C. Cir. 1998).

In either event, Defendant's response to Interrogatory No. 9 is insufficient, and a more complete answer should be compelled.

### III. CONCLUSION

For the foregoing reasons, Plaintiff's Motion to Compel should be granted in its entirety. Plaintiff further requests that, pursuant to Rule 37(a)(4), Fed. R. Civ. P., the Court order Defendant to pay Plaintiff the attorneys' fees and costs of bringing this Motion, and any other relief that the Court deems just.

Respectfully submitted this 29th day of November, 2007,

/s/ Eric K. Bachman
Timothy B. Fleming (DC Bar 351114)
Lori B. Kisch (DC Bar 491282)
Eric K. Bachman (DC Bar 481993)
**Wiggins, Childs, Quinn & Pantazis, PLLC**
2031 Florida Avenue, NW, Suite 300
Washington, DC 20009
(202) 467-4123
(202) 467-4489 (facsimile)

Gary T. Brown (D.C. Bar # 246314)
**Gary T. Brown & Associates, P.C.**
320 Maryland Avenue, N.E., Suite 100
Washington, D.C. 20002
(202) 393-4900

*Attorneys for Plaintiffs*

## CERTIFICATE OF SERVICE

I hereby certify that on this 29th day of November, 2007, a copy of the foregoing was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt.

By: ___s/ Eric K. Bachman___ .
*Attorney for Plaintiff*