UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| INSTITUTE FOR POLICY STUDIES, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) Civil Action No. 06-0960 (HHK / JMF) ) |
| UNITED STATES CENTRAL INTELLIGENCE AGENCY, | ) ) ) ) |
| Defendant. | ) ) |

## MEMORANDUM OPINION

This case has been referred to me for resolution of <u>Plaintiff's Notice of Motion and Motion to Stay Summary Judgment Briefing and to Permit Limited Discovery and Supporting Memorandum of Points and Authorities, and Motion to Shorten Time and Supporting Memorandum</u> ("Motion"), insofar as it seeks permission to conduct discovery.

## BACKGROUND

Plaintiff Institute for Policy Studies ("IPS") moves to stay the summary judgment briefing schedule in this action for a period of sixty (60) days and to permit Plaintiff to undertake limited discovery related to material facts presented in Defendant Central Intelligence Agency's ("CIA") Supplemental Motion for Summary Judgment and Opposition to Plaintiff's Motion for Summary Judgment and supporting declarations.[1]  Motion at 1.

---

[1] I have been referred this case only "insofar as it seeks permission to conduct discovery," and will thus not rule on plaintiff's request for a stay of the summary judgment briefing schedule.  Order of Referral to Magistrate Judge, Sept. 25, 2007.

Plaintiff filed its Motion on September 13, 2007. Defendant therefore had eleven (11) days, or until September 24, 2007, within which to serve and file a memorandum of points and authorities in opposition to the motion. See LCvR 7(b). This deadline would have been extended three days to September 27, 2007, if defendant had filed and served its opposition electronically. See Fed. R. Civ. P. 6(d).[2] Any opposition filed after that date would have required a motion for enlargement evidencing excusable neglect. See Fed. R. Civ. P. 6(b)(1)(B).

Defendant's Opposition to Discovery ("Opposition") was filed on October 1, 2007. This court struck the Opposition, noting that it was untimely and not accompanied by a motion for enlargement evidencing excusable neglect pursuant to what was then Rule 6(b)(2) of the Federal Rules of Civil Procedure and Smith v. District of Columbia, 430 F.3d 450, 457 (D.C. Cir. 2005). Minute Order, Oct. 9, 2007 ("Order").

On October 9, 2007, in response to the Order, defendant filed its Unopposed Motion to Extend Nunc Pro Tunc ("Consent Motion"). Defendant proffered in its Consent Motion that its Opposition was untimely because of an "inadvertent[] mis-calendaring[3] of the due date." Consent Motion at 1. In further support, defendant states that "Plaintiff will not opposed (sic) Defendant's request for relief." Id.

## DISCUSSION

### a. Rule 6(b)

"[D]elays are a particularly abhorrent feature of today's trial practice. They increase the cost of litigation, to the detriment of the parties enmeshed in it; they are one

---

[2] All references to the Federal Rules of Civil Procedure are to the version that became effective December 1, 2007.
[3] Defendant states in its Consent Motion that "Defendant's filing was due September 28, 2007." Consent Motion at 1. This is incorrect. As previously mentioned, the filing was due no later than September 27, 2007.

factor causing disrespect for lawyers and the judicial process; and they fuel the increasing resort to means of non-judicial dispute resolution.  Adherence to reasonable deadlines is critical to restoring integrity in court proceedings." Geiserman v. MacDonald, 893 F.2d 787, 790 (5th Cir. 1990).

A district court may not consider a late-filed response that falls short of the requirements of Rule 6(b) of the Federal Rules of Civil Procedure.  Smith, 430 F.3d at 457.  Rule 6(b) states, in relevant part:

**(b) Extending Time.**

> **(1)** *In General*. When an act may or must be done within a specified time, the court may, for good cause, extend the time:
>
> **(A)** with or without motion or notice if the court acts, or if a request is made, before the original time or its extension expires; or
>
> **(B)** on motion made after the time has expired if the party failed to act because of excusable neglect.

Fed. R. Civ. P. 6(b).

Because defendant did not move for enlargement prior to the expiration of the time permitted by Local Rule 7(b) and Rule 6(d) of the Federal Rules of Civil Procedure, its Opposition can be accepted only "on motion made . . . if the party failed to act because of excusable neglect." Fed. R. Civ. P. 6(b)(1)(B).  It is an abuse of the court's discretion to consider an untimely filing in the absence of such a motion. Smith, 430 F.3d at 457; cf Lujan v. Nat'l Wildlife Fed., 497 U.S. 870, 898 (1990) (reversing appellate court's holding that trial court abused its discretion in rejecting untimely affidavits filed without a motion demonstrating excusable neglect).  Courts routinely refuse to accept filings under these circumstances even where the delay is minor and no prejudice would result. See, e.g., Everson v. Medlantic Healthcare Group, No. 00-cv-226, 2006 WL 297711, at

3

*1 (D.D.C. Feb. 7, 2006) (striking motions in limine filed three days late not accompanied by motion filed pursuant to Rule 6(b)); Wild v. Alster, No. 01-cv-479, 2005 WL 1458283, at *2 (D.D.C. June 17, 2005) (denying defendants' bill of costs filed one day late).

A request for an extension under Rule 6(b)(1)(B) should be made upon formal application for an order in compliance with the provisions of Rule 7(b)(1) relating to motions.  Because Rule 7(b)(1)(B) requires that the application state with particularity the grounds therefore, the movant must allege the facts constituting excusable neglect; the mere assertion of excusable neglect unsupported by facts has been held to be insufficient. Casanova v. Marathon Corp., 499 F. Supp. 2d 32, 34 (D.D.C. 2007); 4B CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1165 (3d ed. 2002).

It is questionable whether the Consent Motion meets the standard required by the Federal Rules of Civil Procedure.  As an initial matter, defendant did not acknowledge its failure to file a timely opposition until prompted by the court's Order.  Even then, despite the court having directed defendant to the proper authority,[4] no reference was made to excusable neglect or Rule 6(b) of the Federal Rules of Civil Procedure.

### b. Excusable Neglect

Even if the court were to deem the Consent Motion a motion to enlarge pursuant to Rule 6(b)(1)(B) of the Federal Rules of Civil Procedure, defendant must still demonstrate that the delay was the result of excusable neglect.  The Supreme Court has designated four factors for determining when a late filing may constitute "excusable

---

[4] "[B]ecause it was not accompanied by a motion evidencing excusable neglect pursuant to Rule 6(b) of the Federal Rules of Civil Procedure, I am powerless to accept it."  Order (citing Smith, 430 F.3d at 457).

4

neglect." Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship, 507 U.S. 380, 395 (1993). These factors include: "(1) the danger of prejudice to the [opposing party], (2) the length of delay and its potential impact on judicial proceedings, (3) the reason for the delay, including whether it was within the reasonable control of the movant, and (4) whether the movant acted in good faith." In re Vitamins Antitrust Class Action, 327 F.3d 1207, 1209 (D.C. Cir. 2003) (citing Pioneer, 507 U.S. at 395). The determination of whether a party's neglect is excusable "is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission." Pioneer, 507 U.S. at 395.

At least three of the four Pioneer factors favor the defendant. First, as reflected by its consent, plaintiff would not be prejudiced if the Opposition were to be accepted. Second, the length of the delay – approximately two weeks – would not have an impact on judicial proceedings. See, e.g., Cryer v. InterSolutions, Inc., No. 06-cv-2032, 2007 WL 1191928, at *6 (D.D.C. April 20, 2007) (length of delay was "not great" where motion for extension of time to file for class certification was filed 22 days after deadline). Finally, there is no reason to believe that defendant acted in bad faith.

### c. Fault / Mistake

Nevertheless, the remaining Pioneer factor – fault – is "perhaps the most important single factor." Webster v. Pacesetter, Inc., 270 F. Supp. 2d 9, 14-15 (D.D.C. 2003) (internal quotations and citations omitted). See also Wilson v. Prudential Fin., 218 F.R.D. 1, 3 (D.D.C. 2003) (fault is the "key factor" in excusable neglect analysis). Defendant explains its delay in filing the Opposition as the result of an "inadvertent[] mis-calendaring of the due date." Consent Motion at 1. As was made clear in Pioneer, however, "inadvertence, ignorance of the rules, or mistakes construing the rules do not usually constitute 'excusable' neglect." 507 U.S. at 392. See also Fox v. Am. Airlines,

5

389 F. 3d 1291, 1294 (D.C. Cir. 2004) (parties are "obligated to monitor the court's docket"); Halmon v. Jones Lang Wootton USA, 355 F. Supp. 2d 239, 244 (D.D.C. 2005) ("Parties have an obligation to monitor the court's docket and keep apprised of relevant deadlines.").

It is easy to see why this is so. If a simple mistake made by counsel were to excuse an untimely filing, "it [would be] hard to fathom the kind of neglect that we would not deem excusable." Lowry v. McDonnell Douglas Corp., 211 F.3d 457, 464 (8th Cir. 2000) (holding that failure to accurately calculate the thirty-day appeal period is not excusable neglect). See also Spears v. City of Indianapolis, 74 F.3d 153, 158 (7th Cir. 1996) ("If the court allows litigants to continually ignore deadlines and seek never ending extensions without consequence, soon the court's scheduling orders would become meaningless.") (internal quotation omitted). Moreover, "it is only fair to require all parties to the present case to comply with the Federal Rules of Civil Procedure and Local Rules." Cobell v. Norton, 213 F.R.D. 42, 42-43 (D.D.C. 2003).

The case law from this court is replete with examples of untimely filings being rejected where the only triggering Pioneer factor was, as is the case here, a mistake made by counsel. See, e.g., D.A. v. District of Columbia, No. 07-1084 (D.D.C. filed Dec. 6, 2007) (untimely filing of opposition was not the result of excusable neglect where delay was caused by counsel's mistaken belief that a motion for enlargement had been filed); Casanova, 499 F. Supp. 2d at 34 ("mere characterization of prior counsel's failure [to timely file answer to counterclaim] as an oversight is insufficient"); Moore v. District of Columbia, No. 05-2020 (D.D.C. filed Feb. 15, 2007) ("the holidays and the press of other business, and the absence of undue prejudice to Plaintiff, fall far short of a showing of excusable neglect"); Halmon, 355 F. Supp. 2d at 242 (describing as "lame" counsel's

6

excuse that she "did not place the due date on her calendar"); Webster, 270 F. Supp. 2d at 12 (mistaken belief that court's order was not a final judgment triggering time to appeal "does not amount to excusable neglect"); Cobell, 213 F.R.D. at 42-43 ("inadvertent miscalculation of the date by which [plaintiffs] were required to respond to defendants' filings" not excusable neglect); Ramseur v. Barreto, 216 F.R.D. 180, 182 (D.D.C. 2003) ("inadvertently overlook[ing] a filing deadline [and later] to be reminded of it only by a show cause order some three weeks later [does not] constitute[] excusable neglect") (internal quotations omitted); Wilson & Co. v. Ward, 1 F.R.D. 691, 691 (D.D.C. 1941) (no excusable neglect where demand for jury trial was "inadvertently overlooked" by counsel, even where opposing party consented to enlargement).

Courts outside of this jurisdiction have routinely come to similar conclusions concerning excusable neglect and mistake. See, e.g., Silivanch v. Celebrity Cruises, Inc., 333 F.3d 355, 370 (2d Cir. 2003) (holding that "the district court abused its discretion when it decided that [defense] counsel's determination of the wrong date by which [defendant] had to file a notice of appeal constituted excusable neglect") cert. denied, 540 U.S. 1105 (2005); Lowry v. McDonnell Douglas Corp., 211 F.3d 457, 464 (8th Cir. 2000) (failure to calculate correctly the thirty-day appeal period was "garden variety attorney inattention," and district court abused its discretion in holding that "experienced counsel's misapplication of clear and unambiguous procedural rules" was excusable neglect); Advanced Estimating Sys., Inc. v. Riney, 130 F.3d 996, 998 (11th Cir. 1997) ("an attorney's misunderstanding of the plain language of a rule cannot constitute excusable neglect such that a party is relieved of the consequences of failing to comply with a statutory deadline"); Kyle v. Campbell Soup Co., 28 F.3d 928, 931-32 (9th Cir. 1994) (reversing an order granting an enlargement of time under Rule 6(b) to file a

7

motion for attorney's fees because an attorney's mistake calculating the time to file a motion for attorney's fees did not amount to excusable neglect); Geiserman, 893 F.2d at 790 (affirming district court ruling strikingit struck plaintiffs' untimely witness designations for lack of excusable neglect, causing plaintiff to be unable to present expert testimony); Putnam v. Morris, 833 F.2d 903, 905 (10th Cir. 1987) ("simple inadvertence or mistake of counsel or ignorance of the rules usually does not suffice" as excusable neglect); Winters v. Teledyne Movible Offshore, Inc., 776 F.2d 1304, 1306 (5th Cir. 1985) ("[S]imple inadvertence or mistake of counsel or ignorance of the rules usually does not suffice for excusable neglect."); Davidson v. Keenan, 740 F.2d 129, 132 (2d Cir. 1984) (upholding district court's refusal to accept untimely opposition to motion to dismiss where proffered excuse was "inadvertence or oversight of counsel"); Hegmann v. U.S., 745 F. Supp. 886, 890-91 (E.D.N.Y. 1990) ("inadvertence, oversight or neglect of counsel . . . does not constitute good cause or excusable neglect").

Courts show more lenience where, unlike here, the untimely motion seeks to obtain relief from a default judgment. See, e.g., Pulliam v. Pulliam, 478 F.2d 935, 936 (D.C. Cir. 1973) ("Since a default is not favored in the law, all doubts should be resolved against entering a default judgment."). It is instructive to note that Rule 60(b) of the Federal Rules of Civil Procedure, which applies to such motions, is explicitly broader than Rule 6(b). See Fed. R. Civ. P. 60(b)(1) (permitting relief from a default judgment for, in addition to excusable neglect, "mistake, inadvertence, [or] surprise"). That Rule 60(b)(1) allows relief for both excusable neglect and mistake supports the notion that the reference to excusable neglect in Rule 6(b)(1)(B) does not encompass mistake. See, e.g., Pulliam, 478 F.2d at 936 n.3 ("Where the default was a result of counsel's error, his

8

oversight should be forgiven even if it would not be 'excusable neglect' for the purposes of rule 60(b).").

The court is aware that there is no consensus whether mistake suffices as excusable neglect. See, e.g., Walter v. Blue Cross & Blue Shield United of Wisc., 181 F.3d 1198, 1201-02 (11th Cir. 1999) (where motion to set aside default judgment was untimely, secretary's clerical error in failing to record deadline was excusable neglect); Cryer, 2007 WL 1191928, at *6 ("the Court finds that the Pioneer factors weigh in favor of finding excusable neglect" where counsel's mistake in calculating deadline to file for class certification was "not unreasonable," there was no prejudice, delay was minimal, and there was no indication of bad faith). Nevertheless, the weight of authority strongly favors the striking of defendant's untimely Opposition.

It is also true that the Court of Appeals for this Circuit has on two occasions affirmed a more forgiving view of attorney mistake. The holdings in both cases, however, rested less on substance than on the deference afforded the trial court in assessing whether particular facts constitute excusable neglect. In re Vitamins, for example, involved a class member who missed the deadline for opting-out of a settlement. 327 F.3d at 1208. The party's motion to modify the final order was granted by the district court because, though the delay was within her reasonable control, the mistake was outweighed by the other three Pioneer factors. Id. at 1209. On appeal, the district court's decision was affirmed because "the question of whether attorney error may constitute 'excusable neglect' is within the discretion of the district court and the court did not abuse its discretion." Id. at 1210. Similarly, in Yesudian v. Howard Univ., 270 F.3d 969 (D.C. Cir. 2001), the district court accepted an untimely filing because, though the delay was caused by mistaken reliance on local rather than federal rules, the

9

other Pioneer factors tipped the balance. Id. at 971. The Court of Appeals affirmed, noting the "great deference we owe district courts in what are effectively their case-management decisions." Id. (internal quotation omitted).

In this case, defendant proffers that the "mis-calendaring of the due date" was likely the result of counsel having "opened the ECF notification [sent on Thursday, September 13, 2007] on Monday the 17th of September and miscalculated the due date from the 17th." Consent Motion at 1, n.1. This mistake could have been remedied by a simple look at the docket or the ECF notification's time-stamp. The day has long since arrived whereby an attorney can view a docket in an instant at any time from anywhere, thanks to electronic case filing. With that change has come a lessening of sympathy by the court for docket-related errors. Defendant's failure to timely file the Opposition was not the result of excusable neglect.

### d. Local Rule 7(b)

Where a party opposing a motion fails to timely serve and file an opposition memorandum pursuant to Rule 6(b)(1)(B) of the Federal Rules of Civil Procedure, the court has the power to "treat the motion conceded" pursuant to Local Rule 7(b). Fed. Deposit Ins. Corp. v. Bender, 127 F.3d 58, 67-68 (D.C. Cir. 1997) (treating plaintiff's summary judgment motion as conceded because defendant's opposition was untimely). Local Rule 7(b) is a "docket-management tool that facilitates efficient and effective resolution of motions by requiring the prompt joining of issues." Fox, 389 F.3d at 1294. Before enforcing Local Rule 7(b), the court need not provide notice, an opportunity to explain, or weigh alternatives – a requirement that it do so "would hinder effective docket management." Id. at 1295 (citing English-Speaking Union v. Johnson, 353 F.3d 1013, 1021 (D.C. Cir. 2004) ("Strictly enforcing procedural rules ensures both that cases are

10

adjudicated efficiently and that litigants argue their causes on a level playing field.")). Cf. Jackson v. Finnegan, Henderson, Farabow, Garrett & Dunner, 101 F.3d 145, 150 (D.C. Cir. 1996) (affirming, based on the court's need "to maintain docket control and to decide motions for summary judgment efficiently and effectively," the strict enforcement of the local rule requiring that each motion for summary judgment be accompanied by a statement of material facts not in dispute).

The discretion to enforce Local Rule 7(b) rests entirely with the district court. Indeed, the Court of Appeals for this Circuit "has yet to find that a district court's enforcement of [Local Rule 7(b)] constituted an abuse of discretion." Bender, 127 F.3d at 67. See also Twelve John Does v. District of Columbia, 117 F.3d 571, 577 (D.C. Cir. 1997) ("Where the district court relies on the absence of a response as a basis for treating the motion as conceded, we honor its enforcement of the rule.").

This court has treated motions as conceded where, as here, the opposing party failed to demonstrate excusable neglect in the untimely filing of an opposition. See, e.g., Syska Hennessey Group Const., Inc. v. Black, No. 06-cv-486, 2007 WL 2908746, at *1 (D.D.C. Oct. 1, 2007) ("Defendant has not filed an opposition in compliance with the time limitations set forth in LCvR 7(b) and Fed. R. Civ. P. 6(e), nor has it filed a motion for enlargement evidencing excusable neglect pursuant to Fed. R. Civ. P. 6(b). Plaintiff's motion is therefore granted as unopposed."); Idema v. U.S. Dept. of State, No. 05-cv-1334, 2007 WL 2258543, at *1 (D.D.C. Aug. 6, 2007); Davenport v. U.S., No. 07-cv-56, 2007 WL 2122394, at *1 (D.D.C. July 24, 2007) (granting as conceded defendant's motion to dismiss where plaintiff failed to file an opposition); Wilson, 218 F.R.D. at 3 (granting as conceded defendant's motion to dismiss where plaintiff filed untimely opposition without demonstrating excusable neglect); Ramseur, 216 F.R.D. at 182-83

11

(granting as conceded plaintiff's petition for relief and attorney's fees where defendant filed untimely opposition without demonstrating excusable neglect); Stephenson v. Cox, 223 F. Supp. 2d 119, 121-22 (D.D.C. 2002) (granting as conceded defendant's motion to dismiss where plaintiff's opposition was untimely, and noting that the "court's role is not to act as an advocate for the plaintiff and construct legal arguments on his behalf in order to counter those in the motion to dismiss") (internal citation omitted).[5]

Having found that defendant's Consent Motion was not supported by the requisite showing of excusable neglect, it will be denied and plaintiff's Motion will be granted as conceded insofar as it seeks permission to conduct discovery.

**CONCLUSION**

For the reasons explained, I find that defendant has failed to demonstrate excusable neglect, and has thus failed to provide any grounds for the court to accept its untimely Opposition. As a result, defendant's Consent Motion will be denied, and plaintiff's Motion will be granted as conceded insofar as it seeks permission to conduct discovery.

An Order accompanies this Memorandum Opinion.

Date:   December 18, 2007                                /s/
                                                JOHN M. FACCIOLA
                                                UNITED STATES MAGISTRATE JUDGE

---

[5] Moreover, where a party files an opposition to a motion and addresses only certain arguments raised by the movant, this court routinely treats the unaddressed arguments as conceded pursuant to Local Rule 7(b). See, e.g., Elliott v. U.S. Dept. of Justice, No. 07-cv-205, 2007 WL 3156286, at *1 (D.D.C. Oct. 30, 2007); Slovinec v. Am. Univ., No. 06-cv-455, 2007 WL 2983695, at *4 (D.D.C. Oct. 15, 2007); Burnett v. Sharma, 511 F. Supp. 2d 136, 145 (D.D.C. 2007); Watts v. U.S., No. 06-cv-1531, 2007 WL 2827917, at *1 (D.D.C. Sept. 26, 2007).