UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

GARRINA BYRD, ANNETTE BURNS, )
DEMERA GASKINS, and CARMEN )
JEAN-BAPTISTE, )
                                          )     Civil Action No. 06-0522 (HHK/AK)
       Plaintiffs, )
                                          )
            v. )
                                          )
DISTRICT OF COLUMBIA, )
                                          )
       Defendant. )
_____)

**PLAINTIFF BYRD'S MOTION FOR PARTIAL RECONSIDERATION
OF THE MAGISTRATE JUDGE'S ORDER ON
<u>PLAINTIFF'S MOTION TO COMPEL DISCOVERY</u>**

In accordance with Fed. R. Civ. P. 72 and Local Rule 72.2(b), Plaintiff Garrina Byrd ("Plaintiff" or "Byrd"), through her undersigned counsel, hereby moves this Court to reconsider a portion of Magistrate Judge Kay's ruling on Plaintiff's Motion to Compel discovery.

**I.       PROCEDURAL HISTORY AND BACKGROUND**

Plaintiff Garrina Byrd is a former employee of Defendant's Department of Parks and Recreation, and has brought this action, along with three other similarly situated female employees who were subjected to a systemic sexually hostile work environment and/or *quid pro quo* discrimination, to address continuing violations of state and federal anti-workplace harassment law. Third Am. Compl. ¶ 1.

On April 25, 2007, Plaintiff served upon Defendant her first set of interrogatories and document requests. On June 6, 2007, more than a week after the deadline for responding to these discovery requests had passed, counsel for Plaintiff sent a letter informing Defendant that it had missed the discovery deadline, that any objections it had to Plaintiff's discovery requests were

waived, and requesting that Defendant provide complete responses to the requests. Defendant failed to offer any "good cause" for its failure to timely object and/or respond.

After unsuccessful attempts to resolve the discovery dispute informally, Plaintiff filed her motion to compel discovery on October 24, 2007. [Dkt. No. 60.] Defendant filed its opposition on November 16, 2007 [Dkt. No. 63], and Plaintiff filed her reply brief on November 29, 2007. [Dkt. No. 64.] In addition, Plaintiff filed a supplemental brief regarding new, relevant case law on December 20, 2007. [Dkt. No. 65.] On February 8, 2008, Magistrate Judge Kay issued his Order granting in part and denying in part Plaintiff's motion to compel discovery. [Dkt. No. 67.]

## II.   STANDARD OF REVIEW

Local Civil R. 72.3(c) provides that "[u]pon consideration of objections filed in accordance with this Rule, a district judge may modify or set aside any portion of a magistrate judge's order under this Rule found to be clearly erroneous or contrary to law." A court should make this finding when "'on the entire evidence' the court 'is left with the definite and firm conviction that a mistake has been committed.'" *Neuder v. Battelle Pac. Northwest Nat'l Lab.*, 194 F.R.D. 289, 292 (D.D.C. 2000) (quoting *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 365 (1948)).

Generally, a party is entitled to discover any information that appears "reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1). Relevance for discovery purposes is broadly and liberally construed. *See, e.g., Burlington Ins. Co. v. Okie Dokie, Inc.*, 368 F. Supp. 2d 83, 86 (D.D.C. 2005) (citing *Food Lion, Inc. v. United Food & Comm'l Workers Int'l Union*, 103 F.3d 1007, 1012 (D.C. Cir. 1997); *Smith v. Schlesinger*, 513 F.2d 462, 473 n.37 (D.C. Cir. 1975) (citations omitted)). In employment matters, "liberal civil discovery rules give plaintiffs broad access to employers' records in an effort to document their

claims." *Wards Cove Packing Co., Inc. v. Atonio*, 490 U.S. 642, 657 (1989), *superceded on other grounds by* Civil Rights Act of 1991, S. Res. 1745, 102nd Cong., 105 Stat. 1071 (1991). "[T]he scope of discovery through interrogatories and requests for production of documents is limited only by relevance and burdensomeness, and in an EEOC case the discovery scope is extensive." *Trevino v. Celenese Corp.*, 701 F.2d 397, 407 (5th Cir. 1983) (citing *Rich v. Martin Marietta Corp.*, 522 F.2d 333, 343 (10th Cir. 1975)). This Court has previously stated that in employment discrimination cases, "plaintiffs have been permitted a very broad scope of discovery, extending to documents and information pertaining to . . . information regarding non-party employees in plaintiff's workplace." *Pleasants v. Allbaugh*, 208 F.R.D. 7, 9 (D.D.C. 2002).

### III.   SPECIFIC OBJECTIONS TO MAGISTRATE JUDGE KAY'S ORDER

Plaintiff respectfully submits that the following portions of the Magistrate Judge's Order were clearly erroneous or contrary to law, insofar as they did not compel Defendant to produce all responsive documents and/or information. For ease of the Court's reference, the portions of the Order to which Plaintiff objects are set forth below, as are the related document requests, interrogatories, objections, and responses.

**A.   Evidence regarding complaints of sex discrimination, harassment, and/or retaliation from 1999-2001 regarding individuals other than Darnell Thompson**

As an initial matter, Magistrate Judge Kay properly held that Defendant had waived its objections to Plaintiff's discovery requests because it missed the deadline for serving such objections and had otherwise "exhibited a pattern of inattention to this case or an inability to prioritize." Magistrate Judge Kay's February 8, 2008 Order ("Mag. J. Order") at 5. Accordingly, the Defendant is required to produce Plaintiff's requested discovery unless her requests seek "patently irrelevant" information. *Id.* at 6 (citing *Byrd v. Reno,* No. 96-2375, 1998 WL 429676 (D.D.C. Feb. 12, 1998)).

However, the Magistrate Judge erred when he refused to order the Defendant to produce information related to complaints received by the Department of Parks and Recreation ("DPR") regarding individuals, other than Darnell Thompson, for the two year period (1999-2001) prior to Plaintiff's employment.[1]  The Magistrate Judge found this request to be overly broad and "patently irrelevant."  The relevant discovery requests are below:

> Request for Production No. 3:  All documents referring to, relating to, or comprising complaints and/or grievances made by Garrina Byrd regarding her employment, claims or charges of sex discrimination and/or inequality in the workplace made by Byrd and/or made by other employees in Defendant's Department of Parks and Recreation, from January 1, 1997 through the present.
> *Response to RFP No. 3: Defendant objects that this request is in error because Ms. Garrina Byrd was only an employee for the D.C. Department of Parks and Recreation from 2001 to 2005.  In addition, this request seeks personnel information of individuals not a party to this lawsuit, the release of which is prohibited by D.C. Code §1-631.01 and D.C. Personnel Regulations at 31A District Personnel Manual ("DPM") Sec. 3105, 3112 and 3113.6, and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.  Without waiving objection, see Defendant's Exh. 3, 6, and 7.*
>
> Request for Production No. 6:  All documents comprising, referring or relating to complaints of retaliation, sex discrimination and/or harassment, whether formal, informal, EEO or otherwise, that have been made against persons employed by the Department of Parks and Recreation, including, but not limited to, the persons listed in Request No. 4 or in Defendant's response to Request No. 4, and all documents relating to any responses, investigations, and/or decisions made with respect to such complaints, from January 1, 1997 through the present.
> *Response to RFP No. 6: Defendant objects that this request is in error because Ms. Garrina Byrd was only an employee for the D.C. Department of Parks and Recreation from 2001 to 2005.  In addition, this request seeks personnel information of individuals not a party to this lawsuit, the release of which is prohibited by D.C. Code §1-631.01 and D.C. Personnel Regulations at 31A District Personnel Manual ("DPM") Sec. 3105, 3112 and 3113.6, and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.*
>
> Request for Production No. 10:  All documents related to or referring to retaliation, sex discrimination and/or harassment at Defendant's Department of Parks and Recreation and the resolution of issues that resulted from complaints or

---

[1] Although the cited discovery requests request information from January 1, 1997 to the present, Plaintiff offered a compromise request for documents and information dating back to January 1, 1999.

4

grievances, including complaints filed, reports of investigation, reports to any governmental agency, and/or reports to/by/from any third party investigator(s), from January 1, 1997 through the present.
*Response to RFP No. 10: Defendant objects that this request is in error because Ms. Garrina Byrd was only an employee for the D.C. Department of Parks and Recreation from 2001 to 2005. In addition, this request seeks personnel information of individuals not a party to this lawsuit, the release of which is prohibited by D.C. Code §1-631.01 and D.C. Personnel Regulations at 31A District Personnel Manual ("DPM") Sec. 3105, 3112 and 3113.6, and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.*

Interrogatory No. 7: Identify any and all complaints of retaliation, sex discrimination and/or harassment made by any employee of Defendant's Department of Parks and Recreation describing the substance of the complaints and to whom they were made, about whom the complaints were made, and in which department or subdivision, from January 1, 1997, through the present.
*Response to Interrogatory No. 7: Defendant objects to this request as it contains subparts, which causes the number of interrogatories propounded by Plaintiff to exceed the number of interrogatories permitted by Rule 33 of the Federal Rules of Civil Procedure. In addition, this interrogatory seeks personnel information of individuals not a party to this lawsuit, the release of which is prohibited by D.C. Code §1-631.01 and D.C. Personnel Regulations at 31A District Personnel Manual ("DPM") Sec. 3105, 3112 and 3113.6, and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Moreover, Defendant objects that this interrogatory is overly broad, unduly burdensome, cumulative, confusing, calls for a legal conclusion, not limited as to time and scope, and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Finally, the interrogatory also invades the work product and attorney-client privileges.*

Interrogatory No. 8: For each and every complaint identified in response to Interrogatory No. 7, state fully and describe in detail all of Defendant's action, statements, and/or conduct in response to these complaints.
*Answer to Interrogatory No. 8: See Answer to Interrogatory No. 7.*

Magistrate Judge Kay's Order held in part that:

In contrast, Plaintiff's request for "complaints investigated by the individuals listed in Plaintiff's Request for Production No. 4 (to whom Plaintiff either complained directly and/or were otherwise knowledgeable of these complaints and failed to remedy adequately Plaintiff's complaints)," (Memorandum at 15), is overly broad and patently irrelevant. The Court notes that Defendant has agreed to produce "all complaints . . . for the five (5) years plaintiff was employed by DPR." (Opposition at 7). Included within such production should be identification of the persons to whom such complaints were directed and who

5

undertook to review the contested conduct, and the manner in which such complaints were ultimately resolved. This should satisfy Plaintiff's request for information about the way in which various persons within DPR responded to complaints of discrimination, retaliation or harassment over the five year period that she was employed, to enable Plaintiff to discover the policy and practices that were in effect during that time frame. Mag. J. Order at 12.

Plaintiff respectfully submits that the Magistrate Judge's ruling was clearly erroneous or contrary to law. Information regarding the DPR's notice, and handling, of complaints of sex discrimination, harassment, and/or retaliation (regarding individuals other than Darnell Thompson)[2] for the two-year period prior to Plaintiff's employment is discoverable and relevant to Plaintiff's claims under 42 U.S.C. § 1983, as well as Title VII and the DCHRA.

In the Complaint, Plaintiff alleges systemic sex discrimination, harassment, and retaliation within the DPR. In order to prove municipal liability under Section 1983 Plaintiff will need to show, *inter alia*, (1) the adoption through a knowing failure to act by a policy maker of actions by his subordinates that are so consistent that they have become "custom," or (2) that the District otherwise showed deliberate indifference to the risk of constitutional violations. *See Turner v. District of Columbia,* 383 F. Supp.2d 157, 166 (D.D.C. 2005) (quoting *Baker v. District of Columbia*, 326 F.3d 1302, 1306-07 (D.C. Cir. 2003)).

To that end, Plaintiff requested evidence of complaints of sex discrimination, harassment, and/or retaliation perpetrated by individuals in the DPR (other than Darnell Thompson) for the two years prior to her employment. Given the systemic allegations of harassment and discrimination in the case at bar, it is reasonable to infer that complaints and/or incidents of harassment occurred prior to Plaintiff's employment. This pre-employment evidence is relevant because it may establish whether the actions of subordinate employees were so consistent that they became a "custom" within the DPR. The duration of the DPR's policy or custom of

---

[2] The Magistrate Judge properly ordered Defendant to produce complaints related to Darnell Thompson for the two

inaction is an important issue; because a custom or policy is not formed overnight, the amount of time this conduct was allowed to take root is relevant to the "deliberate indifference" standard for municipal liability, as well as the liability standard regarding the adoption of a custom through a knowing failure to act by a policy maker.

Further, this pre-employment evidence is discoverable for other permissible purposes under Fed. R. Evid. 404(b) (*e.g.*, motive, intent, knowledge). *See, e.g., Byrd,* 1998 WL 429676, at *15 (allowing, with no apparent temporal limitation, discovery of discrimination complaints "filed by any employee against [defendant] or any employee of [defendant]," because "evidence of discrimination against others may be relevant as bearing on motive and intent.").

Notably, Magistrate Judge Kay permitted Plaintiff to discover evidence related to complaints of harassment and/or retaliation by Darnell Thompson, which pre-date Plaintiff's employment by two years. Mag. J. Order at 11-12. But the Magistrate Judge's refusal to do so for complaints of discrimination related to other individuals is contrary to law or clearly erroneous because Plaintiff alleges systemic discrimination and deliberate indifference to the risk of constitutional deprivations, claims which necessarily involve evidence of other personnel within the DPR. Plaintiff does not allege Darnell Thompson acted in "splendid isolation"; instead, she asserts that other DPR managers and officials were aware of the rampant sex discrimination, harassment, and/or retaliation, yet failed to respond adequately. Indeed, *Waters v. United States Capitol Police Bd.,* 216 F.R.D. 153, 159 (D.D.C. 2003), specifically addressed this issue and noted that discoverable information was not limited solely to specific, individual decision makers:

> An agency or business organization can act only through its agents and employees. To permit discovery only of a single decision-maker's prior decisions so atomizes the organization that it ignores the possibility that

---

years prior to Byrd's employment. Mag. J. Order at 11-12.

isolated decisions are the result of an organizational culture or ethos that encourages or condones discriminatory behavior. What may superficially appear to be decisions made by individual decision-makers may, when linked together, form what the courts call a "pattern or practice" of treating people of a certain protected class in a certain way. **Thus, to say, that only the acts of the decision-maker who made the decision in plaintiff's case are discoverable takes as established what has never been proven, that this decision-maker acted in splendid isolation without the possibility of being influenced by anyone else in the organization.**

*Id.* at 158 (emphasis added). Thus, if discovery of complaints about discrimination, harassment, and/or retaliation against Darnell Thompson may predate Plaintiff's employment by two years, it stands to reason that discovery of complaints about other individuals within the DPR should likewise extend back two years prior to Plaintiff's hire (1999-2001).

**B.     Evidence regarding the DPR's training for sexual harassment and/or retaliation from 1997-2001 is discoverable**

Plaintiff seeks evidence regarding the DPR's training, if any, for sexual harassment and/or retaliation from 1997-2001.[3] The Magistrate Judge, however, refused to order the production of this evidence pre-dating Plaintiff's employment because it was irrelevant. The relevant discovery request and portion of the Magistrate Judge's Order are below:

> Interrogatory No. 19: Did Defendant's Department of Parks and Recreation provide training to employees, including supervisors and managers, regarding sexual harassment and non-retaliation policies, if any? If so, describe any and all such training, when and how often it occurred, and/or who conducted the training, identifying supporting documentation if available.
> *Response to Interrogatory No. 19: Defendant objects to this request as it contains subparts, which causes the number of interrogatories propounded by Plaintiff to exceed the number of interrogatories permitted by Rule 33 of the Federal Rules of Civil Procedure. Without waiving any objection, the Department of Parks and Recreation provides annual sexual harassment training for all of its employees. This training includes a review of all the U.S. Equal Employment Opportunity Commission discrimination laws. See Defendant's Exh. 2.*

---

[3]  In the alternative, Plaintiff requests that Defendant state when it began its EEO training of Department of Parks and Recreation employees and the content of such training. Pl.'s Mot. Compel at 20. Once this information is provided, Plaintiff will be able to further narrow her request.

8

The Magistrate Judge's Order held: Plaintiff has failed to demonstrate the relevance of information relating to training prior to the time when Plaintiff was employed by DPR. Mag. J. Order at 14.

As discussed in Section 3A, *supra,* Plaintiff's claims of systemic sex discrimination, harassment, and/or retaliation within the DPR justify the above discovery request. Information regarding the frequency, form, duration and substance of Defendant's EEO training in the years prior to Plaintiff's employment may demonstrate how such training was deficient, and that Defendant failed to exercise reasonable care to prevent and correct the harassing behavior that Plaintiff later suffered. *See Burlington Indus., Inc. v. Ellerth*, 524 U.S. 742, 765 (1998) (defendant has affirmative defense to harassment claims if, among other things, it can show that the employer exercised reasonable care to prevent and correct harassing behavior).

Further, as stated above in Section 3A, this pre-employment evidence is discoverable because the amount of time in which this policy of inaction existed is relevant to, *inter alia,* the "deliberate indifference" standard for municipal liability, under which the District may be liable for its failure to train employees. *See, e.g., City of Canton v. Harris,* 489 U.S. 378, 388-89 n. 7 (1989) (recognizing municipal liability under Section 1983 for failure to train adequately).

**4.    Conclusion**

For the foregoing reasons, Plaintiff's Motion for Partial Reconsideration should be granted. Further, Defendant should be ordered to produce (1) evidence regarding complaints received by the DPR from 1999-2001 related to individuals other than Darnell Thompson; and (2) evidence regarding DPR's training for sexual harassment and/or retaliation from 1997-2001.

Respectfully submitted this 25th day of February, 2008,

/s/ Eric K. Bachman_____
Timothy B. Fleming (DC Bar 351114)
Lori B. Kisch (DC Bar 491282)
Eric K. Bachman (DC Bar 481993)
**Wiggins, Childs, Quinn & Pantazis, PLLC**
2031 Florida Avenue, NW, Suite 300
Washington, DC 20009
(202) 467-4123
(202) 467-4489 (facsimile)

Gary T. Brown (D.C. Bar # 246314)
**Gary T. Brown & Associates, P.C.**
320 Maryland Avenue, N.E., Suite 100
Washington, D.C. 20002
(202) 393-4900

*Attorneys for Plaintiffs*

## CERTIFICATE OF SERVICE

I hereby certify that on this 25th day of February, 2008, a copy of the foregoing was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt.

By: \_\_\_s/ Eric K. Bachman_____.
*Attorney for Plaintiff*