**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| GARRINA BYRD, ANNETTE BURNS, DEMERA GASKINS AND CARMEN JEAN-BAPTISTE, | |
| Plaintiffs, | Civil Action No. 06-0522 (HHK/AK) |
| v. | |
| DISTRICT OF COLUMBIA, | |
| Defendant. | |

**DEFENDANT'S OPPOSITION TO
PLAINTIFF BYRD'S MOTION FOR PARTIAL RECONSIDERATION OF THE
MAGISTRATE JUDGE'S ORDER ON PLAINTIFF'S MOTION TO COMPEL
DISCOVERY**

**I. INTRODUCTION**

Defendant District of Columbia ("District") hereby opposes Plaintiff's Motion for Partial Reconsideration of the Magistrate Judge's Order on Plaintiff's Motion to Compel Discovery. Plaintiff moves for reconsideration under Fed. R. Civ. P. 72 and LCvR 72.2. Under those provisions, a losing party may seek reconsideration of a magistrate judge's determination in a discovery dispute; on review, the magistrate judge's decision is entitled to great deference unless clearly erroneous or contrary to law. *Virtual defense and Dev. Int'l*, 133 F.Supp. 2d 9, 20 (D.D.C. 2001); *Neuder v. Battelle Pac. N.W. Nat'l Lab.,* 194 F.R.D. 289, 292 (D.D.C. 2000)

Here, the defendant submits that plaintiff's motion for reconsideration should be denied as plaintiff cannot demonstrate that the magistrate judge's order was either clearly erroneous or contrary to law.

## II. ARGUMENT

Plaintiff objects to the magistrate's ruling with regard to: (a) discovery requests concerning complaints of sex discrimination, harassment and/or retaliation from 1999-2001 regarding individuals other than the alleged harasser in the instant case, Darnell Thompson, and (b) discovery requests concerning The Department of Parks & Recreation ("DPR") training for sexual harassment and/or retaliation from 1997-2001. The defendant submits that the magistrate judge's ruling that discovery requests concerning complaints of sex discrimination, harassment and/or retaliation from 1999-2001, and discovery requests regarding the DPR's training for sexual harassment and/or retaliation from 1997-2001, were irrelevant was not clearly erroneous or contrary to law.

### A. Evidence regarding complaints of sex discrimination, harassment and/or retaliation from 1999-2001.

Plaintiff contends that her request for documents and information from time periods pre-dating her employment is relevant to show the alleged systemic nature of the sexual harassment and to establish defendant's "custom" for failing to address such complaints. (See Plaintiff's Motion For Partial Reconsideration, p. 6) In arguing that the magistrate judge's ruling was clearly erroneous and contrary to law, the plaintiff cites *Waters v. United States Capitol Police Bd.,* 216 F.R.D. 153, 159 (D.D.C. 2003) as authority for the relevancy of such information. Indeed, plaintiff made this same argument in her initial motion to compel before the magistrate judge. The *Waters* opinion does not demonstrate that the magistrate judge ruled erroneously or contrary to law and is readily distinguishable from the instant case.

In *Waters,* the Court allowed the plaintiff to discover information outside of his dates of employment based upon plaintiff's short employment history—one year. The instant plaintiff was employed at DPR for five years. Therefore, the information pertaining to Plaintiff's five

years of employment is sufficient for plaintiff's 42 U.S.C. section 1983 claim against the District. Additionally, as noted by the magistrate judge in his opinion at p. 11, the *Waters* Court specifically stated that the "proper scope of discovery in any case is a function of the nature of that case" and that case dealt with a "relatively small and self-contained agency…". *Id*. at 159. Thus, the *Waters* Court expanded the temporal scope of discovery. (See Magistrate Kay's Opinion, p. 11)  Here, the magistrate judge did not rule erroneously or contrary to law in determining that discovery of complaints against Thompson based on discrimination, retaliation or harassment that pre-dated plaintiff's employment by two years sufficiently addresses plaintiff's concerns with regard to the alleged "systemic nature" of sex harassment.  Moreover, because defendant had agreed to produce all complaints for the five year period plaintiff was employed, the Court found that plaintiff's ability to discovery the policy and practices that were in effect during that time was adequate.

### B. Evidence regarding the DPR's training for sexual harassment and/or retaliation from 1997-2001.

Plaintiff also argues that the magistrate judge clearly ruled erroneously in determining that sexual harassment and retaliation training records pre-dating plaintiff's employment were irrelevant.  Defendant has previously provided all training information for the five years plaintiff was employed by the DPR.  Plaintiff argues that additional information is necessary to demonstrate the alleged inadequate training provided by the defendant in an effort to establish her municipal liability claim.  These arguments, however, do not demonstrate that the magistrate judge ruled erroneously or committed a mistake of law for the same reasons discussed with regard to sexual harassment complaints pre-dating plaintiff's employment.  Specifically, the magistrate judge found that DPR training records from the five year period plaintiff was employed is sufficient for plaintiff to explore her municipal liability claim against the District.

3

The plaintiff still has not demonstrated the relevance of training information which pre-dated plaintiff's employment.  Thus, the magistrate ruling was appropriate.

### III.  CONCLUSION

WHEREFORE, the District respectfully requests that plaintiff's motion for partial reconsideration of the magistrate judge's order on plaintiff's motion to compel discovery be denied in its entirety.

Dated: March 10, 2008.

        Respectfully submitted,

        PETER J. NICKLES
        Interim Attorney General
        for the District of Columbia

        GEORGE C. VALENTINE
        Deputy Attorney General, Civil Lit. Div.

        /s/Nicole L. Lynch
        NICOLE L. LYNCH (471953)
        Chief, General Litigation, Section II

        /s/ Alex Karpinski
        ALEX KARPINSKI [1]
        (Michigan Bar No. P58770)
        Assistant Attorney General
        441 4th Street, N.W., 6th Floor South
        Washington, D.C.  20001
        alex.karpinski@dc.gov

---

[1] Pursuant to the Local Rules of the United States District Court for the District of Columbia, Mr. Karpinski has registered with the Clerk's office as a Government Attorney and is appearing pursuant to LCvR 83.2.

## CERTIFICATE OF SERVICE

I hereby certify that on this 10th day of March, 2008, I caused the foregoing DEFENDANT'S OPPOSITION TO PLAINTIFF BYRD'S MOTION FOR PARTIAL RECONSIDERATION OF THE MAGISTRATE JUDGE'S ORDER ON PLAINTIFF'S MOTION TO COMPEL DISCOVERY to be filed with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to:

| | |
|---|---|
| Gary T. Brown | Eric K. Bachman |
| GARY T. BROWN & ASSOCIATES, P.C. | WIGGINS, CHILDS, QUINN & PANTAZIS, |
| 320 Maryland Ave., N.E. | 2031 Florida Avenue, N.W., Ste. 300 |
| Suite 100 | Washington, D.C. 20009 |
| Washington, D.C. 20002 | |

                                         /s/Alex Karpinski
                                         ALEX KARPINSKI [2]
                                         (Michigan Bar No. P58770)
                                         Assistant Attorney General
                                         441 4th St., NW, 6th Floor South
                                         Washington, DC 20001
                                         (202) 724-6642
                                         Fax No. (202) 727-3625
                                         alex.karpinski@dc.gov

---

[2] Pursuant to the Local Rules of the United States District Court for the District of Columbia, Mr. Karpinski has registered with the Clerk's office as a Government Attorney and is appearing pursuant to LCvR 83.2.

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| GARRINA BYRD, ANNETTE BURNS, DEMERA GASKINS AND CARMEN JEAN-BAPTISTE,<br><br>    Plaintiffs,<br><br>    v.<br><br>DISTRICT OF COLUMBIA,<br><br>    Defendant. | Civil Action No. 06-0522 (HHK/AK) |

## **ORDER**

Upon consideration of Plaintiff's Motion for Partial Reconsideration of the Magistrate Judge's Order on Plaintiff's Motion To Compel Discovery, Defendant's memorandum in opposition thereto, and the record herein, it is, this _____ day of _____, 2008, hereby,

ORDERED, that Plaintiff's motion is DENIED.

_____
HENRY H. KENNEDY, JR.
United States District Court Judge

6