UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| GARRINA BYRD, ANNETTE BURNS, DEMERA GASKINS, and CARMEN JEAN-BAPTISTE,<br><br>      Plaintiffs,<br><br>      v.<br><br>DISTRICT OF COLUMBIA,<br><br>      Defendant.<br>_____ | )<br>)<br>)<br>)<br>)   Civil Action No. 06-0522 (HHK/AK)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**PLAINTIFF BYRD'S REPLY IN SUPPORT OF HER MOTION FOR PARTIAL RECONSIDERATION OF THE MAGISTRATE JUDGE'S ORDER ON PLAINTIFF'S MOTION TO COMPEL DISCOVERY**

In accordance with Fed. R. Civ. P. 72 and Local Rule 72.2(b), Plaintiff Garrina Byrd ("Plaintiff" or "Byrd"), through her undersigned counsel, hereby moves this Court to reconsider a portion of Magistrate Judge Kay's ruling on Plaintiff's Motion to Compel discovery.

In its Opposition, Defendant argues primarily that the Magistrate Judge was correct to limit discovery regarding complaints of discrimination, harassment, and/or retaliation pre-dating Plaintiff Byrd's employment by two years to those lodged against Darnell Thompson. Defendant asserts that evidence of complaints received by the Department of Parks and Recreation ("DPR") regarding individuals, other than Mr. Thompson, for the two-year period (1999-2001) prior to Plaintiff's employment is unnecessary to prove Plaintiff's systemic allegations of sex discrimination, harassment, and/or retaliation.

To the contrary, this evidence will help Plaintiff establish her systemic allegations of harassment and discrimination. If complaints and/or incidents of harassment involving individuals other than Mr. Thompson occurred prior to Plaintiff's employment, such evidence

may establish whether the actions of subordinate employees were so consistent that they became a "custom" within the DPR, thereby establishing the Defendant's liability.  The duration of the DPR's policy or custom of inaction is an important issue; because a custom or policy is not formed overnight, the amount of time this conduct was allowed to take root is relevant to the "deliberate indifference" standard for municipal liability.

Further, this pre-employment evidence is discoverable for other permissible purposes under Fed. R. Evid. 404(b) (*e.g.*, motive, intent, knowledge).  *See, e.g., Byrd v. Reno,* 96CV2375, 1998 WL 429676, at *15 (D.D.C. Feb. 12, 1998) (allowing, with no apparent temporal limitation, discovery of discrimination complaints "filed by any employee against [defendant] or any employee of [defendant]," because "evidence of discrimination against others may be relevant as bearing on motive and intent.").

Both the Magistrate Judge's ruling and Defendant's arguments regarding this evidence misconstrue the relevant test at this stage.  The question is not whether information regarding complaints between 1999-2001 against individuals other than Mr. Thompson should, or will, be admitted into evidence at trial; rather, the question is whether Plaintiff's request for this information is reasonably calculated to lead to the discovery of admissible information.  Fed. R. Civ. P. 26(b)(1).  As discussed above, the evidence sought is relevant and likely to lead to the discovery of admissible evidence.  Because the Magistrate Judge's ruling does not comport with this standard, it is clearly erroneous or contrary to law, and should be overturned.[1]

For the foregoing reasons, Plaintiff's Motion for Partial Reconsideration should be granted.  Further, Defendant should be ordered to produce (1) evidence regarding complaints

---

[1] The same arguments apply to Plaintiff's request for information regarding DPR's training for sexual harassment and/or retaliation from 1997-2001.  In the alternative, Plaintiff requests that Defendant state when it began its EEO training of Department of Parks and Recreation employees and the content of such training.  Once this information is provided, Plaintiff will be able to further narrow her request.

received by the DPR from 1999-2001 related to individuals other than Darnell Thompson; and

(2) evidence regarding DPR's training for sexual harassment and/or retaliation from 1997-2001.

Respectfully submitted this 17th day of March, 2008,


/s/ Eric K. Bachman_____
Timothy B. Fleming (DC Bar 351114)
Lori B. Kisch (DC Bar 491282)
Eric K. Bachman (DC Bar  481993)
**Wiggins, Childs, Quinn & Pantazis, PLLC**
2031 Florida Avenue, NW, Suite 300
Washington, DC 20009
(202) 467-4123
(202) 467-4489 (facsimile)

Gary T. Brown (D.C. Bar # 246314)
**Gary T. Brown & Associates, P.C.**
320 Maryland Avenue, N.E., Suite 100
Washington, D.C. 20002
(202) 393-4900

*Attorneys for Plaintiffs*


### CERTIFICATE OF SERVICE

I hereby certify that on this 17th day of March, 2008, a copy of the foregoing was filed electronically.  Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt.


By: \_\_\_s/ Eric K. Bachman_____
*Attorney for Plaintiff*

3