UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| GARRINA BYRD, ANNETTE BURNS, DEMERA GASKINS, and CARMEN JEAN-BAPTISTE,<br><br>　　　Plaintiffs,<br><br>　　　v.<br><br>DISTRICT OF COLUMBIA,<br><br>　　　Defendant.<br>_____ | )<br>)<br>)<br>)　Civil Action No. 06-0522 (HHK/AK)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**PLAINTIFFS' RESPONSE TO DEFENDANT'S
MOTION TO ENLARGE TIME TO ANSWER
PLAINTIFFS' DISCOVERY REQUESTS SERVED APRIL 18, 2008**

Plaintiffs, through undersigned counsel, hereby submit their Response to Defendant's Motion to Enlarge Time to Answer Plaintiffs' Discovery Requests Served April 18, 2008 ("Motion"). While Plaintiffs do not oppose the extension sought by Defendant, Plaintiffs seek to clarify several points raised in Defendant's Motion.

Defendant states that "on May 8, 2008 undersigned counsel e-mailed plaintiffs' counsel to request his consent to the relief requested" in its Motion, and that Plaintiffs' counsel did not consent. *See* Motion at 1. This does not accurately reflect the parties' discussions.[1]

First, counsel for Plaintiffs responded that same day that he would consent to the proposed extension provided Defendant agreed to produce the complete discovery responses ordered by Magistrate Judge Kay on February 8, 2008. *See* Ex. 2, May 8, 2008 Email from Plaintiffs' counsel to Defendant's counsel; Order, Feb. 8, 2008. By way of background,

---

[1] Defense counsel's May 8, 2008 email sought to extend the discovery deadline until June 11, 2008, not June 20, 2008, as Defendant currently seeks. *See* Ex. 1, May 8, 2008 Email from Defendant's counsel to Plaintiffs' counsel.

approximately two weeks before defense counsel's May 8, 2008 email seeking an extension, Plaintiffs served Defendant with a letter detailing the deficiencies in Defendant's most recent discovery responses. *See* Ex. 3, April 25, 2008 Letter from Plaintiffs' counsel to Defendant's counsel. Plaintiffs' deficiency letter delineated two key requests to which Defendant had still not provided an adequate response and requested that Defendant provide this information by May 16, 2008. *Id.* Thus, the discovery issue raised by counsel for Plaintiffs in response to defense counsel's request for an extension was by no means a new one. Had Defendant confirmed that it would provide this overdue discovery as requested, Plaintiffs had agreed to consent to its motion for an extension.[2]

Subsequently, on May 15, 2008, counsel for both parties conferred via telephone. Counsel for Defendant mentioned that the District would file a motion to enlarge, but not did specify the length of the requested extension and did not ask for Plaintiffs' consent. The following day, Plaintiffs' counsel emailed Defendant's counsel and asked what deadline Defendant would propose in its motion for an extension. *See* Ex. 4, May 16, 2008 Email from Plaintiffs' counsel to Defendant's counsel. Plaintiffs' counsel also indicated that although he did "not anticipate that we would oppose [the] motion, we would like to see a copy of defendant's supplemental discovery answers (responsive to our April 25 letter) before we finalize that decision." *Id*. Defendant's counsel stated in response only that he would not be able to provide the supplemental discovery responses as requested, but did not respond regarding the proposed deadline of the instant Motion. *See* Ex. 5, May 16, 2008 Email from Defendant's counsel to

---

[2] Defendant has not yet provided the requested supplemental discovery but indicated that it may do so during the week of May 19, 2008. Plaintiffs will continue to attempt to resolve this matter informally; however, if this proves unsuccessful, it may be necessary to file an appropriate motion to enforce Magistrate Judge Kay's February 8, 2008 Order.

Plaintiffs' counsel.  There was no further communication from Defendant before it filed the motion at bar.  Accordingly, Defendant did not comply with Local Rule 7(m).[3]

Defendant also complains that Plaintiffs' interrogatories and requests for production of documents were served prior to the entry of a scheduling order.  Motion at 4.  However, no requirement exists that discovery must be delayed until after the entry of a scheduling order; rather, the Local Rules specifically permit discovery to be served after the parties' Rule 26(f) conference.  *See* LCvR 26.2(a).  Here, the parties held their Rule 26(f) conference on April 9, 2008, nine days before Plaintiffs' discovery requests were served.

As stated above, Plaintiffs delineate these points to clarify the record but do not oppose Defendant's revised request to extend the discovery deadline from May 21, 2008 until June 20, 2008.

---

[3] LCvR 7(m) provides, in pertinent part:
> Before filing any nondispositive motion in a civil action, counsel shall discuss the anticipated motion with opposing counsel, either in person or by telephone, in a good faith effort to determine whether there is any opposition to the relief sought and, if there is opposition, to narrow the areas of disagreement. . . . A party shall include in its motion a statement that the required discussion occurred, and a statement as to whether the motion is opposed.

Respectfully submitted this 19th day of May, 2008.

      s/ Eric K. Bachman_____
Timothy B. Fleming (DC Bar No. 351114)
Lori B. Kisch (DC Bar No. 491282)
Eric K. Bachman (DC Bar No. 481993)
**Wiggins, Childs, Quinn & Pantazis, PLLC**
2031 Florida Ave. NW, Suite 300
Washington, D.C. 20009
(202) 467-4123
(202) 467-4489 (facsimile)

Gary T. Brown, D.C. Bar # 246314
**GARY T. BROWN & ASSOCIATES, P.C**.
320 Maryland Avenue, N.E.
Suite 100
Washington, D.C. 20002
(202) 393-4900

*ATTORNEYS FOR PLAINTIFF*

## CERTIFICATE OF SERVICE

I hereby certify that on this 19th day of May, 2008, a copy of the foregoing was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt.

By:    s/ Eric K. Bachman      .
     *Attorney for Plaintiff*