# Exhibit 2

**Bertrand Choe**

---

**From:**    Eric Bachman
**Sent:**    Thursday, May 08, 2008 6:01 PM
**To:**      'Karpinski, Alex (OAG)'
**Cc:**      Abby M. Richardson
**Subject:** RE: Byrd

Alex -

So long as DC provides, by May 16, the responses requested in our April 25 correspondence, we will agree to the extension requested below.  Let me know if you are in agreement.  Thanks.

Eric

Eric Bachman
**Wiggins, Childs, Quinn & Pantazis, PLLC**

---

**From:** Karpinski, Alex (OAG) [mailto:Alex.Karpinski@dc.gov]
**Sent:** Thursday, May 08, 2008 11:51 AM
**To:** Eric Bachman
**Subject:** Byrd

Mr. Bachman-

Will you agree to a three week extension for our responses to your recent discovery requests?  I believe this would make them due on or before June 11th.  It would be greatly appreciated.

Thanks.

Alex Karpinski
Assistant Attorney General, Civil Litigation Division
Office of the Attorney General for the District of Columbia
441 4th Street, N.W., 6th Floor South
Washington, D.C.  20001
(202) 724-6642
Fax: (202) 727-3625
alex.karpinski@dc.gov

This message is being sent by or on behalf of a lawyer.  It is intended exclusively for the individual or entity to which it is addressed.  This communication may contain information that is proprietary, privileged or confidential or otherwise legally exempt from disclosure.  If you are not the named addressee, you are not authorized to read, print, retain, copy or disseminate this message or any part of it.  If you have received this message in error, please notify the sender immediately by e-mail and delete all copies of the message.

UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

_____
                                       )
GARRINA BYRD, *et al.*,                )
                Plaintiffs,            )        Civil Action No. 06-0522(HHK/AK)
        v.                             )
                                       )
DISTRICT OF COLUMBIA,                  )
                Defendant.             )
_____)

### MEMORANDUM ORDER

This matter was referred to the undersigned by the trial court for consideration of Plaintiff

Garrina Byrd's Motion to Compel Discovery ("Motion") [60], pursuant to Local Civil Rule 72.2.

(Order of Reference [61].)  Pending before the Court is Plaintiff's Motion [60], Defendant's

opposition to the Motion ("Opposition") [63], Plaintiff's reply to the Opposition ("Reply") [64],

and Plaintiff's Supplemental Memorandum in Support of her Motion [65].  Plaintiff moves this

Court to enter an Order compelling the Defendant to respond fully to Plaintiff's Requests for

Production of Documents Nos. 3, 4, 5, 6, 7, and 10, and Interrogatories Nos. 7, 8, 9, and 19.

Plaintiff further requests that this Court order Defendant to pay Plaintiff the attorneys' fees and

costs relating to the preparation and filing of this Motion.

### I.  BACKGROUND

Plaintiff Garrina Byrd ("Byrd") was formerly employed by Defendant's Department of

Parks and Recreation ("DPR").  She and three other female plaintiffs allege that they were

subjected to a "sexually hostile work environment, *quid pro quo* discrimination, and/or

retaliation in violation of Title VII of the Civil Rights Act of 1964, . . . ." (Third Amended

-1-

Complaint [51] at ¶1.)  On April 25, 2007, Plaintiff served upon Defendant her First Set of

Interrogatories and First Request for Production of Documents.  (Motion, Exhs. 1 and 2.)  On

June 6, 2007, Plaintiff informed Defendant that the deadline for responding to the discovery

[May 29, 2007] had passed; asserted that any objection by Defendant to the discovery was

accordingly waived; and requested responses to the pending discovery requests.  (June 6, 2007

Letter attached as Motion, Exh. 3.)   Defendant provided Plaintiff with discovery responses

(including objections to some of the requests) on June 26, 2007 (Motion, Exhs. 4 & 5.)

Plaintiff's counsel corresponded with Defendant's counsel on July 10, 2007, regarding

the alleged deficiencies in the Defendant's responses (July 10, 2007 letter attached as Motion,

Exh. 7.)  In a letter dated August 1, 2007, counsel for Defendant agreed to provide some

additional information to the Plaintiff.  (Exh. 7.)  Counsel subsequently exchanged another round

of correspondence in September and October of 2007, (Exhs. 8 & 9), in an attempt to resolve the

remaining alleged deficiencies but they were unable to reach an agreement.  Plaintiff seeks

additional information regarding the ten aforementioned discovery requests, which will be

addressed in more detail below.  Plaintiff contends that by failing to object to such discovery

requests in a timely manner, Defendant has waived any objections thereto.  Plaintiff alternatively

argues that Defendant's objections lack merit and further responses are warranted.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 26(b) provides that discovery is permitted "regarding any

matter, not privileged, which is relevant to the subject matter involved in the pending action,

whether it relates to the claim or defense of the party seeking discovery . . ."  Once a relevancy

objection has been raised, the party seeking discovery must demonstrate that the information

sought to be compelled is discoverable. *See Alexander v. Federal Bureau of Investigation*, 194 F.R.D. 316, 325 (D.D.C. 2000).

Under Fed. R. Civ. P. 26(b)(2)(iii), the court may limit discovery on its own initiative, if it determines that the "burden or expense of the proposed discovery outweighs its likely benefit, taking into account the needs of the case, the amount in controversy, the parties' resources, the importance of the issue at stake in the litigation, and the importance of the proposed discovery in resolving those issues." *See Hammerman v. Peacock*, 108 F.R.D. 66, 67 (D.D.C. 1985) (Rule 26(b)(1) was amended to give the court the power, *sua sponte*, to limit discovery.)

Fed. R. Civ. P. 33 (b) states in relevant part that "[e]ach interrogatory shall be answered separately and fully in writing under oath, unless it is objected to, in which event the objecting party shall state the reasons for objection and shall answer to the extent the interrogatory is not objectionable." Fed. R. Civ. P. 34 provides that a party served with a request provide a written response, and "[t]he response shall state, with respect to each item or category, that inspection and related activities will be permitted as requested, unless the request is objected to, in which event the reasons for the objection shall be stated."

Rule 33(b)(4) states that "[a]ll grounds for an objection to an interrogatory shall be stated with specificity [and ] [a]ny ground not stated in a timely objection is waived unless the party's failure to object is excused by the court for good cause shown." "[I]n the absence of an extension of time or good cause, failure to object to interrogatories within the time fixed by Rule 33 constitutes a waiver of any objection." *Fonville v. District of Columbia*, 230 F.R.D. 38, 42 (D.D.C. 2005) (quoting *Scott v. Arex, Inc.,* 124 F.R.D..39, 41-42 (D. Conn. 1989)); *see also Blumenthal v. Drudge*, 186 F.R.D. 236, 240 (D.D.C. 1999). A failure to timely file an objection

to a request for production of documents may also be deemed a waiver.  *Fonville*, 230 F.R.D. at

42 (citing *Coregis Ins. Co. v. Baratta & Fenerty, Ltd.*, 187 F.R.D. 528, 530-31 (E.D. Pa. 1999)).

Good cause excusing a waiver may be demonstrated "if a lawyer fails to file his objections on

time because of a medical emergency" or if "the information sought by the interrogatory is

patently irrelevant."  *Byrd v. Reno*, 1998 WL 429676, at *6 (D.D.C. Feb. 12, 1998).

Fed. R. Civ. P. 37 (a)(4)(A) states that:

> If the motion [to compel] is granted or if the disclosure or requested discovery is provided
> after the motion was filed, the court shall, after affording an opportunity to be heard,
> require the party . . . whose conduct necessitated the motion or the party or attorney
> advising such conduct or both of them to pay to the moving party the reasonable expenses
> incurred in making the motion, including attorney's fees, unless the court finds
> that the motion was filed without the movant's first making a good faith effort to obtain
> the disclosure or discovery without court action, or that the opposing party's
> nondisclosure, response, or objection was substantially justified, or that other
> circumstances make an award of expenses unjust.

### III. <u>ANALYSIS OF CONTESTED DISCOVERY</u>
#### A. <u>Waiver of Objections</u>

Plaintiff argues that any objections to her discovery requests have been waived by

Defendant because Defendant failed to file its objections or otherwise respond to discovery in a

timely manner and has proffered no good cause for the untimeliness.  Defendant's counsel asserts

that the reason for untimely filing of discovery responses was because "undersigned counsel

failed to note the discovery responses were due. . . ."  (Opposition at 3.)[1]  Counsel's inability to

keep track of her caseload does not constitute good cause, which would excuse a waiver.  *See*

*Institute for Policy Studies v. United States Central Intelligence Agency*, Civil Action 06-0960

---

[1] The Court notes that at the time the Opposition was filed, Defendant was represented by
counsel, who has since withdrawn her appearance as counsel of record.  New counsel subsequently
entered his appearance for the Defendant.

(D.D.C. December 20, 2007) (Memorandum Opinion) (discussing case law from this Court

providing example of untimely filings being rejected where the justification for untimeliness was

a mistake made by counsel); *see, e.g., Moore v. D.C.*, Civil Action No. 05-2020 (D.D.C. Feb. 15,

2007) ("the holidays and the press of other business, and the absence of undue prejudice to

Plaintiff, fall far short of a showing of excusable neglect"); *Halmon v. Jones Lang Wooten USA*,

355 F. Supp.2d 239, 242 (D.D.C. 2005) (describing as "lame" counsel's excuse that she "did not

place the due date on her calendar").

   In addition to counsel's inability to justify initial "ignorance" of the discovery due date,

this Court is troubled by the length of time it took Defendant to respond to Plaintiff's discovery

requests after being notified that such responses were overdue.[2]  The Court also notes that

Defendant's Opposition to the instant Motion was filed on November 19, 2007, after counsel

requested a last-minute 12 day extension of time in which to file such Opposition.  It appears to

this Court that Defendant, through counsel, has exhibited a pattern of inattention to this case or

an inability to prioritize.  This Court strongly cautions Defendant and its counsel to abide by the

deadlines established pursuant to the Federal Rules of Civil Procedure and the Local Civil Rules.

Failure to comply with such deadlines may result in the imposition of sanctions.

   Where there has been no demonstration of good cause explaining the delay in filing

---

[2]Plaintiff's counsel first contacted Defendant's counsel about the untimeliness of the responses by means of a letter dated June 6, 2007, which was about approximately a week after the responses were due.  According to Plaintiff's counsel, there was an exchange of electronic mails whereby it was agreed that Plaintiff would grant a reasonable extension of time in which Defendant could respond to discovery, but this did not affect any alleged waiver of objections.  After waiting a week for Defendant to indicate the date when responses would be forthcoming, Plaintiff's counsel again inquired and only then did  Defendant's counsel indicate that the responses would be filed on June 26, 2007.  (Reply at 5, n.3.)

discovery responses, which would excuse a waiver, this Court is obliged to examine the contested discovery requests to see if the "patently irrelevant" standard set forth in the *Byrd v. Reno* case applies to excuse the waiver.

## B. Discovery Requests
### 1. Personnel Files

As a preliminary matter, the Court notes that it will discuss the contested discovery requests in the same order in which they were addressed in the Motion. Document Requests Nos. 4, 5, and 7 ask for the personnel files of various persons who are not parties to this lawsuit. Document Request No. 4 asks for files of certain individuals "to whom Garrina Byrd complained or who supervised, managed, disciplined, evaluated [her] or [were] otherwise responsible for decision-making relating to Garrina Byrd's employment from January 1997 to the present."[3] (Memorandum in support of Motion ("Memorandum") at 5-6.) Document Request No. 5 requests personnel files for several individuals, without providing any information as to why these individuals are relevant to Byrd's claims. (*Id.*) Document Request No. 7 asks for "[a]ll documents referring or relating to any discipline, whether formal or informal, received by Garrina Byrd, and persons listed in Request No. 4 or Defendant's response to Request No. 4." (*Id.*)

In response to Request No. 5, Defendant agreed to produce the personnel file of Darnell Thompson, who has been accused by Byrd of harassment, and Defendant further agreed to produce Byrd's file in response to Request No. 7. Defendant asserts that the release of other personnel records is prohibited pursuant to D.C. Code §1-631.01 and D.C. Personnel

---

[3]In the Third Amended Complaint, at ¶9, Ms. Byrd states that she was employed by DPR from 2001-2005.

Regulations, whereby the privacy interests of personnel records of D.C. Government employees are protected.[4]  Plaintiff argues that any privacy concerns relating to production of these personnel records are addressed by the fact that there is a protective order in this case. (Motion at 7.)  *See Fonville v. v. District of Columbia*, 230 F.R.D. 38, 44 (D.D.C. 2005) ("While the information requested by Plaintiff may contain private information, the Court has already entered the parties' stipulated protective order, which covers confidential information related to Defendant's employees"); *Marshall v. District of Columbia Water & Sewage Auth.*, 214 F.R.D. 23, 27 (D.D.C. 2003) (same proposition.)

Defendant distinguishes the *Fonville* case on grounds that it involved information that was relevant to Plaintiff's case.  Defendant asserts that in the instant case, "[a]lthough the individuals whose files Plaintiff has requested may be relevant witnesses for plaintiff's discrimination claims, . . . , their personnel files have nothing to do with the plaintiff's claims." (Opposition at 7.) Defendant argues that the information [performance evaluations, pay, awards, disciplinary measures] contained in personnel files of "supervisory and line employees who have no relational basis to plaintiff's allegations of harassment" (Opposition at 5) is "not likely to lead to any information that would assist Plaintiff in her sexual harassment claim . . . [nor] is [it]

---

[4]Under D. C. Code §1-632.3:
It is the policy of the District government to make personnel information in its possession or under its control available upon request to appropriate personnel and law enforcement authorities, except if such disclosure would constitute an unwarranted invasion of personal privacy or is prohibited under law or rules and regulations issued pursuant thereto.

D.C. Code §1-632.3 (2001 ed.) *See also* Section 3102.1 of the District Personnel Manual (containing similar text.)

relevant to any of plaintiff's claims." (Opposition at 7.)[5]  *Compare Van Deelen v. Shawnee Mission School Dist. #512*, 2003 WL 22849185 at *2 (D. Kan. Nov. 23, 2003); *Mercado v. Division of New York State Police*, 989 F. Supp. 521 (S.D.N.Y. 1998) (both granting motions to compel personnel files of non-parties where those persons engaged in or played a role in the alleged discrimination.)

The Court finds that the information requested by Plaintiff in these three document requests [Nos. 4, 5 and 7], as they relate to personnel information of non-parties [including any discipline received by such non-parties], is patently irrelevant to this litigation insofar as Plaintiff has failed to demonstrate that any of these persons has information relevant to her claims that would be contained in a personnel file and furthermore, the persons named have a privacy interest in maintaining the confidentiality of their personnel files.  The Court finds that Defendant's production of Plaintiff's personnel file and  Mr. Thompson's personnel file is a sufficient response to these three Document Requests.

## 2. Temporal Scope of Discovery

In a series of discovery requests, Plaintiff has requested the Defendant provide information and documents relating to complaints of sexual harassment, sexual discrimination, and retaliation made by employees of the DPR from 1997 through the present.  According to

---

[5]Plaintiff's request for personnel files is based on her contentions that these individuals have "direct knowledge regarding allegations of on-going sexual harassment in the department. . . " and such persons are "clearly relevant as demonstrated by the fact that they were interviewed, or Defendant sought to interview them during an investigation regarding [Plaintiff's] complaints." (Motion at 10.)  Plaintiff's argument does not explain why she believes that documents pertaining to her allegations of discrimination would be found in a non-party's personnel file.  Defendant has produced Plaintiff's personnel record and the personnel record of the person who allegedly harassed her.

Plaintiff, Defendant has agreed to produce "all complaints of sexual harassment for the periods alleged in plaintiff's Byrd's [then-current] Second Amended Complaint, 2002 . . . " but refused to produce documents for the period of time prior to Plaintiff's employment, on grounds that such documents are not "temporally relevant or narrowly tailored." *See* Motion, Exh. 7 (August 1, 2007 Letter) at 2.[6]

In Document Request No. 3, Plaintiff asks for "documents referring to, relating to , or comprising complaints and/or grievances made by Garrina Byrd regarding her employment, claims or charges of sex discrimination and/or inequality in the workplace made by Byrd and/or made by other employees in [DPR] from January 1, 1997 through the present." (Memorandum at 12.) Document Request No. 6 requests documents regarding "complaints of retaliation, sex discrimination and/or harassment, whether formal, informal, EEO or otherwise, that have been made against persons employed by the [DPR]" and documents relating to "responses, investigations and/or decisions made with respect to such complaints from January 1, 1997 through the present." (Memorandum at 12-13.) Document Request No. 10 asks for production of documents relating to complaints or grievances involving claims of retaliation, sex discrimination and/or harassment and the resolution of such complaints and grievances at the DPR for the same time period. (*Id.*) Similarly, Interrogatory No. 7 asks Defendant to identify any and all complaints of retaliation, sex discrimination and/or harassment made by any employee for the same time period, and Interrogatory No. 8 requests that Defendant describe DPR's actions, statements and conduct in response to the occurrence noted in Interrogatory No.

---

[6]Plaintiff indicates that it offered a compromise request for documents dating back to 1999 instead of 1997, but Defendant objects to the temporal scope beyond the Plaintiff's five-year term of employment, from 2001-2005. (Memorandum at 12; Opposition at 7, n.2.)

7.[7] (Memorandum at 13-14.)  For purposes of this Motion, Byrd argues that the temporal scope of her requests is 1999 through the present; Plaintiff thus seeks information pre-dating her employment by two years and post-dating her employment by three years.

Plaintiff relies on *Pleasants v. Allbaugh*, 208 F.R.D.7, 9 (D.D.C. 2002), to support a temporal scope of discovery that pre-dates her employment.  In *Pleasants*, the plaintiff sued defendant agency for racial discrimination alleging that the agency failed to upgrade his position to reflect the scope of his actual duties, and plaintiff challenged his non-selection for a specific promotion.  The court permitted plaintiff  to take discovery on how the division in which he worked treated similarly situated employees, during a period of time dating back several years before the specific promotion denial challenged by the plaintiff, to allow plaintiff to explore whether the agency engaged in a pattern of  treating African-Americans differently.   The beginning of the period selected by the *Pleasants* court coincided with the beginning of the year in which plaintiff started to work for the agency. Plaintiff further relies on *Waters v. United States Capitol Police Board*, 216 F.R.D. 153, 159 (D.D.C. 2003), wherein the court allowed plaintiff, who was terminated in 2001, to seek information pertaining to all persons terminated, as well as complaints of discrimination against the defendant, dating back five years to January 1, 1996.

Defendant also cites *Pleasant*, but for the proposition that discovery "should be reasonably related to the circumstances involved in the alleged discriminatory conduct and the individuals who are allegedly involved in that conduct."   208 F.R.D. at 9 (citing *Hardwick v.*

---

[7]Prior to making any finding on the relevance of this particular series of discovery requests, as temporally defined by the Plaintiff,  the Court notes that there is a great deal of repetition in this series of document requests and interrogatories.

*Legal Services*, 96 F.R.D. 617, 618 (D.D.C.1983).  Defendant asserts that the information

Plaintiff seeks "is not temporally related to her allegations of sexual harassment " and "additional

discovery would open the door to a fishing expedition."  (Opposition at 8.)  Defendant attempts

to distinguish *Waters* on grounds that the court allowed plaintiff to discover information outside

his employment period because plaintiff's employment period was very short. (Opposition at 8-

9.) Reviewing the *Waters* case, the Court finds that the court there stated that the "proper scope

of discovery in any case is a function of the nature of that case, [and in *Waters*, the court was]

dealing with a relatively small and self-contained agency where it does not appear that many

employees have been terminated or resigned when facing termination."  216 F.R.D. at 159.  The

court thus expanded the temporal scope of discovery to balance plaintiff's need for comparative

information with defendant's burden.

In the instant case, Plaintiff alleges that she was subjected to "systemic discrimination

and retaliation that existed and continues to exist at the [DPR.]" (Memorandum at 15, *see* Third

Amended Complaint at ¶1.)  Plaintiff accordingly requests information about any prior

complaints against Darnell Thompson ("Thompson"), who allegedly harassed her, and

complaints investigated by the individuals listed in Plaintiff's Request for Production No. 4

[presumably to establish the agency's policies and practices when dealing with such complaints.]

(Memorandum at 15.)  Addressing her request for information concerning prior complaints made

against Thompson, Plaintiff asserts that "other decisions by the same decision-maker may

establish discriminatory intent and are, therefore, admissible as prior bad acts under Fed. R. Evid.

404(a)." *Waters*, 216 F.R.D. at 158.  The Court finds reasonable and relevant Plaintiff's request

for information about complaints against Thompson [based on discrimination, retaliation or

harassment] that pre-date Plaintiff's employment by two years.   Any objections by Defendant to production of such information were waived when Defendant late filed its responses and objections, although such information may need to be redacted or produced subject to the protective order in this case to preserve the privacy interests of non-parties.

In contrast, Plaintiff's request for "complaints investigated by the individuals listed in Plaintiff's Request for Production No. 4 (to whom Plaintiff either complained directly and/or were otherwise knowledgeable of these complaints and failed to remedy adequately Plaintiff's complaints)," (Memorandum at 15), is overly broad and patently irrelevant.  The Court notes that Defendant has agreed to produce "all complaints . . . for the five (5) years plaintiff was employed by DPR." (Opposition at 7.)  Included within such production should be identification of the persons to whom such complaints were directed and who undertook to review the contested conduct, and the manner in which such complaints were ultimately resolved. This should satisfy Plaintiff's request for information about the way in which various persons within DPR responded to complaints of discrimination, retaliation or harassment over the  five year period of time that she was employed, to enable Plaintiff to discover the policy and practices that were in effect during that time frame.

Finally, the Court notes that while Plaintiff has argued about the relevance of certain information pre-dating her employment, Plaintiff has failed to demonstrate the relevance of any information regarding conduct alleging discrimination, retaliation and harassment, which post-dates Plaintiff's employment and accordingly, any such information need not be produced by Defendant.

-12-

### 3. **Darnell Thompson's Disciplinary History**

In her Interrogatory No. 9, Plaintiff requests information relating to any disciplinary actions taken against Thompson and this Court does not question the relevance of such information. While Defendant's Opposition barely addresses this issue, Defendant does assert that it has provided Thompson's entire personnel file, which indicates that Thompson was terminated for cause on August 9, 2005.[8] When asked to confirm that the only discipline Thompson received was his termination, DPR reserved the right to supplement its response to this Interrogatory. (Memorandum at 17, Exh. 7 at 2.) According to Plaintiff, the Defendant has not provided additional information relating to this Interrogatory, nor has it provided any description [log] of any information being withheld on grounds of privilege or protection. The Court finds that Defendant should be compelled to provide a complete response to Interrogatory No. 9, including a description of any information being withheld.

### 4. **Training**

Plaintiff's Interrogatory No. 19 asks DPR to describe any training provided to employees, regarding sexual harassment and non-retaliation policies. (Memorandum at 19.) Defendant asserts that it has provided "all training information for the five (5) years plaintiff was emplyed by DPR." (Opposition at 7.) Plaintiff argues that Defendant should be compelled to supplement its response to include "information regarding the frequency, form, duration and substance of Defendant's EEO training in the years prior to Plaintiff's employment. . . ." (Memorandum at

---

[8]Defendant indicates that "[t]here is nothing else to give plaintiff on this issue." (Opposition at 7, n. 1.) In its response to this Interrogatory, DPR stated that "the interrogatory also invades the work product and attorney-client privileges." (Memorandum at 16.) DPR proffers no explanation as to how information relating to Thompson's termination might be protected or privileged.

20.)  The Court finds that Plaintiff has failed to demonstrate the relevance of information relating to training prior to the time when Plaintiff was employed by DPR.  Accordingly, Defendant's provision of information about training during the five year period in which Plaintiff was employed by DPR is sufficient.

Accordingly, it is this 8th day of February, 2008,

ORDERED that Plaintiff's Motion to Compel Discovery [60] is granted in part and denied in part.  Plaintiff's request for supplemental information responsive to Document Requests Nos. 3, 4, 5, 6, 7, and 10 and Interrogatories 7, 8 and 19 is denied, with the proviso that Defendant is directed to provide supplemental information relating to complaints against Darnell Thompson, which were based on allegations of  discrimination, retaliation or sexual harassment, during the period of 1999 through 2001.[9]  Defendant is further directed to provide Plaintiff with a complete response to Interrogatory No. 9, which requests information about disciplinary actions taken against Mr. Thompson, including a description of any documents being withheld on grounds of privilege.  The Court declines to order Defendant to pay the attorneys' fees and costs associated with this Motion.

_____/s/_____
ALAN KAY
UNITED STATES MAGISTRATE JUDGE

---

[9]The information regarding complaints against Darnell Thompson does not fit neatly into a specific Document Request or Interrogatory but may instead be encompassed within multiple discovery requests.