# Exhibit 3

**WIGGINS, CHILDS, QUINN & PANTAZIS, PLLC**
A PROFESSIONAL LIMITED LIABILITY COMPANY

2031 FLORIDA AVE, N.W.
SUITE 300
WASHINGTON, DC 20009
TELEPHONE (202) 467-4123
FACSIMILE (202) 467-4489

April 25, 2008

<u>Via First Class U.S. Mail</u>
Alex Karpinski
Assistant Attorney General
441 Fourth Street, NW, 6th Floor South
Washington, DC 20001
Email: alex.karpinski@dc.gov

<u>*Re: Garrina Byrd, et al. v. District of Columbia*</u>

Dear Mr. Karpinski:

I write to follow-up on Defendant's supplemental response to Plaintiff's discovery requests.

First, Defendant continues to assert objections to Plaintiff's discovery requests despite the Magistrate Judge's clear ruling that all of Defendant's objections have been waived.

Second, several deficiencies remain in Defendant's supplemental responses, despite the Court's Order to provide complete discovery responses. As to Interrogatory No. 7, regarding all complaints of discrimination, retaliation, and/or sex harassment against Darnell Thompson from 1999 through 2005, Defendant lists only Plaintiffs Byrd and Burns. This response, however, is incomplete at best as demonstrated by the evidence previously produced in this case.

Specifically, in the District's investigation into this matter, manager Julie Banks stated that she had knowledge about complaints of sexual harassment against Thompson made by Demera Gaskins and Tonya Kemper (GB00029). Foreman Stanley Dickson likewise testified that Tonya Kemper complained to him that Thompson was harassing her. (GB00030). Supervisor Leon Harris had also heard about Kemper's complaints of sexual harassment (*id.*), as did manager Sylvia Gwathmey, who said that Kemper had complained to her then-supervisor, James Boone (GB00031-33). Johnnie Richardson and James Gripper testified that Demera Gaskins had complained about Thompson's harassment (GB00037). Thus, Defendant's due diligence in responding to Interrogatory No. 7 is severely lacking. Please confirm that Defendant has now made a full review of all available information to determine the universe of complaints against Darnell Thompson between 1999 and 2005. In addition, please supplement Defendant's response with the above, and any additional, information.

Defendant's response to Interrogatory No. 9 is similarly deficient. Interrogatory No. 9 asks:

THE KRESS BUILDING
301 19TH STREET NORTH
BIRMINGHAM, AL 35203
(205) 328-0640

2031 FLORIDA AVE, N.W.
SUITE 300
WASHINGTON, D.C. 20009
(202) 467-4123

*Letter to A. Karpinski, Esq.*
*April 25, 2008*
*Page 2 of 2*

> State whether Darnell Thompson has been disciplined by Defendant, and, if so, for each instance of discipline, describe in detail the reasons therefore, the punishment imposed, and when the discipline was imposed.

The Magistrate Judge's ruling held:

> When asked to confirm that the only discipline Thompson received was his termination, DPR reserved the right to supplement its response to this Interrogatory. (Memorandum at 17, Exh. 7 at 2.) According to Plaintiff, the Defendant has not provided additional information relating to this Interrogatory, nor has it provided any description [log] of any information being withheld on grounds of privilege or protection. The Court finds that Defendant should be compelled to provide a complete response to Interrogatory No. 9, including a description of any information being withheld. (Page 13) (emphasis added).

Defendant's supplemental response, however, fails to confirm that the only discipline Thompson ever received was his termination in August 2005. Nor does the supplemental response describe in detail the reasons for his 2005 termination, other than to state it was "for cause." Thus, please confirm whether the August 9, 2005 termination was the only discipline ever imposed on Darnell Thompson. If not, please provide a complete response, as instructed in Interrogatory No. 9, for each instance of discipline he received. If this termination was the only discipline ever imposed, please provide complete details regarding the reasons that led to his "for cause" termination.

We hope that we are able to resolve these discovery disputes short of further court intervention. To that end, please provide complete responses to the above discovery requests, including all related documents, no later than May 16, 2008. Otherwise, we will move to enforce the Court's February 8, 2008 Order and seek all appropriate relief.

Please contact me at (202) 263-3685, or email me at ebachman@wcqp.com, to discuss at your earliest convenience. Thank you.

Sincerely,

Eric Bachman

cc:    Gary T. Brown, Esq.