UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| GARRINA BYRD, ANNETTE BURNS, DEMERA GASKINS, and CARMEN JEAN-BAPTISTE, | |
| Plaintiffs, | Civil Action No. 06-0522 (HHK-AK) |
| v. | |
| DISTRICT OF COLUMBIA, | |
| Defendant. | |

**DEFENDANT'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF CONSENT MOTION FOR LEAVE TO AMEND ANSWER TO PLAINTIFFS' THIRD AMENDED COMPLAINT**

Following the exchange of some written discovery and initial disclosures, the defendant seeks to amend its answer to plaintiff's third amended complaint in order to further respond to plaintiff's allegations and add an additional affirmative defense.

Fed. R. Civ. Pro. 15 (a) states that a party may amend a pleading within 20 days after it was served, "otherwise, a party may amend the party's pleading only by leave of court or by written consent of the adverse party; and *leave shall be freely given* when justice so requires." (emphasis added).

The Supreme Court has held that, "In the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.—the leave sought should, as the rules require, be 'freely given.'" The Court also decided that, "[T]he Federal Rules reject the approach that pleading is a game of skill in

which one misstep by counsel may be decisive to the outcome and accept the principle that the purpose of pleading is to facilitate a proper decision on the merits." *Foman v. Davis,* 371 U.S. 178 (1962).  The defendant states that, absent any of the Supreme Court's reasons for denial, and in order to "facilitate a proper decision on the merits," this motion for leave to amend should be granted.

According to the Court's Scheduling Order, non-expert discovery is open until November 21, 2008 and expert discovery is open until January 23, 2009.  Therefore, there will be no prejudice to the plaintiffs because no depositions have been taken or scheduled.  Additionally, defense counsel exchanged e-mail correspondence with plaintiffs' counsel prior to filing this motion and plaintiffs consent to the amended answer.  In *Bohall v. U.S.,* 101 A.F.T.R.2d 1172 (2008), the court declared that the most important factor for the court to note in deciding whether to grant or deny leave to amend is the potential prejudice against the adverse party.   In the present case, there is none.

Though the decision to grant or deny leave is left to the court's discretion, both the U.S. Court of Appeals for the District of Columbia and the Supreme Court agree that there must be a justifying reason for denial of the request, and the Federal Rules call for leave to be "freely given." *Firestone, et al., v. Firestone* 316 U.S. App. D.C. 152 (1996).  See *Foman, supra.*
Absent a justifying reason for denial, and holding with the spirit of the Federal Rules, the defendant states that the present circumstances fall well within the requirements for leave to amend to be "freely given."

The defendant's proposed amended answer is attached to this motion as Exhibit "A."

WHEREFORE, the defendant District of Columbia respectfully moves this Court for entry of an order granting it leave to amend its answer to the plaintiffs' third amended complaint.

Dated: 6-25-08

Respectfully Submitted,

PETER J. NICKLES
Interim Attorney General for the
District of Columbia

GEORGE C. VALENTINE
Deputy Attorney General
Civil Litigation Division


  /s/ Toni Michelle Jackson
TONI MICHELLE JACKSON (453765)
Chief, General Litigation § III


  /s/ Alex Karpinski
ALEX KARPINSKI[1]
(Michigan Bar No. P58770)
Assistant Attorney General
441 Fourth Street, N.W., 6th Floor South
Washington, D.C. 20001
E-mail: alex.karpinski@dc.gov

---

[1] Pursuant to the Local Rules of the United States District Court for the District of Columbia, Mr. Karpinski has registered with the Clerk's office as a Government Attorney and is appearing pursuant to LCvR 83.2.