UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

GARRINA BYRD, ANNETTE BURNS,
DEMERA GASKINS, and CARMEN
JEAN-BAPTISTE,

        Plaintiffs,

        v.

DISTRICT OF COLUMBIA,

        Defendant.

Civil Action No. 06-0522 (HHK-AK)

**DEFENDANT DISTRICT OF COLUMBIA'S
AMENDED ANSWER TO PLAINTIFFS' THIRD AMENDED COMPLAINT**

      Defendant District of Columbia ("the District"), by and through undersigned counsel, hereby answers the plaintiffs' Third Amended Complaint in the above-captioned matter. The District asserts that anything not specifically admitted herein is denied, and answers the Third Amended Complaint as follows:

**FIRST DEFENSE**

      The Third Amended Complaint fails to state a claim upon which relief may be granted.

**SECOND DEFENSE**

      The District states the following in response to the individually numbered paragraphs in the Third Amended Complaint:

**NATURE OF COMPLAINT**

1.     The allegations asserted in paragraph 1 of the Third Amended Complaint are legal conclusions to which no response is required. To the extent that

1

paragraph 1 contains factual allegations, the District denies all factual allegations and demands strict proof thereof at trial. The District acknowledges the statutes cited in paragraph 1 of the Third Amended Complaint, but does not admit that jurisdiction is necessarily conferred therefrom.

2.    The allegations asserted in paragraph 2 of the Third Amended Complaint are legal conclusions to which no response is required. To the extent that paragraph 2 contains factual allegations, the District denies all factual allegations and demands strict proof thereof at trial.

3.    The allegations asserted in paragraph 3 of the Third Amended Complaint are legal conclusions to which no response is required. To the extent that paragraph 3 contains factual allegations, the District denies all factual allegations and demands strict proof thereof at trial.

4.    The allegations asserted in paragraph 4 of the Third Amended Complaint are legal conclusions to which no response is required. To the extent that paragraph 4 contains factual allegations, the District denies all factual allegations and demands strict proof thereof at trial.

5.    The allegations asserted in paragraph 5 of the Third Amended Complaint are legal conclusions to which no response is required.

**JURISDICTION AND VENUE**

6.    The allegations asserted in paragraph 6 of the Third Amended Complaint are legal conclusions to which no response is required. The District acknowledges the statutes cited in paragraph 6 of the Third Amended Complaint, but does not admit that jurisdiction is necessarily conferred therefrom.

7.     The allegations asserted in paragraph 7 of the Third Amended Complaint are legal conclusions to which no response is required. The District acknowledges the statutes cited in paragraph 7 of the Third Amended Complaint, but does not admit that venue is necessarily conferred therefrom.

**EXHAUSTION OF ADMINISTRATIVE REMEDIES**

8.     Paragraph 8 of plaintiffs' Third Amended Complaint contains allegations of plaintiffs' claims to which no response is required. To the extent that paragraph 8 contains factual allegations; the District denies all factual allegations and demands strict proof thereof at trial.

**PARTIES**

9.     The District denies that plaintiff Byrd was an employee of the District of Columbia Department of Parks and Recreation ("DPR") in 2001. The District admits that plaintiff Byrd was appointed to successive terms of employment at DPR beginning in 2002 through December, 2005, when her last term expired. The District is without sufficient information to admit or deny the remaining allegations contained in paragraph 9.

10.     The District denies that plaintiff Burns was an employee of DPR in 2000. The District admits that plaintiff Burns was appointed to successive terms of employment at DPR beginning in 2001 through January 19, 2004, when her last term expired. The District is without sufficient information to admit or deny the remaining allegations contained in paragraph 10.

11.     The District admits that plaintiff Gaskins' employment ended during the probationary period on March 23, 2005. The District is without sufficient

information to admit or deny the remaining allegations contained in paragraph 11.

12.    The District admits that plaintiff Jean-Baptiste was appointed to one term of temporary employment at DPR beginning in April 2006 and ending September 30, 2006, when her term expired. Plaintiff requested a two-week extension of her temporary job until October 14, 2006, stating that she wanted additional time to find another job. The District is without sufficient information to admit or deny the remaining allegations contained in paragraph 12.

13.    The allegations asserted in paragraph 13 of the Third Amended Complaint are legal conclusions to which no response is required. To the extent that paragraph 13 contains factual allegations; the District admits that it "is the municipal government for the District of Columbia." The District denies all other factual allegations contained in paragraph 13 and demands strict proof thereof at trial.

## FACTS SUPPORTING THE PLAINTIFFS' ALLEGATIONS OF DISCRIMINATION AND RETALIATION

### I. PLAINTIFF BYRD

14.    The District denies that plaintiff Byrd was an employee of DPR in 2001. The District admits that plaintiff Byrd was appointed to successive terms of employment at DPR beginning in 2002 through December, 2005, when her last term expired and is without sufficient information to admit or deny the remaining allegations.

15.    The District is without sufficient information to admit or deny any factual allegations contained in paragraph 15.

16.    The District is without sufficient information to admit or deny any factual allegations contained in paragraph 16.

17.    The District admits that plaintiff Byrd worked in Mr. Thompson's office, but lacks sufficient information to admit or deny the remaining allegations contained in paragraph 17.

18.    The District admits that at some point during her employment, plaintiff Byrd reported the alleged harassment to defendant's managers and officials, but denies the remaining allegations contained in paragraph 18.

19.    The District admits that that at some point during her employment, plaintiff Byrd reported the alleged harassment to defendant's managers and officials, but denies the remaining allegations contained in paragraph 19.

20.    The District admits that that at some point during her employment, plaintiff Byrd reported the alleged harassment to defendant's managers and officials,, but denies the remaining allegations contained in paragraph 20.

21.    The allegations asserted in paragraph 21 of the Third Amended Complaint are legal conclusions to which no response is required. To the extent that paragraph 21 contains factual allegations, the District denies all factual allegations and demands strict proof thereof at trial.

22.    The District is without sufficient information to admit or deny any factual allegations contained in paragraph 22.

23.    The allegations asserted in paragraph 23 of the Third Amended Complaint are legal conclusions to which no response is required. To the extent that paragraph 23 contains factual allegations, the District denies all factual allegations and demands strict proof thereof at trial.

24.    The District admits that plaintiff Byrd filed a complaint with DPR's EEO office, but denies the remaining allegations contained in paragraph 24.

25.    The District admits plaintiff Byrd filed a Charge of Discrimination with the Office of Human Rights on April 6, 2005.

26.    The District admits that plaintiff Byrd's performance was discussed with her in a meeting in November, 2005; but denies the remaining allegations contained in paragraph 26.

27.    The District is without sufficient information to admit or deny any factual allegations contained in paragraph 27.

28.    The District admits that on or about December 30, 2005, it gave plaintiff Byrd notice that her term appointment would not be extended, effective the next day; but denies the remaining allegations contained in paragraph 28.

29.    The allegations asserted in paragraph 29 of the Third Amended Complaint are legal conclusions to which no response is required. To the extent that paragraph 29 contains factual allegations, the District denies all factual allegations and demands strict proof thereof at trial.

30.    The allegations asserted in paragraph 30 of the Third Amended Complaint are legal conclusions to which no response is required. To the extent that paragraph

30 contains factual allegations, the District denies all factual allegations and demands strict proof thereof at trial.

31. The allegations asserted in paragraph 31 of the Third Amended Complaint are legal conclusions to which no response is required. To the extent that paragraph 31 contains factual allegations, the District denies all factual allegations and demands strict proof thereof at trial.

32. The allegations asserted in paragraph 32 of the Third Amended Complaint are legal conclusions to which no response is required. To the extent that paragraph 32 contains factual allegations, the District denies all factual allegations and demands strict proof thereof at trial.

II.    **PLAINTIFF BURNS**

33. The District denies that plaintiff Burns was an employee of DPR in 2000. The District admits that plaintiff Burns was appointed to successive terms of employment at DPR beginning in 2001 through January 19, 2004, when her last term expired.

34. The allegations asserted in paragraph 34 of the Third Amended Complaint are legal conclusions to which no response is required. To the extent that paragraph 34 contains factual allegations, the District is without sufficient information to admit or deny any factual allegations contained in paragraph 34.

35. The District admits that plaintiff Burns reported the harassment to the EEOC, but is without sufficient information to admit or deny the remaining factual allegations contained in paragraph 35.

36.    The District is without sufficient information to admit or deny any factual allegations contained in paragraph 36.

37.    The District is without sufficient information to admit or deny any factual allegations contained in paragraph 37.

38.    The District is without sufficient information to admit or deny any factual allegations contained in paragraph 38.

39.    The District admits that plaintiff Burns reported the harassment to the EEOC, but is without sufficient information to admit or deny the remaining factual allegations contained in paragraph 39.

40.    The District admits that plaintiff Burns reported the harassment to the EEOC, but is without sufficient information to admit or deny the remaining factual allegations contained in paragraph 40.

41.    The District admits that plaintiff Burns reported the harassment to the EEOC, but is without sufficient information to admit or deny the remaining factual allegations contained in paragraph 41.

42.    The District admits that plaintiff Burns reported the harassment to the EEOC, but is without sufficient information to admit or deny the remaining factual allegations contained in paragraph 42.

43.    The District is without sufficient information to admit or deny any factual allegations contained in paragraph 43.

44.    The District is without sufficient information to admit or deny any factual allegations contained in paragraph 44.

45.    The District is without sufficient information to admit or deny any factual allegations contained in paragraph 45.

46.    The District is without sufficient information to admit or deny any factual allegations contained in paragraph 46.

47.    The District is without sufficient information to admit or deny any factual allegations contained in paragraph 47.

48.    The District admits only that Darnell Thompson was employed with the DPR during August 2002.  The District is without sufficient information to admit or deny the remaining factual allegations contained in paragraph 48.

49.    The District cannot admit or deny the factual allegations contained in paragraph 49 in the manner and form they are alleged.

50.    The District of Columbia admits only that plaintiff Burns' employment DPR ended in 2004.

51.    The District is without sufficient information to admit or deny any factual allegations contained in paragraph 51.

52.    The District is without sufficient information to admit or deny any factual allegations contained in paragraph 52.

53.    The District is without sufficient information to admit or deny any factual allegations contained in paragraph 53.

54.    The District is without sufficient information to admit or deny any factual allegations contained in paragraph 54.

55.    The District is without sufficient information to admit or deny any factual allegations contained in paragraph 55.

56.    The District is without sufficient information to admit or deny any factual allegations contained in paragraph 56.

57.    The allegations asserted in paragraph 57 of the Third Amended Complaint are legal conclusions to which no response is required. To the extent that paragraph 57 contains factual allegations, the District is without sufficient information to admit or deny any factual allegations contained in paragraph 57.

III.    **PLAINTIFF GASKINS**

58.    The District admits only that plaintiff Gaskins' employment ended during her probationary period on March 23, 2005. The District is without sufficient information to admit or deny the remaining allegations contained in paragraph 58.

59.    The allegations asserted in paragraph 59 of the Third Amended Complaint are legal conclusions to which no response is required. To the extent that paragraph 59 contains factual allegations, the District is without sufficient information to admit or deny any factual allegations contained in paragraph 59.

60.    The District is without sufficient information to admit or deny any factual allegations contained in paragraph 60.

61.    The District is without sufficient information to admit or deny any factual allegations contained in paragraph 61.

62.    The District admits only that plaintiff Gaskins' employment ended during her probationary period on March 23, 2005.  The District is without sufficient information to admit or deny the remaining allegations contained in paragraph 62.

63.    The District is without sufficient information to admit or deny any factual allegations contained in paragraph 63.

64.    The District is without sufficient information to admit or deny any factual allegations contained in paragraph 64.

65.    The District is without sufficient information to admit or deny any factual allegations contained in paragraph 65.

66.    The District is without sufficient information to admit or deny any factual allegations contained in paragraph 66.

67.    The allegations asserted in paragraph 67 of the Third Amended Complaint are legal conclusions to which no response is required.  To the extent that paragraph 67 contains factual allegations, the District is without sufficient information to admit or deny any factual allegations contained in paragraph 67.

**IV.    PLAINTIFF JEAN-BAPTISTE**

68.    The District admits that plaintiff Jean-Baptiste was employed with DPR from April 2006 until October 14, 2006, when her term as a temporary employee

11

expired.

69.    The allegations asserted in paragraph 69 of the Third Amended Complaint are legal conclusions to which no response is required. To the extent that paragraph 69 contains factual allegations, the District is without sufficient information to admit or deny any factual allegations contained in paragraph 69.

70.    The District is without sufficient information to admit or deny any factual allegations contained in paragraph 70.

71.    The District is without sufficient information to admit or deny any factual allegations contained in paragraph 71.

72.    The District is without sufficient information to admit or deny any factual allegations contained in paragraph 72.

73.    The District admits that plaintiff Jean-Baptiste reported the harassment to the EEOC, and defendant's managers and officials, but is without sufficient information to admit or deny the remaining factual allegations contained in paragraph 73.

74.    The District admits that plaintiff Jean-Baptiste reported the harassment to the EEOC, and defendant's managers and officials, but is without sufficient information to admit or deny the remaining factual allegations contained in paragraph 74.

75.    The District lacks sufficient information to admit or deny the allegations contained in paragraph 75.

76.    The District admits that plaintiff Jean-Baptiste reported the harassment to the EEOC, and defendant's managers and officials, but denies the remaining

12

allegations contained in paragraph 76.

77.    The District lacks sufficient information to admit or deny the allegations contained in paragraph 77.

78.    The District admits that plaintiff Jean-Baptiste's term employment ended on October 14, 2006, but denies the remaining allegations in paragraph 78.

79.    The allegations asserted in paragraph 79 of the Third Amended Complaint are legal conclusions to which no response is required. To the extent that paragraph 79 contains factual allegations, the District denies all factual allegations and demands strict proof thereof at trial.

**JOINDER OF CLAIMS**

80.    The allegations asserted in paragraph 80 of the Third Amended Complaint are legal conclusions to which no response is required. To the extent that paragraph 80 contains factual allegations, the District denies all factual allegations and demands strict proof thereof at trial.

**CAUSES OF ACTION**

**COUNT ONE: HOSTILE WORK ENVIRONMENT/QUID PRO QUO (TITLE VII) PLAINTIFF BYRD**

81.    In response to paragraph 81, the District incorporates its answers to paragraphs 1 through 80 as stated above.

82.    The allegations asserted in paragraph 82 of the Third Amended Complaint are legal conclusions to which no response is required. To the extent that paragraph 82 contains factual allegations, the District denies all factual allegations and demand strict proof thereof at trial.

13

83.   The allegations asserted in paragraph 83 are legal conclusions to which no response is required. To the extent that paragraph 83 contains factual allegations, the District denies all factual allegations and demands strict proof thereof at trial.

84.   The allegations asserted in paragraph 84 of the Third Amended Complaint are legal conclusions to which no response is required. To the extent that paragraph 84 contains factual allegations, the District denies all factual allegations and demands strict proof thereof at trial.

85.   The allegations asserted in paragraph 85 of the Third Amended Complaint are legal conclusions to which no response is required. To the extent that paragraph 85 contains factual allegations, the District denies all factual allegations and demands strict proof thereof at trial.

**COUNT TWO: HOSTILE WORK ENVIRONMENT/QUID PRO QUO (DCHRA)**
**PLAINTIFFS BYRD AND JEAN-BAPTISTE**

86.   In response to paragraph 86, the District incorporates its answers to paragraphs 1 through 85 as stated above.

87.   The allegations asserted in paragraph 87 of the Third Amended Complaint are legal conclusions to which no response is required. To the extent that paragraph 87 contains factual allegations, the District denies all factual allegations and demands strict proof thereof at trial.

88.   The allegations asserted in paragraph 88 of the Third Amended Complaint are legal conclusions to which no response is required. To the extent that paragraph 88 contains factual allegations, the District denies all factual allegations and demands strict proof thereof at trial. The allegations asserted in paragraph 89 of

14

the Third Amended Complaint are legal conclusions to which no response is required. To the extent that paragraph 89 contains factual allegations, the District denies all factual allegations and demands strict proof thereof at trial.

89.    The allegations asserted in paragraph 90 of the Third Amended Complaint are legal conclusions to which no response is required. To the extent that paragraph 90 contains factual allegations, the District denies all factual allegations and demands strict proof thereof at trial.

90.    The allegations asserted in paragraph 90 of the Third Amended Complaint are legal conclusions to which no response is required. To the extent that paragraph 90 contains factual allegations, the District denies all factual allegations and demands strict proof thereof at trial.

**COUNT THREE: 42 U.S.C. SECTION 1983 AND**
**FIFTH AMENDMENT OF U.S. CONSTITUTION**

91.    In response to paragraph 91, the District incorporates its answers to paragraphs 1 through 90 as stated above.

92.    The allegations asserted in paragraph 90 of the Third Amended Complaint are legal conclusions to which no response is required. To the extent that paragraph 92 contains factual allegations, the District denies all factual allegations and demands strict proof thereof at trial.

93.    The allegations asserted in paragraph 93 of the Third Amended Complaint are legal conclusions to which no response is required. To the extent that paragraph 93 contains factual allegations, the District denies all factual allegations and demands strict proof thereof at trial.

94.    The allegations asserted in paragraph 94 of the Third Amended Complaint are

legal conclusions to which no response is required. To the extent that paragraph 94 contains factual allegations, the District denies all factual allegations and demands strict proof thereof at trial.

95.    The allegations asserted in paragraph 95 of the Third Amended Complaint are legal conclusions to which no response is required. To the extent that paragraph 95 contains factual allegations, the District denies all factual allegations and demands strict proof thereof at trial.

## COUNT FOUR: RETALIATION TITLE VII
### PLAINTIFF BYRD

96.    In response to paragraph 96, the District incorporates its answers to paragraphs 1 through 95 as stated above.

97.    The allegations asserted in paragraph 97 of the Third Amended Complaint are legal conclusions to which no response is required. To the extent that paragraph 97 contains factual allegations, the District denies all factual allegations and demands strict proof thereof at trial.

98.    The allegations asserted in paragraph 98 of the Third Amended Complaint are legal conclusions to which no response is required. To the extent that paragraph 98 contains factual allegations, the District denies all factual allegations and demands strict proof thereof at trial.

99.    The allegations asserted in paragraph p9 of the Third Amended Complaint are legal conclusions to which no response is required. To the extent that paragraph p9 contains factual allegations, the District denies all factual allegations and demands strict proof thereof at trial.

100.    The allegations asserted in paragraph 100 of the Third Amended Complaint are

legal conclusions to which no response is required. To the extent that paragraph 100 contains factual allegations, the District denies all factual allegations and demands strict proof thereof at trial.

101. The allegations asserted in paragraph 101 of the Third Amended Complaint are legal conclusions to which no response is required. To the extent that paragraph 101 contains factual allegations, the District denies all factual allegations and demands strict proof thereof at trial.

102. The allegations asserted in paragraph 102 of the Third Amended Complaint are legal conclusions to which no response is required. To the extent that paragraph 102 contains factual allegations, the District denies all factual allegations and demands strict proof thereof at trial.

### COUNT FIVE: RETALIATION-DCHRA
### PLAINTIFFS BYRD AND JEAN-BAPTISTE

103. In response to paragraph 103, the District incorporates its answers to paragraphs 1 through 102 as stated above.

104. The allegations asserted in paragraph 104 of the Third Amended Complaint are legal conclusions to which no response is required. To the extent that paragraph 104 contains factual allegations, the District denies all factual allegations and demands strict proof thereof at trial.

105. The allegations asserted in paragraph 105 of the Third Amended Complaint are legal conclusions to which no response is required. To the extent that paragraph 105 contains factual allegations, the District denies all factual allegations and demands strict proof thereof at trial.

106. The allegations asserted in paragraph 106 of the Third Amended Complaint are

17

legal conclusions to which no response is required. To the extent that paragraph 106 contains factual allegations, the District denies all factual allegations and demands strict proof thereof at trial.

107.    The allegations asserted in paragraph 107 of the Third Amended Complaint are legal conclusions to which no response is required. To the extent that paragraph 107 contains factual allegations, the District denies all factual allegations and demands strict proof thereof at trial.

108.    The allegations asserted in paragraph 108 of the Third Amended Complaint are legal conclusions to which no response is required. To the extent that paragraph 108 contains factual allegations, the District denies all factual allegations and demands strict proof thereof at trial.

109.    The allegations asserted in paragraph 109 of the Third Amended Complaint are legal conclusions to which no response is required. To the extent that paragraph 109 contains factual allegations, the District denies all factual allegations and demands strict proof thereof at trial.

**COUNT SIX: RETALIATION-42 U.S.C. §1983 AND
FIRST AMENDMENT U.S. CONSTITUTION**

110.    In response to paragraph 110, the District incorporates its answers to paragraphs 1 through 109 as stated above.

111.    The allegations asserted in paragraph 111 of the Third Amended Complaint are legal conclusions to which no response is required. To the extent that paragraph 111 contains factual allegations, the District denies all factual allegations and demands strict proof thereof at trial.

112.    The District is without sufficient information to admit or deny any factual

18

allegations contained in paragraph 112.

113. The allegations asserted in paragraph 113 of the Third Amended Complaint are legal conclusions to which no response is required. To the extent that paragraph 113 contains factual allegations, the District denies all factual allegations and demands strict proof thereof at trial.

114. The allegations asserted in paragraph 114 of the Third Amended Complaint are legal conclusions to which no response is required. To the extent that paragraph 114 contains factual allegations, the District denies all factual allegations and demands strict proof thereof at trial.

115. The allegations asserted in paragraph 115 of the Third Amended Complaint are legal conclusions to which no response is required. To the extent that paragraph 115 contains factual allegations, the District denies all factual allegations and demands strict proof thereof at trial.

116. The allegations asserted in paragraph 116 of the Third Amended Complaint are legal conclusions to which no response is required. To the extent that paragraph 116 contains factual allegations, the District denies all factual allegations and demands strict proof thereof at trial.

117. The allegations asserted in paragraph 117 of the Third Amended Complaint are legal conclusions to which no response is required. To the extent that paragraph 117 contains factual allegations, the District denies all factual allegations and demands strict proof thereof at trial.

### COUNT SEVEN: RETALIATION-WHISTLEBLOWER ACT
### PLAINTIFFS BYRD AND JEAN-BAPTISTE

118. In response to paragraph 118, the District incorporates its answers to

paragraphs 1 through 117 as stated above.

119.    The allegations asserted in paragraph 119 of the Third Amended Complaint are legal conclusions to which no response is required. To the extent that paragraph 119 contains factual allegations, the District denies all factual allegations and demands strict proof thereof at trial.

120.    The allegations asserted in paragraph 120 of the Third Amended Complaint are legal conclusions to which no response is required. To the extent that paragraph 120 contains factual allegations, the District denies all factual allegations and demands strict proof thereof at trial.

121.    The allegations asserted in paragraph 121 of the Third Amended Complaint are legal conclusions to which no response is required. To the extent that paragraph 121 contains factual allegations, the District denies all factual allegations and demands strict proof thereof at trial.

122.    The allegations asserted in paragraph 122 of the Third Amended Complaint are legal conclusions to which no response is required. To the extent that paragraph 122 contains factual allegations, the District denies all factual allegations and demands strict proof thereof at trial.

123.    The allegations asserted in paragraph 123 of the Third Amended Complaint are legal conclusions to which no response is required. To the extent that paragraph 123 contains factual allegations, the District denies all factual allegations and demands strict proof thereof at trial.

124.    The allegations asserted in paragraph 124 of the Third Amended Complaint are legal conclusions to which no response is required. To the extent that paragraph

124 contains factual allegations, the District denies all factual allegations and demands strict proof thereof at trial.

### PRAYER FOR RELIEF

125. Paragraph 125, and its subparts, consists of a prayer for relief to which no response is required.

### THIRD DEFENSE

Further answering the Third Amended Complaint, the District denies all allegations not specifically admitted or otherwise answered, including allegations of systemic discrimination, retaliation, *quid pro quo* discrimination, and hostile work environment.

### FOURTH DEFENSE

Plaintiffs might have failed to exhaust their administrative remedies and failed to comply with other mandatory filing requirements.

### FIFTH DEFENSE

Plaintiffs might have failed to timely file a grievance or otherwise failed to protect themselves from the alleged conduct.

### SIXTH DEFENSE

Plaintiffs' EEOC claims and/or Complaint might not have been filed in a timely fashion.

### SEVENTH DEFENSE

If plaintiffs were injured and/or damaged as alleged in the Third Amended Complaint, said injuries and/or damages resulted from plaintiffs' own willful conduct or contributory negligence.

## EIGHTH DEFENSE

If plaintiffs were injured and/or damaged as alleged in the Third Amended Complaint, recovery for said injuries and/or damages is barred, because the plaintiffs assumed the risk of such injuries by their own willful conduct.

## NINTH DEFENSE

If the plaintiffs were injured and/or damaged as alleged in the Third Amended Complaint, said injuries and/or damages resulted from the sole or concurring intentional conduct or negligence of a person or persons, other than the District's employees, acting within the scope of their employment.

## TENTH DEFENSE

Plaintiffs might have failed to comply with the mandatory notice requirements of D.C. Code § 12-309 (2001 ed.).

## ELEVENTH DEFENSE

Plaintiffs would have been subjected to the alleged employment actions even if they had not engaged in protected activity.

## TWELFTH DEFENSE

The District is not liable for the unforeseeable, intervening criminal acts of third parties.

## THIRTEENTH DEFENSE

Plaintiffs have failed to mitigate any damages that they may have incurred.

### FOURTEENTH DEFENSE

Plaintiffs might have failed to meet the applicable statute of limitations.

### FIFTEENTH DEFENSE

This action may be barred by the doctrine of waiver, estoppel, laches and/or unclean hands.

### SIXTEENTH DEFENSE

The District had, and the Plaintiffs were given notice of, the District's policies and procedures for preventing and reporting sexual harassment.

### SEVENTEENTH DEFENSE

The Plaintiffs may have knowingly, willingly and intentionally violated the District's sexual harassment policy by not reporting the alleged sexual misconduct.

### EIGHTEENTH DEFENSE

The defendant's employment decisions were legitimate and non-discriminatory.

### NINETEENTH DEFENSE

The District asserts immunity and absence of bad faith.

### TWENTIETH DEFENSE

All actions taken by the defendant relating to plaintiffs were necessary, reasonable, pursuant to lawful authority, and based on legitimate, non-retaliatory reasons.

### TWENTY-FIRST DEFENSE

Defendant District of Columbia exercised reasonable care to prevent and correct promptly any harassing behavior based upon sex.

**TWENTY-SECOND DEFENSE**

Plaintiffs unreasonably failed to take advantage of any preventive or corrective opportunities provided by the District, or to avoid harm otherwise.

**SET-OFF**

Defendant asserts a set-off for all funds and services provided to the Plaintiffs by the District or paid for by the District.

**JURY DEMAND**

The defendant hereby demands a trial by jury on all issues so triable.

**THE DISTRICT** reserves the right to Amend its Answer.

WHEREFORE, the District prays the Court will dismiss the Third Amended Complaint and award the District the expense of this litigation, costs and interest, and such other relief as the Court deems just and proper.

Dated June 26, 2008                    Respectfully Submitted,


                                        PETER J. NICKLES
                                        Interim Attorney General for the
                                        District of Columbia

                                        GEORGE C. VALENTINE
                                        Deputy Attorney General
                                        Civil Litigation Division


                                         /s/ Toni Michelle Jackson
                                        TONI MICHELLE JACKSON (453765)
                                        Chief, General Litigation § III

24

/s/ Alex Karpinski
ALEX KARPINSKI[1]
(Michigan Bar No. P58770)
Assistant Attorney General
441 Fourth Street, N.W., 6th Floor South
Washington, D.C. 20008  20001
alex.karpinski@dc.gov

---

[1] Pursuant to the Local Rules of the United States District Court for the District of Columbia, Mr. Karpinski has registered with the Clerk's office as a Government Attorney and is appearing pursuant to LCvR 83.2.