## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

GARRINA BYRD, ANNETTE BURNS,　　)
DEMERA GASKINS, and CARMEN　　　)
JEAN-BAPTISTE,　　　　　　　　　　)
　　　　　　　　　　　　　　　　　)　　　Civil Action No. 06-0522 (HHK/AK)
　　　　Plaintiffs,　　　　　　　　)
　　　　　　　　　　　　　　　　　)
　　　　　　　v.　　　　　　　　　 )
　　　　　　　　　　　　　　　　　)
DISTRICT OF COLUMBIA,　　　　　　)
　　　　　　　　　　　　　　　　　)
　　　　Defendant.　　　　　　　　 )
_____)

### PLAINTIFFS' MOTION FOR LEAVE TO TAKE DEPOSITIONS

Pursuant to Rule 30 of the Federal Rules of Civil Procedure, Plaintiffs Garrina Byrd, Annette Burns, Demera Gaskins, and Carmen Jean-Baptiste ("Plaintiffs"), through their undersigned counsel, hereby move this Court for leave to take seven depositions in excess of the ten permitted by Fed. R. Civ. P. 30

Plaintiffs seek leave of Court to take up to seventeen fact witness depositions in this case. Plaintiffs require additional depositions to fully develop the factual record related to each of the four Plaintiffs' claims of sexual harassment and retaliatory termination by Defendant. As set forth in further detail in the attached Memorandum of Law, while the facts surrounding some of the Plaintiffs' claims overlap to a certain degree, each of the Plaintiffs' claims require discovery from different witnesses. The Plaintiffs' supervisors differed; the persons to whom they reported the sexual harassment varied; and the key decision-makers regarding the investigation of their complaints (or lack thereof) and the decision to terminate each of them also varied. Plaintiffs require discovery from these various individuals to establish they were sexually harassed; they reported the harassment; and they were fired in retaliation for either resisting or reporting the

harassment.  The additional depositions, therefore, are necessary and reasonable in light of the multiple Plaintiffs in this matter.

Counsel for Plaintiff certifies that, pursuant to Rule 37(a)(2)(B), Fed. R. Civ. P., it has conferred in good faith with Defendant multiple times over the course of several months in an effort to schedule the requested depositions by mutual agreement, but has thus far has been largely unsuccessful.  Defendant's counsel specifically indicated he did not consent to this Motion.

The bases for Plaintiff's Motion are set forth in the accompanying Memorandum.  A proposed Order is attached for the Court's consideration.

Respectfully submitted this 30th day of March, 2009,

_____/s/ Abby M. Richardson_____

Abby M. Richardson  (D.C. Bar No. 978118)
**WIGGINS, CHILDS, QUINN & PANTAZIS, PLLC**
2031 Florida Avenue, N.W.
Suite 300
Washington, D.C. 20009
202-467-4123
202-467-4489 (facsimile)

Robert F. Childs
John C. Goldfarb
**WIGGINS, CHILDS, QUINN & PANTAZIS, LLC**
The Kress Building
301 19th Street North
Birmingham, AL 35203
(205) 314-0500
(205) 314-1500 (facsimile)

Gary T. Brown (D.C. Bar No. 246314)
**GARY T. BROWN & ASSOCIATES, PC**
320 Maryland Avenue, N.E.
Suite 100
Washington, D.C. 20002
(202) 393-4900
*Attorneys for Plaintiffs*

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

GARRINA BYRD, ANNETTE BURNS, )
DEMERA GASKINS, and CARMEN )
JEAN-BAPTISTE, )
 ) Civil Action No.  06-0522 (HHK)
 Plaintiffs, )
 )
 v. )
 )
DISTRICT OF COLUMBIA, )
 )
 Defendant. )
_____)

**PLAINTIFFS' MEMORANDUM OF LAW IN SUPPORT OF THEIR**
**MOTION FOR LEAVE TO TAKE DEPOSITIONS**

Pursuant to Rule 30 of the Federal Rules of Civil Procedure, Plaintiffs Garrina Byrd, Annette Burns, Demera Gaskins, and Carmen Jean-Baptiste ("Plaintiffs"), through their undersigned counsel, hereby submit this Memorandum of Law in Support of their Motion for leave to take depositions in excess of the ten permitted by Fed. R. Civ. P. 30.

**I. Background**

There are four Plaintiffs in this case:  Annette Burns, Garrina Byrd, Demera Gaskins, and Carmen Jean-Baptiste.  Each alleges that the Defendant actively sexually harassed her and/or permitted her to be sexually harassed during her employment with Defendant's Department of Parks and Recreation ("DPR"), and then terminated her employment for resisting the sexual harassment and/or reporting it.  *See* Third Amended Complaint, Dkt. 51.  Plaintiffs also allege that Defendant failed to take the necessary steps to remedy the sexual harassment after it had been reported, thereby exhibiting a deliberate indifference to the harassment and allowed it to continue.  *See id.*

In order to prove these allegations, each Plaintiff requires discovery from the fact witnesses relevant to their claims. While Plaintiffs Burns, Byrd, and Gaskins were harassed by the same manager, Darnell Thompson, the harassment occurred at different times and was reported to different managers. *See* Dkt. 51, ¶¶ 14-67. Plaintiff Jean-Baptiste worked at a different location than any of the other three Plaintiffs and was harassed by a different manager, Rodney Weaver. *See* Dkt. 51, ¶¶ 68-79. Her complaints regarding the harassment were made to an entirely different set of individuals. *See id.* Finally, the individuals involved in responding to each Plaintiff's complaint (or failing to do so), and those involved in each Plaintiff's retaliatory termination, also varied. *See generally* Dkt. 51.

In short, Plaintiffs require sufficient discovery to develop the necessary factual record to prove each of their independent claims, and the ten depositions permitted without leave of court by Fed. R. Civ. P. 30 do not provide the range of discovery necessary to do so. Plaintiffs have already deposed two fact witnesses, and the deposition of a third fact witness is scheduled for next week. Thus, Plaintiffs request leave of the Court to take up to fourteen (14) additional depositions, for a total of seventeen (17) fact witness depositions.

## II.     Argument

Rule 30(a)(2)(A) of the Federal Rules of Civil Procedure provides that a party must obtain leave of court if "a proposed deposition would result in more than ten depositions being taken . . .  by the plaintiffs . . . ." Fed. R. Civ. P. 30(a)(2)(A). The Rule also provides that the "court must grant leave to the extent consistent with Rule 26(b)(2) . . . ." Fed. R. Civ. P. 30(a)(2). Rule 26(b)(2) provides that the court may alter limits on the number of depositions provided that discovery sought is not unreasonably cumulative or duplicative, the party seeking

discovery has had ample opportunity to otherwise obtain the information, or the burden or expense of the proposed discovery outweighs its likely benefit.  Fed. R. Civ. P. 26(b)(2)(A, C).

Good cause exists for permitting Plaintiffs to take the requested depositions.  First, the depositions requested are sought in order to discover facts relevant to proving each of the Plaintiffs' claims.  The depositions are not, therefore, unreasonably duplicative or cumulative.  A list of the proposed deponents and a summary of the information held by each individual is as follows:

- **Neil Albert:** Mr. Albert was the Director of DPR who was personally apprised of the sexual harassment complaints of Plaintiff Burns, among other individuals, and who failed to take any corrective action to stop the harassment.  *See, e.g.,* Dkt. 51 at ¶¶ 41-47, and 63.

- **Neil Stanley:** Mr. Stanley was the Interim DPR Director after Mr. Albert's departure who also was apprised of the complaints of sexual harassment and failed to take corrective action.  *See, e.g.,* Dkt. 51 at ¶¶ 41, 53.

- **Leslie Green or DeCarlos Washington:**  These individuals worked for a welfare-to-work program through which Plaintiffs Burns and Byrd were hired by DPR.  Plaintiff Burns complained to both of these individuals regarding the sexual harassment she was undergoing; they then prepared a report of her complaint and presented it to Mr. Albert.  *See, e.g.,* Dkt. 51 at ¶¶ 43-45.  Plaintiffs seek to depose only one of these individuals.

- **Deborrah Jackson:**  Ms. Jackson is the AFGE Union President who received multiple complaints from female employees, including Plaintiffs Burns and Gaskins, regarding sexual harassment.  She confronted Mr. Albert about these

complaints, but he failed to take corrective action.  She also reported the complaints to the D.C. City Council.  *See, e.g.,* Dkt. 51 at ¶¶ 52-53.

- **Rodney Weaver:**  Mr. Weaver sexually harassed Plaintiff Jean-Baptiste.  *See, e.g.,* Dkt. 51 at ¶¶ 69-72.

- **Margarita Cruz:**  Ms. Cruz is a manager to whom Plaintiff Jean-Baptiste complained about sexual harassment.  *See, e.g.,* Dkt. 51 at ¶ 74.  Ms. Cruz also filed a complaint regarding sexual harassment she experienced at DPR.

- **Tonya Kemper:**  Ms. Kemper was another individual who was sexually harassed by Darnell Thompson, who harassed Plaintiffs Burns, Byrd, and Gaskins.  She, too, lodged complaints about the harassment that went unheeded by DPR.

- **Solomon Robinson:**  Mr. Robinson is a manager to whom Ms. Jean-Baptiste complained regarding Mr. Weaver's sexual harassment and who confronted Mr. Weaver about the harassment.

- **Darnell Thompson:**  Mr. Thompson sexually harassed Plaintiffs Byrd, Gaskins, and Burns, among other women.  *See, e.g.,* Dkt. 51 at ¶¶ 16-67.

- **Kennedy Khabo:**  Plaintiff Burns complained directly to Mr. Khabo about Mr. Thompson's sexual harassment.  Mr. Khabo informed Ms. Burns that he would transmit her complaint to Director Neil Albert.  *See, e.g.,* Dkt. 51 at ¶ 40.

- **Arnita Bonner:**  Ms. Bonner is the former Human Resources Director at D.C. Parks who possesses knowledge of the internal investigations (or lack thereof) into the sexual harassment complaints of Plaintiffs Byrd, Burns, and/or Gaskins.

- **Shawniqua Ottley:**  Ms. Ottley is also a former Human Resources Director at DPR who predated Ms. Bonner and who possesses knowledge of the internal

4

investigations (or lack thereof) into the sexual harassment complaints of Plaintiffs Byrd, Burns, and/or Gaskins.

- **Maytiller Evans:**  Ms. Evans was a DPR EEO counselor who received Plaintiff Byrd's complaint of sexual harassment.

- **Harold Houston:**  Mr. Houston was the former Director of Aquatics at DPR who received Plaintiff Jean-Baptiste's complaint of sexual harassment and who was responsible for her termination.


As indicated, each of these fourteen proposed deponents possesses information relevant to the Plaintiffs' claims that they were sexually harassed, that they complained about the sexual harassment, that DPR failed to investigate their complaints or to take corrective action, and that they were then terminated in retaliation for their complaints and/or resisting the sexual harassment.

Despite having first informed Defendant in October 2008 that Plaintiffs wished to depose the majority of these individuals, and trying in earnest to schedule these depositions since mid-January 2009, Defendant has thus far only produced two fact witnesses (Joyce Roberts, who worked with Mr. Thompson and Ms. Byrd; and Sylvia Gwathmey, a AFGE union representative who fielded complaints of sexual harassment from Plaintiffs Byrd and Jean-Baptiste, among others) and two Fed. R. Civ. P. 30(b)(6) witnesses (these depositions have not yet been completed).  A third individual, Julie Banks (a supervisor of Ms. Byrd to whom she complained about Thompson's sexual harassment) is scheduled to be deposed next week.  Thus, despite concerted efforts over the course of several months, Plaintiffs have not been able to obtain the discovery sought through agreement of the parties and without seeking leave of the Court.

Therefore, Plaintiffs have not had ample opportunity to otherwise obtain the requested information. This is not a basis on which the additional discovery should be denied.

Finally, the burden and expense of this additional discovery does not outweigh its potential benefit. Any expense will be Plaintiffs to bear, not Defendant's. The depositions are not anticipated to take a full day each, and Plaintiffs suggest that two depositions be scheduled per day. Moreover, because several of the requested deponents may no longer work at DPR, it may be that Plaintiffs are not able to locate and/or subpoena all of these witnesses. Therefore, the total number of depositions actually taken may be fewer than the proposed seventeen.

Whatever additional burden it is for Defendant to produce these witnesses is outweighed by the Plaintiffs' need to develop the necessary factual record to prove their respective cases. Had each Plaintiff filed her case separately, each Plaintiff would have been allotted ten depositions each. That the Plaintiffs seek to take a total of seventeen fact witness depositions between the four of them is eminently reasonable.

Furthermore, the parties' initial Joint Report of the Parties' Rule 16.3 Conference stated that the parties proposed that "ten (10) non-party depositions be allowed for each party." Dkt. 16 at 3. Although the Court's Scheduling Orders (Dkt. 74, 83, 88) did not contain any reference to the number of depositions permitted, this Rule 16.3 Report indicates that at the time, at least, the parties anticipated ten depositions per party (not per side).

In sum, because of the number of Plaintiffs in this case and the number of individuals with knowledge necessary to prove each of the Plaintiffs' respective claims, Plaintiffs respectfully request that they be permitted to take up to seventeen (17) fact witness depositions in this case.

## III.    Conclusion

For the foregoing reasons, Plaintiffs respectfully request that their Motion for Leave to Take Depositions be granted.

Respectfully Submitted this 30th day of March, 2009

_____/s/ Abby M. Richardson_____

Abby M. Richardson (D.C. Bar No. 978118)
**WIGGINS, CHILDS, QUINN & PANTAZIS, PLLC**
2031 Florida Avenue, N.W.
Suite 300
Washington, D.C. 20009
202-467-4123
202-467-4489 (facsimile)

Robert F. Childs
John C. Goldfarb
**WIGGINS, CHILDS, QUINN & PANTAZIS, LLC**
The Kress Building
301 19th Street North
Birmingham, AL 35203
(205) 314-0500
(205) 314-1500 (facsimile)

Gary T. Brown (D.C. Bar # 246314)
**GARY T. BROWN & ASSOCIATES, PC**
320 Maryland Avenue, N.E.
Suite 100
Washington, D.C. 20002
(202) 393-4900

*Attorneys for Plaintiffs*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 30th day of March, 2009, a copy of the foregoing was filed electronically.  Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt.

By:    /s/ Abby M. Richardson      
                    *Attorney for Plaintiffs*